Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br>PETER SZANTO,<br>  Debtor. | Bankruptcy Case No.<br>16-33185-pcm11 |
| PETER SZANTO,<br>  Plaintiff,<br>    v.<br>EVYE SZANTO, et al.,<br>  Defendants. | Adversary No. 16-3114-pcm<br><br>ORDER DENYING MOTION FOR ENTRY OF DEFAULT |

Plaintiff moves for entry of default against all defendants for failure to timely file responsive pleadings.

Plaintiff filed his complaint on September 21, 2016. The summons was issued on September 22, 2016. It required filing of an answer within 30 days of issuance of the summons, in accordance with Fed. R. Bankr. P. 7012(a). Thus, defendants were required to answer no later than October

Page 1 - ORDER DENYING MOTION FOR ENTRY OF DEFAULT

24, 2016 (the thirtieth day, October 22, fell on a Saturday, so the period ended on Monday, October 24). See Fed. R. Bankr. P. 9006(a)(1)(C).

On October 21, 2016, before the deadline for filing an answer had expired, defendants filed an ex parte Motion for Extension of Time, requesting an additional 45 days to file their answers. The court granted the extension. Therefore, the time for defendants to file their answers has been extended, and they are not in default.

Plaintiff argues that the motion for extension of time was improper because defendants did not properly serve him. The certificate of service attached to the motion indicates that the "Notice of Electronic Filing [was] electronically mailed to Plaintiff." Plaintiff correctly points out that he is not an ECF Participant. Therefore, any required notice must be served on plaintiff by serving a paper copy of the filed document. See LBR 7005-1(b)(1). Plaintiff may consent in writing to receiving service electronically. Fed. R. Bankr. P. 7005; Fed. R. Civ. P. 5(b)(2)(E). This is different from notice to an ECF Participant. See LBR 5005-4. Plaintiff has not filed a written consent to receiving service electronically.

Written motions are required to be served on every party, "except one that may be heard ex parte[.]" Fed. R. Bankr. P. 7005; Fed. R. Civ. P. 5(a)(1)(D). Fed. R. Bankr. P. 9006(b)(1) allows the court to grant an extension of time ex parte (with exceptions not relevant here). Therefore, defendants' failure to serve plaintiff with a paper copy of the motion for extension of time does not affect the granted extension of time.

Page 2 - ORDER DENYING MOTION FOR ENTRY OF DEFAULT

Defendants are not in default.  Therefore,

IT IS HEREBY ORDERED that plaintiff's Motion for Entry of Default is DENIED.

###

cc: Peter Szanto
    Christopher N. Coyle
    UST

Page 3 - ORDER DENYING MOTION FOR ENTRY OF DEFAULT