PETER SZANTO 503-610-0865
P.O. Box 4614
Portland OR 97208

CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

OCT 31 2016

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

# United States Bankruptcy Court

in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

| | |
|---|---|
| In Re Peter Szanto, Debtor<br><br>----------------------------------<br><br>Peter Szanto, plaintiff<br><br>v.<br><br>Victor Szanto, et al,<br><br>      defendants | **Adversarial # 16-ap-3114**<br><br>**core case: 16–bk–33185 pcm11**<br><br>**Motion to Reconsider Order Extending Time to Answer**<br><br>**Hon. Judge Peter C. McKittrick, presiding** |

May it please this Honorable Court.

Comes now debtor / plaintiff, Peter Szanto, asking the Court to reconsider and vacate its ORDER extending defendants' time to answer.

16-ap-3114            Request to Vacate ORDER 10-25-2016 – pg. 1

Case 16-03114-pcm     Doc 18     Filed 10/31/16

Plaintiff also prays that the defaults requested in (ECF 13) be entered based on the defendants' failure timely to file a responsive pleading within the time provided for by law.

## GROUNDS

Grounds to vacate the ORDER extending time are contained in 11 USC § 105:

> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or **to prevent an abuse of process.**"

*In this case, the abuse of process perpetrated by the defendants is that they did not serve their request for an extension of time to answer.*[1]

---

*1. While this Court may be believe that plaintiff is being hyper-technical -- the future litigation practices of the defendants will demonstrate that this first transgression of the rules, merely portends the general disregard for procedure and process of these defendants and their counsels!!*

16-ap-3114          Request to Vacate ORDER 10-25-2016 – pg. 2

The second ground is FRCP § 60(b):

"(b) Grounds for Relief from a(n) . . . Order.

On motion and just terms, the court may relieve a party or its legal representative from a(n) . . . order . . . for the following reasons:. . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

In this case, the fraud which the defendants perpetrated upon the Court is that they averred that there had been service of the motion for extension of time to answer, when, in fact, there had not been any such service.

## FACTS / MEMORANDUM

On October 21, 2016 the 9 defendants herein filed, **BUT DID NOT SERVE** (ECF 9), a request to extend the time to answer.

The summons herein, (ECF 2), which was issued and served on all of the defendants on 9-22-16 requires an answer or other responsive pleading to be served within 30 days. Thirty days after 9-22-16 having passed, without service of any responsive pleading, a default was then requested by plaintiff on 10-25-16.

16-ap-3114   Request to Vacate ORDER 10-25-2016 – pg. 3

Defendant's (ECF 9, at page 7) is headed "Certificate of Service." However, no service is thereafter alleged. That is, the document merely sought to fool this Court regarding service by means of the label of service, but there is no recitation of any actual service having actually occurred.

In fact, all that is stated is another falsehood. (ECF 9, page 7:2-3) states merely that (ECF 9) was filed, "with Notice of Electronic Filing Electronically mailed to plaintiff."

There is no attestation of how anything was mailed electronically to plaintiff – where any such electronic mail went – nor any averment of any Court permission to serve, or notice, plaintiff electronically.

As a matter of fact, plaintiff sought electronic filing privilege from this Court at the time of his initial petition (see core case ECF 7). Plaintiff's request was denied (see core case ECF 11). Therefore, this Court has already ruled that plaintiff is not entitled to receive service, or notice, electronically.

**<u>Thus, lack of timely service is proven not just by defendants' lack of attestation to any service of any type – but also by the fact that plaintiff is not entitled to receive electronic service, or notice, in any event</u>** !

16-ap-3114　　　　　　　Request to Vacate ORDER 10-25-2016 – pg. 4

For these reasons, defaults should be entered in plaintiff's favor, because there was no **service** of any responsive pleading within the time allowed by law.

FRBP 7012(a) provides in its pertinent part:

```
"If a complaint is duly served, the defendant shall serve
an answer within 30 days after the issuance of the summons,
except when a different time is prescribed by the court."
```

The law's mandate of service is unambiguous. **Defendants' (ECF 9) avers no service**, but merely notice. Even if notice alone were acceptable, electronic notice as attested by defendants could not have occurred, because plaintiff is not allowed to receive notice or service electronically.

In sum then, the ORDER extending time was thus obtained **fraudulently** by the defendants pretending – and falsely attesting -- service, when, in fact, no service had occurred.

**This Court should neither countenance nor tolerate such blatantly despicable abuse of its process !!!** The ORDER extending time – which was secured solely and only by the defendants' perpetration of fraud as to service upon the Court should be vacated.

16-ap-3114     Request to Vacate ORDER 10-25-2016 – pg. 5

Therefore, plaintiff prays that the ORDER extending time to answer be vacated and the defaults of defendants: Evye Szanto, Victor Szanto, Nicole Szanto, Kimberly Szanto, Mariette Szanto, Anthony Szanto, Barbara Szanto Alexander, John Barlow, Austin Bell –

be entered forthwith based on their failures to serve responsive pleadings as required by law.

Respectfully,

Dated October 25 /16 _____ Peter Szanto

## Proof of Service

My name is Susan Bier, I am over 21 years of age and not a party to the with action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:

**Motion**

on: 1. David Olsen, 3013 Wolsey Pl., Fremont CA 94555

2. Christoper (sic) N. Coyle,
   319 SW Washington, #520
   Portland, OR 97204

by mailing copies of said document to the above parties' counsels *via* 1st class mail, postage prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Portland OR.

Dated 10-25-16 *[signature: Susan Bier]*

16-ap-3114              Request to Vacate ORDER  10-25-2016 – pg. 7