David E Olsen, CA #250784
Law Office of Olsen
3013 Wolsey Pl.
Fremont, CA 94555
TELEPHONE: (510) 371-9648
FAX: (510) 404-5302

Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Peter Szanto<br><br>Debtor<br><br>Peter Szanto (pro per)<br>v.<br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER RULE 56. |

**CONCISE STATEMENT OF FACTS**

1. PLAINTIFF receive an "Income Tax Examination Changes, Form 4549-A" from the Department of Treasury – Internal Revenue Service reporting a Cancellation of Debt Income in the amount of $292,868 as of 12/31/2010 (Dkt. No. 34, Exhibit A, ln. 1. a., see circled area).

Exhibit A was filed as the plaintiff's first amended adversarial action. (see attached Defendants' Ex. 1-1);

2. Plaintiff's parents were responsible for any award plaintiff received as a minor. These alleged facts part of plaintiff's first amended complaint pleadings. (See Dkt. No. 34, ¶13- ¶15, ¶23 - ¶28, ¶38-¶42). (see attached Defendants' Exhibit 1-2,3,5,6, ¶13- ¶15, ¶23 - ¶28, ¶38- ¶42).

3. Plaintiff's mother passed December 5, 2005. (See attached Defendants' Exhibit Ex. 2-1, ¶1).

4. Defendants Victor Szanto, Anthony Szanto, and Barbara Szanto Alexander are siblings of the Plaintiff. as listed in the Paul Szanto Survivor Trust executed December 31, 2005. Trust specifies all the children of the Szanto family that includes Plaintiff and Defendants Victor, Anthony Szanto, and Barbara Alexander Szanto. (See attached Defendants' Exhibit 10-1, 1.2 (b) Trust Beneficiaries).

5. The Paul Szanto Survivor Trust excludes Plaintiff as a beneficiary.

> "…'Settlor's children' shall only refer to Barbara Alexander, Victor A. Szanto, and Anthony Szanto. For all purposes of this trust and any trust created pursuant to the terms of this trust, and all distributions taking place as a result of any terms contained herein, <u>Peter Szanto shall be deemed to have predeceased the Settlor without leaving descendants surviving</u>. Settlor has no other children, living or deceased, leaving descendants surviving."

(See attached Defendants' Exhibit 10-1, 1.2 (b) Trust Beneficiaries).

6. Defendants Victor Szanto and Anthony Szanto are the named Trustees for the Paul Szanto Survivor Trust. (See attached Defendants' Exhibit 10-3);

7. The Court Order (United States District Court - District of Nevada, Case #3:11-CV-00394-RCV-(VPC), Dkt. No. 189) notes that Austin Bell provided an affidavit, and Austin

Bell and John Barlow attended a hearing in support of the defendants Victor and Evye Szanto in said case. Judicial notice of this order was requested with the Motion filed January 9, 2017. (see attached Defendants' Exhibit 3).

8.      July 26, 2010, plaintiff filed a complaint incorporating identity theft against defendants Anthony Szanto, Victor Szanto, and Barbara Szanto Alexander in Superior Court of California, Los Angeles County, Case No. BC428554.   (See attached Defendants' *Exhibit* 8-1).

9.      January 6, 2015, plaintiff filed a cross-complaint against PERSOLVE (a collection agency) and Victor and Anthony Szanto in the California Superior Court of California, Orange County Case No. 301-2013-00626119.  (See Defendants' *Exhibit* 8-2).   The identity theft cause of action is based on plaintiff's same tax change as this case. (See  attached Defendants' *Exhibit* 8-3, ¶32).

10.     February 11, 2015, plaintiff files a complaint against PERSOLVE LLC, and Victor and Anthony Szanto in the United States District Court, Central District of California – Santa Ana, SACV15-00241AG  (See attached Defendants' *Exhibit* 8-4).  This identity theft complaint is based on the same tax notice as this adversarial complaint. (See *Exhibit* 8-5).

11.     April 28, 2015, plaintiff files an amended complaint adversarial action against Bob Lewin (plaintiff's son father-in-law) in United States Bankruptcy Court in the Central District of California Riverside, Case 6:10-ap-01427 SY.  (See attached Defendants' *Exhibit* 8-6,7).  Again an identical identity theft complaint to this adversarial action based on the same tax notice. (See attached Defendants' *Exhibit* 8-8).

12.     Any funds given by plaintiff's parents to Defendants occurred between 1989 and 1992, 19 to 26 years after the alleged award in 1966 per the plaintiff's pleading. (Dkt. No. 34, ¶45-¶48, ¶49, ¶54 was filed as plaintiff's first amended pleadings.. (See attached Defendants'

*Exhibit 1-6,7,* ¶45-¶48, ¶49, ¶54).

DATED: January 8, 2017

LAW OFFICE OF OLSEN

/s/David Olsen

Attorney for Defendants

David Olsen, Esq.
California State Bar No. 250784
3013 Wolsey Pl.
Fremont, CA 94555

Page 4 of 3 – CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION TO DISMISS (SUMMARY JUDGMENT).

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 1

Relevant pages from Plaintiff's

First Amended Complaint

| Form **4549-A** (Rev. March 2013) | Department of the Treasury-Internal Revenue Service **Income Tax Examination Changes** **(Unagreed and Excepted Agreed)** | Page 1 of 2 |
|---|---|---|

| Name and Address of Taxpayer | Taxpayer Identification Number | Return Form No.: |
|---|---|---|
| PETER & SUSAN SZANTO<br>11 SHORE PINE DR<br>NEWPORT COAST CA 92657-1544 | [redacted] | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| 1. **Adjustments to Income** | Period End 12/31/2010 | Period End | Period End |
|---|---|---|---|
| a. Cancellation of Debt Income | 292,868.00 | | |
| b. Subsitite Payments Income | 1,093.00 | | |
| c. Itemized Deductions | 1,588.00 | | |
| d. Exemptions | 7,300.00 | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | EXHIBIT A |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 302,849.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | (17,111.00) | | |
| 4. **Corrected Taxable Income** | 285,738.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | Joint | | |
| 5. **Tax** | 65,811.00 | | |
| 6. **Additional Taxes / Alternative Minimum** | 5,905.00 | | |
| 7. Corrected Tax Liability | 71,716.00 | | |
| 8. **Less Credits** a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** *(Line 7 less total of Lines 8a thru 8d)* | 71,716.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. Total Corrected Tax Liability *(Line 9 plus Lines 10a thru 10d)* | 71,716.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 0.00 | | |
| 13. Adjustments to: a. See Attached | (800.00) | | |
| b. | | | |
| c. | | | |
| 14. Deficiency-Increase in Tax or *(Overassessment - Decrease in Tax)* *(Line 11 less Line 12 adjusted by Lines 13a through 13c)* | 72,516.00 | | |
| 15. Adjustments to Prepayment Credits-Increase *(Decrease)* | | | |
| 16. **Balance Due or (Overpayment)** - *(Line 14 adjusted by Line 15)* *(Excluding interest and penalties)* | 72,516.00 | | |

## 3. FACTS

13. The fundamental claim herein relates, derives and arises from money acquired by Peter Szanto in his **individual capacity** while a minor (on or about 1-1-1966 when Plaintiff was 15 years old).

14. After said acquisition Peter Szanto's parents (Klara Szanto and Paul Szanto), took charge of said money as either: a) a trust for the benefit of Peter Szanto, b) as a bailment for the benefit of Peter Szanto, c) as a guardianship for the benefit of Peter Szanto, d) as a prospective right to real and personal property fully vested in Peter Szanto, e) a representative conservatorship on behalf of a minor, f) some other form of joint adult supervision of the money and property of a minor.

15. Thereafter, as will be related more fully momentarily, some, or all, of the defendants overpowered the freewill, the logical thinking and the rational ability to understand the consequences of their actions of Klara Szanto and Paul Szanto.

16. The defendants were then able to use and expropriate money, property, real estate, etc. -- which belongs to Peter Szanto--as their own private BANK / personal treasure trove to finance their lavish, opulent, brutally-egocentric and depraved lifestyles.

17. This action seeks restitution of **ALL** money and property (and accretions thereon) which has belonged to Peter Szanto since his personal / individual acquisition thereof on 1-1-1966.

18. In further despicable efforts to frustrate the lawful and rightful restitution of Peter Szanto's money and property to Peter Szanto, the defendants contrived to create whatever financial, legal and psychological impediments they could against Peter Szanto.

19. Defendants also did this by undertaking the use of Peter Szanto's name and identity to create bank loan and credit card accounts which defendants personally used, depleted and never repaid.

20. The various bank and credit card companies were unable to obtain repayment of monies borrowed defendants.

21. The various bank and credit card companies thereafter declared said un-repaid monies to be bad debts and obtained tax credits as to those un-repaid monies.

22. The tax credits to the banks and credit card companies were then categorized, by the Internal Revenue Service, as imputed income to Peter Szanto on which Peter Szanto has been assessed income tax, and payment of tax has been processed.

### a. ***Money and Property Acquired by Peter Szanto***

23. Some time in 1965 Peter Szanto prevailed in an action based on false imprisonment, negligence in custodial housing and other torts against various San Francisco City and County agencies and the manufacturer of a defective fire extinguisher.

24. Peter Szanto was awarded $250,000.00 as compensation for Peter Szanto's various tort damage and personal injury claims.

25. Klara Szanto, Paul Szanto and defendants made no recovery from that action – or any other action arising from the facts stated in ¶ 23.

26. Because Peter Szanto was a minor, the $250,000 was given to his parents Paul and Klara Szanto as either: a) a trust for the benefit of Peter Szanto, b) as a bailment for the benefit of Peter Szanto, c) as a guardianship for the benefit of Peter Szanto, d) as a prospective right to real and personal property fully vested in Peter Szanto, e) a representative conservatorship on behalf of a minor, f) some other form of joint adult supervision of the money and property of a minor.

27. Irrespective of the form of the form of acquisition, by the receipt of said money, Paul and Klara Szanto became Peter Szanto's fiduciaries as to that $250,000.00 on, or about,1-1-1966.

28. Some time in, or about, September 1966, Paul and Klara Szanto used a portion of said $250,000 to purchase the real property which is commonly known as: 105 Baywood Avenue, Hillsborough, San Mateo County, California San Mateo Assessor's Parcel Number 032422130. The legal description of which is:

0.841 ACRE / MOL HAVING 39 FT FRONTAGE ON BAYWOOD AVENUE + 201.94 FT FRONTAGE ON CRYSTAL SPRINGS ROAD.

EXHIBIT 1-4

34. Paul Szanto and Klara Szanto's income was woefully inadequate to support themselves let alone four children.

35. The Szanto family moved from ever cheaper apartment to apartment – dodging bills, evictions and landlords in an effort – just to survive.

36. In 1965, Peter Szanto was arrested and incarcerated until trial.

37. After being exonerated Peter Szanto was awarded $250,000 upon various tort, personal injury and negligent custodial supervision claims.

38. Because Peter Szanto was a minor, the $250,000 was given to his parents, Klara Szanto and Paul Szanto, as either: a) a trust for the benefit of Peter Szanto, b) as a bailment for the benefit of Peter Szanto, c) as a guardianship for the benefit of Peter Szanto, d) as a prospective right to real and personal property fully vested in Peter Szanto, e) a representative conservatorship on behalf of a minor, f) some other form of joint adult supervision of the money and property of a minor.

39. Irrespective of the form in which it was held, Klara Szanto and Paul Szanto used a portion of the $250,000 belonging to debtor, Peter Szanto to purchase the real property at 105 Baywood Avenue, Hillsborough CA (the Baywood property cost approximately $100,000) and the remainder ($150,000) was used to finance business expansion and real estate investments as well as general living expenses.

40. With accretions from the original sum, it is now anticipated that the present value of the original $250,000 is in excess of $8 million.

41. All of which, as will be rightfully demonstrated is part of the Bankruptcy estate of the debtor herein.

42. A partial, but not exhaustive, schedule of investments and use of capital by Klara Szanto and Paul Szanto from the money belonging to debtor are stated here to explain and to emphasize the breadth of value which accrued from the initial $250,000.00.

43. These investments and use-of-capital for business derived from the ever-increasing value of the house at 105 Baywood Avenue. Such equity accretion allowed for many rounds of refinancing which provided capital for use, among other things, as:

44. Purchase of shares in a corporation engaged in jewelry sales.

45. In, or about, 1985, the purchase of real property at 525 Kentucky Ave., San Mateo CA for the temporary benefit of defendant Barbara Szanto Alexander.

46. In, or about, 1989 the purchase of all the assets of Rafael Jewelry Corp., for the temporary benefit of Anthony and Mariette Szanto.

47. In, or about, 1989, the purchase of all of the assets of a thriving medical practice for the temporary benefit of Evye Szanto and Victor Szanto located in Red Bluff CA.

48. In, or about, 1989 the purchase of real property at 51 Mc Near, San Rafael CA, for the temporary benefit of Anthony and Mariette Szanto.

49. In, or about, 1989, the purchase of 2 parcels of real property on Daha Dr. in Red Bluff CA for the temporary benefit of Evye Szanto and Victor Szanto.

50. The purchase of various condominiums in Burlingame CA

51. The purchase of several four-plex apartments on Poplar Dr., in San Mateo CA.

52. The purchase of two apartment buildings on Elm St., in San Carlos CA.

53. The purchase of extensive collections of works of art.

54. In, or about, 1992, the purchase of a Lasik Ophthalmologic laser machine for the temporary benefit of Evye Szanto and Victor Szanto.

55. All these items, along with various loans of money to all, or some, of the defendants were never intended as permanent gifts.

56. As matters of fact and law, all these items, money, property and realty, remained – and are still today – assets belong to Peter Szanto's Bankruptcy estate.

### ***c. Defendants' Despicably Bad Acts and Moral Depravity***

57. On February 2, 2005, while on active duty as an officer in the Israeli Defense Force, Peter Szanto was gravely injured when a Palestinian missile hit the armored vehicle he was commanding (3 soldiers in Peter Szanto's vehicle were killed instantly).

58. During the time when plaintiff / debtor was in a coma, and on the verge of death – when normal human families unite in prayer so as to petition the all mighty for the recovery of their loved ones --- the defendants, or some of them, herein began a reprehensible campaign to subvert and over-power the free wills and independent thinking of Klara Szanto and Paul Szanto so as to make money and real and personal property belonging to Peter Szanto, their own.

59. The steps – *and this recitation is not exhaustive* - undertaken by the defendants – or some of them – to abscond with Peter Szanto's money and property were the fraudulent manipulation of one of the Szanto family trusts through **extortionate**[1] acts upon Klara Szanto and Paul Szanto (eg. but not exhaustive, elder abuse through use of mind altering medications, depravation of food, water and toilet and statements that Peter Szanto had died).

60. By 2005, the elderly Klara Szanto and Paul Szanto had declined in mentality acuity, rational understanding of reality and the essential ability to comprehend or be cognizant of the nature and extent of their assets and the nature and extent of the assets of Peter Szanto over which they exercised controlled.

---

***1. Defendants' multitude of acts of extortion is the initial 18 USC 1961 RICO predicate identified against the defendants herein: extortion being the infliction of fear and threat of injury (food or medical depravation, etc.) upon Klara Szanto and Paul Szanto should they not sign documents foisted upon them by these defendants. Defendant's extortionate continued until Paul's death in 2009.***

61. Defendants, or some of them, succeeded in forcing by threat of bodily injury (ie, extortion) Klara Szanto and Paul Szanto to make multiple iterations of documents, including testamentary documents – which had absolutely no legal significance, because Klara Szanto and Paul Szanto could neither comprehend the nature, effect nor consequences of their actions.[2]

62. However, many of these fraudulently signed documents (eg, trust revisions and alienations of real property have been used by defendants to transfer money and real and personal property belonging to Peter Szanto.

63. Likewise, defendants, or some of them, falsely represented to various counsel that they were acting in conformance with the desires of Klara Szanto and Paul Szanto. When in fact Klara Szanto and Paul Szanto were no longer capable of articulating or undertaking rational contractual intent of any type.

64. And thus Klara Szanto and Paul Szanto were not able to contract in any manner whatsoever.

65. Thereafter, among other events, testamentary documents have been improperly foisted upon various courts, **without success**, as having testamentary moment, when, in fact, **they are merely, void documents secured through extortionate means.**

---

***2. Defendants also destroyed many documents, thinking all copies had been destroyed.***

5. This is an action which asks this Court to reassign tax liability – which was generated through defendants' improper use of plaintiff's identity which created tax liability for debtor / plaintiff.

6. This is also an action to recover money and property absconded though fraud committed by the defendants against the plaintiff.

7. This is an action under 18 USC § 1961 (RICO LAW) regarding the despicable **racketeering activities** of defendants whereby debtor / plaintiff was harmed and injured.

8. This is also an action based upon the abject conspiracy of the defendants working in concert with one another to commit the improper acts as described herein.

9. This is an action for such further and other relief as may be proven OR sound in equity OR which this Court deigns fit to grant based upon its equitable powers, or any other just cause.

## 2. JURISDICTION

10. Jurisdiction is based on United States Code Title 11, the Bankruptcy Court's inherent jurisdiction --- to recover Peter Szanto's Bankruptcy estate's assets which were converted and used by the defendants.

11. Jurisdiction is also based on exclusive Federal jurisdiction to reassign internal revenue liability.

12. Jurisdiction is also based on exclusive Federal jurisdiction over civil claims for harm sought under the RICO laws.

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 2

Appellate Decision A116147



Filed 3/11/08

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

Court of Appeal, First Apellate District
FILED
MAR 11 2008
Diana Herbert, Clerk
by ________________ Deputy Clerk

Estate of KLARA SZANTO, Deceased.

PETER SZANTO,
Appellant,
v.
PAUL SZANTO et al..,
Respondents.

A116147

(San Mateo County
Super. Ct. No. 115212)

## I. INTRODUCTION

Klara Szanto died on December 5, 2005. Thereafter, Klara's husband Paul and their son Victor filed a petition to confirm that Klara and Paul's home in Hillsborough (the Hillsborough property) was an asset of the Paul and Klara Szanto Revocable Trust (the Szanto Trust). Peter Szanto, another son of Klara and Paul, responded by filing a petition under Probate Code section 21320 (section 21320), pursuant to which he sought declaratory relief that he could oppose the trust asset petition without violating a "no contest" provision in Klara's will.[1] The probate court filed an order confirming that the Hillsborough property was a trust asset and denying Peter's section 21320 petition. We reverse the part of the order confirming that the Hillsborough property is a trust asset but otherwise affirm.

EXHIBIT 2-1

[1] Because the parties and the decedent all share the same last name, we will refer to these individuals by their first names.

petition or other act would constitute a contest within the terms of the no contest clause in the irrevocable instrument with respect to which the petitioner is a beneficiary.

In this case, Peter alleged he is a beneficiary of the Szanto Trust. However, the evidence before the court showed that Peter is not such a beneficiary.[4] Further, even if Peter could have proven otherwise, he did not seek a no contest finding with respect to the Szanto Trust. Instead, he attempted to obtain such a finding with respect to one or both of his mother's wills. Peter did not allege that he was a beneficiary under either the 1996 will or the 2000 will or that either will was irrevocable. Furthermore, Peter did not seek a declaration with respect to a "particular" motion, claim or other act. Instead, he essentially sought carte blanche to use the respondents' trust asset petition as a venue to challenge any conceivable action by Paul, Klara or Victor which related in any way to Klara's will(s) or the Szanto Trust. Contrary to Peter's contention on appeal, the lower court was not required to provide such a declaration.

As noted above, "specificity" is important so the court can determine whether the proposed action will constitute a contest. (*Estate of Rossi*, *supra*, 138 Cal.App.4th at p. 1334.) Indeed, it is considered "good practice" for a proposed pleading to be attached to or filed concurrently with the section 21320 application. (Ross, Cal. Practice Guide: Probate (The Rutter Group Rev. #1 2007) p. 15-40.6, ¶ 15:98.6a.) Here, we do not hold that Peter was required to submit a proposed opposition to the trust asset petition in order to obtain a safe harbor declaration. We do hold, however, that a court must be able to determine the substantive action the applicant intends to take. In this case, Peter's section 21320 petition was so vague and confusing that it simply was not possible to determine what substantive action Peter proposed to take.

For all these reasons, we hold Peter's petition was properly denied.

[4] In their trust document, Paul and Klara provided that their assets were to be allocated among their children, identified Peter as one of their children, but directed that the share of their property allocated to Peter was to be distributed to Peter's children.

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 3

ORDER IN UNITED STATES DISTRICT COURT DISTRICT OF NEVADA showing that Defendants John Barlow and Austin Bell testifying against Plaintiff.

James J. Rankl, Esq.
Nevada Bar No. 1156
300 West Second Street
Carson City, NV 89703
(775) 882-6450
(775) 883-1987 (fax)
Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**PETER SZANTO,**

**Plaintiff,**

**vs.**

**MARINA MARKETPLACE 1, LLC, et al.,**

**Defendants.**

**Case #3:11-CV-00394-RCJ-(VPC)**

**ORDER**

I. Procedural History

On June 4, 2014, Defendants Victor Szanto and Evye Szanto ("Defendants") moved for dismissal of the second amended complaint pursuant to FRCP 12 upon the ground that Defendants were not personally served on April 11, 2014, as claimed by Plaintiff and therefore there was no personal jurisdiction. Defendants' motion was supported by their affidavits and other documents supporting their assertion that they were in New Delhi, India on April 11, 2014. In response Plaintiff offered the affidavits of personal service signed by Jared Phillips, a process server hired by Plaintiff and presented arguments that the affidavits and documents submitted by Defendants were false and/or forged. In light of the conflicting

EXHIBIT 3-1

claims that he was "surprised" about the purpose of the July 21, 2014 evidentiary hearing.

In light of the information provided in the process server's affidavit, and the affidavits submitted by Defendants disputing the fact of service the Court decided to give Plaintiff one final chance to demonstrate that Defendants were timely served. Accordingly the Court issued an Order (ECF No. 162) setting the time and date for an evidentiary hearing on whether Defendants were personally served on April 1, 2014. In that Order the Court specifically ordered that the parties and Plaintiff's process server, Mr. Phillips, attend the hearing.

The evidentiary hearing on whether Defendants were personally served on April 1, 2014, was held on November 17, 2014. Due to other matters on the Court's docket, the hearing scheduled for 10:00 AM began at 10:51 AM. In attendance at the hearing were Plaintiff, Defendants Victor and Evye Szanto, and Defendant's counsel. Plaintiff advised the Court that his process server, Mr. Phillips, was en route but had not yet arrived. The Court recessed at 11:00 AM to allow Mr. Phillips additional time to appear. At 11:24 AM the Court reconvened and Plaintiff informed the Court that Mr. Phillips had still not arrived, Plaintiff did not know Mr. Phillip's location and that Plaintiff had not been successful in reaching Mr. Phillips by telephone.

Counsel for Defendants noted for the record that Defendants and witness Austin Bell were present and prepared to testify in accordance with the affidavits submitted in support of their motion, that Defendants were not personally served on April 1, 2014, on April 1, 2014 Defendants were in Red Bluff, California and

EXHIBIT 3-2

Defendants were not present in South Lake Tahoe. Counsel also noted the presence of John Barlow, owner of the Tehama Auto Center, who was prepared to testify about the purchase of a ball and hitch by Victor Szanto on April 1, 2014, in Red Bluff, California.

II. Findings

Plaintiff has failed to produce Mr. Phillips on two separate occasions to testify regarding the alleged personal service on Defendants. In the first instance Plaintiff's claim of surprise that Mr. Phillilps' testimony was necessary is simply not credible. Plaintiff had full knowledge of Defendants' assertion that they were in India on April 11, 2014, and the exhibits produced by Defendants prior to the hearing supported their assertion. With respect to the second evidentiary hearng on November 17, 2014, the Court decided to eliminate the possibility of surprise, confusion and/or doubt by specifically ordering Plaintiff to produce Mr. Phillips at the hearing. Notwithstanding the Court's order, Plaintiff failed to produce Mr. Phillips at the evidentiary hearing on November 17, 2014. At the time the Court concluded the hearing, Mr. Phillips was one and one-half hours late for the hearing and Plaintiff offered no credible explanation for his absence.

Other than the corrected affidavits of service signed by Mr. Phillips (ECF Nos. 147 and 148) and the Affidavit of Mr. Phillips filed in support of Plaintiff's Motion for Reconsideration (ECF No. 151) Plaintiff produced no other evidence in support of his new claim that Defendants were personally served on April 1, 2014. Additionally the Court notes that Plaintiff did not include in his Motion for Reconsideration any evidence to corroborate the alleged service on April 1, 2014. Most notably, the

EXHIBIT 3-3

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 4

Records for 105 Baywood Ave., Hillsborough CA

“FAMILY HOME”

RECORDER'S OFFICE
SAN MATEO COUNTY

When Recorded mail to:-
Mr. and Mrs. Paul Szanto
105 Baywood Avenue
Hillsborough, California

378142 ...

VOL 5207 PAGE 543

Mail Tax Statements to:-

Same as above.

AGREEMENT FOR SALE OF REAL ESTATE

THIS AGREEMENT, made in duplicate this 23rd day of August, 1966, by and between DOUGALD F. BARTHELMESS and ALBERTA BARTHELMESS, his wife, hereinafter called SELLER, and PAUL SZANTO and KLARA SZANTO, his wife, hereinafter called BUYER,

W I T N E S S E T H :

For and in consideration of the covenants and agreements on the part of the BUYER herein contained, the SELLER agrees to sell and convey to the BUYER, and the BUYER agrees to purchase the following described real property situate in the City of Hillsborough, County of San Mateo, State of California, described as follows:

"HIGHLAND PARK THE PROPERTY OF WILLIAM H. HOWARD ESQ. ADJOINING EL CERRITO PARK AND THE CITY OF SAN MATEO, COUNTY OF SAN MATEO, STATE OF CALIFORNIA", which map was filed in the office of the Recorder of the County of San Mateo, State of California on November 27, 1896 in Book "B" of Maps at page 40, and a copy entered in Book 2 of Maps at page 85.

BEGINNING at the most Easterly corner of said Lot 4 on the Northwesterly line of Crystal Springs Road; running thence along said Northwesterly line along the arc of a circular curve to the right tangent to a line bearing South 23° 06' 33" West with a radius of 400 feet through an angle of 18° 12' 27", an arc distance of 127.11 feet; thence continuing along said Northwesterly line tangent to the preceding course South 41° 19' West 22.89 feet to the true point of beginning; running thence from said true point of beginning, South 41° 19' West along said Northwesterly line of Crystal Springs Road 201.94 feet; thence leaving said Northwesterly line North 48° 48' West 105.73 feet; thence North 32° 57' 30" West 54.14 feet; thence North 37° 05' 30" West 22.45 feet; thence North 74° 00' West 15.00 feet; thence North 65° 30' West 45.00 feet; thence South 88° 40' 18" West 13.63 feet; thence North 66° 45' West 2.50 feet to a point on the Southeasterly line of Baywood Avenue; thence North 23° 15' East along said Southeasterly line 39.00 feet; thence leaving said Southeasterly line South 66° 45' East 5.00 feet; thence South 28° 08' 50" East 15.22 feet; thence South 61° 45' East 27.00 feet; thence along the arc of a circular curve to the left tangent to the preceding course with a radius of 70 feet

VOL 5207 PAGE 543

914567

RECORDED AT REQUEST OF
TITLE INSURANCE AND TRUST CO.
AUG 24 3 27 PM 1966
OFFICIAL RECORDS
SAN MATEO COUNTY
Ruby Hirst
RECORDER

914567

7.60

through an angle of 40° 00', an arc distance of 48.87 feet; thence along the arc of a circular curve to the left tangent to the preceding course with a radius of 22 feet through an angle of 39° 00', an arc distance of 14.97 feet; thence South 50° 45' East at right angles to the preceding course 2.00 feet; thence North 39° 15' East at right angles to the preceding course 132.90 feet; thence South 48° 41' East 173.94 feet to said true point of beginning.

Together with an easement across adjoining lands retained by SELLER for the purpose of maintaining, repairing or replacing an existing sanitary sewer line as indicated on the plat attached hereto as Exhibit "A".

SELLER reserves the right to connect to said sewer line at SELLER's expense.

The purchase price hereinafter set forth includes all improvements located on said property, including wall-to-wall carpeting, window coverings and drapes, swimming pool equipment, painting in the upper hall, stove and warming oven, equipment in the exercise room and the television antenna. Items excluded from this sale are the hitching post at the front door, and chandeliers in the dining room, master bedroom hall and master bedroom dressing room, provided, however, that the chandeliers shall be replaced by SELLER.

The full purchase price shall be ONE HUNDRED FIVE THOUSAND DOLLARS ($105,000), which BUYER agrees to pay as follows:

(a) TEN THOUSAND DOLLARS ($10,000) heretofore deposited with Davis & Clifton, agents of SELLER;

(b) TWENTY-ONE THOUSAND DOLLARS ($21,000) upon close of escrow with Title Insurance & Trust Co., San Mateo No. 46612;

(c) Balance of SEVENTY FOUR THOUSAND DOLLARS ($74,000) as follows:

(1) Monthly installments of FIVE HUNDRED TWENTY-TWO DOLLARS ($522) per month including interest on the

unpaid principal at the rate of seven percent (7%) per annum, commencing thirty (30) days after the close of escrow and continuing until January 15, 1967;

(2) On or before January 15, 1967, the sum of FIVE THOUSAND DOLLARS ($5,000) on account of principal and on January 15 of each year through January 15 of 1971, the sum of THREE THOUSAND DOLLARS ($3,000) or more on account of principal, provided, however, that not less than TWENTY-FIVE THOUSAND DOLLARS ($25,000) shall be paid on principal on or before January 15, 1971. As said principal payments are made, the monthly installment payments shall be reduced from FIVE HUNDRED TWENTY-TWO DOLLARS ($522) by the amount by which the monthly interest on SEVENTY-FOUR THOUSAND DOLLARS ($74,000) exceeds the monthly interest on the principal due on January 15 of each respective year;

(3) Notwithstanding the provisions of the next preceding subparagraph, when the principal due has been reduced to FIFTY THOUSAND DOLLARS ($50,000), SELLER agrees to deliver a grant deed to BUYER conveying title free and clear of all encumbrances excepting current taxes and easements, restrictions and covenants of record. BUYER shall thereupon execute and deliver to SELLER the promissory note of BUYER in the amount of principal then due providing for monthly payments based on a 25-year amortization and including interest on the unpaid principal at seven percent (7%) per annum. Said note shall be secured by a First Deed of Trust in the standard Title Insurance & Trust Co. form. At said time, BUYER agrees to use his best efforts to obtain

financing on similar terms from a bank, savings and loan association or other institutional lender.

BUYER shall, upon the close of escrow, obtain and pay the cost of a standard policy of title insurance subject only to exceptions 1, 2, 3, 4 and 5 of the preliminary report issued by Title Insurance and Trust Co., San Mateo No. 46612 dated August 4, 1966.

BUYER shall have the right to record this Agreement of Sale and a Request for Notice under Section 2924b of the Civil Code of California. In the event SELLER shall default on the payments due Crocker-Citizens National Bank on the present encumbrance on said property, BUYER shall have the right to make payments required to cure said default and any payments so made shall be credited against the payments required hereunder.

Possession of the property described herein shall be delivered to BUYER not later than 12:00 noon on August 25, 1966, and BUYER shall be entitled to possession thereafter so long as he shall faithfully keep and perform all of the terms and conditions of the agreement on his part to be performed.

The parties intend that escrow shall close on August 23, 1966, and that taxes shall be pro-rated as of that date based on 1965-1966 taxes. In the event SELLER is unable to have real property taxes for 1966 and 1967 segregated so that the property described herein is separately assessed, the parties shall arbitrarily fix the amount of taxes attributable to the property sold hereunder. If said arbitrary determination is not consistent with the assessed valuation as subsequently determined by the County Assessor, the parties shall thereupon adjust the monetary difference between themselves.

RECORDER'S OFFICE
SAN MATEO COUNTY

BUYER acknowledges receipt of a copy of the most recent termite report on the property, but it is agreed that this sale is made on an "as is" basis and that no warranties or representations whatsoever concerning the condition of said property or the improvements thereon have been made by SELLER or by Davis & Clifton as his agent.

During the entire term hereof, BUYER shall pay, before they become delinquent, all taxes and assessments that may be levied upon or assessed against said property, and BUYER shall keep the premises insured by fire and extended coverage policies in the amount of not less than $65,000. Said policies shall contain a loss payable clause naming Crocker-Citizens National Bank and SELLER as their interests may appear.

BUYER shall keep all buildings and improvements in good order and repair and shall maintain all landscaping in a good and workmanlike manner. BUYER shall pay when due all indebtedness incurred by acts of BUYER which may become a lien on the premises.

In the event either of the parties hereto shall file a suit to enforce any of the provisions of this Agreement or to recover damages for the breach of any of the terms hereof, the prevailing party shall be entitled to receive from the other party such attorneys' fees and costs as may be deemed reasonable by a court of competent jurisdiction.

Performance by the BUYER of all of the terms hereof is a condition precedent to the obligation of the SELLER to perform the agreements on his part.

RECORDER'S OFFICE
SAN MATEO COUNTY

This Agreement of Sale shall inure to the benefit of and shall be binding upon the heirs, assigns, beneficiaries, administrators and executors of the parties hereto.

Time is expressly made of the essence of this Agreement.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands the day and year first above written.

| | |
|---|---|
| DOUGALD F. BARTHELMESS | PAUL SZANTO |
| ALBERTA BARTHELMESS | KLARA SZANTO |
| SELLER | BUYER |

ANDERSON, McMILLAN & CONNOLLY
ATTORNEYS AT LAW

EXHIBIT 4-6

Pages [1] 2

| No | Document Number | Name | Grantor/Grantee | Document Description | APN Number | Re |
|---|---|---|---|---|---|---|
| 1. | 1994-144612 | SZANTO PAUL & KLARA 1991 TRUST | Grantor | DEED | 032422130 | |
| 2. | 1994-144612 | SZANTO KLARA | Grantee | DEED | 032422130 | |
| 3. | 1994-144612 | SZANTO PAUL TR | Grantor | DEED | 032422130 | |
| 4. | 1994-144612 | SZANTO PAUL | Grantee | DEED | 032422130 | |
| 5. | 1994-144612 | SZANTO KLARA TR | Grantor | DEED | 032422130 | |
| 6. | 2001-194174 | SZANTO PAUL | Grantor | DEED OF TRUST | 032422130 | |
| 7. | 2001-194174 | WASHINGTON MUTUAL BANK FA | Grantee | DEED OF TRUST | 032422130 | |
| 8. | 2001-194174 | SZANTO KLARA | Grantor | DEED OF TRUST | 032422130 | |
| 9. | 2004-127274 | SZANTO PAUL | Grantor | DEED | 032422130 | |
| 10. | 2004-127274 | SZANTO KLARA | Grantor | DEED | 032422130 | |
| 11. | 2004-127274 | SZANTO PAUL TR | Grantee | DEED | 032422130 | |
| 12. | 2004-127274 | SZANTO KLARA TR | Grantee | DEED | 032422130 | |
| 13. | 2004-127274 | SZANTO PAUL & KLARA TRUST | Grantee | DEED | 032422130 | |
| 14. | 2004-192682 | SZANTO PAUL TR | Grantor | DEED | 032422130 | |
| 15. | 2004-192682 | SZANTO KLARA TR | Grantor | DEED | 032422130 | |
| 16. | 2004-192682 | SZANTO PAUL & KLARA TRUST | Grantor | DEED | 032422130 | |
| 17. | 2004-192682 | SZANTO PAUL | Grantee | DEED | 032422130 | |
| 18. | 2004-192682 | SZANTO KLARA | Grantee | DEED | 032422130 | |
| 19. | 2004-192684 | SZANTO PAUL | Grantor | DEED | 032422130 | |
| 20. | 2004-192684 | SZANTO KLARA | Grantor | DEED | 032422130 | |
| 21. | 2004-192684 | SZANTO PAUL TR | Grantee | DEED | 032422130 | |
| 22. | 2004-192684 | SZANTO KLARA TR | Grantee | DEED | 032422130 | |
| 23. | 2004-192684 | SZANTO PAUL & KLARA TRUST | Grantee | DEED | 032422130 | |
| 24. | 2005-165886 | SZANTO PAUL TR | Grantor | DEED | 032422130 | |
| 25. | 2005-165886 | SZANTO KLARA TR | Grantor | DEED | 032422130 | |

Back

EXHIBIT 4-7

Pages 1 [2]

| No | Document Number | Name | Grantor/Grantee | Document Description | APN Number | Recordi |
|---|---|---|---|---|---|---|
| 26. | 2005-165886 | SZANTO PAUL & KLARA TRUST | Grantor | DEED | 032422130 | 9/22, |
| 27. | 2005-165886 | SZANTO PAUL | Grantee | DEED | 032422130 | 9/22, |
| 28. | 2005-165886 | SZANTO KLARA | Grantee | DEED | 032422130 | 9/22, |
| 29. | 2009-019624 | SZANTO PAUL | Grantor | DEED | 032422130 | 2/24, |
| 30. | 2009-019624 | SZANTO ANTHONY TR | Grantee | DEED | 032422130 | 2/24, |
| 31. | 2009-019624 | SZANTO PAUL TRUST | Grantee | DEED | 032422130 | 2/24, |
| 32. | 2009-137321 | SZANTO PETER | Grantor | COURT ORDER | 032422130 | 10/16 |
| 33. | 2009-137321 | SZANTO PAUL | Grantee | COURT ORDER | 032422130 | 10/16 |
| 34. | 2010-006176 | WANGLU FRANK NONG | Grantee | DEED | 032422130 | 1/21, |
| 35. | 2010-006176 | WANGLU RENE YAN | Grantee | DEED | 032422130 | 1/21, |
| 36. | 2010-006176 | SZANTO ANTHONY TR | Grantor | DEED | 032422130 | 1/21, |
| 37. | 2010-006176 | SZANTO PAUL TRUST | Grantor | DEED | 032422130 | 1/21, |
| 38. | 2010-120955 | SZANTO KLARA DEC | Grantor | AFFIDAVIT OF DEATH | 032422130 | 10/15 |
| 39. | 2010-120955 | ENTRY NOT REQUIRED | Grantee | AFFIDAVIT OF DEATH | 032422130 | 10/15 |
| 40. | 2011-148102 | WANGLU FRANK NONG TR | Grantee | DEED | 032422130 | 12/5, |
| 41. | 2011-148102 | WANGLU RENE YAN TR | Grantee | DEED | 032422130 | 12/5, |
| 42. | 2011-148102 | WANGLU FRANK NONG | Grantor | DEED | 032422130 | 12/5, |
| 43. | 2011-148102 | WANGLU RENE | Grantor | DEED | 032422130 | 12/5, |
| 44. | 2011-148102 | WANGLU TRUST | Grantee | DEED | 032422130 | 12/5, |

Back

EXHIBIT 4-8

RECORDED AT REQUEST OF
Cary D. McReynolds, Esq.

WHEN RECORDED MAIL TO
Peterson, Martin & Reynolds
49 Stevenson Street, 10th Floor
San Francisco, CA 945105

2009-137321
02:48pm 10/16/09 CO Fee: 30.00
Count of pages 8
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

*2009013732 1AR*

8p

Order of Court Expunging Lis Pendens

EXHIBIT 4-9

P. KURT PETERSON (SBN 067123)
CARY D. McREYNOLDS (SBN 191112)
PETERSON MARTIN & REYNOLDS LLP
49 Stevenson Street, Tenth Floor
San Francisco, CA 94105
Telephone: (415) 399-2900
Facsimile: (415) 399-2930

Attorneys for Defendant
PAUL SZANTO

LAW OFFICES
PETERSON MARTIN REYNOLDS LLP
49 STEVENSON STREET TENTH FLOOR SAN FRANCISCO CALIFORNIA 94105
415-399-2900 FAX 415-399-2930

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| PETER SZANTO,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL SZANTO, and DOES 1 – 100,<br><br>Defendants. | CASE NO. CV 07 0988<br><br>**NOTICE OF ORDER OF COURT EXPUNGING PENDENCY OF ACTION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Superior Court of California, County of San Luis Obispo, entered an ORDER GRANTING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS AND DENYING DEFENDANT'S MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT ("Order") on September 9, 2008.

A true and correct copy of the Order is attached hereto as Exhibit "B."

The above-captioned action affects title to specific real property indentified in the complaint in the action which is located in San Mateo County, California, generally described as 105 Baywood Avenue, Hillsborough, CA, APN# 032-422-130, and more particularly described as set forth in the Legal Description attached hereto as Exhibit "A"

Dated: October 16, 2009

PETERSON, MARTIN & REYNOLDS, LLP

By ______________________
Cary D. McReynolds
Attorneys for Defendant PAUL SZANTO



EXHIBIT 4-10

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 5

Defendants' Affidavits

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br>Peter Szanto<br>v.<br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF ANTHONY SZANTO IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER FED. R. CIV. P. 56. |

I, ANTHONY SZANTO, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and hereby state the following:

1. I have never used Peter Szanto's identity or personal identifying information myself or in conjunction with any other person to obtain credit,

bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest or ownership rights.

2. I never met with any of the other Defendants or any other persons to use or to discuss the use of Peter Szanto's identity or other personally identifying information to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest.

3. I have never received any benefit, property, money, accounts, or other financial instrument that I knew or suspected that the source of the funds was from the use of or misuse of Peter Szanto's identity.

4. I do not know, have, or keep any personally identifying information of Peter Szanto.

5. Since I was about 16 when Peter Szanto moved out of the 105 Baywood Avenue, Hillsborough CA home (hereinafter Family Home). I have only seen Peter Szanto two to three times since then, the last being over fifteen years ago.

6. I have no recollection of my parents telling, stating, or commenting to me on any debt or ownership interest of Peter Szanto in the Family Home or any other asset of my parents.

7. I have never seen any document(s) that shows or indicates or make me suspect that Peter Szanto had an ownership interest in the Family Home, my parents businesses, or any other property owned by my parents.

8. At no time did I see indications that Peter Szanto maintained an office at the Family Home.

9. I have never received a loan or borrowed money from my parents to buy

any property including my home in 1989, McNear Dr. San Rafael, on which I paid a mortgage for 26 years.

10. All uses of my parents' trust funds were for my parents wellbeing and according to their Trust instrument.

11. I did not see, find, or suspect that any clothing, personal effects, jewels, watch making/repair equipment, office equipment, files, or instruments were owned by Peter Szanto, while when visiting the Family Home.

12. Any monetary funds received from my parents were gifts.

13. At no time did I ever pressure or undue influence my parents to give me money or to influence my parents on changing the beneficiaries of the Paul and Klara Szanto estate.

14. At no time was I present when my parents made their wills and trusts with an independent estate planning attorney Kenneth Horowitz SBN#133764.

DATED this 3 day of January, ~~2016~~.17

Anthony Szanto

STATE OF NEVADA
County of Carson City

Subscribed and sworn to (or affirmed) before me this 3rd day of January, ~~2014~~ 2017 by Anthony Szanto proved to me on the basis of satisfactory evidence to be the person who appeared before me.

SHANE CASON
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 2-28-2020
Certificate No: 16-1791-3

(Notary Seal)

Signature of Notary

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br>Peter Szanto<br>v.<br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF MARIETTE SZANTO IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER FED. R. CIV. P. 56. |

I, MARIETTE SZANTO, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and

hereby state the following:

1.     I have never used Peter Szanto's identity or personal identifying information myself or in conjunction with any other person to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest or ownership rights.

2.     I never met with any of the other Defendants or any other persons to use or to discuss the use of Peter Szanto's identity or other personally identifying information to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest.

3.     I have never received any benefit, property, money, accounts, or other financial instrument that I knew or suspected that the source of the funds was from the use of or misuse of Peter Szanto's identity.

4.     I do not know, have, or keep any personally identifying information of Peter Szanto.

5.     I have only seen Peter Szanto, at most a couple of times since meeting Anthony Szanto in 1985.

6.     I have never seen any document(s) that shows, indicates, or make me suspect that Peter Szanto had an ownership interest in the 105 Baywood Hillsborough CA.

7.     At no time have I seen indications that Peter Szanto maintained an office at the Family Home when visiting my in-laws.

8.     I have never received a loan, borrowed, or was given money from Paul or Klara Szanto to start a business or buy any property including our home at 51 McNear Dr. San Rafael CA.

9. At no time did I ever pressure or influence Paul and Klara Szanto to give me or any of the Defendants money or to influence the beneficiaries of the Paul and Klara Szanto estate.

DATED this 03 day of January, ~~2016.~~ 2017

[signature]

Mariette Szanto

STATE OF NEVADA

County of Carson City

Subscribed and sworn to (or affirmed) before me this 3rd day of January, ~~2014~~ 2017 by Mariette Szanto proved to me on the basis of satisfactory evidence to be the person who appeared before me.

SHANE CASON
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 2-26-2020
Certificate No: 16-1791-3

[signature] (Notary Seal)

Signature of Notary

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br>Peter Szanto<br>v.<br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF VICTOR SZANTO IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER FED. R. CIV. P. 56. |

I, VICTOR SZANTO, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and hereby state the following:

1. I have never used Peter Szanto's identity or personal identifying information myself or in conjunction with any other person to obtain credit, bank accounts,

financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest or ownership rights.

2. I never met with any of the other Defendants or any other persons to use or to discuss the use of Peter Szanto's identity or other personally identifying information to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest.

3. I have never received any benefit, property, money, accounts, or other financial instrument that I knew or suspected that the source of the funds was from the use of or misuse of Peter Szanto's identity.

4. I do not know, have, or keep any personally identifying information of Peter Szanto.

5. As a child, I rarely saw Peter Szanto because he was sent away to a boarding school and have only seen Peter Szanto three to four times since then.

6. I have no recollection of my parents telling me, stating, or commenting on any debt or ownership interest of Peter Szanto in the 105 Baywood Avenue, Hillsborough CA home. (hereinafter Family Home).

7. I have never seen any document(s) that shows, indicates, or make me suspect that Peter Szanto had an ownership interest in the Family Home, my parents businesses, or any other property owned by my parents.

8. I lived at the Family Home in 1979-1981 while attending Stanford University and in while waiting to attend medical school and visited the Family Home several times a year between medical school in 1981 and Klara Szanto (mother) 2005 passing in and Paul Szanto (father) 2009 passing.

9. At no time have I seen indications that Peter Szanto maintained an office at the

Family Home.

10. I have never received a loan, borrowed, or was given money from my parents to buy any property or start a medical surgical practice.

11. All uses of my parents trust were managed in compliance with their trust instrument.

12. While clearing out the Family Home after my parents passing I did not see, find, or suspect that any clothing, personal effects, jewels, watch making/repair equipment, office equipment, files, or instruments were owned by Peter Szanto.

13. At no time did I ever pressure or undue influence my parents to give me money or to influence my parents on changing the beneficiaries of the Paul and Klara Szanto estate.

14. At no time was I present when my parents made their wills and trusts with an independent estate planning attorney Kenneth Horowitz SBN#133764.

DATED this 3 day of JAN, ~~2016.~~ 2017

_______________________
Victor Szanto

STATE OF NEVADA

County of Douglas

Subscribed and sworn to (or affirmed) before me this 3 day of JAN, ~~2014~~ 2017 by Victor Szanto proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_______________________ (Notary Seal)

Signature of Notary

RENEE PEDALINO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 03-18-18
Certificate No: 14-13653-5

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br>Peter Szanto<br>v.<br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF EVYE SZANTO IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER FED. R. CIV. P. 56. |

I, EVYE SZANTO, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and hereby state

the following:

1. I have never used Peter Szanto's identity or personal identifying information myself or in conjunction with any other person to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest or ownership rights.

2. I never met with any of the other Defendants or any other persons to use or to discuss the use of Peter Szanto's identity or other personally identifying information to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest.

3. I have never received any benefit, property, money, accounts, or other financial instrument that I knew or suspected that the source of the funds was from the use of or misuse of Peter Szanto's identity.

4. I do not know, have, or keep any personally identifying information of Peter Szanto.

5. I have only seen Peter Szanto, at most a couple of times since meeting Victor in 1982.

6. I have never seen any document(s) that shows, indicates, or make me suspect that Peter Szanto had an ownership interest in the 105 Baywood Hillsborough CA (hereinafter Szanto Family Home).

7. At no time have I seen indications that Peter Szanto maintained an office at the Family Home when visiting my in-laws.

8. I have never received a loan, borrowed, or was given money from Paul or Klara Szanto to buy any property or start a medical practice.

9. At no time did I ever pressure or influence Paul and Klara Szanto to give me or any of the defendants money or to influence the beneficiaries of the Paul and Klara Szanto estate.

DATED this 3rd day of January, 2017.

Evye Szanto

STATE OF NEVADA
County of Douglas

Subscribed and sworn to (or affirmed) before me this 3rd day of January, 2017 by Evye Szanto proved to me on the basis of satisfactory evidence to be the person who appeared before me.

(Notary Seal)

Signature of Notary

RENEE PEDALINO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 03-18-18
Certificate No: 14-13653-5

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br><br>Peter Szanto<br><br>v.<br><br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF AUSTIN BELL IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR FAILING TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6); AND DISMISSAL FOR LACKING SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1). |

I, AUSTIN BELL, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and hereby state the following:

1. I am a licensed boat captain.

2. Kimberly Szanto and I were friends between 2008 and 2012.

3.   I have never seen any documents any Trust document for any Szanto family member.

4.   I have no knowledge of personally identifiable information of Peter Szanto other than his name,

5.   I have never seen or used Peter Szanto's name or any other identifiable personally identifiable on any financial document or application.

6.   I have never been a resident or citizen of Oregon state.

7.   Before 12/31/2010, I never traveled to Oregon with any Defendant or met with any of the Defendants in Oregon.

8.   In or around October, 2014 I executed an affidavit, for the complaint in the United States District Court, District of Nevada, Case 3:11-CV-00394-RCJ-(VPC), swearing that I traveled with Victor Szanto to Red Bluff CA on April 1, 2014 to inspect the seaworthiness of Victor Szanto's boat.

9.   On November 17, 2014 I attended the Second Evidentiary hearing on whether Victor was personally in South Lake Tahoe on April 1, 2014.

DATED this 22nd day of November, 2016.

Austin Bell

STATE OF ~~NEVADA~~ California
County of Orange

Subscribed and sworn to (or affirmed) before me this 22nd day of November, 2016 by Austin Bell proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_______________ (Notary Seal)
Signature of Notary

M. SMAN
COMM. #2108928
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires 04/26/2019

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br>Peter Szanto<br>v.<br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF JOHN BARLOW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR FAILING TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND DISMISSAL FOR LACKING SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1). |

I, JOHN BARLOW, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge, and hereby state the following:

1. I own and manage an auto dealership.

2. I have sold Victor Szanto a number of vehicles and parts.

3. In or around October, 2014 I executed an affidavit, for the complaint in the United States District Court, District of Nevada, Case 3:11-CV-00394-RCJ-(VPC), swearing that Victor purchased a trailer hitch in Red Bluff CA on April 1, 2014.

4. On or about Nov. 10th, 2014, I received a phone call from Peter Szanto concerning his brother Victor Szanto. Peter called about the trailer hitch I had sold to Victor for a vehicle Victor had purchased from me. Peter told me on the phone that I was lying about Victor purchasing the hitch an being in Red Bluff on April 1, 2015. Peter proceeded to tell me that if I attended any court hearings and testified for Victor he would sue me, keep me tied up in court and do everything he could to ruin me. Peter was still talking to me and I ended the conversation by hanging up on him.

5. On November 17, 2014 I attended the Second Evidentiary hearing on whether Victor has personally in South Lake Tahoe on April 1, 2014.

DATED this 17 day of December, 2016.

John Barlow

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Tehama )

On 11/17/2016 before me, Cheryl McGinnis, Notary Public,

personally appeared John Barlow, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.*

WITNESS my hand and official seal.

Signature [signature] **(Seal)**

CHERYL MCGINNIS
Commission # 2008175
Notary Public - California
Tehama County
My Comm. Expires Mar 21, 2017

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br>Peter Szanto<br>v.<br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF NICOLE SZANTO IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER FED. R. CIV. P. 56. |

I, NICOLE SZANTO, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and hereby state the following:

1. I have never used Peter Szanto's identity or personal identifying information myself or in conjunction with any other person to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in

which it was known or suspected that Peter Szanto had a financial interest or ownership rights.

2. I never met with any of the other Defendants or any other persons to use or to discuss the use of Peter Szanto's identity or other personally identifying information to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest.

3. I have never received any benefit, property, money, accounts, or other financial instrument that I knew or suspected that the source of the funds was from the use of or misuse of Peter Szanto's identity.

4. I do not know, have, or keep any personally identifying information of Peter Szanto.

5. I have no recollection of my grandparents telling, stating, or commenting to me on any debt or ownership interest of Peter Szanto in the 105 Baywood Avenue, Hillsborough CA home (hereinafter Family Home), or any other asset of my grandparents.

6. I did not see, find, or suspect that any clothing, personal effects, jewels, watch making/repair equipment, office equipment, files, or instruments at the Family Home were owned by Peter Szanto.

7. At no time did I ever pressure my grandparents to give me money or to influence my grandparents on changing the beneficiaries of the Paul and Klara Szanto estate.

DATED this 5 day of January, 2017.

[signature]

Nicole Szanto

EXHIBIT 5-20

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Francisco)

On 01/05/2017 before me, Zeryihun Lemma Notary Public,

personally appeared Nicole Sazanto Andrea who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.*

WITNESS my hand and official seal.

Signature ______________ **(Seal)**

ZERYIHUN LEMMA
NOTARY PUBLIC - CALIFORNIA
San Francisco County
Comm. #2087892
My Comm. Expires Oct. 27, 2018

ZERYIHUN LEMMA
NOTARY PUBLIC - CALIFORNIA
San Francisco County
Comm. #2087892
My Comm. Expires Oct. 27, 2018

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br><br>Peter Szanto<br><br>v.<br><br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF BARBARA SZANTO ALEXANDER IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER FED. R. CIV. P. 56. |

I, BARBARA SZANTO ALEXANDER, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and hereby state the following:

1. I have never used Peter Szanto's identity or personal identifying information myself or in conjunction with any other person to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in

which it was known or suspected that Peter Szanto had a financial interest or ownership rights.

2. I never met with any of the other Defendants or any other persons to use or to discuss the use of Peter Szanto's identity or other personally identifying information to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest.

3. I have never received any benefit, property, money, accounts, or other financial instrument that I knew or suspected that the source of the funds was from the use of or misuse of Peter Szanto's identity.

4. I do not know, have, or keep any personally identifying information of Peter Szanto.

5. Since around 1982, when Peter Szanto moved out of the 105 Baywood Avenue, Hillsborough CA home (hereinafter Family Home), I have only seen Peter Szanto two to three times.

6. I have no recollection of my parents telling, stating, or commenting to me on any debt or ownership interest of Peter Szanto in the Family Home or any other asset of my parents.

7. I have never seen any document(s) that shows or indicates or make me suspect that Peter Szanto had an ownership interest in the Family Home, my parents businesses, or any other property owned by my parents.

8. Since about 1982, at no time did I see indications that Peter Szanto maintained an office at the Family Home.

9. I have received a gift from my parents of between $10,000 and $15,000 to help with the down payment of my home at 525 Kentucky Ave., San Mateo CA, on which I have been paying the mortgage since 1985.

10. I did not see, find, or suspect that any clothing, personal effects, jewels, watch making/repair equipment, office equipment, files, or instruments at the Family Home were owned by Peter Szanto.

11. At no time did I ever pressure my parents to give me money or to influence my parents on changing the beneficiaries of the Paul and Klara Szanto estate.

12. At no time was I present when my parents made their wills and trusts with an independent estate planning attorney Kenneth Horowitz SBN#133764.

DATED this 24 day of December, 2016.

Barbara Szanto Alexander

Barbara Szanto Alexander

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of SAN MATEO )

On DEC. 24, 2016 before me, RORY BRENNAN, Notary Public, personally appeared BARBARA SZANTO ALEXANDER, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.*

WITNESS my hand and official seal.

Signature Rory Brennan (Seal)

RORY BRENNAN
COMM. 2029228
NOTARY PUBLIC • CALIFORNIA
SAN MATEO COUNTY
My commission expires June 16, 2017

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
Evye Szanto, Victor Szanto
Nicole Szanto, Kimberley Szanto,
Mariette Szanto, Anthony Szanto,
Austin Bell, John Barlow,
Barbara Szanto Alexander

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>Debtor<br><br>Peter Szanto<br><br>v.<br><br>Evye Szanto, et al.<br><br>Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>AFFIDAVIT OF KIMBERLY BELL (formerly KIMBERLY SZANTO) IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER FED. R. CIV. P. 56. |

I, KIMBERLY BELL, do hereby affirm under the penalty of perjury that the assertions in this Affidavit are true and correct, for which I have personal knowledge and hereby state the following:

1. I have never used Peter Szanto's identity or personal identifying information myself or in conjunction with any other person to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in

which it was known or suspected that Peter Szanto had a financial interest or ownership rights.

2. I never met with any of the other Defendants or any other persons to use or to discuss the use of Peter Szanto's identity or other personally identifying information to obtain credit, bank accounts, financial instruments, or to assert dominion over or conversion of any property in which it was known or suspected that Peter Szanto had a financial interest.

3. I have never received any benefit, property, money, accounts, or other financial instrument that I knew or suspected that the source of the funds was from the use of or misuse of Peter Szanto's identity.

4. I do not know, have, or keep any personally identifying information of Peter Szanto.

5. I have no recollection of my grandparents telling, stating, or commenting to me on any debt or ownership interest of Peter Szanto in the 105 Baywood Avenue, Hillsborough CA home (hereinafter Family Home), or any other asset of my grandparents.

6. I did not see, find, or suspect that any clothing, personal effects, jewels, watch making/repair equipment, office equipment, files, or instruments at the Family Home were owned by Peter Szanto.

7. At no time did I ever pressure my grandparents to give me money or to influence my parents on changing the beneficiaries of the Paul and Klara Szanto estate.

DATED this 6 day of January, 2017.

Kimberly Bell

Kimberly Bell

(see attached acknowledgement)



# Acknowledgment by Individual

State of Nevada

County of Douglas

On this 6th day of January, 20 17, before me, Renee Pedalino
Name of Notary Public

the undersigned Notary Public, personally appeared
Kimberly Y. Bell

Name of Signer(s)

○ Proved to me on the oath of ______

○ Personally known to me

☒ Proved to me on the basis of satisfactory evidence NVDL-0204660127 Exp 7/20/2017
(Description of ID)

to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed it.

WITNESS my hand and official seal.

RENEE PEDALINO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 03-18-18
Certificate No: 14-13653-5

Notary Seal

Renee Pedalino
(Signature of Notary Public)

My commission expires 3-18-18

**Optional:** *A thumbprint is only needed if state statutes require a thumbprint.*

**Right Thumbprint of Signer**

Top of thumb here

## Description of Attached Document

Type or Title of Document
US Bankruptcy Court District of Oregon

Document Date 1/6/2017

Number of Pages 3

Signer(s) Other Than Named Above
NA

Scanner Enabled Stores should scan this form
Manual Submission Route to Deposit Operations

DSG5350 (Rev01-01/15)

F001-00000DSG5350-01

EXHIBIT 5-27



In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 6

Plaintiff's Ongoing Cases In

Superior Court of California San Mateo

Peter Szanto *phone 775-238-3998*
P. O. Box 14894
Irvine CA 92623

SUPERIOR COURT OF CALIFORNIA in San Mateo County
Redwood City Courthouse

| IN RE:<br><br>the PAUL and KLARA SZANTO REVOCABLE TRUST DATED March 19, 1991<br>--------------<br>Victor Szanto, Anthony Szanto petitioners<br><br>v.<br><br>Peter Szanto, respondent | **Case No: PRO 115212**<br><br>**RESPONDENT'S**<br><br>**VERIFIED**<br><br>**Cross-Claim to Quiet Title** |
|---|---|

**Respondent Peter Szanto alleges as follows:**

1. This action seeks relief pursuant to CCP § 760.020 to establish respondent's title and / or interest in real property.
2. The subject property is that real property – and all improvements and appurtenances thereto commonly known as:
   105 Baywood Avenue, Hillsborough, San Mateo County, California
   San Mateo Assessor's Parcel Number 032422130
   Legal description: 0.841 ACRE / MOL HAVING 39 FT FRONTAGE ON BAYWOOD AVENUE + 201.94 FT FRONTAGE ON CRYSTAL SPRINGS ROAD.

EXHIBIT 6-1

3. Jurisdiction and Venue are proper in this Court because the above referenced real property is located within the jurisdiction of this Court.

4. Jurisdiction and venue are also appropriate, because petitioners selected this forum for the adjudication of the issue of rightful possession to title to said real property.

## RESPONDENT'S OWNERSHIP of SUBJECT REAL PROPERTY

5. Some time in 1965 respondent prevailed in an action based on false imprisonment, negligence in custodial housing and other torts against various San Francisco City and County agencies and the manufacturer of a defective fire extinguisher.

6. Respondent was awarded $250,000.[00] upon his various tort damage claims.

7. Because respondent was a minor, the money was given to his parents Paul and Klara Szanto in trust and / or as a bailment – to be held for respondent's benefit.

8. Irrespective of the form of the form of acquisition, by the receipt of said money, Paul and Klara Szanto became respondent's fiduciaries as to that $250,000.[00] on, or about,1-1-1966.

9. Some time in, or about, September 1966, Paul and Klara Szanto used said $250,000 to purchase the real property which is the subject of this action.

10. Respondent contends that at all times Paul and Klara Szanto's intent, and absolute desire, was to convey said real property to respondent.

11. However, as the facts of this action so far demonstrate said promised and anticipated transfer to respondent has not yet occurred.

12. This action seeks to complete the transfer of the subject property to respondent with all deliberate speed so as to quiet title and all disputes about ownership – such that all ownership in fee simple absolute shall reside with respondent individually.

## RELEVANT LAW

13. The claim herein is made pursuant to CCP § 760.020(a): **"An action may be brought under this chapter to establish title against adverse claims to real or personal property or any interest therein."**

14. Upon said grounds, or any other grounds permitted by law, respondent prays this Court act to affirm respondent's sole, separate and individual title, interest, right to the subject real property …

15. And to confirm respondent's rights to title and possession of said real property.

WHEREFORE, Respondent prays for judgment against Petitioners as follows:

1. Adjudging that Petitioners have no interest in the real property;

2. Quieting Respondent's title to the real property in Respondent alone;

3. Respondent's costs of suit incurred herein; and

4. Such other and further relief as may be just and proper.

## Verification

a. I, Peter Szanto, declare under penalty of perjury under the laws of the State of California that the facts stated herein are true of my own personal knowledge.

b. Signed at San Francisco, California.

Respectfully,

DATED 1-27-2015 ______________________ Peter Szanto.

DE-172

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| Peter Szanto<br>POB 14894 -- IRVINE CA 92623<br>Irvine<br>CA 92623<br>ATTORNEY FOR (Name): | 775-238-3998 | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo<br>STREET ADDRESS: Probate Division<br>MAILING ADDRESS: County Government Center<br>CITY AND ZIP CODE: Redwood City CA 94063<br>BRANCH NAME: | | |
| ESTATE OF (Name):<br>Paul and Klara Szanto Revocable Trust of 3-19-1991 | DECEDENT | |
| **CREDITOR'S CLAIM** | | CASE NUMBER:<br>PRO 115212 |

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the *Notice of Administration* was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.
**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ 250,000.00+accretions according to proof.
2. Claimant *(name)*: Peter Szanto
   a. [✓] an individual
   b. [ ] an individual or entity doing business under the fictitious name of *(specify)*:
   c. [ ] a partnership. The person signing has authority to sign on behalf of the partnership.
   d. [ ] a corporation. The person signing has authority to sign on behalf of the corporation.
   e. [ ] other (specify):
3. Address of claimant *(specify)*: POB 14894, Irvine CA 92623
4. Claimant is [✓] the creditor [ ] a person acting on behalf of creditor *(state reason)*:
5. [✓] Claimant is [✓] the personal representative [ ] the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are [ ] on reverse [✓] attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 27 November 2014

Peter Szanto
(TYPE OR PRINT NAME AND TITLE)

[signature]
(SIGNATURE OF CLAIMANT)

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.
B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.
C. If the claim is secured by a note or other written instrument, the original or a copy must be attached *(state why original is unavailable.)* If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. *(See Prob. Code, § 9152.)*
D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.
E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the *Proof of Mailing or Personal Delivery* on the reverse.
F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.
G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

(Continued on reverse)

EXHIBIT 6-5

SERVE

| ESTATE OF (Name): Paul and Klara Szanto Revocable Trust of 3-19-1991 DECEDENT | CASE NUMBER: PRO 115212 |
|---|---|

## FACTS SUPPORTING THE CREDITOR'S CLAIM

[✓] See attachment *(if space is insufficient)*

| Date of item | Item and supporting facts | Amount claimed |
|---|---|---|
| | Please see creditor's claim attached<br><br>$250,000.00 PLUS ACCRETIONS THEREFORM AND THERON FROM 1-1-1966. | |
| | TOTAL: | $ AS ABOVE |

**PROOF OF** [✓] **MAILING** [ ] **PERSONAL DELIVERY TO PERSONAL REPRESENTATIVE**

***(Be sure to mail or take the original to the court clerk's office for filing)***

1. I am the creditor or a person acting on behalf of the creditor. At the time of mailing or delivery I was at least 18 years of age.
2. My residence or business address is *(specify)*: POB 10451, NEWPORT BEACH CA 92658
3. I mailed or personally delivered a copy of this *Creditor's Claim* to the personal representative as follows *(check either a or b below)*:

a. [✓] **Mail**. I am a resident of or employed in the county where the mailing occurred.

(1) I enclosed a copy in an envelope AND

(a) [✓] **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

(b) [ ] **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

(2) The envelope was addressed and mailed first-class as follows:

(a) Name of personal representative served: SEE SERVICE LIST ATTACHED TO CLAIM

(b) Address on envelope: SEE SERVICE LIST ATTACHED TO CLAIM

(c) Date of mailing: 28 NOVEMBER 2014

(d) Place of mailing *(city and state)*: NEWPORT BEACH CA

b. [ ] **Personal delivery**. I personally delivered a copy of the claim to the personal representative as follows:

(1) Name of personal representative served:

(2) Address where delivered:

(3) Date delivered:

(4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 28 NOVEMBER 2014

SUSAN BIER
(TYPE OR PRINT NAME OF CLAIMANT)

[signature]
(SIGNATURE OF CLAIMANT)

over

EXHIBIT 6-6

Peter Szanto phone 775-238-3998
P. O. Box 14894
Irvine CA 92623

SUPERIOR COURT OF CALIFORNIA in San Mateo County
Redwood City Courthouse

IN RE:

the PAUL and KLARA SZANTO REVOCABLE TRUST DATED March 19, 1991

Case No: PRO 115212

Notice of Peter Szanto's Verified Creditor Claims

and / or

Verified Trust Asset Claims

Comes now Respondent, Peter Szanto – who hereby and herewith gives notice of his Creditor's Claims and / or Trust Asset Claims against the PAUL and KLARA SZANTO REVOCABLE TRUST DATED March 19, 1991 — said claims are in addition (and not subject to) to Peter Szanto's entitlements to trust corpus and accruals as a **trustee** and **beneficiary** of the PAUL and KLARA SZANTO REVOCABLE TRUST DATED March 19, 1991 – which trust is the disputed trust in this action.

## FACTS and DECLARATION

1. Upon my most solemn oath, before all-mighty G*d, I, Peter Szanto declare as follows:
2. On May 28, 1965 at approximately 11:45 AM, I was in attendance at Herbert Hoover Junior High School at 2290-14th

EXHIBIT 6-7

Appellate Courts Case Information

CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

Welcome
Search
E-mail
Calendar
Help
Opinions

Supreme Court

Change court

*Court data last updated: 01/03/2017 10:31 AM*

| Case Summary | Docket | Briefs |
|---|---|---|
| Disposition | Parties and Attorneys | Lower Court |

## Docket (Register of Actions)

**SZANTO v. SZANTO**
**Case Number S226726**

| Date | Description | Notes |
|---|---|---|
| 05/28/2015 | Petition for review filed | Defendant and Appellant: Peter Szanto<br>Pro Per (Filed pursuant to CRC 8.25(b).) |
| 05/28/2015 | Record requested | |
| 05/28/2015 | Forma pauperis application filed | from Peter Szanto, pro per petitioner |
| 06/19/2015 | 2nd record request | |
| 06/19/2015 | Received Court of Appeal record | one file folder |
| 07/08/2015 | Petition for review granted; briefing deferred | The petition for review is granted. Further action in this matter is deferred pending consideration and disposition of a related issue in John v. Superior Court, S226726 (see Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court. Submission of additional briefing, pursuant to California Rules of Court, rule 8.520, is deferred pending further order of the court. Votes: Cantil-Sakauye, C.J., Werdegar, Chin, Corrigan, Liu, Cuéllar and Kruger, JJ. |
| 07/08/2015 | Letter sent requesting certification of interested parties/entities | |
| 07/20/2015 | Certification of interested entities or persons filed | by David Evan Olsen, counsel for respondent Anthony Szanto |
| 07/24/2015 | Certification of interested entities or persons filed | by Peter Szanto, Petitioner Pro Per |
| 08/07/2015 | Certification of interested entities or persons filed | Phillip Szanto, Plaintiff and Respondent Robert Samuel Lewin, Retained counsel |
| 08/24/2016 | Transferred to CA 1/1 after hold | The above-captioned matter is transferred to the Court of Appeal, First Appellate District, with directions to vacate its order dismissing the appeal and to reconsider the cause in light of our holding in John v Superior Court (2016) 63 Cal.4th 91, 100. (Cal. Rules of Court, rule 8.528(d).) Werdegar, J., was absent and did not participate. Votes: Cantil-Sakauye, C.J., Chin, Corrigan, Liu, Cuéllar and Kruger, JJ. |
| 08/26/2016 | Returned record | to CA 1; one file folder and briefs |

EXHIBIT 6-6

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 7

Plaintiff's Juvenile Assault

JUVENILE COURT

City and County of San Francisco
Melvyn I. Cronin
Judge of the Superior Court

March 29, 1965

Refers to:

Peter Szanto

Mr & Mrs Paul Szanto
1523 23rd Ave
San Francisco, California

Dear Mr & Mrs Szanto

A court hearing for your son, Peter Szanto
is scheduled for ~~this~~ Friday, April 9, 1965;
Day Date

at this address.

Please call at 10 am
with your son in Room 319. and be seated

Attached are two sets (indentical) of the petition and notice.

Yours very truly,

John Chan
Probation Officer

NOTE:
An appointment at the Psychiatric Clinic for Peter Szanto and his mother has been scheduled for next Tuesday, April 6, 1965. Please report to room 134 at 9:00 am. You will be seen by Mr. Jack Munson, Clinical Psychologist. Your cooperation will be appreciated.

Intake B
J. Chan

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

Boy's Copy

JUVENILE COURT DEPARTMENT

THE PEOPLE OF THE STATE OF CALIFORNIA
ON BEHALF OF

PETER SZANTO
MINORS

No.

TO Mr. and Mrs. Paul (Klara) Szanto, Parents
1523 - 23rd Avenue
San Francisco, California
(The parent, guardian or relative of the above person)

YOU ARE HEREBY NOTIFIED THAT:

(1) A petition has been filed in this Court alleging that the above named person comes within Section 602 of the Welfare and Institutions Code of the State of California.

(2) This matter has been set for hearing before this Court on April 9, 19 65, 10:00 A.M., at 375 Woodside Avenue in the City of San Francisco, California.

Be seated in room 319

(3) The minor, and/or his parents or guardians are entitled to have an Attorney of their choice present at the above hearing, if it is so desired. If the parent or guardian is indigent and cannot afford an attorney, and the minor and/or his parent or guardian desires to be represented by an Attorney, such parent or guardian shall promptly notify the Clerk of the Juvenile Court.

EXHIBIT 7-1

Intake B
J. Chan

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

Boys Cy

## JUVENILE COURT DEPARTMENT

THE PEOPLE OF THE STATE OF CALIFORNIA
ON BEHALF OF

PETER SZANTO
MINORS

No.

TO Mr. and Mrs. Paul (Klara) Szanto, Parents
1523 - 23rd Avenue
San Francisco, California
(The parent, guardian or relative of the above person)

**YOU ARE HEREBY NOTIFIED THAT:**

(1) A petition has been filed in this Court alleging that the above named person comes within Section 602 of the Welfare and Institutions Code of the State of California.

(2) This matter has been set for hearing before this Court on April 9, 1965, 10:00 A.M., at 375 Woodside Avenue in the City of San Francisco, California.

Be seated in room 319

(3) The minor, and/or his parents or guardians are entitled to have an Attorney of their choice present at the above hearing, if it is so desired. If the parent or guardian is indigent and cannot afford an attorney, and the minor and/or his parent or guardian desires to be represented by an Attorney, such parent or guardian shall promptly notify the Clerk of the Juvenile Court.

DATED March 29, 1965

MARTIN MONGAN, CLERK

By L. D. Wahlmann
Deputy Clerk

**PROOF OF SERVICE OF NOTICE AND PETITION**

I was at the time of the service of the papers herein referred to, over the age of eighteen years and not a party to the within entitled action.

I served the foregoing notice and a copy of the petition referred to therein by delivering a copy of said notice with a copy of said petition to each hereinafter named party, personally, in the City and County of San Francisco State of California, at the address and on the date set forth opposite each name, to-wit:

| NAME OF PARTY SERVED | STREET ADDRESS AND CITY WHERE SERVED | DATE OF SERVICE |
|---|---|---|
| Parents: Mr. and Mrs. P. Szanto | | |
| | | |
| | | |
| | | |

EXHIBIT 7-2

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN FRANCISCO
JUVENILE COURT

The People of the State of California on behalf of

PETER SZANTO

Minor

PETITION

No.

Your Petitioner, W. Cain, Supervising Probation Officer, respectfully states that there is/~~are~~ now residing within the County of San Francisco, State of California, the following named person under the age of twenty-one years, to-wit:

| NAME | AGE | NAME | AGE |
|---|---|---|---|
| Peter Szanto | 14 years | | |

That said minor comes within the provisions of Section 602 of the Welfare and Institutions Code of the State of California, in that on or about March 19, 1965 said person feloniously and in violation of Section 245 of the California Penal Code, did commit an assault upon the person of one Wayne Barress, age 13, 1121 Lincoln Way, San Francisco, by causing sulphuric acid to be thrown upon said person;

That said minor who resides at 1523 - 23rd Avenue, San Francisco, California has/~~have~~ not been detained ~~xxxx~~

That the names and addresses of above minor parents/guardian/adult relative residing in the County or nearest this Court ~~is~~/are:

Father: Paul Szanto, 1523 - 23rd Avenue, San Francisco, California
Mother: Klara Szanto, 1523 - 23rd Avenue, San Francisco, California

WHEREFORE, your Petitioner, W. Cain, requests that the Court inquire into the matters herein alleged and make such order as may be deemed proper for the best interest of said minor.

Dated March 29, 1965

Petitioner
W. Cain, Supervising Probation Officer

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

VERIFICATION OF PETITION

I declare under penalty of perjury that the foregoing is true and correct, according to my information and belief.

EXHIBIT 7-3

| NAME | AGE | NAME | AGE |
|---|---|---|---|
| Peter Szanto | 14 years | | |

That said minor come s within the provisions of Section 602 of the Welfare and Institutions Code of the State of California, in that on or about March 19, 1965 said person feloniously and in violation of Section 245 of the California Penal Code, did commit an assault upon the person of one Wayne Barress, age 13, 1121 Lincoln Way, San Francisco, by causing sulphuric acid to be thrown upon said person;

That said minor who reside s at 1523 - 23rd Avenue, San Francisco, California has/xxxx not been detained xxxx

That the names and addresses of above minor parent s /guardian/adult relative residing in the County or nearest this Courtxx/are:

Father: Paul Szanto,1523 - 23rd Avenue, San Francisco, California
Mother: Klara Szanto, 1523 - 23rd Avenue, San Francisco, California

WHEREFORE, your Petitioner, W. Cain, requests that the Court inquire into the matters herein alleged and make such order as may be deemed proper for the best interest of said minor

Dated March 29, 1965

Petitioner
W. Cain, Supervising Probation Officer

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

**VERIFICATION OF PETITION**

I declare under penalty of perjury that the foregoing is true and correct, according to my information and belief.

Executed at San Francisco, California

March 29, 1965

W. Cain, Supervising Probation Officer
Petitioner

Hearing date for this petition is hereby set for April 9, 1965 at 10:00 o'clock AM at 375 Woodside Avenue, San Francisco, California.

MARTIN MONGAN, Clerk

By ______ Deputy Clerk

F-3300 (Rev. 9-64)

EXHIBIT 7-4

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 8

Prior Identity Theft Cases

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 26 2010

John A. Clarke, Executive Officer/Clerk
BY [illegible], Deputy

Peter Szanto phone 949 887 2369
P. O. Box 10451
Newport Beach CA 92658

# Superior Court of California in Los Angeles County

111 N. Hill Street, Los Angeles 90012

Peter Szanto, plaintiff

vs.

Phillip Szanto, Anthony Szanto, Victor Alexander Szanto, David Alexander, Barbara Loretta Szanto Alexander, Does 1-100, defendants

Case No.: BC 428554

**1st Amended Complaint for Damages**

1. Malicious Prosecution
2. Civil Conspiracy
3. Abuse of Judicial Process
4. Intentional and Reckless Infliction of Emotional Distress
5. Fraudulent Transfer
6. Malfeasance, Fraud and Nonfeasance in Office of Trustee
7. Identity Theft
8. Personal Injury
9. Loss of Property
10. Property Damage
11. Exemplary Damages

Assigned to Hon. Judge Palmer

Courtroom: Department 33

EXHIBIT 8-1

3

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 06 2015

ALAN CARLSON, Clerk of the Court

PETER SZANTO 775-238-3998
P. O. BOX 41373
RENO Nevada 89504

# California Superior Court in and for Orange County

PERSOLVE, plaintiff

V.

Peter Szanto, defendant,

cross-complainant

V.

a) ~~Persolve LLC (individually and DBA Account Resolution Associates)~~

b) ~~Account Resolution Associates~~

c) Victor Alexander Szanto

d) Anthony Szanto (aka Tony Szanto)

e) Does 1-10

cross-defendants

**Case No.:**

***30-2013-00626119***

**VERIFIED CROSS COMPLAINT for DAMAGES**

based on:

1) Fraud
2) Fraudulent Transfer
3) Identity Theft
4) Intentional Infliction of Emotional Distress

***CCP § 403.030 Notice***
***By this Cross-complaint this matter is reclassified as an Unlimited Proceeding***

EXHIBIT 8-2

emotional suffering to a person who learns of such behavior for the first time by receiving a tax bill from the Internal Revenue Service.

(b) cross- plaintiff has suffered, and continues to suffer, severe and extreme emotional distress since learning of the theft of his identity.

(c) the actual and proximate causation of cross-plaintiff s emotional distress was the cross-defendants outrageous conduct of theft of Peter Szanto s identity.

32. Thereon, Peter Szanto seeks relief in an amount to be shown by proof, but already known to be greater than $292,868.00 for medical bills and general damages suffered from emotional distress and psychic injury.

33. Cross-plaintiff requests costs of this action and such other relief the Court may deem appropriate.

## CLAIMS AS TO DOE CROSS-DEFENDANTS

All of the claims made herein are reiterated as to Doe defendants who are not presently known, but who may be discovered and joined as to the claims herein.

FILED

PETER SZANTO 949-887-2369
P. O. BOX 14894
Irvine CA 92623

2015 FEB 11 PM 1:21
SANTA ANA
BY:

# United States District Court

Central District of California – Santa Ana

Peter Szanto, plaintiff

V.

a) Persolve, LLC (individually and DBA Account Resolution Associates),

b) Account Resolution Associates,

c) Victor Alexander Szanto,

d) Anthony Szanto (aka Tony Szanto),

e) Internal Revenue Service,

defendants

**** JURY is REQUESTED ****

Case No.: SACV15-00241 AG (DFMx)

## COMPLAINT for DAMAGES

based on:

1) Fraud (knowing false and fraudulent creation of internal revenue debt by defendants attributable to plaintiff)
2) Fraudulent Transfer
3) Identity Theft
4) Intentional Infliction of Emotional Distress

**Jurisdiction based on 28 U.S.C.A. § 1340 exclusive Federal jurisdiction over internal revenue**

EXHIBIT 8-4

Form **4549-A** (Rev. March 2013)

Department of the Treasury-Internal Revenue Service

# Income Tax Examination Changes
## (Unagreed and Excepted Agreed)

Page 1 of 2

| Name and Address of Taxpayer | Taxpayer Identification Number | Return Form No.: |
|---|---|---|
| PETER & SUSAN SZANTO<br>11 SHORE PINE DR<br>NEWPORT COAST CA 92657-1544 | [redacted] | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| | Period End 12/31/2010 | Period End | Period End |
|---|---|---|---|
| **1. Adjustments to Income** | | | |
| a. Cancellation of Debt Income | 292,868.00 | | |
| b. Substitute Payments Income | 1,093.00 | | |
| c. Itemized Deductions | 1,588.00 | | |
| d. Exemptions | 7,300.00 | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| **2. Total Adjustments** | 302,849.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | (17,111.00) | | |
| **4. Corrected Taxable Income** | 285,738.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | Joint | | |
| **5. Tax** | 65,811.00 | | |
| **6. Additional Taxes / Alternative Minimum** | 5,905.00 | | |
| 7. Corrected Tax Liability | 71,716.00 | | |
| **8. Less Credits** a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| **9. Balance** *(Line 7 less total of Lines 8a thru 8d)* | 71,716.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. Total Corrected Tax Liability *(Line 9 plus Lines 10a thru 10d)* | 71,716.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 0.00 | | |
| 13. Adjustments to: a. See Attached | (800.00) | | |
| b. | | | |
| c. | | | |
| 14. Deficiency-Increase in Tax or *(Overassessment - Decrease in Tax)* *(Line 11 less Line 12 adjusted by Lines 13a through 13c)* | 72,516.00 | | |
| 15. Adjustments to Prepayment Credits-Increase *(Decrease)* | | | |
| **16. Balance Due or (Overpayment)** - *(Line 14 adjusted by Line 15)* *(Excluding interest and penalties)* | 72,516.00 | | |

Catalog Number 23110T www.irs.gov

A

EXHIBIT 8-5

PETER SZANTO 949-887-2369
P. O. Box 14894
Irvine CA 92623

FILED
APR 28 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

# United States Bankruptcy Court in the Central District of California

3420 – 12th St., Riverside CA 92501

Peter Szanto, plaintiff
vs.
Robert Lewin, debtor,
defendant

**# 6:10-ap-01427 SY**
**main case # 6:10-bk-13047 SY**

## 1st Amended Complaint

***Exclusive Jurisdiction in this Court is based on 28 U.S.C.A. § 1340 exclusive Federal Jurisdiction over Internal Revenue Service Matters***

Comes now plaintiff who pleads as follows:

## ADVERSARY PROCEEDING

This adversarial complaint comes before this Honorable Court pursuant to FRBP Rule 7001.

This is a proceeding under FRBP 7001(1) to recover money or property belonging to the debtor and / or which is under the dominion and control of the debtor.

ORIGINAL

This is also a proceeding under FRBP 7001 (4) a proceeding to object to and / or revoke debtor's discharge.

This is a also a proceeding under FRBP 7001(6) a proceeding to determine the dischargeability of state court debts.

This is also a proceeding under FRBP 7001 (7) to obtain such equitable relief as this Court may deem appropriate regarding debtor's theft of plaintiff's identity and the additional causes of action herein enumerated which may not qualify for statutory Bankruptcy relief.

## EXCLUSIVE FEDERAL JURISDICTION

This action is proceeding in this Court under its exclusive Federal jurisdiction under 28 U.S.C.A. § 1340:

> "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."

**Matters complained of herein have arisen under U.S. Code Title 26 regarding Internal Revenue Taxation, which are within the exclusive Federal jurisdiction of this Court.**

Form **4549-A** (Rev. March 2013)

Department of the Treasury-Internal Revenue Service

# Income Tax Examination Changes
## (Unagreed and Excepted Agreed)

Page 1 of 2

| Name and Address of Taxpayer | Taxpayer Identification Number | Return Form No.: |
|---|---|---|
| PETER & SUSAN SZANTO<br>11 SHORE PINE DR<br>NEWPORT COAST CA 92657-1544 | [redacted] | 1040 |
| | Person with whom examination changes were discussed. | **Name and Title:** |

| **1. Adjustments to Income** | Period End 12/31/2010 | **Period End** | **Period End** |
|---|---|---|---|
| a. Cancellation of Debt Income | 292,868.00 | | |
| b. Subsitite Payments Income | 1,093.00 | | |
| c. Itemized Deductions | 1,588.00 | | |
| d. Exemptions | 7,300.00 | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 302,849.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | (17,111.00) | | |
| 4. **Corrected Taxable Income** | 285,738.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | Joint | | |
| 5. **Tax** | 65,811.00 | | |
| 6. **Additional Taxes / Alternative Minimum** | 5,905.00 | | |
| 7. Corrected Tax Liability | 71,716.00 | | |
| 8. **Less Credits** a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** *(Line 7 less total of Lines 8a thru 8d)* | 71,716.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. Total Corrected Tax Liability *(Line 9 plus Lines 10a thru 10d)* | 71,716.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 0.00 | | |
| 13. Adjustments to: a. See Attached | (800.00) | | |
| b. | | | |
| c. | | | |
| 14. Deficiency-Increase in Tax or *(Overassessment - Decrease in Tax)* *(Line 11 less Line 12 adjusted by Lines 13a through 13c)* | 72,516.00 | | |
| 15. Adjustments to Prepayment Credits-Increase *(Decrease)* | | | |
| 16. **Balance Due or (Overpayment)** - *(Line 14 adjusted by Line 15)* *(Excluding interest and penalties)* | 72,516.00 | | |

EXHIBIT A

EXHIBIT 8-8

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 9

TAX COURT FINDINGS QUESTIONING

VERACITY OF PLAINTIFF

T.C. Memo. 2016-145

UNITED STATES TAX COURT

PETER SZANTO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

SUSAN SZANTO AND PETER SZANTO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 17912-14, 19749-14.　　　　Filed August 1, 2016.

Peter Szanto and Susan Szanto, pro sese.

Sandy Hwang and Hans Famularo, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a $23,823.67 deficiency, a

$5,471.52 addition to tax under section 6651(a)(1), and a $4,764.73 penalty under

section 6662(a) with respect to petitioners' Federal income tax for 2008.  The

EXHIBIT 9-1

**[*2]** notice of deficiency for 2008 was addressed to both petitioners, who had filed a joint return for that year. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Susan Szanto filed a petition with respect to 2008 that was assigned docket No. 8221-13. Peter Szanto (petitioner) filed a petition in bankruptcy and did not join in the case at docket No. 8221-13 but later filed the petition in the case at docket No. 17912-14 contesting his liability for 2008 after his bankruptcy proceeding was dismissed. In the answer in the case at docket No. 17912-14, respondent alleges that the case at docket No. 8221-13

> resulted in no deficiency because Peter and Susan Szanto had sufficient foreign tax credits for the 2008 year that decreased much of the deficiency in the related case, they substantiated some of the adjustments, and Appeals conceded a small amount of adjustments for settlement purposes. On May 29, 2014, this Court issued an Order and Decision in the related case, docket no. 8221-13, where the Court ordered and decided that there is no deficiency in income tax due from, nor overpayment due to Susan Szanto for the taxable year 2008. * * * [T]he related case is identical to this case in that both cases involve the same joint return, same 2008 year, same Notice, same issues, and Peter Szanto, although not a named party, was actively involved in the resolution of the related case.

EXHIBIT 9-2

**[*3]** Respondent thus conceded that there was no deficiency due from petitioner for 2008. Petitioner claims an overpayment for 2008, attempting to reopen issues decided in the case at docket No. 8221-13.

Petitioners filed the petition in the case at docket No. 19749-14 in response to a notice of deficiency for 2009, which determined a $2,409 deficiency, a $555.96 addition to tax under section 6651(a)(1), and a $481.80 penalty under section 6662(a). The issues for decision are whether petitioners are entitled to deductions not previously allowed, including a loss claimed on rental of their residence, and whether they are liable for the addition to tax and penalty for 2009.

FINDINGS OF FACT

None of the facts have been stipulated. In the petition in the case at docket No. 17912-14, dated July 27, 2014, petitioner provided a mailing address in California but represented that his State of legal residence was Nevada. In the petition in the case at docket No. 19749-14, dated August 13, 2014, petitioners represented that their State of legal residence was California. (Although this disparity does not affect venue for any appeal from our decisions in these cases, it is significant for reasons related to petitioner's credibility, as discussed below.) Petitioners' personal residence during 2007, 2008, and 2009 was in Newport Beach, California, although that fully furnished residence was rented to others

**[*4]** from time to time, including for six months during 2009. Personal property, including artwork, was left in the residence, and petitioner operated a jewelry repair business out of the residence. Petitioner maintained a real estate broker's license during the years in issue.

On their returns for 2008 and 2009, petitioners reported income from renting their personal residence to others but deducted expenses far in excess of the rental income reported. The rental loss deduction claimed for 2008 was not adjudicated in the case at docket No. 8221-13 for reasons set forth below. Petitioners reported rental income of $18,600 for six months in 2009 and claimed a rental loss deduction with respect to the Newport Beach property totaling $68,165. They did not substantiate any rental expenses other than a $30,561 mortgage interest expense and $18,518 in real property taxes, both for which respondent has allowed deductions. Because the total from allocating 50% of those items ($15,281 + $9,259 = $24,540) exceeds the $18,600 of rental income reported, section 280A precludes deduction of any additional expenses even if substantiated. Respondent allowed the balance of the substantiated mortgage interest and real property taxes on Schedule A, Itemized Deductions.

On their return for 2009, petitioners also claimed and deducted $13,295.82 in losses, including $10,047.13 in depreciation expense, in relation to residential

**[*5]** property in Miami, Florida, which they did not own during 2009. They claimed deductions on three vehicles for actual expenses and depreciation as well as mileage at a standard rate. Petitioner did not maintain a reliable log showing the time, place, and business purpose of travel relating to specific vehicles or other records satisfying the requirements of section 274(d) to support a deduction for travel expenses claimed in relation to his jewelry repair business.

Petitioners' return for 2008 was filed in June 2010, and their return for 2009 was filed in April 2011. Petitioners later filed amended returns for each year on which they admitted receipt of income not reported on the returns originally filed. On an amended return for 2008, they omitted the claimed loss deduction from renting their Newport Beach residence. The Newport Beach address was used as petitioners' address on the returns filed for the years in issue.

Petitioner has legal training although he is not a member of any bar. He has frequently engaged in litigation with his son, his brothers, and others. Petitioner was the plaintiff in the U.S. District Court for the Central District of California, in Case No. 8:15-cv-00241-AG-DFM (District Court case). On October 22, 2015, 11 days before the instant cases were set for trial, he filed in the District Court case a document entitled "Plaintiff's Preliminary Response to Court's ORDER Regarding Jurisdiction and Vexatious Litigant OSC and Request for Additional Time Further

**[*6]** to Respond." In that document he misrepresented the status and the subject matter of these cases as a reason for his request for additional time. In the same document he represented to the District Court that he had not resided in California since 2012.

OPINION

Petitioners bear the burden of proving entitlement to the deductions that they claim. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. A court is not bound to accept improbable, unreasonable, or questionable testimony at face value. Ruark v. Commissioner, 449 F.2d 311, 312 (9th Cir. 1971), aff'g T.C. Memo. 1969-48; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), aff'g per curiam T.C. Memo. 1969-159; Shea v. Commissioner, 112 T.C. 183, 188-189 (1999); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioners have not satisfied any of the conditions for shifting the burden of proof under section 7491(a) and (b).

For purposes of impeachment, respondent's counsel asked petitioner during trial about the document filed in the District Court case. Petitioner noted that the document was not under oath. His explanation at trial was that

> **[*7]** [t]here is a methodology in legal writing where, like it or not, you cull the chaff, that, yes, you've caught me in a lie. No question about it. You've caught me in a lie that in whatever dates I reference, what we referenced in 2014, I told you I was a resident of California, yes, that is true. It seems at variance with my representation here. But I assure you it is not. It is merely the fact that a person can reside in one place today and reside in another place tomorrow and reside in the same place on the third day. So--the same place as on the first day. So, you know, while I enjoy your semantical juggernaut, I think that it has very, very little relevancy to taxes in 2009.

In other words, petitioner evaded addressing material facts and was not a straightforward, candid, or reliable witness. For the reasons discussed further below, petitioner's bald assertions during trial and in his posttrial filings, unsupported by corroborating evidence, are unreliable.

Since these cases were commenced, petitioner has adopted a strategy of attacking the Internal Revenue Service (IRS) auditor, the Appeals representative, and respondent's counsel rather than presenting substantiation of the expenses underlying the disallowed deductions in issue. He made multiple pretrial and posttrial motions that lacked merit and were denied. He has persisted before, during, and after trial in arguing about collection efforts relating to 2007 although the Court clearly lacks jurisdiction over that year. He was repeatedly advised that the Court conducts a trial de novo and that what occurred during the audit would not be considered. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324,

In re Peter Szanto;
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

# EXHIBIT 10

Copy of Relevant pages of
Paul Szanto's Surivor's Trust

THE PAUL SZANTO SURVIVOR'S TRUST

This instrument is made and executed between Paul Szanto ("Settlor") and Paul Szanto and Victor Szanto, ("Trustee") pursuant to the authority granted by Section 2 of the PAUL SZANTO SURVIVOR'S TRUST dated March 19, 1991 and completely amends the Trust in restated form. The trust shall continue to be known as the PAUL SZANTO SURVIVOR'S TRUST dated March 19, 1991.

**Section 1. TRUST ESTATE AND BENEFICIARIES**

**1.1** Trust Estate; Additions. This instrument restates in its entirety a revocable trust. Settlor has transferred or will transfer to the Trustee certain property which shall constitute the trust estate and shall be held, administered and distributed according to this instrument and any amendments to it. Other property acceptable to the Trustee may be added to any trust established by this instrument in any manner, by any person.

**1.2** Trust Beneficiaries.

(a) The primary beneficiaries of the trusts created by this instrument are as follows:

(1) As long the Settlor is living, the Settlor;

(2) After the Settlor's death, some of the Settlor's children.

(b) The Settlor has four (4) children, whose names and dates of birth are:

| | |
|---|---|
| Peter Szanto | September 4 |
| Barbara Alexander | February 7, |
| Victor A. Szanto | August 11, |
| Anthony Szanto | October 19, |

Notwithstanding the above and regardless of whether or not it is further stated in this trust, "Settlor's children" shall only refer to Barbara Alexander, Victor A. Szanto, and Anthony Szanto. For all purposes of this trust and any trust created pursuant to the terms of this trust, and all distributions taking place as a result of any terms contained herein, Peter Szanto shall be deemed to have predeceased the Settlor without leaving descendants surviving. Settlor has no other children, living or deceased, leaving descendants surviving.

**1.3** Interpretation. The following provisions shall act as a guide in determining the meaning of any part of this instrument:

(a) "Residential property" refers to the real property the Settlor use as their principal residence and any real property the Settlor uses as a vacation or secondary residence.

**12.3** Trusts for Barbara Alexander. The following persons shall act as the Initial Trustee and Successor Trustee of each separate trust created by this instrument for the benefit of Barbara Alexander in the order designated:

| | |
|---|---|
| Initial Trustee: | Victor A. Szanto |
| First Successor Trustee: | Anthony Szanto |

Victor A. Szanto may appoint a second Successor Trustee to act if both he and Anthony Szanto cease to act. If he fails to appoint a successor Trustee, then Greater Bay Trust Company shall act as Successor Trustee if he and Anthony Szanto ceases to act.

**12.4** Trusts for Grandchildren of Settlors. The following persons shall act as the Initial Trustee and Successor Trustee of each separate trust created by this instrument for the benefit of a grandchild of the Settlors in the order designated:

| | |
|---|---|
| Initial Trustee: | Victor A. Szanto |
| First Successor Trustee: | Anthony Szanto |

Victor A. Szanto may appoint a second Successor Trustee to act if both he and Anthony Szanto cease to act. If he fails to appoint a successor Trustee, then Greater Bay Trust Company shall act as successor Trustee if he and Anthony Szanto cease to act. Notwithstanding the above, Evye Szanto shall act as Initial Trustee for any trust created by this instrument for the benefit of a child of Victor Szanto and if she fails to qualify or ceases to act, then Stuart Licht shall act as Successor Trustee.

**12.5** Resignation. Any Trustee may resign at any time from any trust under this instrument. The resigning Trustee shall give written notice of the resignation by personal delivery or registered mail to all current income beneficiaries. The resignation shall be effective on the qualification of a Successor Trustee. The designated Successor Trustee shall act as Trustee upon acceptance of the appointment.

**12.6** Disability. If any individual Trustee is unable to participate in trust activities because of illness, disability, or any other reason, the designated Successor Trustee may, during any incapacity, make any and all decisions regarding the trust estate as though such person were the sole Trustee. In determining whether the individual Trustee is unable to participate in trust activity, the Successor Trustee may rely on a certificate or other written statement from a licensed physician who has examined the individual Trustee. In the absence of such a certificate or statement, the Successor Trustee shall petition a court of competent jurisdiction for authority to proceed as Successor Trustee. The Successor Trustee shall incur no liability to any beneficiary of the trust or to the Trustee who is replaced as a result of any action taken under this provision.

**12.7** Individual Trustee's Unavailability. Any individual Trustee shall have the power to delegate temporarily to the co-Trustee or Successor Trustee all or any of his or her powers during temporary periods of unavailability. The individual Trustee shall exercise this power of delegation by written notice to the co-Trustee or Successor Trustee specifying the powers

fact that such individual is entitled compensation in another capacity; provided, however, that this provision shall not apply to an attorney who shall only be entitled to compensation as Trustee and not as attorney.

**12.11** Compensation. A Trustee may pay his, or her, or itself reasonable compensation from the trust estate during each calendar year for all ordinary services and reasonable additional compensation for any extraordinary services, all without court order. If the Trustee shall serve for a part of a calendar year, the annual compensation shall be prorated. Any individual who acts as Trustee of any trust established by this instrument and who renders services (individually, or as a shareholder, member, partner, associate or employee of any firm) in another capacity (such as an accountant, investment adviser or stock broker) to or for the benefit of any such trust shall be entitled to reasonable compensation in both capacities. Under no circumstances shall compensation otherwise due to an individual for services as Trustee be reduced or otherwise affected by the fact that such individual is entitled compensation in another capacity; provided, however, that this provision shall not apply to an attorney who shall only be entitled to compensation as Trustee and not as attorney.

**12.12** Exculpatory Clause. No Trustee shall be liable to any person interested in this trust for any act or default unless it results from the Trustee's bad faith, willful misconduct, or gross negligence. Any successor Trustee may accept as correct any accounting of trust assets made by any predecessor Trustee. However, a successor Trustee may institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor Trustee.

**12.13** Bond. No bond shall be required of any person, including non-residents, named or appointed as Trustee of any trust created under this instrument.

Effective on December 31, 2005, at Red Bluff, California.

SETTLOR:

Paul Szanto

TRUSTEE:

Paul Szanto

Victor Szanto

Anthony Szanto, resigning Trustee

122705trust.Szanto

EXHIBIT 10-3

In re Peter Szanto (pro per);
Chapter 11 Case No.: 16-33185-pcm11;
Peter Szanto v. Evye Szanto et. al.;
Adv. Proc. No. 16-03114-pcm

CERTIFICATE – TRUE COPY

DATE: January 9, 2017

DOCUMENT: CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION SUMMARY JUDGMENT

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy on the foregoing on:

Peter Szanto
P.O. Box 4614
Portland, OR 97208

by mailing a copy of the above-named document to him in a sealed envelope, addressed to him at his last known address. Said envelope were deposited in the Post Office at Fremont CA on the below date, overnight postage prepaid. The foregoing was electronically mailed to szanto.pete@gmail.com

I hereby certify that the foregoing was served on all EM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: January 9, 2017

LAW OFFICE OF OLSEN

By: /s/David E Olsen
David E. Olsen, CA #250784
Attorney for Defendants