DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
 Evye Szanto, Victor Szanto
 Nicole Szanto, Kimberley Szanto,
 Mariette Szanto, Anthony Szanto,
 Austin Bell, John Barlow,
 Barbara Szanto Alexander

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto<br><br>               Debtor<br>Peter Szanto<br>          v.<br>Evye Szanto, et al.<br><br><br>              Defendants. | Case No.: 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-pcm<br><br>FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGEMENT ON THE FIRST AND SECOND CAUSE OF ACTION [ORAL ARGUMENTS REQUESTED] |

## I.

## ADDITIONAL FACTS

A.      Plaintiff's affiliation with Defendants Austin Bell and John Barlow is that they

were witnesses against Plaintiff in a suit against Victor and Evye Szanto and their LLC in an

evidentiary hearing November 17, 2014 in the United States District Court - District of Nevada (*See* Exhibit 3-2, ln. 25 to 3-3, ln. 4).  This case is under appeal and John Barlow and Austin Bell may have to testify again in these proceedings.

## FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT PURSUANT TO RULE

### II.

### ARGUMENTS ON FIRST CAUSE OF ACTION

DEFENDANTS' ARE ENTITLED TO SUMMARY JUDGEMENT ON THE FIRST CAUSE OF ACTION BECAUSE PLAINTIFF'S FACTS ONLY IDENTIFY NON-PARTIES RESPONSIBLE FOR THE FIRST CAUSES OF ACTION, THE STATUTE OF LIMITATION HAS EXPIRED FOR THE FIRST CAUSE OF ACTION, PLAINTIFF HAS OVERLAPPING AND PENDING ACTIONS IN THE CALIFORNIA PROBATE AND APPELLATE COURTS, AND UNDER THE DOCTRINE OF UNCLEAN HANDS ANY AWARD WOULD BE UNJUST.

**A.    Defendants are entitled to Summary Judgement "First Cause of Action" because plaintiff's facts implicate only plaintiff's parents as being responsible for any alleged Conversion of plaintiff's property.**

Did the defendants convert plaintiff's alleged 1966 award by exercising the wrongful dominion over plaintiff's property?  Conversion is the wrongful exercise of dominion over the property of another.  The elements of a conversion claim are: (1) the plaintiff's ownership or right of possession of the property; (2) the defendant's conversion by a wrongful act or disposition property rights; and (3) damages.  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 144, and fn. 38, 271 Cal.Rptr. 146, 793 P.2d 479; *Oakdale Village Group v. Fong* (1996) 43 Cal.App.4th 539, 543-544, 50 Cal. Rptr.2d 810.)

1. *Defendants did not convert plaintiff's alleged award.*

Here, plaintiff's pleads that in 1966 plaintiff received a $250,000 award as a minor and that plaintiff's parents held or should have held the award in trust or for his benefit as a minor (*Exhibit 1-2 to 1-6,* ¶13, ¶15, ¶23 - ¶28, ¶38-¶42)). Plaintiff's pleads his parents used said award to buy a home, 105 Baywood Ave., Hillsborough CA, (hereinafter Family Home) and for a business expansion and other property and art (*Ex. 1-5,7,* ¶39, ¶50 - ¶52). Further, plaintiff pleas that two decades later his parents bought between 1985-1992 defendants Barbara Szanto Alexander her home, a jewelry store for their son defendant Anthony Szanto, a home for Anthony and Mariette Szanto, and a medical practice for his brother Victor and Evye (*Ex. 1-6,7,* ¶45 - ¶49, ¶54 - ¶55).

*Arguendo*, the responsible persons for converting plaintiff's property (an alleged $250,000 award) into their own property are Paul and Klara Szanto, plaintiff parents. Instead of keeping alleged award in trust or investing the funds in plaintiff's name or otherwise keeping these funds separate, the plaintiff's parents, in 1966, used the alleged money to buy a house titled in their name, and use the money to build a business. In 1966, defendant siblings Barbara Szanto Alexander, Victor and Anthony Szanto and were minors (respectively 7, 8, and 10 years younger than plaintiff), it would be nearly two decades before defendants Evye and Mariette Szanto would meet their husbands Victor and Anthony Szanto, two decades before defendant's Kimberly and Nichole Szanto and Austin Bell were born and nearly four decades before defendants Kimberley, Nichol, and Austin reached the age of majority, and three decades before Victor and Evye met defendant John Barlow after medical school. Any alleged conversion happened in and around 1966 by plaintiff's parent, not by any of the defendants.

Plaintiff pleads as fact the homes and businesses bought by his siblings twenty years later between 1985 and 1992 were bought by his parents and his property (*Ex. 1-6,7*, ¶45-¶49, ¶54-¶55). Plaintiff does not account for the earnings his parent made in these twenty plus years between 1966 and 1992. Apparently plaintiff's theory is that if a penny or his parents' money helped a sibling, that property is the plaintiff's.

Strongly rebutting plaintiff's pleading that plaintiff's alleged award bought the Family Home is the Recorder's Office San Mateo County Property Records for the purchase of the Family Home. (See *Ex.*4-1 to 4- 6). This record shows an "Agreement For Sale of Real Estate" where Paul and Klara Szanto put down a total of $31,000 and the remaining purchase price being financed by the seller. (See *Id. at* 4-2, (a)-(c)). Thus, the Family Home was not purchased outright as implied in plaintiff pleadings. (Exhibit 1-7, ¶39). Also, making payments over time is not the behavior of someone with $250,000 in cash. Further, a report from the San Mateo County parcel report shows that the parcel number 032422130 (Family Home) between 1994 and 2009 was titled in the name of Paul and Klara Szanto or their trust. (See *Ex.* 4-7, 8). Plaintiff's name appears once for when a Lis Pendens action was recorded against the Family Home in a complaint by plaintiff against his father. Superior Court of California San Luis Obispo CV 070998. The Lis Pendens was removed against the Family Home. *Id.* at 4-9 to 4-16.

Further, all of the siblings home properties were purchased in their names with a mortgage. Barbara Szanto was gifted some money to help with the down payment. (See *Ex.* 5-23,24, Aff. Barbara Szanto Alexander ¶9, ¶11). Additionally, Barbara has no recollection of her parent saying or seeing any documents that would indication that plaintiff had an interest in the family home. *Id. at* ¶6, ¶7. Anthony and Mariette Szanto do not have any recollection of receiving a loan from their parents for purchasing in 1989 their San Rafael home or starting their

business. They may have received funds as a gift but their home was encumbered by a large mortgage. Additionally, Anthony and Mariette have no recollection of Paul or Klara Szanto saying or seeing any documents that would indication that plaintiff had an interest in the family home. (See Ex. 5-2,3, Aff. Anthony Szanto, ¶6, ¶7, ¶9, ¶12; Ex. 5-2,3; Aff. Mariette Szanto, ¶6, ¶8, ¶12).

In regards to plaintiff's claiming that the parents purchased Victor and Evye Szanto's medical practice (Dkt. No. 34, ¶47) and Lasik Ophthalmologic laser machine (*Id. at* ¶54.), it is unlikely that two doctors, Evye a neurologist and Victor an eye surgeon, would need such a loan or gift from Paul and Klara Szanto. Further, Victor and Evye Szanto swear in their affidavits that they did not receive any money from their parents. (See Ex. 5-8.9, Aff. Victor Szanto, ¶6, ¶7, ¶10, ¶11; Ex. 5-11, Aff. Evye Szanto, ¶6, ¶8).

Plaintiff does not claim that any of the properties were ever titled in plaintiff's name, but fifty years ago that the alleged award should have been held in his name. Thus, Plaintiff's First Cause of Action (Dkt. No. 34, ¶103 - ¶107) should be against the persons that controlled the alleged award and allegedly misused the award, Paul and Klara Szanto. However, neither Paul and Klara Szanto nor their estate are named parties in the complaint. Thus, the Court should find that the First Cause of Action are not directed to Defendants and find that per the Plaintiffs facts, the defendants are not the responsible for any conversion of plaintiff's property.

*2.     Plaintiff's claim of personal property conversion from Family Home is not plausible because defendants did not see any personal property at the family home, father of Plaintiff was in control of Family home until about 2007, plaintiff never made a demand to his father for his personal property, plaintiff had other legal avenues to reclaim any personal property, and making claim seven years after father's passing and 11 years after mothers*

*passing is untimely.*

Klara Szanto (mother of plaintiff and defendant siblings) passed in 2005. (See Ex. 2-1). Paul Szanto (father of plaintiff and defendant siblings) remained at the Family Home for several more years and had control over the Family Home. Any alleged items of plaintiff within the Family home were under the control of Paul Szanto, plaintiff's father. Defendant's aver that plaintiff has lived at the family home since 1985. Further, no sibling ever saw evidence of plaintiff keeping an office at the Family Home. (See *Ex.* 5-8, Aff. Victor Szanto, ¶8, ¶9; *Ex.* 5-2,3, Aff. Anthony Szanto ¶5, ¶8, ¶11; *Ex.* 5-23,24, Aff. Barbara Alexander, ¶5, ¶8, ¶10). Thus, any plaintiff's property at the Family Home was abandoned or did not exist.

Plaintiff claims that he maintained an apartment at the Family Home but does not specify the time period. Referring to it as an apartment implies there is a lease or at least a month to month tendency. It is unlikely that plaintiff would be living or even be allowed to visit the Family Home after litigating against his parent's estate in 2006, (See *Ex.* 2, Plaintiffs Appeal in Superior Court of Cal. San Mateo, Case. Pro 115212 filed 2006). California has an 18 day time period for abandoned property at a rental. Plaintiff makes no reference to sending his father a demand for the property. Alternatively, plaintiff could have filed a suit or sought a police escort to recover of his property. But now, seven years after his father's passing plaintiff claims makes these claims. It is not plausible that plaintiff would have left $200k of personal belongs for over a decade. Further reflecting the relationship between plaintiff and his father is the fact that he was completely excluded from his father's Trust in 2005. (See Ex. 10-1, pg. 1. Sec. 1.2.) Thus, any plaintiff's property at the Family Home was abandoned at the latest in 2006.

MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56

B.    **Defendants are entitled to Summary Judgement on the "First Cause of Action (¶103 - ¶107)", directed to the award, pursuant to the running of the Statute of Limitations under a written contract claim, or on an estate.**

1.    *Plaintiff failed to perfect his claim to the alleged award upon reaching the age of majority.*

A person has four years to perfect his claim based on any written contract. *Cal. Civ. Code §337.* Here, Plaintiff alleges an award for which he was entitled was received in 1966 as a minor. (See Ex. 1-2,3, ¶17, ¶27). *Arguendo*, this award was written, stated the Plaintiff as the beneficiary, was entrusted to the Plaintiff's parents around 1968, when Plaintiff reached the age of majority tolling stopped. Assuming plaintiff's facts, that plaintiff's parents used plaintiff's funds, plaintiff had until 1972 (four years) to perfect a claim for the alleged award against his parents or against the Family Home, business or other property purchases or items purchased by this award. However, it is not until more than thirty years later does plaintiff make a claim against his parents estate in California Superior Court. (See *Ex.* 6). Thus, under plaintiff's facts, the statute of limitations on conversion ran in 1972, over fourth-five years ago.

3.    *A creditor's claim filed now against the Szanto Estate would be untimely.*

A creditor has one year to bring a creditor claim against an estate. *Cal. Prob. Code. §9104(c)(2).* Paul and Klara Szanto, passed respectively 7 and 11 years ago. Further, there is a creditor's claim pending in the California Appellate Court. (See *Ex.* 6)

C.    **Defendants are entitled to Summary Judgement on the "First Cause of Action, ¶108-¶114", relating to plaintiffs personal property because the facts do not implicate the defendants as being responsible for the alleged conversion of personal property at the Family Home.**

Mother of plaintiff's and defendant sibling's passed in 2005. Father of plaintiff's and defendants' father remained at the Family home for several more years passing in 2009. Any plaintiff's property at the Family Home, and disposed of, were under the control of Paul Szanto, plaintiff's father.

**D.     First cause of action should be dismissed because Plaintiff has a pending cause of action in the San Mateo Probate Court and the California Appellate Court for which there has not been a final ruling.**

Presently, Plaintiff has filed both a cross claim to quite title (*Exhibit* 6-1 to 6-4*)* to the Family Home and accretions therefrom and creditors claim (*Exhibit* 6-5 to 6-7*)* in San Mateo Superior Court, case no. PRO 115212. This case was appealed to the California Supreme Court and has been remanded back to the California Appellate Court First Circuit (Case A114586) where it awaits further prosecution by the plaintiff. (See Ex. 6-8, Docket report Cal. Supreme Ct.) Thus, plaintiff has access to other courts and existing claims to address the Family Home and other personal property.

**E.     First cause of action should be dismissed under the "Doctrine of Unclean Hands".**

Plaintiff was charged with assault as a minor for throwing sulfuric acid on another minor. *Ex. 7.* Plaintiff pleads that he was incarcerated and prevailed in an action resulting therefrom. (*See Ex. 1-3*, ¶23). However, as a minor, any action had to be brought by his parents. No record of this award is provided and it is unknown whether the alleged award was in the name of the parents or in the name of the plaintiff.

*Arguendo,* it is probably that plaintiff's assault had a large economic cost on plaintiff's parents. Likely, plaintiff's parents paid for plaintiff's legal defense, damages to the minor on

8
MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56
Case 16-03114-pcm    Doc 46    Filed 01/10/17

which plaintiff threw sulfuric acid, psychiatric counseling, and the cost of sending plaintiff

away to a non-public school for the remaining of his primary education.  Note, this special

schooling explains the minimal contact between the plaintiff and siblings.  Thus, given that the

proximate cause of any award was from plaintiff's assault, it is not unexpected that the parents

would use all or part of any award to cover these costs.  Now, fifty years later, plaintiff request

to be rewarded for this assault and any recovery should be denied under the doctrine of unclean

hands.

## III.

## ARGUMENTS ON SECOND CAUSE OF ACTION

DEFENDANTS' ARE ENTITLED TO SUMMARY JUDGEMENT ON THE SECOND
CAUSE OF ACTION BECAUSE PLAINTIFF'S "RICO" CLAIM IS TIME BARED.

### A.  Background on plaintiff's prior identity theft complaints.

Plaintiff's second cause of action is the fifth identity theft complaint.  Four of these

include his brothers, defendants Victor and Anthony Szanto.  Plaintiff bases this claim on the

same tax liability *(Ex. 1-1,* Ex. A) in all except for one of these complaints.  A copy of the

relevant parts of these complaints are attached as Exhibit 8 and further detailed below.  Further,

all these complaints lacked the specificity required for pleading fraud.  The identity theft claim

should be dismissed with prejudice because plaintiff repetitively files identity theft claims.  Each

response points out the pleading defect for lacking specificity.  However, each new complaint is

missing this specificity.  One can only conclude that the point of these suits is harassment of his

siblings.

July 26, 2010, plaintiff files a complaint incorporating identity theft against defendants

Anthony Szanto, Victor Szanto, and Barbara Szanto Alexander in Superior Court of California,

Los Angles County, Case No. BC428554. (See *Ex.* 8-1). Defendant's motion to declare plaintiff a vexatious litigant in the California Court System was granted. Plaintiff failed to post bond and case was dismissed.

January 6, 2015, plaintiff filed a cross-complaint against PERSOLVE (a collection agency) and Victor and Anthony Szanto in the California Superior Court of California, Orange County Case No. 301-2013-00626119. (See *Ex.* 8-2). The identity theft cause of action is based on plaintiff's same tax change as this case. (See *Ex.* 8-3, ¶32). This action was dismissed because the Plaintiff is a vexatious litigant in California and is required to get leave from the presiding judge to proceed. Plaintiff did not provide the Court evidence or arguments sufficient to allow the Plaintiff to even post bond to proceed.

February 11, 2015, plaintiff files a complaint against PERSOLVE LLC, and Victor and Anthony Szanto in the United States District Court, Central District of California – Santa Ana, SACV15-00241AG (See *Ex.* 8-4). This identity theft complaint is based on the same tax notice as this adversarial complaint. (See Ex. 8-5). Here, the case was dismissed on subject matter jurisdiction grounds. Of note: plaintiff declined to provide any documents supporting his claims for the Rule 26 report.

April 28, 2015, plaintiff files an amended complaint adversarial action against Bob Lewin (plaintiff's son father-in-law) in United States Bankruptcy Court in the Central District of California Riverside, Case 6:10-ap-01427 SY. (See Ex. 8-6,7). Again, a identical identity theft complaint to this adversarial action based on the same tax notice. (See Ex.8-8). In this action, the court found for Mr. Lewin.

**A.    Defendants are entitled to Summary Judgement on the Second Cause of Action because Plaintiff's RICO claims are time bared**.

MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56
Case 16-03114-pcm    Doc 46    Filed 01/10/17

The RICO statute does not specify a statute of limitation but in 9th Circuit courts have found statute of limitations of (four years). *Agency Holding Corp. v. Malley-Duff & Assoc.,* 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987). Here, plaintiff bases the second cause of action off of a 2014 tax amendment that shows a 2010 forgiveness of debt. (See Ex 1-1. Exhibit A). It is implausible that the year before 2010, that the debt forgiving entity would not have given notice or contacted the plaintiff before forgiving a debt of $200,000. The name Szanto is not a common name and tracking plaintiff down would be easy given his voluminous litigation. Thus, at least by 2009 it is highly likely that the plaintiff had notice of any alleged identity theft relating to forgiveness of debt that led to plaintiff's tax modification. *Id.*. Further, in 2010, plaintiff filed an identity theft claim against defendants Victor Szanto and Anthony Szanto. (See *Ex.* 8-1 to 8-14). Thus, it is likely that the statute of limitation started to run in 2009 and any RICO claim based on identity theft had to be filed in 2013 and possibly by 2014 but is now time barred.

**B.      Defendants are entitled to Summary Judgment based on the lack of subject matter for lacking of subject matter jurisdiction for failing to plea a RICO claim.**

Plaintiff's second cause of action is devoid of statutes or laws under which plaintiff has a private right of recovery for identity theft. RICO is mentioned (Ex. 1-10, ¶7, ¶12), but the elements of a RICO claim are not plead.

*1.      Plaintiff failed to plead a civil RICO claim and thus subject matter jurisdiction for a civil recovery under RICO fails.*

Here, plaintiff claims the action is filed under 18 USC § 1961 but this section only defines *"racketeering"* and other words under a RICO claim. Plaintiff's pleadings do not specify which section of 18 U.S.C. § 1962(a)-(c) plaintiff proceeds. Each section of 1962(a)-(c)

MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56

Case 16-03114-pcm    Doc 46    Filed 01/10/17

has differing elements to which the defendants would respond differently.

Further, under a civil RICO action, a plaintiff must allege the elements of a RICO claim; (1) that the defendant received money from a pattern of racketeering activity, (2) invested that money in an enterprise, (3) the enterprise affected interstate commerce, and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. Here, plaintiff's pleading do not identify an enterprise, a racketeering pattern, or how interstate commerce is affected, or injury resulting from investment of the racketeering activity. Thus, for at least these reasons, a RICO claim is defective and therefore RICO does not provide subject matter jurisdiction for the second cause of action.

Further, a RICO claim requires the heighted pleading standards of FRCP 9(b), *Trudel v. Stoltz,* 67 F.3d 309 (9th Cir. 1995). Plaintiff's pleadings are devoid of specifics of who, time, manner of each fraud and for acts in association with a RICO claim or identity theft.

**C.     All of the family member defendants swear in their affidavits that they have never used the plaintiff's identity, have never discussed the use of plaintiff's identity with anyone, and have never received a benefited from the use of the plaintiff's identity.**

In defendants affidavits, all of defendants defendant family members Anthony, Mariette, Victor, Evye, Nicole, Austin Bell, Kimberly Szanto (Bell) swear that they never have used plaintiff's identity, met or talked with anyone to use plaintiff's identity, or ever received a benefit were they knew or suspected that was a result of the use of plaintiff's identity. (See Ex. 5-2,3, Aff. Anthony Szanto, ¶¶1-4; Ex. 5-5, Aff. Mariette Szanto, ¶¶1-4; Ex. 5-7,8, Aff. Victor Szanto, ¶¶1-4; Ex. 5-11, Aff. Evye Szanto, ¶¶1-4; Ex. 5-14, Aff. Austin Bell, ¶¶4-5; Ex. 5-15,16, Aff. Nicole Szanto, ¶¶1-4; Ex. 5-22,23, Aff. Barbara Alexander, ¶¶1-4; Ex. 5-25,26, Aff. Kim Szanto, ¶¶1-4;)

# IV.

## PLAINTIFF'S VERISATY

### PRIOR COURT ACTIONS QUESTION THE VERACITY OF PLAINTIFF.

A 2016 finding from the United States Tax Court questioned of petitioner's credibility. *Ex. 9-3, ¶2.* This court noted that plaintiff depreciated a Florida house which plaintiff did not own. *Id.*.

Further, the court noted:

> "Petitioner was the plaintiff in the U.S. District Court for the Central District of California, in Case No. 8:15-cv-00241-AG-DFM (District Court case). On October 22, 2015, 11 days before the instant cases were set for trial, he filed in the District Court case a document entitled "Plaintiff's Preliminary Response to Court's ORDER Regarding Jurisdiction and Vexatious Litigant OSC and Request for Additional Time Further [*6] to Respond." In that document he misrepresented the status and the subject matter of these cases as a reason for his request for additional time. In the same document he represented to the District Court that he had not resided in California since 2012."

*Ex, 9-5, ¶2 to 9-6.* The defendants in the Federal District Court case were the same defendants here, Victor and Anthony Szanto. Plaintiff was trying to claim diversity here by claiming that he did not live in California in the District Court and then claim he did for the Tax Court.

In a further demonstration of plaintiff's veracity, at one point in the hearing the court noted:

> "For purposes of impeachment, respondent's counsel asked petitioner during trial about the document filed in the District Court case. Petitioner noted that the document was not under oath. His explanation at trial was that:
>> [*7] [t]here is a methodology in legal writing where, like it or not, you cull the chaff, that, yes, you've caught me in a lie. No question about it. You've caught me in a lie that in whatever dates I reference,

what we referenced in 2014, I told you I was a resident of California, yes, that is true. It seems at variance with my representation here. But I assure you it is not. It is merely the fact that a person can reside in one place today and reside in another place tomorrow and reside in the same place on the third day. So--the same place as on the first day. So, you know, while I enjoy your semantical juggernaut, I think that it has very, very little relevancy to taxes in 2009.

In other words, petitioner evaded addressing material facts and was not a straightforward, candid, or reliable witness. For the reasons discussed further below, petitioner's bald assertions during trial and in his post-trial filings, unsupported by corroborating evidence, are unreliable."

*Id. at 9-6, ¶2 to 9-7.* Defendants believe that plaintiff is proceeding in the same manner in this adversarial proceeding, bald assertions and lacking corroborating evidence.

## V.
## <u>CONCLUSION</u>

Defendants are entitled to a summary judgment on the first cause of action because plaintiff has not plead facts that indicate that persons other than the plaintiff's parents converted plaintiff's alleged award from 1966. The statute of limitation for claiming conversion ran in 1972 , four years after the Plaintiff reached the age of majority. Further, the Family Home property records show that the family home was not purchased outright as Plaintiff pleads.

Regarding the claim of personal property, plaintiff's mother and father resided at the Family Home until 2005, and the father until 2007. Any claim to personal property needed to be directed at plaintiff's mother or father while they were living there and is now time bared. Additionally, plaintiff fails to provide a plausible link between the alleged award and plaintiff's sibling's homes and businesses purchased twenty years after the alleged award. Defendant affidavits deny that plaintiff's parents bought their homes or businesses except for some gifting. Thus, there is no plausible evidence that the defendants ever converted plaintiff's alleged award.

Additionally, plaintiff has active cases in the California Appellate Court for the Family Home and a Creditor's claim. Thus the plaintiff has access to the legal system and there is a potential for conflicting holdings if the Court does not defer to these outstanding cases.

Defendants are entitled to a summary judgment on the second cause of action because plaintiff has not cited a law that provides a private right of action to recover under identity theft. If plaintiff is proceeding under the RICO statute, plaintiff fails to plead under which part of 18 USC 1962 he is proceeding. Further, required elements of a RICO claim are missing. Thus, the second cause of action fails for lacking subject matter jurisdiction because the RICO pleadings are defective.

The statute of limitations for plaintiff's alleged RICO claim ran out in 2013.

DATED: <u>January 6, 2017</u>

LAW OFFICE OF OLSEN

/s/David Olsen

Attorney for Defendants

David Olsen, Esq.
California State Bar 250784
3013 Wolsey Pl.
Fremont, CA 94555

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule LR. 7005-1 the foregoing MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56, Concise Statement of Facts with Defendants' Exhibits 1-10, declarations, and request for judicial notice was filed electronically with the court, and sent by United State Postal Service overnight service with the required postage affixed and mailed on January 9, 2016 and electronically mailed to Plaintiff at:

Electronic mail:
Szanto.pete@gmail.com
The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File System.

Postal Address:
Peter Szanto
P.O. Box 4614
Portland, OR 97208

/s/David Olsen

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
 Evye Szanto, Victor Szanto
 Nichole Szanto, Kimberley Szanto,
 Mariette Szanto, Anthony Szanto,
 Austin Bell, John Barlow,
 Barbara Szanto Alexander

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto | Case No.: 16-33185-pcm11 |
| Debtor | Adv. Proc. No. 16-03114-pcm |
| Peter Szanto | |
| v. | |
| Evye Szanto, et al. | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RULE 56 |
| Defendants. | |

        PLEASE TAKE NOTE that, pursuant to Federal Rule of Evidence 201, and 803(6) Defendants

hereby request that the Court take judicial notice of the following documents in support of their

"Motion for Summary Judgement"

  **EXHIBIT 2**: A true and correct copy of the COURT OF APPEAL OF THE STATE OF

        CALIFORNIA FIRST APPELLATE DISTRICT, DIVISION TWO, Case No. A116147

**EXHIBIT 3:**   A true and correct copy of relevant pages of an Order from UNITED STATES DISTRICT COURT DISTRICT OF NEVADA , Case #3:11-CV-00394-RCJ-(VPC)

**EXHIBIT 4-1 to 4-4:**   A true and correct copy of the Recorder Office of San Mateo County for the AGREEMENT FOR SALE OF REAL PROPERTY at 105 Baywood Ave. Hillsborough CA.

**EXHIBIT 4-7, 8:**   A true and correct copy of the computer printout of the Grantor/Grantee records for APN 032422130 otherwise known as 105 Baywood Ave, Hillsborough CA.

**EXHIBIT 6-1 to 6-4:** A true and correct copy of relevant pages of plaintiff's pending "Cross-Claim to Quite Title" filed under SUPERIOR COURT OF CALIFORNIA SAN MATEO, Case No. PRO 15212.

**EXHIBIT 6-5 to 6-7:** A true and correct copy of plaintiff's "Creditor's Claim" filed under SUPERIOR COURT OF CALIFORNIA SAN MATEO, Case No. PRO 15212.

**EXHIBIT 6-8**: A copy of a screen from the California Court Appellate Court for Supreme Court case showing the remand of plaintiff's appeals back to the Appellate Court.

**EXHIBIT 8-1**: Is a true and correct copy of relevant pages of plaintiff's complaint including identity theft filed July 26, 2010 in the Superior Court of California Los Angles, Case No. BC 428554.

**EXHIBIT 8-2 to 8-3**: Is a true and correct copy of relevant pages of plaintiff's including identity theft filed January 6, 2015 in the Superior Court of California Orange County, Case No. 30-2013-0062611.

**EXHIBIT 8-4 to 8-5**: Is a true and correct copy of plaintiff complaint including identity theft filed February 11, 2015 in the UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA, Case No. SAVC15:00241AG

**EXHIBIT 8-6 to 8-8**: Is a true and correct copy of plaintiff's adversarial complaint including identity theft filed April 28, 2015 in the UNITED STATES BANKRUPTCY COURT IN THE CENTRAL DISTRICT OF CALIFORNIA, Case No. 6:10-bk-13047 SY.

**EXHIBIT 9-1 to 9-7**: Is a true and correct copy of relevant pages for a T.C. Memo filed August 1, 201 in the UNITED STATES TAX COURT Docket No. 17912-14, 19749-14.

.

LAW OFFICE OF OLSEN

Dated:  January 6, 2017                    By:  /s/David E. Olsen
                                               David E. Olsen, Esq.
                                               **Attorney for Defendants**

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

DAVID E. OLSEN, SBN: 250784
LawOfficeofOlsen@gmail.com
3013 Wolsey Pl.
Fremont, CA 94555
510-371-9648
510-404-5302 (fax)

Attorney for Defendants:
 Evye Szanto, Victor Szanto
 Nichole Szanto, Kimberley Szanto,
 Mariette Szanto, Anthony Szanto,
 Austin Bell, John Barlow,
 Barbara Szanto Alexander

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| Peter Szanto | Case No.: 16-33185-pcm11 |
| Debtor | Adv. Proc. No. 16-03114-pcm |
| Peter Szanto | |
| v. | |
| Evye Szanto, et al. | DECLARATION OF DAVID OLSEN IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56. |
| Defendants. | |

I, David E Olsen, declare as follows:

---

1

DECLARATION OF DAVID OLSEN IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT

1.      I am an attorney at law licensed to practice before all courts of the State of California and I am a solo practitioner with the law firm Law Office of David Olsen, 3013 Wolsey Pl. Fremont California 94555 and for Defendants Evye Szanto, Victor Szanto, Kimberly Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, John Barlow, Barbara Szanto Alexander.  If called as a witness, I would competently testify to the following facts, all of which are within my own person knowledge.

2.      I make this Declaration in support of Defendants "Motion for Summary Judgement under Rule 56."

3.      Attached as Exhibit 10 is a true and correct copy of pages of the Paul Szanto Survivor Trust Dated March 19, 1991 Restated December 31, 2005.  The Trust's Provisions for Settlors' Children excludes Plaintiff as a beneficiary.

> "…'Settlor's children' shall only refer to Barbara Alexander, Victor A.
> Szanto, and Anthony Szanto.  For all purposes of this trust and any trust
> created pursuant to the terms of this trust, and all distributions taking place
> as a result of any terms contained herein, Peter Szanto shall be deemed to
> have predeceased the Settlor without leaving descendants surviving.
> Settlor has no other children, living or deceased, leaving descendants
> surviving.

4.      Attached as Exhibit 7 is a true and correct copy of a petition from the Superior Court of California for the City of San Francisco found in the estate of Paul and Klara Szanto for plaintiff to appear in juvenile court.  Document was found in the estate of Paul and Klara Szanto.


LAW OFFICE OF OLSEN

Dated:  January 6, 2017                    By: /s/David Olsen_____
                                                        David E. Olsen, Esq.
                                                        Attorney for Defendants