PETER SZANTO 503-610-0865
P.O. Box 4614
Portland OR 97208

BANKRUPTCY COURT
DISTRICT OF OREGON

2017 MAR 21 AM 10: 04

LODGED____ REC'D____
DOCKETED____

# United States Bankruptcy Court

in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

In Re Peter Szanto, Debtor

========================

Peter Szanto, Plaintiff

vs.

Evye Szanto, et al,

Defendants

**Adversarial # 16-ap-3114**

core case:16–bk-33185-pcm11

**Plaintiff's Notice of Motions and Motion to Dismiss or Alternately, Motion to Strike-out Defendants' Counterclaims**

**Judge McKittrick – Courtroom #1**

---

To the defendants, please take notice, plaintiff / debtor Peter Szanto, herewith and hereby makes motion to **Dismiss** or alternately – makes motion to Strike-out Defendants' Counterclaims.

16-ap-3114        Plaintiff's Motion to Dismiss, etc  March 2017– pg. 1

# 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1(a))

In regard of conferral as to the motion herein – Mr. Henderson is listed as counsel for defendants in this adversarial proceeding. The following statements are true:

On 3-7-17 at 1012AM, I called Mr. Henderson. We discussed numerous topics related to the case. Mr. Henderson focused on explaining to me all attorneys' right to tape record /digitally to record – without any need for permission -- any conversation to which they are party. While Mr. Henderson was listing citations to Oregon law which guaranteed his right to record our conversation, I stated that I would seek to dismiss / strike those counterclaims which he had inserted in his answer rather than plead in a separate document. Mr. Henderson stated: "I don't care."

Therefore, pursuant to LBR 7007-1(a)(1)(A) the following is true:

```
(A) "The parties made a good-faith effort to resolve the
    dispute and have been unable to do so. . . .
```

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Burns, OR.

DATED 3-18-2017  _____ Peter Szanto

16-ap-3114        Plaintiff's Motion to Dismiss, etc  March 2017– pg. 2

## 2. Essential Facts

Defendants' answer (DE 66 at pp. 19-20) pleads the following counterclaims:

1) 1st Counterclaim requests attorneys' fees.
2) 2nd Counterclaim alleges that plaintiff has brought duplicate litigation against some of the defendants based on the similar actions as in his present claims without success. Allegedly, if the previous sentence is true, there would lie a defendants' claim, and award, based on meritless litigation
3) 3rd Counterclaim – reasserts the 2nd counterclaim, but asks for relief that if defendants' prevail, plaintiff be required to obtain future pre-filing permission.

Defendants' counterclaims all presuppose that defendants' will prevail in this litigation ---- and after prevailing, defendants ought to be rewarded in various ways.

For the various reasons explained in the instant Memorandum, all of these counterclaims fail and should be dismissed or stricken.

## 3. MEMORANDUM

### a. *Grounds*

FRCP 12(a)(1)(B) requires a party to respond to a counterclaim within 21 days. Plaintiff responds within 21 days of the filing of (DE 66) on March 6, 2017.

FRCP 12(a)(4) allows motions in lieu of a counter-answer.

FRCP 12(f) allows a motion to strike redundant, immaterial, impertinent or scandalous materials.

FRCP 12(g) allows the joining in one motion of all matters brought under rule FRCP 12.

FRCP 12(b)(1) requires dismissal when the court lack's subject matter jurisdiction.

FRCP 12(b)(6) requires dismissal for failure to state a claim upon which relief can be granted.

### b. Lack of Jurisdiction

Defendants' 1st Counterclaim for attorneys' fees references the hypothetical proposition that defendants' will prevail in this case.

Defendants' make no claims for anything that has already happened which would warrant attorneys' fees. Likewise, defendants' fail to articulate which of plaintiff's claims has reciprocal fee provisions.

According to Article III of the Constitution, cases which do not involve "actual, ongoing controversies" are moot and must be dismissed for lack of jurisdiction. *Stotts v. Cmty. Unit Sch. Dist. No. 1*, (2000) 230 F.3rd 989. The issue of mootness arises when, as here, a counterclaimant seeks only prospective relief. *Rembert v. Sheahan*, (1995) 62 F.3d 937, 940.

Here, defendants' have plead only a hypothetical, future claim – if, and only if, they prevail in this case. Thereupon, this Court cannot create jurisdiction over the mere possibility that defendants may prevail.

### c. Ashcroft Paradigm Applies to Defendants' Failure to State a Claim

The 2nd Counterclaim makes vast and abstract reference to plaintiff doing other things, on other occasions to some of the defendants. Then, defendants' conclusorily sum this all up by saying that plaintiffs' claims are meritess (but, that type of oppositional rhetoric is what all

defendants are expected to state in an answer). Thus the 2nd Counterclaim fails – primarily -- because it is merely an extension of the answer.

Ultimately, what defeats defendants rambling 2nd Counterclaim allegation is that the basic tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. And that is all that defendants have presented -- conclusions without any factual allegations supported by particulars. Defendants recitals of very vague elements of **possible** misdeeds is unsupported by details. Likewise, what is alleged are merely conclusory statements which do not suffice to create any valid actionable causes of action. *Ashcroft v. Iqbal*, (2009) 556 U.S. 662.

Thus, the 2nd Counterclaim should be stricken for failure to state any specific claim.

### d. *Twombly Pattern Threadbare Allegations Fail to State a Claim*

Defendants' only assertion in their 3rd Counterclaim is that plaintiff allegedly "engaged in a lengthy and abusive pattern of litigation." There are no facts. There is no allegation of which century or even which country such events may have occurred (if they occurred at all).

"A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly* (2007) 127 S. Ct. 1955, 1964-65.

Here, the 3rd Counterclaim's empty allegation of abuse should not be permitted to survive demurrer, because that counterclaim fails the test of providing even the vaguest facts upon which relief may be contemplated.

Thereupon, defendants' vague abstractionism does not constitute a claim upon which any relief may lie.

### e. *Defendants' Counterclaims are Redundant, Immaterial, Impertinent and Offer Scandalous Materials Which Have Been Previously Withdrawn*

This case began on 9-21-16 (6 months ago). Defendants spent most of that 6 months time presenting false allegations about plaintiff from long ago. After a multitude of opportunities and requests for summary judgment (and an incredible waste of this Court's and plaintiff's time and resources) defendants' withdrew their lambasting averments and decided to answer.

16-ap-3114                Plaintiff's Motion to Dismiss, etc March 2017– pg. 7

Plaintiff would contend that once withdrawn, these matters about other cases, from the past have already made their appearance and have been resolved in this case (after numerous hearings, wasted time, wasted money and defendants' ineffective attempts to articulate contentions from the past).

In this case, defendants took six months to get around to pleading. Public policy dictates that there be an end of litigation (here, at least, an end to that part of litigation which attempts to deal with cases not before this Court).

When parties who have contested an issue seek to revive it – to get a second bite at a cause of action --- they need be bound by the initial result in this Court of having withdrawn their contentions. "Matters once tried shall be considered forever settled as between the parties." *Baldwin v. Traveling Men's Assn.*, (1931) 283 U.S. 522, 525.

Here, the parties wrestled the allegations of plaintiff's unspecified misdeeds through numerous hearings and voluminous filings. It is redundant, immaterial, impertinent and scandalous that defendants seek to revive through the 2nd and 3rd counterclaims those false allegations which they unsuccessfully thrashed before this Court for six months and

16-ap-3114             Plaintiff's Motion to Dismiss, etc  March 2017– pg. 8

finally withdrew.

This Court should not allow more opportunities for defendants to waste additional time – and plaintiff's meager finances -- on matters which they themselves argued, reargued and then withdrew.

The 2nd and 3rd counterclaims should be stricken.

## 4. CONCLUSION

Thereupon, the three counterclaims should be dismissed and / or stricken.

Leave to file any amendment should be denied. Defendants have demonstrated – through six months of filing papers which unsuccessfully attacked plaintiff -- that defendants merely wish to parade before this Court abstract, inchoate and tentative assertions. **Even if, all the alleged past were fully exemplified -- no present claims for wrongdoing by plaintiff have been alleged.**

**The Court should not allow any more wasted time on irrelevant matters.**

Most respectfully,

Dated 3-18 /17    /s/ _____ Peter Szanto

16-ap-3114    Plaintiff's Motion to Dismiss, etc  March 2017– pg. 9

## Proof of Service

My name is Susan Bier, I am over 21 years of age and not a party to the within action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:

**Motion to Dismiss / Strike**

by e-mail to Mr. Olsen and Mr. Henderson at:

nhenderson@portlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Portland OR.

Dated 3-18-2017 __/s/ Susan Bier

16-ap-3114         Plaintiff's Motion to Dismiss, etc  March 2017– pg. 10