Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

```
In Re:                           )
                                 ) Bankruptcy Case No.
PETER SZANTO,                    ) 16-33185-pcm11
                                 )
            Debtor.              )
_____)
                                 )
PETER SZANTO,                    ) Adversary No. 16-3114-pcm
                                 )
            Plaintiff,           ) ORDER DENYING PLAINTIFF'S MOTION
                                 ) FOR RULE 9011 SANCTIONS
      v.                         ) (DOCKET # 130)
                                 )
EVYE SZANTO, et al.,             )
                                 )
            Defendants.          )
_____)
```

This matter came before the court on plaintiff's Motion for Sanctions under Rule 9011, Docket # 130. The court has considered the motion, declaration, and attachments to the motion, and concludes that plaintiff's submission provides sufficient information to allow the court to decide the motion without holding a hearing.

Plaintiff seeks sanctions under Bankruptcy Rule 9011 for the

Page 1 - ORDER DENYING PLAINTIFF'S MOTION FOR RULE 9011 SANCTIONS
         (DOCKET # 130)

submission to the court by defendants' counsel of a proposed form of order on the discovery motions that were the subject of a May 18, 2017, hearing.  He asserts that the proposed order did not accurately reflect the court's oral ruling at the hearing, and was submitted for the improper purpose of causing harassment, unnecessary delay, and needless increase of costs of litigation.

At the close of the lengthy hearing on May 18, 2017, on motions to compel discovery filed by both plaintiff and defendants, the court stated its ruling on the record and asked Mr. Henderson, counsel for defendants, to submit the order.  The ruling was lengthy and complex.

Mr. Henderson submitted a proposed order to the court, along with correspondence in which he notified the court in boldface type that plaintiff objected to the form of order.  In addition, he attached to the correspondence a copy of plaintiff's email communication in which plaintiff set out his objections to and concerns about the proposed order.

After considering the proposed order and plaintiff's objections as set out in the attachment to Mr. Henderson's letter, the court drafted its own form of order and the order was entered.

Plaintiff now accuses Mr. Henderson of submitting an order that did not accurately reflect the ruling of the court, in order to mislead the court into entering an order that gave defendants an advantage.  Although Mr. Henderson's proposed order accurately reflected the court's rulings on particular discovery requests, the court re-drafted the order to clarify the complicated oral ruling and to resolve the dispute between

Page 2 -  ORDER DENYING PLAINTIFF'S MOTION FOR RULE 9011 SANCTIONS
          (DOCKET # 130)

the parties as to the form of the order.

Bankruptcy Rule 9011 allows, but does not require, the court to impose an appropriate sanction on a party or attorney who violates Fed. R. Bankr. P. 9011(b). Fed. R. Bankr. P. 9011(c ). Assuming without deciding that Rule 9011 applies to a party's presentation of a proposed order to the court, the rule was not violated here.

After the court directed Mr. Henderson to submit an order reflecting the court's ruling on the discovery motions, he submitted the proposed order along with a letter advising the court of plaintiff's objections. Thus, Mr. Henderson made the court aware of the dispute regarding the form of order. The court was then able to resolve that dispute by drafting its own form of order.

The court's re-drafting of the order did not constitute a finding that the order proposed by Mr. Henderson misrepresented the court's ruling or that it was improperly presented. The court is often faced with objections to a party's form of order, and often resolves those disputes by drafting its own form of order. Mr. Henderson's correspondence advising the court of plaintiff's objection to the form of order was precisely what counsel should have done in the face of plaintiff's objection.

Because the court finds that Mr. Henderson's submission of the proposed form of order was not misleading or improper,

////

////

```
 1      IT IS HEREBY ORDERED that plaintiff's Motion for Rule 9011
 2  Sanctions, Docket # 130, is DENIED.
 3                                    ###
 4  cc:   Peter Szanto
          Nicholas J. Henderson
 5        UST
```

Page 4 -   ORDER DENYING PLAINTIFF'S MOTION FOR RULE 9011 SANCTIONS
             (DOCKET # 130)