**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB# 115184**
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 16-33185-pcm11 |
| PETER SZANTO, | Adv. Proc. No. 16-03114-PCM |
| Debtor. | DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND DISCLOSURE |
| PETER SZANTO, | |
| Plaintiff, | |
| v. | |
| EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER, | |
| Defendants. | |

Defendants Evye Szanto, Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, John Barlow, and Barbara Szanto hereby respond to Plaintiff Peter Szanto's Notice of Motion and Second Motion for Order Compelling Further Discovery, Ordering an Award of Sanctions and Citation for Contempt (the "Motion") [Docket No. 138]. In support of this Response, Defendants rely upon the Court's records and files, and the Declaration of Nicholas J. Henderson (hereinafter, the "Henderson Dec."), the Declaration of David Olsen (hereinafter the "Olsen Dec.") and the Declaration of Victor Szanto (hereinafter, the "V. Szanto Dec.") filed herewith.

## I.  INTRODUCTION

Plaintiff's current Motion asserts a variety of unfounded claims to seek two types of relief: 1) an order compelling discovery; and 2) a finding of contempt and an award of sanctions against the Defendants and their counsel. As is discussed more fully below, none of the Plaintiff's factual assertions are correct, none of the Plaintiff's legal theories are correct, and, as a result, neither type of relief sought by the Plaintiff is warranted.

First, with respect to Plaintiff's request for an order compelling discovery, the Motion erroneously claims that Defendants have not fully complied with their obligation to respond to Plaintiff's Demand for Defendants to Produce and Number Documents (the "First RFP"), and Plaintiff's Discovery Demand for Responses to Interrogatories Request 3 (the "First Interrogatories"). On the contrary, Defendants have fully responded to the First RFP and the First Interrogatories, as modified by the order entered by the Court on June 5, 2017 [Dkt. No. 122]. With respect to the First Interrogatories, Defendants have fully responded to the requests propounded by Plaintiff, or have asserted proper objections to the same. Thus, Plaintiff's request for an order compelling discovery is inappropriate.

The Motion also contains yet another request for sanctions by the Plaintiff. Like Plaintiff's previous requests, none of the arguments advanced by Plaintiff have any legal or factual merit. Plaintiff asserts a laundry list of grievances in his Motion, many of which have already been reviewed and rejected by the Court. The remaining issues raised by Plaintiff are either based on plain falsehood, or are the result of Plaintiff's misinterpretation of procedural rules. Plaintiff's request for contempt and sanctions should be rejected in its entirety.

## II.    FACTUAL BACKGROUND

The relevant factual background for Plaintiff's current Motion, and the Defendants' Response, is set forth below. While the Defendants' Motion to Compel Production (Dkt. No 90) and Defendants' Motion for Contempt and Sanctions (Dkt. No. 125) have already been addressed by the Court, some of the facts raised in those separate motions are cited here in response to the Plaintiff's latest allegations that the Defendants have engaged in misconduct.

### Plaintiff's Discovery Requests:

1.      Plaintiff served Defendants with his First RFP on February 26, 2017. Henderson Dec., ¶ 3.

2.      Defendants responded to Plaintiff's First RFP on March 29, 2017, and also filed a Motion for Protective Order. *See* Dkt. No. 74.

3.      Plaintiff's Notice of Motion and Motion for ORDER Compelling Discovery and Disclosure was filed April 24, 2017 ("Plaintiff's First Motion to Compel"). *See* Dkt. No. 91. Contained in Plaintiff's First Motion to Compel was Plaintiff's First Interrogatories, which, until the filing of the First Motion to Compel, had never been served upon Defendants. Henderson Dec., ¶ 4; *see also* Dkt. No. 106, 106-1 and 106-2.

4.     Plaintiff's First Motion to Compel was heard by the Court on May 18, 2017.  At that hearing, the Court granted, in part, the Defendants' Motion for Protective Order, relieving Defendants from the obligations to respond to certain requests made in the Plaintiff's First RFP and First Interrogatories.  *See* Dkt. No. 122.  The Court ordered that the Defendants respond to the remaining requests by May 25, 2017.

5.     Defendants responded to the remaining discovery requests on May 25, 2017.  V. Szanto Dec., ¶ 5; Henderson Dec., ¶ 4; D. Olsen Dec., ¶ 7.

**Defendant's Discovery Requests:**

6.     On February 27, 2017, Defendants served Plaintiff with three discovery requests: 1) Defendants' First Request for Production; 2) Defendants' First Set of Interrogatories; and 3) Defendants' First Request for Admissions.  Henderson Dec., ¶ 5; *see also* Dkt. No. 90. Defendants served the three discovery requests upon Plaintiff together in one email, and also via U.S. Mail in one envelope.  *See* Dkt. No. 90 (Declaration of Christopher Sturgeon, attached thereto).

7.     On March 29, 2017, Plaintiff served a response to one of the three discovery requests that had been propounded upon him—specifically, Plaintiff responded to the First Request for Admissions.  *See* Dkt. No. 90 (Declaration of Nicholas J. Henderson, attached thereto).  Plaintiff did not respond to the First RFP or the First Interrogatories.  *Id.*

8.     On April 24, 2017, Defendants filed a Motion to Compel Production and Motion to Determine Sufficiency of Responses to Requests for Admission ("Defendants' Motion to Compel") (Dkt. No. 90).

9.     Defendants' Motion to Compel was heard by the Court on May 18, 2017, along with Plaintiff's Motion to Compel, discussed above.

### III. ARGUMENT

#### A. Defendants Have Fully Complied with the Plaintiffs' First Discovery Requests.

##### 1. Defendants Produced All Documents Required by the Court and Rules.

The primary reason that Plaintiff's Motion should be denied is that Defendants have fully complied with their obligation to produce documents and interrogatory responses within their possession, custody and control. Rule 34 requires parties to produce only those materials within their "possession, custody and control." Fed. R. Civ. P. 34(a). The Plaintiff's requests for production were further limited by the Court's ruling at the hearing held on May 18, 2017. *See* Dkt. No. 122. Following the hearing on May 18, 2017, the Defendants compiled and finalized their discovery responses, and served the same on the Plaintiff on May 25, 2017—the deadline ordered by the Court. Henderson Dec., ¶ 4; V. Szanto Dec., ¶ 5; D. Olsen Dec., ¶ 7.

Plaintiff claims that the Defendants have withheld documents, claiming that he "was familiar with most documents he anticipated receiving." Motion at p. 13:10-11. However, Plaintiff does not describe the documents he believes Defendants have withheld. As stated above, Defendants believe they have produced all responsive documents. Defendants also deny there were many "merely blank sheets of paper" as alleged in Plaintiff's Motion to Compel. Defendants mailed 315 pages of discovery to Plaintiff (almost 5 times the number of documents produced by Plaintiff as of today), which were produced directly from pdf images. Henderson Dec., ¶ 6. Without more information from Plaintiff, about what documents he thinks were withheld, Defendants believe they have fully responded to Plaintiff's first request for documents.

##### 2. Anthony and Mariette Szanto's Joint Interrogatory Response is Proper.

Plaintiff's next argument is that Anthony and Mariette Szanto's joint interrogatory response is invalid, and that they should be sanctioned and compelled to answer. Motion at p.

6:9-11. However, Plaintiff cites no authority for that argument. Both Anthony and Mariette signed the interrogatory response under oath, adopting and attesting to the statements contained in the response. Plaintiff asks for the couple to engage in a meaningless exercise that would result in two copies of the same response, describing the couple's joint financial harm and emotional distress, signed by each of the two responding Defendants. Plaintiff is grasping at straws in an effort to place substance over form. His request on this point should be denied.

### 3. Defendants' Interrogatory Objections Comply with the Rules.

Plaintiff complains that the Defendants' Interrogatory Responses lack specificity. While the Interrogatory Responses do state "General Objections," each particular interrogatory response sets forth specific objections, where appropriate. Defendants stand behind each of their objections, and are prepared to address each objection at the hearing on this matter.

### B. Plaintiff's False Claims of Threats Against His Wife.

One of the most alarming issues presented in the Motion is Plaintiff's false claim that his wife was threatened by Victor Szanto on May 24, 2017. The first time Victor Szanto—or any of the Defendants—learned of this allegation was on June 8, 2017, when Victor Szanto was served with set of documents as he was walking into his deposition. V. Szanto Dec., ¶ 7; Exhibit 1.

The documents served upon Victor Szanto appeared to be an incomplete portion of a court proceeding pending in the Superior Court of California for Orange County, so Counsel obtained a complete copy of the records from Orange County. Henderson Dec., ¶ 7; Exhibit 1. The files obtained from Orange County shows that an *ex parte* Request for Domestic Violence Restraining Order was filed on May 24, 2017. The Request claims that Victor Szanto threatened Susan Szanto at a non-descript "Walmart" that same day. *Id*. The file also showed that a hearing

was scheduled to take place on the matter on June 14, 2017. The case was dismissed at June 14th first appearance. Henderson Dec., ¶ 8; Exhibit 2.

Victor Szanto adamantly denies that the alleged "Walmart" encounter ever took place. V. Szanto Dec., ¶ 8. Victor Szanto can provide photographs and witness statements attesting to his whereabouts on May 24, 2017, which were not anywhere near Orange County, California. *Id*. Furthermore, Victor Szanto denies having ever met Susan Szanto in his entire life, and would not recognize her if he saw her today. *Id*.

Given the fact that the case was dismissed at the first appearance, and given the circumstances surrounding the June 14th hearing, the whole issue seems to be nothing more than an elaborate concoction by the Plaintiff, designed to cast Victor Szanto in an extremely negative light, to garner unjustified sympathy from the Court, and to provide an excuse for Plaintiff's failure to comply with the Court's May 25th deadline for discovery production. The entire issue should be discarded and not considered by the Court.

**Plaintiff's Remaining Allegations of Misconduct by Defendants are Meritless.**

Throughout the Motion, Plaintiff claims that the Defendants have engaged in a "litany of improprieties … not allowed by the rules" Motion at p. 2. Plaintiff's arguments, while numerous, lack any legal authority. Many of the so-called "improprieties" have already been addressed by the Court, and have been squarely decided in Defendants' favor. The Plaintiff's remaining claims of so-called improprieties are spurious at best. Each is addressed briefly below.

**1. Defendants' First Request for Admissions were in the proper form**.

In the Motion, Plaintiff argues that it was wrong for Defendants to issue "Requests for Denials." Motion, p. 2, ln 22-23. The form of Defendants' Requests for Admissions was

addressed at the May 18 hearing. While the Plaintiff thought the form of the Requests for Admissions improper, the Court did not agree, and the Plaintiff's responses were treated as denials. See Henderson Dec. ¶ 9, Exhibit 3, May 18th Hearing Transcript, 45:3 – 49:22.

### 2. Defendants Have Not Defied any of the Court's Orders.

Plaintiff next accuses the Defendants of disregarding the Court's Scheduling Order dated May 12, 2017, because the Defendants' notice of deposition said that the deposition may "continue from day to day." See Motion, p. 2:22-23. This was also the subject of Plaintiff's "Notice of Motion and Motion for Protection [Dkt. No. 140], which was denied as moot at the hearing held on June 29, 2017. *See* Dkt. No. 150. Defendants did not attempt to hold Plaintiff for his deposition past the time set by the Court in the May 12th scheduling order. Henderson Dec., ¶ 10. However, Defendants reserve the right to seek leave of Court to schedule another deposition of Plaintiff in the future.

### 3. Defendants' Abundance of Service to Plaintiff Is Not Improper.

Plaintiff's next complaint is Defendants have not abided by their agreement that e-mail would be the standard of service between the parties. Motion at p. 2:23-24. Plaintiff's complaint here is apparently that Defendants are providing too much service, as Defendants have been sending certain documents to Plaintiff via e-mail and U.S. Mail. Henderson Dec., ¶ 11. Going forward, Defendants have elected to serve everything to Plaintiff in two ways, to eliminate future instances of Plaintiff falsely claiming that he was not served with a document via e-mail. *Id.* Plaintiff's complaint about too much service is another example of a meritless argument, simply designed to cast the Defendants in a negative light. This issue should be discarded.

### 4. Defendants' Counsel Is Not Required to Speak with Plaintiff By Phone.

Plaintiff complains that Defendants are wasting time by refusing to speak with him via

telephone.  Motion, p.3, ln 2-4.  This issue was already addressed by the Court at the hearing held on May 18, 2017:

> The Court: "I think the way that the parties elect to manage their practice is up to them, and there's nothing in the rules that requires lawyers and pro se parties or lawyers and lawyers to communicate by phone versus e-mail."

May 18 Hearing Transcript, 2:15-19.  Defendants Counsel prefers to deal with Plaintiff via email, because Counsel does not trust Plaintiff to recount the details of conversations accurately. Nothing in the rules requires Counsel to communicate with Plaintiff by phone, so Plaintiff's complaint on this issue is meaningless.

### 5. Defendants Have Not Acted Improperly By Filing Discovery Motions.

Plaintiff complains that the Defendants and their counsel acted improperly, with the intent to terrorize Plaintiff, by filing a Motion for Sanctions and Contempt on June 7, 2017.  Defendant's Motion was ultimately granted in part, demonstrating the validity of the Motion.  Nevertheless, Defendants' motive in filing the June 7th motion was not in any way related to causing Plaintiff terror.  Rather, Plaintiff's discovery responses and production were incomplete, and Plaintiff was informed that a Motion for Sanctions and Contempt would be forthcoming if the deficiencies were not cured immediately.  Henderson Dec., ¶ 12, Exhibit 4.  When Plaintiff failed to cure his deficient responses/production, Defendants filed the June 7th motion at the earliest practicable time after entry of the Court's June 5th order.  Henderson Dec., ¶ 13.

### 6. Defendants Rescheduled the June 6th Hearing in Nevada.  Plaintiff's Motion

complains that a hearing was scheduled for June 6th in the Nevada Domestic Violence case.  That hearing was scheduled by the Nevada Court, not by the Defendants.  V. Szanto Dec., ¶ 9.  When this Court issued the Order to schedule depositions in this case, Defendants worked diligently to

reschedule the June 6th hearing, and they were successful in doing so.  Plaintiff's argument on this issue is another red herring.

### 7. Plaintiff Waived His Objections to Defendants' First Discovery Requests.

Plaintiff claims that Defendants are wrongful in continuing to claim that he waived his objections to the discovery request propounded on him on February 27, 2017.  Plaintiff provides his own recount of the discussion at the May 18 hearing.  However, Plaintiff conveniently leaves out the following discussion, which occurred near the end of the hearing:

```
MR. HENDERSON:  Your Honor, I do want to raise one
issue about the request for production and the
interrogatories that the defendants propounded upon
the plaintiff.  And to prepare for this hearing I
listened to the audio from the April 6th status
conference.  And I specifically indicated on the
record at that hearing that we had sent not only a
request for admissions, but request for production and
interrogatories on February 27th.  And because there
was no response by the defendant within the time
period provided by the rules, all of -- all of his
objections are waived.  And that's -- we're getting
back into the issue about hiring a third-party vendor
to look at the e-mails.  At this point unless we're
going to get into that -- sort of this issue and
actually prove whether Mr. Szanto did or did not
receive those requests, he should not be able to
respond by the 25th with any objections whatsoever.
And, in fact --

THE COURT:  Well, I'll certainly take that into
consideration if he does.

MR. HENDERSON:  Thank you.

THE COURT:  Yeah.  I mean, it's time to get the
documents over to them.

MR. SZANTO:  Of course.

THE COURT:  And do it completely and thoroughly.  And
if there is some objection, then I'll consider whether
```

```
it's been waived.  And if it hasn't been waived, it
better be darn valid.  Am I clear?

MR. SZANTO:  Yes, Your Honor.
```

Henderson Dec., Exhibit 3; May 18 Transcript, 80:19 – 81:23.  The sufficiency of Plaintiff's

objections has already been addressed at a hearing on June 29th, so the issue has been resolved

for the time being.  However, Defendants want to make sure the record accurately reflects that,

contrary to Plaintiff's claims, the Court did not instruct the Plaintiff that he had an unfettered

right to assert objections in his untimely discovery responses.  Defendants reserve the right to

seek fees related to their first Motion to Compel.

**8. Defendants Did Not Try To Send Malware to Plaintiff.**

Plaintiff claims, citing an unnamed third-party—that he received a malware warning

when he attempted to use Defendants' sharesite process to produce his documents.  Motion at pp.

10-11.  Defendants' Counsel flatly denies this allegation.  Henderson Dec., ¶ 14.  Defendants'

Counsel has used his firm's sharesite system in dozens of lawsuits, without complaint from

anyone.  *Id*.  Counsel's firm shows no record of any virus or malware infecting the firm's servers

that host the sharesite system.  *Id*.  Plaintiff's claim is false, and should be rejected.

**IV.     CONCLUSION.**

Plaintiff's Motion is meritless, and is filled with red herring arguments that have no

factual or legal basis.  The Plaintiff's Motion should be denied and the Defendants should be

awarded their fees in opposing the Motion pursuant to FRCP 37(a)(5)(B).

DATED July 5, 2017

MOTSCHENBACHER & BLATTNER LLP

s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Troy G. Sexton, OSB #115184
Attorney for Defendants

Page 11 – DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL
        DISCOVERY AND DISCLOSURE

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND DISCLOSURE on the following by email, with the parties' consent:

Peter Szanto
POB 4614
Portland, OR 97208
szanto.pete@gmail.com


THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:

- CHRISTOPHER N COYLE     vbcattorney4@yahoo.com, chris@vbcattorneys.com
- DAVID OLSEN    lawofficeofolsen@gmail.com


MOTSCHENBACHER & BLATTNER LLP

s/ Christopher Sturgeon
Christopher Sturgeon, Legal Assistant
Motschenbacher & Blattner LLP
Of Attorneys for Defendants

**Nicholas J. Henderson, OSB #074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB #115184**
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>PETER SZANTO,<br><br>           Debtor.<br><br>---<br><br>PETER SZANTO,<br><br>        Plaintiffs,<br><br>   v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br><br>        Defendants. | Case No. 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-PCM<br><br>DECLARATION OF NICHOLAS J. HENDERSON IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND DISCLOSURE |

Page 1 – DECLARATION OF NICHOLAS J. HENDERSON

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 16-03114-pcm    Doc 152    Filed 07/05/17

I, Nicholas J. Henderson, hereby declare the following under penalty of perjury:

1.      I am one of the attorneys for the Defendants in the above captioned case.

2.      I am over the age of 18, and I have personal knowledge of the facts stated in this declaration, and would testify to the same if called to do so.

3.      Plaintiff served Defendants with his First Request for Production on February 26, 2017.

4.      All of the responsive documents that are in my possession were produced to Plaintiff in this case on May 25, 2017, the deadline ordered by the Court.

5.      On February 27, 2017, Defendants served Plaintiff with three discovery requests: 1) Defendants' First Request for Production; 2) Defendants' First Set of Interrogatories; and 3) Defendants' First Request for Admissions.

6.      My office mailed 315 pages of discovery to Plaintiff (almost 5 times the number of documents produced by Plaintiff as of today), which were produced directly from pdf images.

7.      The documents served upon Victor Szanto appeared to be an incomplete portion of a court proceeding pending in the Superior Court of California for Orange County, so I obtained a complete copy of the records from Orange County.  A true and correct copy of the records I obtained from Orange County is attached as Exhibit 1 to this Declaration.

8.      Attached to this Declaration as Exhibit 2 is a true and correct copy of a screenshot of the Orange County Superior Court's docket for Case No. 17V001202 indicating that the Susan Szanto restraining order case was dismissed on June 14, 2017.  I obtained this by accessing the Orange County Superior Court website on July 5, 2017.

9.      Attached to this Declaration as Exhibit 3 is a true and correct copy of relevant portions of a transcription of the May 18, 2017 hearing on the parties' Motions to Compel.

Page 2 – DECLARATION OF NICHOLAS J. HENDERSON

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

10.    Defendants did not attempt to hold Plaintiff for his deposition past the time set by the Court in its May 12, 2017 scheduling order.

11.    Defendants have been serving certain documents to Plaintiff via email and U.S. Mail.  Going forward, Defendants have elected to serve everything to Plaintiff in two ways, to eliminate future instances of Plaintiff falsely claiming that he was not served with a document via email.

12.    Attached to this Declaration as Exhibit 4 is a true and correct copy of my email to Plaintiff dated May 26, 2017.

13.    When Plaintiff failed to cure his deficient responses/production, Defendants filed the June 7th motion at the earliest practicable time after entry of the Court's June 5th order.

14.    Plaintiff claims, citing an unnamed third-party—that he received a malware warning when he attempted to use Defendants' sharesite process to produce his documents.   I flatly deny this allegation.  I have used my firm's sharesite system in dozens of lawsuits, without complaint from anyone.  My firm shows no record of any virus or malware infecting the firm's servers that host the sharesite system.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED July 5, 2017.


/s/ Nicholas J. Henderson_____ _____
Nicholas J. Henderson

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

**①**   **Name of Person Asking for Order:** _Susan Szanto_

Your lawyer in this case *(if you have one)*:

Name: _____ State Bar No.: _____

Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*

Address: _11 Shove Pine_

City: _Newport Beach_ State: _CA_ Zip: _92657_

Telephone: _949-720-7005_ Fax: _____

E-Mail Address: _____

**②**   **Name of Person to Be Restrained:** _VICTOR Szanto_

*The court will fill out the rest of this form.*

**③**   **Notice of Court Hearing**

**A court hearing is scheduled on the request for restraining orders against the person in ②.**

| Hearing Date → | Date: _6-14-17_   Time: _8:30 Am_ | Name and address of court if different from above: |
|---|---|---|
| | Dept.: _L11_   Room: _____ | |

**④**   **Temporary Restraining Orders** (any orders granted are attached on Form DV-110)

a. Temporary restraining orders for personal conduct, stay away, and protection of animals, as requested in Form DV-100, *Request for Domestic Violence Restraining Order,* are:

   (1) [X] **All granted** until the court hearing

   (2) [ ] **All denied** until the court hearing *(specify reasons for denial in (b))*:

   (3) [ ] **Partly granted** and partly **denied** until the court hearing *(specify reasons for denial in (b))*:

b. Requested temporary restraining orders for personal conduct, stay away, and protection of animals are denied because:

   (1) [ ] The facts as stated in form DV-100 do not show reasonable proof of a past act or acts of abuse. (Family Code, §§ 6320 and 6320.5)

   (2) [ ] The facts do not describe in sufficient detail the most recent incidents of abuse, such as what happened, the dates, who did what to whom, or any injuries or history of abuse.

   (3) [ ] Further explanation of reason for denial, or reason not listed above:

_____
_____
_____
_____

**This is a Court Order.**

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

**MAY 2 4 2017**

DAVID H. YAMASAKI, Clerk of the Court

BY: V. RAMIREZ, DEPUTY

Fill in court name and street address:

Superior Court of California, County of Orange
Lamoreaux Justice Center
341 The City Drive
P.O. Box 14169
Orange, CA 92863-1570
Family Law

Clerk fills in case number when form is filed.

Case Number: **17 V0 012 02**

Judicial Council of California,
Revised January 1, 2012, Mandatory Form
Family Code, § 242. Approved by DOJ

**Notice of Court Hearing**
**(Domestic Violence Prevention)**

Legal
Solutions
& Plus

DV-109, Page 1 of 3 →

**(5) Service of Documents and Time for Service—for Person in (1)**

At least ☒ **five** or ☐ ___ **days** before the hearing, someone age 18 or older—**not you or anyone else to be protected**—must personally give (serve) a court's file-stamped copy of this form (DV-109, *Notice of Court Hearing*) to the person in (2) along with a copy of all the forms indicated below:

a. ☐ Form DV-100, *Request for Domestic Violence Restraining Order,* (file-stamped) with applicable attachments

b. ☒ Form DV-110, *Temporary Restraining Order* (file-stamped) with applicable attachments **if granted by the judge**

c. ☐ Form DV-120, *Response to Request for Domestic Violence Restraining Order* (blank form)

d. ☐ Form DV-250, *Proof of Service by Mail* (blank form)

e. ☐ Other *(specify):* _____

Date: **MAY 2 4 2017**  _____

_Donald Gaffney_
*Judicial Officer*
**Judge Donald F. Gaffney**

---

### Right to Cancel Hearing: Information for the Person in (1)

- If item (4)(a)(2) or (4)(a)(3) is checked, the judge has denied some or all of the temporary orders you requested until the court hearing. The judge may make the orders you want after the court hearing. You can keep the hearing date, or you can cancel your request for orders so there is no court hearing.

- If you want to cancel the hearing, use Form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order.* Fill it out and file it with the court as soon as possible. You may file a new request for orders, on the same or different facts, at a later time.

- If you cancel the hearing, do not serve the documents listed in item (5) on the other person.

- If you want to keep the hearing date, you must have all of the documents listed in item (5) served on the other person within the time listed in item (5).

- At the hearing, the judge will consider whether denial of any requested orders will jeopardize your safety and the safety of children for whom you are requesting custody or visitation.

- You must come to the hearing if you want the judge to make restraining orders or continue any orders already made. If you cancel the hearing or do not come to the hearing, any restraining orders made on Form DV-110 will end on the date of the hearing.

---

### To the Person in (1)

- The court cannot make the restraining orders after the court hearing unless the person in (2) has been personally given (served) a copy of your request and any temporary orders. To show that the person in (2) has been served, the person who served the forms must fill out a proof of service form. Form DV-200, *Proof of Personal Service* may be used.

- For information about service, read Form DV-210-INFO, *What Is "Proof of Personal Service"?*

- If you are unable to serve the person in (2) in time, you may ask for more time to serve the documents. Read Form DV-115-INFO, *How to Ask for a New Hearing Date.*

---

### This is a Court Order.

Revised January 1, 2012

**Notice of Court Hearing**
**(Domestic Violence Prevention)**

DV-109, Page 2 of 3
→

**Exhibit 1 - Page 2 of 17**
Case 16-03114-pcm    Doc 152    Filed 07/05/17

## To the person in ❷

- If you want to respond in writing, mail a copy of your completed Form DV-120, *Response to Request for Domestic Violence Restraining Order*, to the person in ① and file it with the court. You cannot mail Form DV-120 yourself. Someone age 18 or older—**not you**—must do it.

- To show that the person in ① has been served by mail, the person who mailed the forms must fill out a proof of service form. Form DV-250, *Proof of Service by Mail*, may be used. File the completed form with the court before the hearing and bring it with you to the hearing.

- For information about responding to a restraining order and filing your answer, read Form DV-120-INFO, *How Can I Respond to a Request for Domestic Violence Restraining Order?*.

- Whether or not you respond in writing, go to the court hearing if you want the judge to hear from you before making orders. You may tell the judge why you agree or disagree with the orders requested. You may bring witnesses and other evidence.

- **At the hearing, the judge may make restraining orders against you that could last up to five years.**

- **The judge may also make other orders about your children, child support, spousal support, money, and property and may order you to turn in or sell any firearms that you own or possess.**



### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (Form MC-410). (Civil Code, § 54.8.)

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

I certify that this *Notice of Court Hearing* is a true and correct copy of the original on file in the court. **DAVID H. YAMASAKI**

Date: _____ Clerk, by _____, Deputy

## This is a Court Order.

Revised January 1, 2012

**Notice of Court Hearing**
**(Domestic Violence Prevention)**

DV-109, Page 3 of 3

Exhibit 1 - Page 3 of 17
Case 16-03114-pcm    Doc 152    Filed 07/05/17

*Person in ① must complete items ①, ②, and ③ only.*

### ① Name of Protected Person: Susan Szanto

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

**MAY 2 4 2017**

DAVID H. YAMASAKI, Clerk of the Court

BY: V. RAMIREZ DEPUTY

Your lawyer in this case *(if you have one):*
Name: _____ State Bar No.: _____
Firm Name: _____
Address *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: 11 Shore Pine
City: Newport Beach State: CA Zip: 92657
Telephone: 949-720-7005 Fax: _____
E-mail Address: _____

Fill in court name and street address:

Superior Court of California, County of
Orange
Lamoreaux Justice Center
341 The City Drive
P.O. Box 14169
Orange, CA 92863-1570
Family Law

### ② Name of Restrained Person: Victor Szanto

Court fills in case number when form is filed.

Case Number:
**17V001202**

Description of restrained person:

| | | | |
|---|---|---|---|
| Sex: ☑ M ☐ F Height: 5'6" Weight: 150 | | Hair Color: BALD Eye Color: BROWN | |
| Race: WHITE | | Age: 59 Date of Birth: REDACTED | |
| Address *(if known)*: 1728 High Way 50 | | | |
| City: Glenbrook | | State: NV Zip: 89413 | |
| Relationship to protected person: brother-in-law | | | |

### ③ ☑ Additional Protected Persons

In addition to the person named in ①, the following persons are protected by temporary orders as indicated in items ⑥ and ⑦ *(family or household members):*

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| Jakkob Szanto | Son | M | 20 |
| | | | |
| | | | |

☐ Check here if there are additional protected persons. List them on an attached sheet of paper and write, *"DV-110, Additional Protected Persons" as a title.*

*The court will complete the rest of this form.*

### ④ Court Hearing

*This order expires at the end of the hearing stated below:*

Hearing Date: 6-14-17 Time: 8:30 ☑ a.m. ☐ p.m. L11

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

Legal
Solutions
Plus

DV-110, Page 1 of 6 →

**Exhibit 1 - Page 4 of 17**
Case 16-03114-pcm Doc 152 Filed 07/05/17

**⑤** ☒ **Criminal Protective Order**
  a. ☐ A criminal protective order on Form CR-160, *Criminal Protective Order—Domestic Violence*, is in effect.
  Case Number: _____ County: _____ Expiration Date: _____
  b. ☒ No information has been provided to the judge about a criminal protective order.

---

**To the person in ❷**

The court has granted the temporary orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

---

**⑥ Personal Conduct Orders**   ☐ Not requested   ☐ Denied until the hearing   ☒ Granted as follows:

  a. You must not do the following things to the person in ① and ☒ persons in ③ :
  ☒ Harass, attack, strike, threaten, assault *(sexually or otherwise)*, hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise)*, or block movements
  ☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means
  ☒ Take any action, directly or through others, to obtain the addresses or locations of the persons in ① *and* ③. *(If this item is not checked, the court has found good cause not to make this order.)*

  b. Peaceful written contact through a lawyer or process server or another person for service of Form DV-120 *(Response to Request for Domestic Violence Restraining Order)* or other legal papers related to a court case is allowed and does not violate this order.

  c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③ , as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**⑦ Stay-Away Order**   ☐ Not requested   ☐ Denied until the hearing   ☒ Granted as follows:

  a. You must stay at least *(specify):* **100** yards away from *(check all that apply):*
  ☒ The person in ①                     ☒ School of person in ①
  ☒ Home of person in ①                 ☒ The persons in ③
  ☒ The job or workplace of person in ①  ☐ The child(ren)'s school or child care
  ☒ Vehicle of person in ①              ☐ Other *(specify):* _____

  b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**⑧ Move-Out Order**   ☒ Not requested   ☐ Denied until the hearing   ☐ Granted as follows:
You must take only personal clothing and belongings needed until the hearing and move out immediately from *(address):* _____

---

**This is a Court Order.**

---

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**


**Exhibit 1 - Page 5 of 17**
Case 16-03114-pcm    Doc 152    Filed 07/05/17

**(9) No Guns or Other Firearms or Ammunition**

  a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

  b. You must:

    • Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.

    • Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, stored, or sold. (You may use Form DV-800, *Proof of Firearms Turned In, Sold, or Stored,* for the receipt.) Bring a court filed copy to the hearing.

  c. ☐ The court has received information that you own or possess a firearm.

**(10) Record Unlawful Communications**

  ☐ Not requested  ☐ Denied until the hearing  ☒ Granted as follows:

The person in ① can record communications made by you that violate the judge's orders.

**(11) Care of Animals**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

The person in ① is given the sole possession, care, and control of the animals listed below. The person in ② must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____

_____

**(12) Child Custody and Visitation**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____ . The parent with temporary custody of the child must not remove the child from California unless the court allows it after a noticed hearing (Fam. Code, § 3063).

**(13) Child Support**

Not ordered now but may be ordered after a noticed hearing.

**(14) Property Control**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

Until the hearing, *only* the person in ① can use, control, and possess the following property:

_____

**(15) Debt Payment**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

The person in ② must make these payments until this order ends:

Pay to: _____ For: _____ Amount: $ _____ Due date: _____

Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**(16) Property Restraint**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

If the people in ① and ② are married to each other or are registered domestic partners, ☐ the person in ①
☐ the person in ②  must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in ② cannot contact the person in ① if the court has made a "no contact" order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised July 1, 2016
**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**
DV-110, Page 3 of 6 →

**Exhibit 1 - Page 6 of 17**
Case 16-03114-pcm    Doc 152    Filed 07/05/17

**(17) Spousal Support**

Not ordered now but may be ordered after a noticed hearing.

**(18) Rights to Mobile Device and Wireless Phone Account**

**a. Property control of mobile device and wireless phone account**

☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

Until the hearing, only the person in ① can use, control, and possess the following property:

Mobile device *(describe)* _____ and account *(phone number):* _____

Mobile device *(describe)* _____ and account *(phone number):* _____

Mobile device *(describe)* _____ and account *(phone number):* _____

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-110 Rights to Mobile Device and Wireless Phone Account" as a title.*

**b. Debt Payment** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

The person in ② must make these payments until this order ends:

Pay to *(wireless service provider):* _____ Amount: $ _____ Due date: _____

**c. Transfer of Wireless Phone Account**

Not ordered now but may be ordered after a noticed hearing.

**(19) Insurance**

☐ The person in ① ☐ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

**(20) Lawyer's Fees and Costs**

Not ordered now but may be ordered after a noticed hearing.

**(21) Payments for Costs and Services**

Not ordered now but may be ordered after a noticed hearing.

**(22) Batterer Intervention Program**

Not ordered now but may be ordered after a noticed hearing.

**(23) Other Orders** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

_____

_____

_____

_____

_____

_____

☐ *Check here if there are additional orders. List them on an attached sheet of paper and write "DV-110, Other Orders" as a title.*

**(24) No Fee to Serve (Notify) Restrained Person**

If the sheriff serves this order, he or she will do so for free.

Date: **MAY 2 4 2017**

_Donald Goff_

Judge (or Judicial Officer)

**Judge Donald F. Gaffney**

| This is a Court Order. |

**Exhibit 1 - Page 7 of 17**
Case 16-03114-pcm   Doc 152   Filed 07/05/17

## ◆ Warnings and Notices to the Restrained Person in ② ◆

### If You Do Not Obey This Order, You Can Be Arrested And Charged With a Crime.

- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

### You Cannot Have Guns, Firearms, And/Or Ammunition.

 You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.

### Service of Order by Mail

If the judge makes a restraining order at the hearing, which has the same orders as in this form, you will get a copy of that order by mail at your last known address, which is written in ②. If this address is incorrect, or to find out if the orders were made permanent, contact the court.

### Child Custody, Visitation, and Support

- **Child custody and visitation:** If you do not go to the hearing, the judge can make custody and visitation orders for your children without hearing from you.
- **Child support:** The judge can order child support based on the income of both parents. The judge can also have that support taken directly from a parent's paycheck. Child support can be a lot of money, and usually you have to pay until the child is age 18. File and serve a *Financial Statement (Simplified)* (form FL-155) or an *Income and Expense Declaration* (form FL-150) if you want the judge to have information about your finances. Otherwise, the court may make support orders without hearing from you.
- **Spousal support:** File and serve an *Income and Expense Declaration* (form FL-150) so the judge will have information about your finances. Otherwise, the court may make support orders without hearing from you.

## Instructions for Law Enforcement

This order is effective when made. It is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the order and then shall enforce it. Violations of this order are subject to criminal penalties.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

## This is a Court Order.

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**


Exhibit 1 - Page 8 of 17
Case 16-03114-pcm    Doc 152    Filed 07/05/17

## If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, §13710(b).)

## Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced according to the following priorities (see Pen. Code, § 136.2, and Fam. Code, §§ 6383(h), 6405(b)):**

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001), and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## Child Custody and Visitation

- The custody and visitation orders are on form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.
- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

---

### Certificate of Compliance With VAWA

This temporary protective order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA), upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

---



*(Clerk will fill out this part.)*

### —Clerk's Certificate—

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

DAVID H. YAMASAKI

Date: _____ Clerk, by _____, Deputy

---

**This is a Court Order.**

Revised July 1, 2016

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

DV-110, Page 6 of 6

**Exhibit 1 - Page 9 of 17**

Case 16-03114-pcm    Doc 152    Filed 07/05/17

 **Request for Domestic Violence Restraining Order**

You must also complete form CLETS-001, Confidential CLETS Information, and give it to the clerk when you file this Request.

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

MAY 2 4 2017

DAVID H. YAMASAKI, Clerk of the Court

BY: V. RAMIREZ , DEPUTY

**(1) Name of Person Asking for Protection:**

Susan Szanto _____ Age: 62

Your lawyer in this case (if you have one):

Name: _____ State Bar No.: _____
Firm Name: _____

Address (If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):

Address: 11 Shore Pine Dr
City: Newport Coast    State: CA    Zip: 92657
Telephone: 949-720-7005    Fax: _____
E-Mail Address: _____

Fill in court name and street address:

Superior Court of California, County of
ORANGE
ORANGE COUNTY SUPERIOR COURT
FAMILY LAW COURT OPERATIONS
341 THE CITY DRIVE
POST OFFICE BOX 14170
ORANGE, CA 92863-1570

Court fills in case number when form is filed.

**Case Number:**
**17 V001202**

**(2) Name of Person You Want Protection From:**

Victor Szanto

Description of person you want protection from:

Sex: ☒ M ☐ F    Height: 5'6"    Weight: 150    Hair Color: BALD    Eye Color: BROWN
Race: WHITE    Age: 59    Date of Birth: REDACTED
Address (if known): 1728 Highway 50
City: Glenbrook    State: NEVADA    Zip: 89413

**(3) Do you want an order to protect family or household members?**  ☒ Yes  ☐ No

If yes, list them:

| Full name | Sex | Age | Lives with you? | Relationship to you |
|---|---|---|---|---|
| Jakkob Szanto | M | 20 | ☒ Yes ☐ No | son |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |

☐ Check here if you need more space. Attach a sheet of paper and write "DV-100, Protected People" for a title.

**(4) What is your relationship to the person in (2) ?** (Check all that apply):

a. ☐ We are now married or registered domestic partners.
b. ☐ We used to be married or registered domestic partners.
c. ☐ We live together.
d. ☐ We used to live together.
e. ☒ We are related by blood, marriage, or adoption (specify relationship): brother in law
f. ☐ We are dating or used to date, or we are or used to be engaged to be married.
g. ☐ We are the parents together of a child or children under 18:
   Child's Name: _____ Date of Birth: _____
   Child's Name: _____ Date of Birth: _____
   Child's Name: _____ Date of Birth: _____
   ☐ Check here if you need more space. Attach a sheet of paper and write "DV-100, Additional Children" for a title.
h. ☐ We have signed a Voluntary Declaration of Paternity for our child or children. (Attach a copy if you have one).

*If you do not have one of these relationships, the court may not be able to consider your request. Read form DV-500-INFO for help.*

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
**Request for Domestic Violence Restraining Order**
(Domestic Violence Prevention)

DV-100, Page 1 of 6 

Exhibit 1 - Page 10 of 17
Case 16-03114-pcm    Doc 152    Filed 07/05/17

**(5) Other Restraining Orders and Court Cases**

a. Are there any restraining/protective orders currently in place OR that have expired in the last six months (emergency protective orders, criminal, juvenile, family)?

☒ No ☐ Yes *(date of order):* and *(expiration date):* *(Attach a copy if you have one).*

b. Have you or any other person named in ③ been involved in another court case with the person in ②?

☒ No ☐ Yes *If yes, check each kind of case and indicate where and when each was filed:*

| Kind of Case | County or Tribe Where Filed | Year Filed | Case Number *(if known)* |
|---|---|---|---|
| ☐ Divorce, Nullity, Legal Separation | | | |
| ☐ Civil Harassment | | | |
| ☐ Domestic Violence | | | |
| ☐ Criminal | | | |
| ☐ Juvenile, Dependency, Guardianship | | | |
| ☐ Child Support | | | |
| ☐ Parentage, Paternity | | | |
| ☐ Other *(specify):* | | | |

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Court Cases" for a title.*

## Check the orders you want. ☑

**(6) ☒ Personal Conduct Orders**

I ask the court to order the person in ② not to do the following things to me or anyone listed in ③:

a. ☒ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate (on the Internet, electronically or otherwise), or block movements

b. ☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail or e-mail or other electronic means

*The person in ② will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**(7) ☒ Stay-Away Order**

a. I ask the court to order the person in ② to stay at least <u>1000</u> yards away from *(check all that apply):*

☒ Me ☐ My school
☒ My home ☒ Each person listed in ③
☒ My job or workplace ☐ The child(ren)'s school or child care
☒ My vehicle ☒ Other *(specify):* <u>my synagogue</u>

b. If the person listed in ② is ordered to stay away from all the places listed above, will he or she still be able to get to his or her home, school, job, workplace, or vehicle? ☒ Yes ☐ No *(If no, explain):*
<u>person lives and works in Nevada, I want protection in California</u>

**(8) ☐ Move-Out Order**

*(If the person in ② lives with you and you want that person to stay away from your home, you must ask for this move-out order.)*

I ask the court to order the person in ② to move out from and not return to *(address):*

I have the right to live at the above address because (explain):

**This is not a Court Order.**

Revised July 1, 2016

**Request for Domestic Violence Restraining Order**
(Domestic Violence Prevention)

DV-100, Page 2 of 6


Exhibit 1 - Page 11 of 17
Case 16-03114-pcm   Doc 152   Filed 07/05/17

**(18)** ☐ **Rights to Mobile Device and Wireless Phone Account**

  **a.** ☐ **Property control of mobile device and wireless phone account**

I ask the court to give only me temporary use, possession, and control of the following mobile devices: _____ and the wireless phone account for the following wireless phone numbers because the account currently belongs to the person in ②:

(including area code): _____ ☐ my number ☐ number of child in my care
(including area code): _____ ☐ my number ☐ number of child in my care
(including area code): _____ ☐ my number ☐ number of child in my care

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Rights to Mobile Device and Wireless Phone Account" for a title.*

  **b.** ☐ **Debt Payment**

I ask the court to order the person in ② to make the payments for the wireless phone accounts listed in 18a because:

Name of the wireless service provider is: _____ Amount: $ _____ Due Date: _____

*If you are requesting this order, you must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing.*

  **c.** ☐ **Transfer of Wireless Phone Account**

I ask the court to order the wireless service provider to transfer the billing responsibility and rights to the wireless phone numbers listed in 18a to me because the account currently belongs to the person in ②.

*If the judge makes this order, you will be financially responsible for these accounts, including monthly service fees and costs of any mobile devices connected to these phone numbers. You may be responsible for other fees. You must contact the wireless service provider to find out what fees you will be responsible for and whether you are eligible for an account.*

**(19)** ☐ **Insurance**

I ask the court to order the person in ② NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of me or the person in ②, or our child(ren), for whom support may be ordered, or both.

**(20)** ☒ **Lawyer's Fees and Costs**

I ask that the person in ② pay some or all of my lawyer's fees and costs.
*You must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing.*

**(21)** ☒ **Payments for Costs and Services**

I ask the court to order the person in ② to pay the following:
*You can ask for lost earnings or your costs for services caused directly by the person in ② (damaged property, medical care, counseling, temporary housing, etc.). You must bring proof of these expenses to your hearing.*

Pay to: Susan Szanto    For: Lost Wages    Amount: $ 300
Pay to: _____ For: _____ Amount: $ _____

**(22)** ☒ **Batterer Intervention Program**

I ask the court to order the person listed in ② to go to a 52-week batterer intervention program and show proof of completion to the court.

**(23)** ☐ **Other Orders**

What other orders are you asking for? _____

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Orders" for a title.*

**This is not a Court Order.**

Revised July 1, 2016    **Request for Domestic Violence Restraining Order**    DV-100, Page 4 of 6
**(Domestic Violence Prevention)**

Exhibit 1 - Page 13 of 17
Case 16-03114-pcm    Doc 152    Filed 07/05/17

**(24)** ☒ **Time for Service (Notice)**

*The papers must be personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. If you want there to be fewer than five days between service and the hearing, explain why below. For help, read form DV-200-INFO, "What Is Proof of Personal Service"?*

20 days for service because defendant lives in Nevada

**(25)** **No Fee to Serve (Notify) Restrained Person**

*If you want the sheriff or marshal to serve (notify) the restrained person about the orders for free, ask the court clerk what you need to do.*

**(26)** **Court Hearing**

The court will schedule a hearing on your request. If the judge does not make the orders effective right away ("temporary restraining orders"), the judge may still make the orders after the hearing. If the judge does not make the orders effective right away, you can ask the court to cancel the hearing. Read form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order,* for more information.

**(27)** **Describe Abuse**

Describe how the person in ② abused you. Abuse means to intentionally or recklessly cause or attempt to cause bodily injury to you; or to place you or another person in reasonable fear of imminent serious bodily injury; or to harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, keep you under surveillance, impersonate (on the Internet, electronically or otherwise), batter, telephone, or contact you; or to disturb your peace; or to destroy your personal property. (For a complete definition, see Fam. Code, §§ 6203, 6320.)

a. Date of most recent abuse: 5-24-2017

1. Who was there? MYSELF / VICTOR

2. Describe how the person in ② abused you or your child(ren):
Confronted me in parking lot at Walmart. Said he would kill me and my son if my husband ( we are separated and he lives in Oregon) did not stop asking for money owed by Victor.

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

3. Did the person in ② use or threaten to use a gun or any other weapon? ☐ No ☒ Yes *(If yes, describe):*
lifted his shirt to show me a gun he had in his waistband

4. Describe any injuries:

5. Did the police come? ☒ No ☐ Yes
If yes, did they give you or the person in ② an Emergency Protective Order? ☐ Yes ☐ No ☐ I don't know
*Attach a copy if you have one.*
The order protects ☐ you or ☐ the person in ②

**This is not a Court Order.**

Revised July 1, 2016     **Request for Domestic Violence Restraining Order** (Domestic Violence Prevention)     DV-100, Page 5 of 6

Exhibit 1 - Page 14 of 17
Case 16-03114-pcm   Doc 152   Filed 07/05/17

(27) **Describe Abuse (continued)**

Has the person in (2) abused you (or your child(ren)) other times?

b. Date of abuse: various times over the years

1. Who was there?

2. Describe how the person in (2) abused you or your child(ren):
made threats to the effect that he knew how to get even with people

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

3. Did the person in (2) use or threaten to use a gun or any other weapon? ☐ No ☒ Yes *(If yes, describe):*
lifted his shirt to show me a gun in his waist band

4. Describe any injuries:

5. Did the police come? ☒ No ☐ Yes

If yes, did they give you or the person in (2) an Emergency Protective Order?

☐ Yes ☐ No ☐ I don't know *Attach a copy if you have one.*

The order protects ☐ you or ☐ the person in (2)

*If the person in (2) abused you other times, check here ☐ and use Form DV-101, Description of Abuse or describe any previous abuse on an attached sheet of paper and write "DV-100, Previous Abuse" for a title.*

(28) **Other Persons to Be Protected**

The persons listed in item (3) need an order for protection because *(describe):* Victor Szanto is a very

violent person, and I would rather be safe than sorry.

(29) Number of pages attached to this form, if any:

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 24 May 2017

Susan Szanto
*Type or print your name*

*Sign your name*

Date:

*Lawyer's name, if you have one*          *Lawyer's signature*

This is not a Court Order.

For your protection and privacy, please press the Clear This Form button after you have printed the form.   Print This Form   Save this form    **Clear this form**

Case 16-03114-pcm   Doc 152   Filed 07/05/17

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address):
Susan Szanto
11 Shore Pine Dr.
Newport Beach Ca 92657

TELEPHONE NO.: 949-720-7005   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): self   BAR NO.:

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☒ Lamoreaux - 341 The City Drive, Orange, CA 92868-3205

PETITIONER/PROTECTED PARTY: Susan Szanto

RESPONDENT/RESTRAINED PARTY: Victor Szanto

**DECLARATION RE: NOTICE OF EX PARTE APPLICATION (FAMILY LAW)**

CASE NUMBER: 17V001202

Use one form for each person to whom notice was given.

I, ___Susan Szanto___ , declare that:
(PRINT NAME)

*(Check and complete section 1 below if notice was given to the opposing party regarding the ex parte application. Check and complete section 2 below if notice was not given.)*

1. ☒ **I informed the other party** in this action, (list party): __Victor Szanto__ , that I would be

   seeking a ☒ temporary restraining order ☒ other ex parte hearing (specify) __Stay-away order__

   a. Date and time informed: __5-24-17 @ 9AM__

   b. How informed:
      (1) ☐ By telephone (name): _____
      (2) ☐ By telephone to the attorney (name): _____
      (3) ☒ By personally informing (name): __Victor Szanto__
      (4) ☐ Other: _____

   c. I informed the person listed above that he/she should appear at the following location on (date) _____
      _____ at (time) _____ if he/she wished to be heard by the court:
      (1) ☐ Dept. _____ located at Lamoreaux Justice Center, 341 The City Drive, Orange, CA 92868
      (2) ☐ Dept. _____ located at Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701
      (3) ☐ Family Law Clerk's Office located at Lamoreaux Justice Center, 341 The City Drive, 7th Floor, Orange, CA 92868 (Give notice to appear in the Family Law Clerk's Office if no courtroom has been assigned.)

2. ☒ **I have not given notice** to the other party in this action for the following reason (Include any attempts made, if you were unable to serve):
   __I plan to give notice by__
   __having sheriff serve him at home.__
   __Too upset at this time very nervious__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: __5/24/17__                         _(signature)_
                                          (SIGNATURE OF DECLARANT)

Approved for Optional Use
L-1124 Rev. 7-16-09

**DECLARATION RE: NOTICE OF EX PARTE APPLICATION
(FAMILY LAW)**

California Rules of Court, rule 3.1203(d)
Orange County Local Rule 704
OC-1124

Exhibit 1 - Page 16 of 17

Case 16-03114-pcm   Doc 152   Filed 07/05/17

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Susan Szanto<br>16 Shore Pine Dr<br>Newport Beach CA 92657 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER |
| TELEPHONE NO.: 949 720 7005    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR *(Name):*    BAR NO.: | MAY 24 2017<br>DAVID H. YAMASAKI, Clerk of the Court |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☑ Lamoreaux - 341 The City Drive, Orange, CA 92868-3205 | BY: V. RAMIREZ , DEPUTY |
| PLAINTIFF/PETITIONER: Susan Szanto | |
| DEFENDANT/RESPONDENT: Victor Szanto | |
| **FAMILY LAW NOTICE RE RELATED CASE** | CASE NUMBER:<br>**17 V0 012 02** |

The parties must file this form with the Superior Court of Orange County, when a family law case is filed with the Court and when a party discovers that there is a related case. **A related case means one or both parties and/or minor children of the parties are involved in other cases.** Examples of related cases include another family law case, a domestic violence case, a child support collection case, a criminal case, and a juvenile case involving a minor child of one or both of the parties.

Fill in the requested information:

1. I also used the name(s):   NONE

2. The other party's name is:   VICTOR SZANTO   ;
   He/She has also used the name(s): _____

3. ☐ Other court cases involving either party or a child of either party:
   (If known, please include the case numbers)

   | Case Number | Case Name | Court Location/<br>Justice Center | Person Involved |
   |---|---|---|---|
   | a. | NONE | | |
   | b. | | | |
   | c. | | | |
   | d. | | | |

4. ☐ There are no other court cases involving either party or a child of either party.

Date: 5/24/17

Susan Szanto
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

*(signature)*
(SIGNATURE OF PARTY OR ATTORNEY)

Approved for Optional Use
Form # L-1120
Rev. May 6, 2010

**FAMILY LAW NOTICE RE RELATED CASE**

Superior Court of Orange County
Local Rule 701.5
OC-L1120

**Exhibit 1 - Page 17 of 17**
Case 16-03114-pcm    Doc 152    Filed 07/05/17



**Exhibit 2 - Page 1 of 1**

Case 16-03114-pcm    Doc 152    Filed 07/05/17

1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re:                          ) Case No. 16-33185-pcm11
                                )
PETER SZANTO,                   ) Adv. Proc. No. 16-03114-PCM
                                )
                Debtor.         )
                                )
_____ )
                                )
PETER SZANTO,                   )
                                )
                Plaintiffs,     )
                                )
        v.                      )
                                )
EVYE SZANTO, VICTOR SZANTO,     )
NICOLE SZANTO, KIMBERLEY        )
SZANTO, MARIETTE SZANTO,        )
ANTHONY SZANTO, AUSTIN BELL,    )
JOHN BARLOW, and BARBARA        )
SZANTO ALEXANDER,               )
                                )
                Defendants.     )
_____ )

MOTION TO COMPEL HEARING

Before Honorable Peter McKittrick

Proceedings recorded by digital sound recording;
transcript provided by Registered Professional Reporter.

2

1                    (Motion to Compel Hearing)

2                              * * *

3          THE COURT:  This is the time set for a hearing

4    regarding motions to compel certain discovery in the

5    matter of Szanto v. Szanto, Adversary No. 16-3114.  And

6    I think the way, unless anybody has a better idea, we

7    should proceed is I'd like to talk about Mr. Szanto's

8    motion first with respect to compelling discovery.  And

9    I'm trying to break down what I think the issues are,

10   and so let's go through them and address them as I go

11   through them.

12          The first matter raised by Mr. Szanto is the

13   fact that Mr. Henderson's office won't communicate with

14   him by telephone and will only do so by e-mail.  That's

15   something I don't intend to get in the middle of.  I

16   think the way that the parties elect to manage their

17   practice is up to them, and there's nothing in the rules

18   that requires lawyers and pro se parties or lawyers and

19   lawyers to communicate by phone versus e-mail.

20          So, Mr. Szanto, unless you have something else

21   to say on that, I'm not inclined to order

22   Mr. Henderson's office to do anything other than what

23   they're doing.

24          MR. SZANTO:  No.  No.  And I -- I -- I don't

25   think I pounded the table on that issue.  It was just

1    request for documents as well.

2                MR. SZANTO:  Very good, Your Honor.

3                THE COURT:  And then with respect to the

4    request for admissions, I believe there was an

5    allegation by the defendants that there was an

6    insufficient response.

7                MR. HENDERSON:  That's correct, Your Honor.

8                THE COURT:  And it seems to me that really

9    what he was saying in each of his responses was he

10   denied.

11               MR. HENDERSON:  And -- and I even mentioned

12   that in the motion.  But because the rule is specific

13   about specific denials or admissions or objections

14   stating that the admission or denial can't be made after

15   reasonable investigation, I just want it clear on the

16   record that he is, in fact, denying these requests

17   because if it comes back later, if we prove that he

18   should've admitted these requests and we seek fees at

19   that point in time, I don't want it to be any ambiguity

20   on the record that he did, in fact, deny these requests.

21               MR. SZANTO:  Your Honor, I think what's really

22   significant is that -- the analysis that I did in regard

23   of just the way that people talk and how asking a

24   negatively phrased question seeking a denial is not the

25   intent of the legislation.  And then the citation -- and

46

1    the citation was not meant as a -- something that I'm

2    relying on.

3              The citation was meant as a demonstration of

4    how a negatively phrased request for a denial should be

5    analyzed, that when -- when Congress created the request

6    for admissions that's exactly what they created.  They

7    did not create a request for a denial.  Admitting

8    something -- as the judge in this case that I attached

9    explains, admitting something is very, very different

10   from denying something.

11             And for the purposes of this case at this

12   stage we're -- the denial acts as the method whereby we

13   put something into issue, okay?  They've attempted to

14   bastardize the whole idea of a motion for -- of a

15   request for admission by making it seem that a denial is

16   as positive and assertive as an admission.  And that is

17   philosophically, epistemologically, cosmologically in

18   error.

19             THE COURT:  That's a lot of big words.

20             MR. SZANTO:  Those are big words, but those

21   are the words that I need to use.  That when you admit

22   something, by golly, you've admitted it.  When you've

23   denied it then we've got something to argue about, and

24   that's what the trial is about.

25             THE COURT:  Well, I certainly agree you need

47

1   to read these twice to be sure that you're not admitting

2   something that you mean to deny.

3            But as I read each of your responses for

4   instance, Request No. -- Admission No. 6, just to use an

5   example, "Admit that none of the defendants have

6   converted any property belonging to you," and you say,

7   "All or some of the defendants have converted property

8   belonging to me," so you're denying that request for

9   admission.

10           MR. SZANTO:  I'm putting it at issue.

11           MR. HENDERSON:  Your Honor, that's exactly

12  what the Walmart case says that Mr. Szanto cited, which

13  is if he admits it, it's admitted.  It's done.  It's

14  conclusively found as a fact.  If he denies it, it's

15  disputed.  It's at issue.  And if that's what Mr. Szanto

16  wants to do, he should deny it so that I can have a

17  clear record for purposes of the rule.

18           MR. SZANTO:  But -- but --

19           THE COURT:  Well --

20           MR. SZANTO:  But -- I apologize for

21  interrupting, Your Honor.  If -- if I may?

22           THE COURT:  Sure.  Go ahead.

23           MR. SZANTO:  That is not what the rule wants.

24  The rule is a request for admissions.  Mr. Henderson

25  wants to turn it into a request for denials, and that's

48

1   not the rule.

2           Asking a negatively phrased question gets us

3   nowhere.  And the real -- the fundamental essence of

4   this -- of this issue is he can ask a request for

5   admissions very well.  The problem is it is his intent

6   not to put things at issue.  It is his intent to create

7   confusion so that we don't know what we're talking

8   about.

9           THE COURT:  Well, if that was his intention,

10  you have stopped him by understanding the English

11  language well enough to know whether to admit or deny

12  it.  So I'm taking -- for instance, Admission No. 6, I'm

13  taking your response as a denial.  And if I'm wrong, you

14  need to tell me now.

15          But I think that's what you're intending to do

16  'cause he's -- he's asked you to admit that none of the

17  defendants have converted any property belonging to you

18  and you've alleged they have, so you're denying his

19  request.  You're saying, "No, that's not true," right?

20          MR. SZANTO:  Exactly.  Exactly.

21          THE COURT:  Okay.  So I'm -- I'm reading all

22  of his responses that are phrased that way to be

23  denials, and I think that is sufficient in terms of what

24  the rule requires.  The one question I did have is on

25  Admission No. 5.  It says, "Admit that you have

49

1    designated as a vexatious litigant in California state

2    courts."  And your response is "Confusing as currently

3    phrased.  Deny in the form presented."

4              MR. SZANTO:  Yes.

5              THE COURT:  So are you denying that you have

6    been designated as a vexatious litigant in California?

7              MR. SZANTO:  No.  What I'm denying, that

8    it's -- the Ninth Circuit Court of Appeals overturned

9    that.  And so that issue --

10             THE COURT:  So you are denying it?

11             MR. SZANTO:  Yes.

12             THE COURT:  Okay.  All right.  So I don't

13   think there's anything further for the debtor to do with

14   respect to your request for admissions, Mr. Henderson,

15   unless I've missed something.

16             MR. HENDERSON:  So I just want to be clear for

17   the record that any of the requests for admissions in

18   which the debtor objected to the contrapositive form of

19   question, which attempts to confuse the responding

20   party, are treated as -- those are going to be deemed by

21   the Court as denials.

22             THE COURT:  Correct.  Yes.

23             MR. HENDERSON:   Thank you.

24             THE COURT:  All right.  So last thing we have

25   is request for attorney's fees that Mr. Henderson's

1    be also -- that -- that --

2              THE COURT:  What do you mean, "one or more

3    issues will need to be protected"?

4              MR. SZANTO:  Off the top of my head I do not

5    know the entire content of what they've asked me to

6    produce, but there may be something that would qualify

7    for protection, so --

8              THE COURT:  You mean because it's not relevant

9    or because it's personal information or -- when you say

10   "protected," what do you mean?

11             MR. SZANTO:  Well, along those lines.  You

12   know, personal information, something that -- again, I

13   was just thinking out loud.  It's --

14             THE COURT:  All right.  Well, if there's a

15   problem, you're going to let me know because --

16             MR. SZANTO:  Yes.

17             THE COURT:  -- I'm going to hold a hearing

18   right away on it.

19             MR. HENDERSON:  Your Honor, I do want to raise

20   one issue about the request for production and the

21   interrogatories that the defendants propounded upon the

22   plaintiff.  And to prepare for this hearing I listened

23   to the audio from the April 6th status conference.  And

24   I specifically indicated on the record at that hearing

25   that we had sent not only a request for admissions, but

1   request for production and interrogatories on

2   February 27th.

3            And because there was no response by the

4   defendant within the time period provided by the rules,

5   all of -- all of his objections are waived.  And

6   that's -- we're getting back into the issue about hiring

7   a third-party vendor to look at the e-mails.  At this

8   point unless we're going to get into that -- sort of

9   this issue and actually prove whether Mr. Szanto did or

10  did not receive those requests, he should not be able to

11  respond by the 25th with any objections whatsoever.

12  And, in fact --

13           THE COURT:  Well, I'll certainly take that

14  into consideration if he does.

15           MR. HENDERSON:  Thank you.

16           THE COURT:  Yeah.  I mean, it's time to get

17  the documents over to them.

18           MR. SZANTO:  Of course.

19           THE COURT:  And do it completely and

20  thoroughly.  And if there is some objection, then I'll

21  consider whether it's been waived.  And if it hasn't

22  been waived, it better be darn valid.  Am I clear?

23           MR. SZANTO:  Yes, Your Honor.

24           THE COURT:  Perfect.  All right.  Anything

25  else?

82

1          MR. HENDERSON:  Not today, Your Honor.  Thank

2    you.

3          THE COURT:  All right.  Thank you all for your

4    patience.

5          MR. SZANTO:  Thank you, Your Honor.

6          THE COURT:  Good luck.

7                         * * *

8          (Conclusion of audio recording.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

83

1                          CERTIFICATE

2    I hereby certify that the foregoing is a true and correct

3    transcript of the digital audio recording provided.

4

5    Dated June 27, 2017

6

7    _Lindsey Weresch_
     _____

8    Lindsey Weresch
     Registered Professional Court Reporter
9    Oregon CSR No. 14-0427
     Washington CCR No. 3314
10   My CSR Expires: June 30, 2020

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| **From:** | Nick Henderson |
| **Sent:** | Friday, May 26, 2017 2:29 PM |
| **To:** | 'Peter Szanto' |
| **Cc:** | David Olsen; Troy Sexton; Chris Sturgeon |
| **Subject:** | Szanto v. Szanto, et al.; Notice of Intent to File Motion for Contempt |

**Importance:** High

Mr. Szanto,

First, please consider this email a withdrawal of the objections stated in all of the Defendants' Responses to your Interrogatory Number 5.  You complained about the objections in the voicemail message you left for me last night.  While I believe you are completely wrong in your understanding of the attorney-client privilege and work product doctrines, the issue is of no concern, as the Defendants' responses to Interrogatory Number 5 do not change in the absence of the objections.  Note that this is not a waiver of the attorney-client privilege or work-product doctrine, but is simply a withdrawal of specific objections stated in response to a specific Interrogatory (No. 5).  Again, even with the withdrawal of the objections to Interrogatory Number 5, all of the Defendants' responses to Interrogatory Number 5 remain the same.

Next, regarding your responses to Defendants' discovery requests, you sent one (1) email to me at approximately 9:16 p.m., with the subject line "Szanto-peter 18.871 MB".  The email contained the following six (6) PDF attachments:

| <u>File Name</u> | <u>Size</u> | <u>Description by NJH</u> |
|---|---|---|
| "3 mill trust deed.pdf" | 9.87 MB (10,357,686 bytes) | 15 pages total; deed of trust granted by Paul Szanto to Wells Fargo Bank, recorded in San Mateo County at 1:27 p.m. on 12/27/2007 |
| "credit report pfct.pdf" | 3.34 MB (3,505,410 bytes) | 32 pages total; Experian credit report dated 2/13/2006 for Peter Szanto; page 1 starts with heading "Investigation Results." |
| "EXHIBIT A IRS.pdf" | 859 KB (880,468 bytes) | 2 pages total; IRS Form 4549-A "Income Tax Examination Changes", marked as Exhibit A |
| "H1.pdf" | 2.60 MB (2,733,417 bytes) | 25 pages total; labeled as "Plaintiff's Timely Responses to First 25 Discrete Interrogatories Propounded By the Defendants." |
| "H2.pdf" | 914 KB (936,146 bytes) | 7 pages total; labeled as "Plaintiff's Responses to First Request for Production." |
| "Tax Court Petition.pdf" | 886 KB (907,857 bytes) | 17 pages total; United States Tax Court Petition filed 4/26/2016, United States Tax Court Case No. 9519-16 |

Additionally, I received a voicemail message from you yesterday evening, confirming that you sent me the discovery responses, containing "18.871 megabytes."  You stated in the voicemail that  "everything went in one email."

I have now had a chance to review the documents you sent to me in the one email.  The responses are incredibly deficient, as described in more detail below.  While I am no longer required to confer with you before filing a motion on this subject, I am writing to you to give you a chance to correct your deficiencies before I file a motion for

contempt. <u>Completely</u> correct the deficiencies set forth below by 5:00 p.m. on Tuesday, May 30, 2017, or I will file a motion for contempt on Wednesday, May 31, 2017.

## I. Interrogatory Responses.

a. <u>Your objections were waived</u>. First, your responses contain objections. See, e.g. your responses to Interrogatories 3 a, b and c. These objections are improper as they have been waived as a result of your <u>untimely</u> response. When served with interrogatories, the responding party must serve its answers and any objections within 30 days. Fed.R.Civ.P. 33(b)(2). (4) Any grounds for objection not stated in a <u>timely</u> objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). You received the Interrogatories on February 27, 2017. You did not respond until May 25, 2017. Your objections have been waived, and thus your incomplete answers that rely on objections are deficient and violate Rule 33 and the Court's order compelling you to respond.

b. <u>You failed to provide any answer to Interrogatories 9-23</u>. Next, your interrogatory responses are also deficient because you did not completely answer all of the interrogatories propounded upon you. I understand that you believe you are only required to respond to the first 25 subparts, but your belief is incorrect. Subparts are only counted as "discrete" subparts for purposes of the limit set forth in FRCP 33(a)(1) if they are not related to a common theme. <u>See, e.g., In re Lithium Ion Batteries Antitrust Litig., No. 13MD02420YGRDMR</u>, 2015 WL 1221924, at *2 (N.D. Cal. Mar. 17, 2015)("Although the rule does not define the term 'discrete subparts,' a number of courts have construed the term to mean that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'); <u>citing Safeco of Am. v. Rawstrom</u>, 181 F.R.D. 441, 445 (C.D.Cal.1998) (citation omitted); <u>also citing Trevino v. ACB Am., Inc.</u>, 232 F.R.D. 612, 614 (N.D.Cal.2006); <u>also citing</u> 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39–40 (3d ed.2010) ("it would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation.").

All of the interrogatories that contain subparts are related to common themes, they are simply asking you to provide certain details for your responses. As a result, you have failed to provide any response to Interrogatories 9-23, violating Rule 33 and the Court's order. To correct the deficient responses to interrogatories and persuade me to refrain from filing a motion for contempt, you will need to remove all of your stated "objections," and you will need to provide <u>complete</u> and accurate responses to Interrogatories 1 through 23.

## II. Requests for Production

a. <u>Your objections were waived</u>. As with the interrogatories, you waived any objections you may have had to the Request for Production by failing to provide a timely response. You received the Request for Production the same day that you received the Request for Admissions and First Set of Interrogatories: February 27, 2017. Your response to the Request for Production was presented May 25, 2017, almost 90 days later. Responses were due 30 days after the Request for Production was propounded upon you. Fed.R.Civ.P. 34(b)(2)(A). Your failure to provide objections to the discovery requests waives your objections. <u>See Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir.) (stating that "[f]ailure to object to [documents] requests within the time required constitutes a waiver of any objection."), <u>cert. denied</u>, 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992).

b. <u>You failed to produce responsive documents</u>. As stated above, you provided a total of six documents. There are glaring deficiencies in your production, described more particularly below. For some of the documents requested, you state you need more time to obtain the documents from a "secure location." Essentially,

you are unilaterally granting yourself an extension of time, in complete disregard of two of the Court's orders.

As it stands today, you've failed to provide documents responsive to the following requests for production:

i.      Request No. 1.: All documents identified in your Response to Interrogatories. While you have failed to provide responses to Interrogatories 9-23 (which is a basis for contempt in and of itself), you failed to provide documents that you identified in your responses to Interrogatories 1-8. This is a basis for being held in contempt. Specifically, you identified the following documents that you also failed to produce:

   (a) Response to Interrogatory No. 5: "Plaintiff intends to introduce Klara Szanto and Paul Szanto's bank records, tax returns, business records, personal letters, diaries and records from the litigation wherein the issues which led to payment of $250,000 were raised."
   (b) Response to Interrogatory No. 6: "Paul Szanto's bank records, tax returns, business records, personal letters, and diaries."
   (c) Response to Interrogatory No. 6: "Klara Szanto's bank records, tax returns, business records, personal letters, and diaries."

ii.     Request Numbers 2 through 8: You failed to produce documents you claim exist, and you requested more time in disregard of the Court's orders.

iii.    Request Number 9.: I interpret your response to Request No. 9 to mean that you do not have any documents (other than the Exhibit A) that would evidence use, by the Defendants, of any loan or credit card accounts that were opened in your name. <u>Please confirm</u>.

iv.     Request Number 10: I interpret your response to Request No. 10 to mean that you do not have any documents, other than the six documents you've produced, that are related to taxes assessed to you as alleged in Paragraph 22 of the First Amended Complaint. <u>Please confirm</u>.

v.      Request Numbers 11 and 12: You failed to produce documents you claim exist, and you requested more time in disregard of the Court's orders.

vi.     Request Number 13: I interpret your response to Request No. 13 to mean that you do not have any documents, other than documents you think you will get from Defendants, that would describe or support the damages you've alleged in the First Amended Complaint. <u>Please confirm</u>.

I look forward to hearing from you on these matters.

Regards,



Nicholas J. Henderson
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR  97204-3029
Direct Tel: 503-417-0508; Direct Fax: 503-417-0528
nhenderson@portlaw.com
www.portlaw.com

This message is confidential and privileged.  If you are not the intended recipient, any use, distribution or copying is prohibited.  If received in error, please contact the sender.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, I served the foregoing DECLARATION OF

NICHOLAS J. HENDERSON IN SUPPORT OF DEFENDANTS' RESPONSE TO

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND DISCLOSURE on the

following by mailing first class, postage prepaid:

> Peter Szanto
> POB 4614
> Portland OR 97208

And BY EMAIL TO:

szanto.pete@gmail.com

THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:

- DAVID OLSEN   lawofficeofolsen@gmail.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

> MOTSCHENBACHER & BLATTNER, LLP
>
> /s/ Christopher Sturgeon
> Christopher Sturgeon, Legal Assistant
> Motschenbacher & Blattner LLP
> Of Attorneys for Defendants

**Nicholas J. Henderson, OSB #074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB #115184**
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>PETER SZANTO,<br><br>     Debtor.<br><br>———————————————<br><br>PETER SZANTO,<br><br>    Plaintiffs,<br><br>  v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br><br>    Defendants. | Case No. 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-PCM<br><br>DECLARATION OF VINCENT SZANTO IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND DISCLOSURE |

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

I, Victor Szanto, hereby declare the following under penalty of perjury:

1.      I am one of the Defendants in the above captioned case.

2.      I am over the age of 18, and I have personal knowledge of the facts stated in this declaration, and would testify to the same if called to do so.

3.      I reviewed Plaintiff Peter Szanto's First Request for Production propounded on the Defendants in this case, and the limitations imposed by the Court at the May 18, 2017 hearing.

4.      After reviewing Plaintiff's discovery requests and the Court's ruling limiting those requests, I reviewed all of the family files in my possession to locate and compile responsive documents.

5.      All of the responsive documents I could locate that are in my possession were produced to Plaintiff in this case on May 25, 2017.

6.      Additionally, on May 25, 2017 I signed my Response to Plaintiff's First Set of Interrogatories, and my attorney served copies on Plaintiff.

7.      On June 8, 2017, as I was walking into my deposition for this case, I was served with a set of documents related to a Domestic Violence case pending in Orange County, California.  This was the first time I had ever heard about any allegations regarding a supposed encounter between me and Susan Szanto.  A true and correct copy of the documents I was served with is attached as Exhibit 1.

8.      I adamantly deny that the alleged encounter at Walmart ever took place.  I can provide photographs and witness statements attesting to my whereabouts on May 24, 2017, which were not anywhere near Orange County, California.  Furthermore, I have never met Susan Szanto in my entire life, and I would not recognize her if I saw her today.

Page 2 – DECLARATION OF VICTOR SZANTO

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

9.      A hearing was initially set for June 6, 2017 in the Nevada Domestic Violence case.  That hearing was scheduled by the Nevada Court, not by the Defendants.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.


DATED July 5, 2017.


/s/ Victor Szanto
Victor Szanto

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

651-622-8838

# DV-110 V-99 Temporary Restraining Order

*Person in ① must complete items ①, ②, and ③ only.*

*Clerk stamps date here when form is filed.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

MAY 24 2017

DAVID H. YAMASAKI, Clerk of the Court

BY: V. RAMIREZ DEPUTY

## ① Name of Protected Person: Susan Szanto

Your lawyer in this case *(if you have one)*:
Name: _____
Firm Name: _____ State Bar No.: _____
**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.)*:
Address: 11 Shore Pine
City: Newport Beach State: CA Zip: 92657
Telephone: 949-720 7005 Fax: _____
E-mail Address: _____

*Fill in court name and street address:*

Superior Court of California, County of Orange
Lamoreaux Justice Center
341 The City Drive
P.O. Box 14169
Orange, CA 92863-1570
Family Law

## ② Name of Restrained Person: Victor Szanto

Description of restrained person:

*Court fills in case number when form is filed.*

**Case Number:**
**17V001202**

Sex: ☑ M ☐ F Height: 5'6" Weight: 150 Hair Color: BALD Eye Color: BRWN
Race: WHITE Age: 59 Date of Birth: REDACTED
Address *(if known)*: 1728 Highway 50
City: Glenbrook State: NV Zip: 89413
Relationship to protected person: brother-in-law

## ③ ☑ Additional Protected Persons

In addition to the person named in ①, the following persons are protected by temporary orders as indicated in items ⑥ and ⑦ *(family or household members)*:

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| Jakkob Szanto | Son | M | 20 |
| | | | |
| | | | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-110, Additional Protected Persons" as a title.*

*The court will complete the rest of this form.*

## ④ Court Hearing

*This order expires at the end of the hearing stated below:*

Hearing Date: 6-14-17 Time: 8:30 ☑ a.m. ☐ p.m. L11

## This is a Court Order.

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

Legal Solutions Plus

DV-110, Page 1 of 6 →



Exhibit 1 - Page 1 of 12

Case 16-03114-pcm   Doc 152   Filed 07/05/17

_V-99_

Case Number:
**17 V0012:02**

☒ a. **Criminal Protective Order**

☐ A criminal protective order on Form CR-160; *Criminal Protective Order—Domestic Violence*, is in effect.
Case Number: _____ County: _____ Expiration Date: _____

☒ b. No information has been provided to the judge about a criminal protective order.

### To the person in ❷

The court has granted the temporary orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

**⑥ Personal Conduct Orders** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:

a. You must **not** do the following things to the person in ① and ☒ persons in ③ :

☒ Harass, attack, strike, threaten, assault *(sexually or otherwise)*, hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise)*, or block movements

☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means

☒ Take any action, directly or through others, to obtain the addresses or locations of the persons in ① *and* ③. *(If this item is not checked, the court has found good cause not to make this order.)*

b. Peaceful written contact through a lawyer or process server or another person for service of Form DV-120 *(Response to Request for Domestic Violence Restraining Order)* or other legal papers related to a court case is allowed and does not violate this order.

c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**⑦ Stay-Away Order** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:

a. You must stay at least *(specify)*: __100__ yards away from *(check all that apply)*:

☒ The person in ①          ☒ School of person in ①
☒ Home of person in ①      ☒ The persons in ③
☒ The job or workplace of person in ①   ☐ The child(ren)'s school or child care
☒ Vehicle of person in ①   ☐ Other *(specify)*: _____

b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**⑧ Move-Out Order** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

You must take only personal clothing and belongings needed until the hearing and move out immediately from *(address)*: _____

### This is a Court Order.

Revised July 1, 2016

**Temporary Restraining Order**
**(CLETS—TRO)**
(Domestic Violence Prevention)

DV-110, Page 2 of 6 →

Exhibit 1 - Page 2 of 12
Case 16-03114-pcm   Doc 152   Filed 07/05/17



## V-99

### a. Guns or Other Firearms or Ammunition

You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. You must:

- Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
- Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, stored, or sold. (You may use <u>Form DV-800</u>, *Proof of Firearms Turned In, Sold, or Stored,* for the receipt.) Bring a court filed copy to the hearing.

c. ☐ The court has received information that you own or possess a firearm.

**⑩ Record Unlawful Communications**

☐ **Not requested** ☐ **Denied until the hearing** ☒ **Granted as follows:**

The person in ① can record communications made by you that violate the judge's orders.

**⑪ Care of Animals** ☒ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

The person in ① is given the sole possession, care, and control of the animals listed below. The person in ② must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____

**⑫ Child Custody and Visitation** ☒ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____ . The parent with temporary custody of the child must not remove the child from California unless the court allows it after a noticed hearing (Fam. Code, § 3063).

**⑬ Child Support**

Not ordered now but may be ordered after a noticed hearing.

**⑭ Property Control** ☒ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

Until the hearing, *only* the person in ① can use, control, and possess the following property:

_____

**⑮ Debt Payment** ☒ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

The person in ② must make these payments until this order ends:

Pay to: _____ For: _____ Amount: $ _____ Due date: _____

Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**⑯ Property Restraint** ☒ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

If the people in ① and ② are married to each other or are registered domestic partners, ☐ the person in ① ☐ the person in ② must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in ② cannot contact the person in ① if the court has made a "no contact" order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

### This is a Court Order.

Revised July 1, 2016     **Temporary Restraining Order**     DV-110, Page 3 of 6
**(CLETS—TRO)**
**(Domestic Violence Prevention)** →

Exhibit 1 - Page 3 of 12

Case 16-03114-pcm  Doc 152  Filed 07/05/17

Case Number:
**17 V001202**

Not ordered now but may be ordered after a noticed hearing.
~~pousal Support~~

(18) **Rights to Mobile Device and Wireless Phone Account**

   **a. Property control of mobile device and wireless phone account**
     ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:
     Until the hearing, only the person in ① can use, control, and possess the following property:
     Mobile device *(describe)* _____ and account *(phone number)*: _____
     Mobile device *(describe)* _____ and account *(phone number)*: _____
     Mobile device *(describe)* _____ and account *(phone number)*: _____
     ☐ *Check here if you need more space. Attach a sheet of paper and write "DV-110 Rights to Mobile Device and Wireless Phone Account" as a title.*

   **b. Debt Payment** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:
     The person in ② must make these payments until this order ends:
     Pay to *(wireless service provider)*: _____ Amount: $_____ Due date: _____

   **c. Transfer of Wireless Phone Account**
     Not ordered now but may be ordered after a noticed hearing.

(19) **Insurance**
     ☐ The person in ① ☐ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose
     of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if
     any, for whom support may be ordered, or both.

(20) **Lawyer's Fees and Costs**
     Not ordered now but may be ordered after a noticed hearing.

(21) **Payments for Costs and Services**
     Not ordered now but may be ordered after a noticed hearing.

(22) **Batterer Intervention Program**
     Not ordered now but may be ordered after a noticed hearing.

(23) **Other Orders** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:
_____
_____
_____
_____
_____
_____

     ☐ *Check here if there are additional orders. List them on an attached sheet of paper and write "DV-110, Other Orders" as a title.*

(24) **No Fee to Serve (Notify) Restrained Person**
     If the sheriff serves this order, he or she will do so for free.

Date: **MAY 2 4 2017**

_Donald Eff_
*Judge (or Judicial Officer)*

Judge Donald F. Gaffney

**◥ This is a Court Order. ◤**

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

Exhibit 1 - Page 4 of 12

## If You Do Not Obey This Order, You Can Be Arrested And Charged With a Crime.

* If you do not obey this order, you can go to jail or prison and/or pay a fine.
* It is a felony to take or hide a child in violation of this order.
* If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

## You Cannot Have Guns, Firearms, And/Or Ammunition.

 You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.

### Service of Order by Mail

If the judge makes a restraining order at the hearing, which has the same orders as in this form, you will get a copy of that order by mail at your last known address, which is written in ②. If this address is incorrect, or to find out if the orders were made permanent, contact the court.

### Child Custody, Visitation, and Support

* **Child custody and visitation:** If you do not go to the hearing, the judge can make custody and visitation orders for your children without hearing from you.

* **Child support:** The judge can order child support based on the income of both parents. The judge can also have that support taken directly from a parent's paycheck. Child support can be a lot of money, and usually you have to pay until the child is age 18. File and serve a _Financial Statement (Simplified)_ (form FL-155) or an _Income and Expense Declaration_ (form FL-150) if you want the judge to have information about your finances. Otherwise, the court may make support orders without hearing from you.

* **Spousal support:** File and serve an _Income and Expense Declaration_ (form FL-150) so the judge will have information about your finances. Otherwise, the court may make support orders without hearing from you.

### 🔲 Instructions for Law Enforcement

This order is effective when made. It is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the order and then shall enforce it. Violations of this order are subject to criminal penalties.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

### 🔲 This is a Court Order. 🔲

Exhibit 1 - Page 5 of 12

Case 16-03114-pcm    Doc 152    Filed 07/05/17

Case Number:
**17 V0012 02**

## ...ected Person Contacts the Restrained Person

...the protected person invites or consents to contact with the restrained person, the orders remain in effect and must ...forced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, §13710(b).)

## Conflicting Orders–Priorities for Enforcement

**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced according to the following priorities (see Pen. Code, § 136.2, and Fam. Code, §§ 6383(h), 6405(b)):**

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001), and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## Child Custody and Visitation

- The custody and visitation orders are on form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.
- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

---

### Certificate of Compliance With VAWA

This temporary protective order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA), upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

---

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

DAVID H. YAMASAKI

Date: MAY 2 4 2017          Clerk, by _____ , Deputy

VICKY RAMIREZ

*(Seal: SUPERIOR COURT OF CALIFORNIA, Clerk's Certificate, COUNTY OF ORANGE)*

**This is a Court Order.**

## V-99
## Temporary Restraining Order

*Clerk stamps date here when form is filed.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

MAY 24 2017

DAVID H. YAMASAKI, Clerk of the Court

BY: V RAMIREX DEPUTY

___ *must complete items* ① , ② , *and* ③ *only.*

**Name of Protected Person:** Susan Szanto

Your lawyer in this case *(if you have one):*

Name: _____ State Bar No.: _____

Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*

Address: 11 Shore Pine

City: Newport Beach State: CA Zip: 92657

Telephone: 949-720-7005 Fax: _____

E-mail Address: _____

*Fill in court name and street address:*

Superior Court of California, County of Orange
Lamoreaux Justice Center
341 The City Drive
P.O. Box 14169
Orange, CA 92863-1570
Family Law

② **Name of Restrained Person:** Victor Szanto

*Court fills in case number when form is filed.*

**Case Number:** 17 V001202

Description of restrained person:

| | |
|---|---|
| Sex: ☑ M ☐ F Height: 5'6" Weight: 150 Hair Color: BALD Eye Color: BRWN | |
| Race: WHITE Age: 59 Date of Birth: REDACTED | |
| Address *(if known)*: 1728 High Way 50 State: NV Zip: 89413 | |
| City: Glenbrook | |
| Relationship to protected person: brother-in-law | |

③ ☑ **Additional Protected Persons**

In addition to the person named in ① , the following persons are protected by temporary orders as indicated in items ⑥ and ⑦ *(family or household members):*

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| Jakkob Szanto | Son | M | 20 |
| | | | |
| | | | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-110, Additional Protected Persons" as a title.*

*The court will complete the rest of this form.*

④ **Court Hearing**

*This order expires at the end of the hearing stated below:*

Hearing Date: 6-14-17 Time: 8:30 ☑ a.m. ☐ p.m. LII



**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)

Legal Solutions Plus

DV-110, Page 1 of 6 →

Exhibit 1 - Page 7 of 12

Case 16-03114-pcm Doc 152 Filed 07/05/17

Case Number: **17 V001202**

## Criminal Protective Order

a. ☐ A criminal protective order on Form CR-160, *Criminal Protective Order—Domestic Violence*, is in effect.
Case Number: _____ County: _____ Expiration Date: _____

b. ☒ No information has been provided to the judge about a criminal protective order.

**To the person in ❷**

The court has granted the temporary orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

**⑥ Personal Conduct Orders** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:

a. You must **not** do the following things to the person in ① and ☒ persons in ③ :

☒ Harass, attack, strike, threaten, assault *(sexually or otherwise)*, hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise)*, or block movements

☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means

☒ Take any action, directly or through others, to obtain the addresses or locations of the persons in ① *and* ③. *(If this item is not checked, the court has found good cause not to make this order.)*

b. ☐ Peaceful written contact through a lawyer or process server or another person for service of Form DV-120 *(Response to Request for Domestic Violence Restraining Order)* or other legal papers related to a court case is allowed and does not violate this order.

c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③ , as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**⑦ Stay-Away Order** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:

a. You **must** stay at least *(specify):* |OO yards away from *(check all that apply):*

☒ The person in ①     ☒ School of person in ①
☒ Home of person in ①     ☒ The persons in ③
☒ The job or workplace of person in ①     ☐ The child(ren)'s school or child care
☒ Vehicle of person in ①     ☐ Other *(specify):* _____

b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**⑧ Move-Out Order** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

You must take only personal clothing and belongings needed until the hearing and move out immediately from *(address):* _____

**This is a Court Order.**

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

Exhibit 1 - Page 8 of 12

Case 16-03114-pcm Doc 152 Filed 07/06/17

Case Number:
**17 V0012 02**

**...ns or Other Firearms or Ammunition**

...ou cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b.  You must:
- Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
- Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, stored, or sold. (You may use *Form DV-800, Proof of Firearms Turned In, Sold, or Stored,* for the receipt.) Bring a court filed copy to the hearing.

c.  ☐ The court has received information that you own or possess a firearm.

**⑩ Record Unlawful Communications**
☐ Not requested  ☐ Denied until the hearing  ☒ Granted as follows:
The person in ① can record communications made by you that violate the judge's orders.

**⑪ Care of Animals**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:
The person in ① is given the sole possession, care, and control of the animals listed below. The person in ② must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____

_____

**⑫ Child Custody and Visitation**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:
Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____ . The parent with temporary custody of the child must not remove the child from California unless the court allows it after a noticed hearing (Fam. Code, § 3063).

**⑬ Child Support**
Not ordered now but may be ordered after a noticed hearing.

**⑭ Property Control**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:
Until the hearing, *only* the person in ① can use, control, and possess the following property:

_____

**⑮ Debt Payment**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:
The person in ② must make these payments until this order ends:
Pay to: _____ For: _____ Amount: $ _____ Due date: _____
Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**⑯ Property Restraint**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:
If the people in ① and ② are married to each other or are registered domestic partners, ☐ the person in ①
☐ the person in ②  must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in② cannot contact the person in① if the court has made a "no contact" order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**▰ This is a Court Order. ▰**



**...l Support**

...rdered now but may be ordered after a noticed hearing.

**Rights to Mobile Device and Wireless Phone Account**

a. **Property control of mobile device and wireless phone account**

    ☒ Not requested    ☐ Denied until the hearing    ☐ Granted as follows:

    Until the hearing, only the person in ① can use, control, and possess the following property:

    Mobile device *(describe)* _____ and account *(phone number):* _____

    Mobile device *(describe)* _____ and account *(phone number):* _____

    Mobile device *(describe)* _____ and account *(phone number):* _____

    ☐ *Check here if you need more space. Attach a sheet of paper and write "DV-110 Rights to Mobile Device and Wireless Phone Account" as a title.*

b. **Debt Payment**    ☒ Not requested    ☐ Denied until the hearing    ☐ Granted as follows:

    The person in ② must make these payments until this order ends:

    Pay to *(wireless service provider):* _____ Amount: $ _____ Due date: _____

c. **Transfer of Wireless Phone Account**

    Not ordered now but may be ordered after a noticed hearing.

⑲ **Insurance**

    ☐ The person in ① ☐ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

⑳ **Lawyer's Fees and Costs**

Not ordered now but may be ordered after a noticed hearing.

㉑ **Payments for Costs and Services**

Not ordered now but may be ordered after a noticed hearing.

㉒ **Batterer Intervention Program**

Not ordered now but may be ordered after a noticed hearing.

㉓ **Other Orders**    ☒ Not requested    ☐ Denied until the hearing    ☐ Granted as follows:

_____

_____

_____

_____

_____

_____

    ☐ *Check here if there are additional orders. List them on an attached sheet of paper and write "DV-110, Other Orders" as a title.*

㉔ **No Fee to Serve (Notify) Restrained Person**

If the sheriff serves this order, he or she will do so for free.

Date: **MAY 2 4 2017**

_____
*Judge (or Judicial Officer)*

Judge Donald F. Gaffney

**This is a Court Order.**

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

Exhibit 1 - Page 10 of 12

Case 16-03114-pcm  Doc 152  Filed 07/05/17

## Warnings and Notices to the Restrained Person in ②

### If You Do Not Obey This Order, You Can Be Arrested And Charged With a Crime.

If you do not obey this order, you can go to jail or prison and/or pay a fine.

* It is a felony to take or hide a child in violation of this order.
* If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

### You Cannot Have Guns, Firearms, And/Or Ammunition.



You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.

### Service of Order by Mail

If the judge makes a restraining order at the hearing, which has the same orders as in this form, you will get a copy of that order by mail at your last known address, which is written in ②. If this address is incorrect, or to find out if the orders were made permanent, contact the court.

### Child Custody, Visitation, and Support

* **Child custody and visitation:** If you do not go to the hearing, the judge can make custody and visitation orders for your children without hearing from you.
* **Child support:** The judge can order child support based on the income of both parents. The judge can also have that support taken directly from a parent's paycheck. Child support can be a lot of money, and usually you have to pay until the child is age 18. File and serve a *Financial Statement (Simplified)* (form FL-155) or an *Income and Expense Declaration* (form FL-150) if you want the judge to have information about your finances. Otherwise, the court may make support orders without hearing from you.
* **Spousal support:** File and serve an *Income and Expense Declaration* (form FL-150) so the judge will have information about your finances. Otherwise, the court may make support orders without hearing from you.

## Instructions for Law Enforcement

This order is effective when made. It is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the order and then shall enforce it. Violations of this order are subject to criminal penalties.

### Arrest Required if Order is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

## This is a Court Order.

Revised July 1, 2016

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

DV-110, Page 5 of 6

→

Exhibit 1 - Page 11 of 12

Case 16-03114-pcm   Doc 152   Filed 07/05/17

**~~Pro~~tected Person Contacts the Restrained Person**

~~If~~ the protected person invites or consents to contact with the restrained person, the orders remain in effect and must ~~be~~ enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The ~~or~~ders can be changed only by another court order. (Pen. Code, §13710(b).)

## Conflicting Orders–Priorities for Enforcement

**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced according to the following priorities (see Pen. Code, § 136.2, and Fam. Code, §§ 6383(h), 6405(b)):**

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001), and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## Child Custody and Visitation

- The custody and visitation orders are on form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.

- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

---

### Certificate of Compliance With VAWA

This temporary protective order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA), upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

---

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

DAVID H. YAMASAKI

Date: MAY 2 4 2017            Clerk, by _____, Deputy

VICKY RAMIREZ

**This is a Court Order.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, I served the foregoing DECLARATION OF

VICTOR SZANTO IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S

SECOND MOTION TO COMPEL DISCOVERY AND DISCLOSURE on the following by

mailing first class, postage prepaid:

> Peter Szanto
> POB 4614
> Portland OR 97208

And BY EMAIL TO:

szanto.pete@gmail.com

THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:

- DAVID OLSEN   lawofficeofolsen@gmail.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

> MOTSCHENBACHER & BLATTNER, LLP
>
> /s/ Christopher Sturgeon
> Christopher Sturgeon, Legal Assistant
> Motschenbacher & Blattner LLP
> Of Attorneys for Defendants

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Troy G. Sexton, OSB #115184
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>PETER SZANTO,<br><br>            Debtor.<br><br>———————————————<br><br>PETER SZANTO,<br><br>        Plaintiffs,<br><br>   v.<br><br>EVYE SZANTO, VICTOR SZANTO,<br>NICOLE SZANTO, KIMBERLEY SZANTO,<br>MARIETTE SZANTO, ANTHONY<br>SZANTO, AUSTIN BELL, JOHN BARLOW,<br>and BARBARA SZANTO ALEXANDER,<br><br>        Defendants. | Case No. 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-PCM<br><br>DECLARATION OF DAVID OLSEN IN<br>SUPPORT OF DEFENDANTS'<br>RESPONSE TO PLAINTIFF'S SECOND<br>MOTION TO COMPEL DISCOVERY<br>AND DISCLOSURE |

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

I, David Olsen, hereby declare the following under penalty of perjury:

1.      I am one of the attorneys for the Defendants in the above captioned case.

2.      I am over the age of 18, and I have personal knowledge of the facts stated in this declaration, and would testify to the same if called to do so.

3.      I took over representing Victor Szanto, Anthony Szanto and Barbara Szanto Alexander in March 2014 in the cases related to the Szanto family's probate and trust proceedings.

4.      At that time, I took over for prior counsel that had been litigating probate and trust cases against Peter Szanto in California Superior Courts.  When I took over representation, I received copies of the prior attorney's files.

5.      I reviewed Plaintiff Peter Szanto's First Request for Production propounded on the Defendants in this case, and the limitations imposed by the Court at the May 18, 2017 hearing.

6.      After reviewing Plaintiff's discovery requests and the Court's ruling limiting those requests, I reviewed all of the Szanto family files in my possession to locate and compile responsive documents.

7.      All of the responsive documents I could locate that are in my possession were produced to Plaintiff in this case on May 25, 2017.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED July 5, 2017.

/s/ David Olsen_____
David Olsen

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2017, I served the foregoing DECLARATION OF DAVID

OLSEN IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND

MOTION TO COMPEL DISCOVERY AND DISCLOSURE on the following by mailing first

class, postage prepaid:

> Peter Szanto
> POB 4614
> Portland OR 97208

And BY EMAIL TO:

szanto.pete@gmail.com

THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:

- DAVID OLSEN   lawofficeofolsen@gmail.com
- US Trustee, Portland     USTPRegion18.PL.ECF@usdoj.gov

MOTSCHENBACHER & BLATTNER, LLP

/s/ Christopher Sturgeon_____
Christopher Sturgeon, Legal Assistant
Motschenbacher & Blattner LLP
Of Attorneys for Defendants
