PETER SZANTO 503-610-0865
P.O. Box 4614
Portland OR 97208

# United States Bankruptcy Court

in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

| | |
|---|---|
| In Re Peter Szanto, Debtor | **Adversarial # 16-ap-3114** |
| ====================== | core case:16–bk-33185-pcm11 |
| Peter Szanto, Plaintiff | 1) Motion for Relief From ORDER (DE 163) Award of Fees |
| vs. | |
| Evye Szanto, et al, | |
| Defendants | 2) Declaration of Peter Szanto |
| | Hon. Judge McKittrick – Courtroom 1 |

To the Court and the defendants, **please take notice** plaintiff, herewith makes MOTION for relief from that portion of the Sanctions ORDER (DE 163) which awarded sanctions to the defendants.

## 1. STATEMENT REGARDING PRE-FILING CONFERENCE

The Court, in open Court on 4-6-17, waived the requirement - and the parties are not required to confer prior to the filing of any motion.

16-ap-3114          Relief from ORDER (DE 163) ==== 8-1-2017– pg. 1

## 2. Essential Facts

The Court's ORDER (DE 163) intended to punish plaintiff for actions and lateness regarding his discovery responses.

**The non-monetary aspects, of providing discovery as demanded by defendants have been complied with - and relief is not requested as to that issue.**

However, plaintiff asks for relief from the ORDER regarding an award of fees and the payment of money to the defendants.

The facts and evidence presented here were unknown at the time the decision against plaintiff was rendered. Therefore, there is solid evidentiary basis for relief from the effect of that ORDER.

## 3. Grounds

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Captain Blythers, Inc. v. Thompson,* (9th C. BAP, 2004) The Rules do provide, however, two avenues through which a party may obtain relief from an order: (1) a motion to alter or amend judgment under F.R.C.P. 59(e) and (2) a motion for relief from judgment under F.R.C.P. 60(b). FRCP 59(e) applies to bankruptcy proceedings under Bankruptcy Rule 9023, and Rule 60(b) applies to bankruptcy proceedings under Bankruptcy Rule 9024.

16-ap-3114      Relief from ORDER (DE 163)  ==== 8-1-2017– pg. 2

Plaintiff will make application under FRCP 60 for relief from the ORDER of Sanctions (DE 163). FRCP 60(c) provides only that the motion be filed within a reasonable time. (DE 163) was filed 7-21-17, relief is sought just 10 days later.

### 4. Fundamental Facts

The hearing whereat the Court punished plaintiff for discovery delays occurred on 6-29-17. At that time, plaintiff's document production requests # 4, # 5, #6 and # 7 were not yet due. (more fully explained in DE 169)

On 6-29-17, plaintiff did not know that in response to all of those document requests defendants would – as purposeful affront to the whole discovery process – produce just 1 **(ONE ONLY)** – document (that single document being a purported letter written by plaintiff), which was not even requested.

Likewise, the objections to document production were disjointed, non-responsive, absurd and an abomination of the discovery process.

Plaintiff's 3rd Motion to Compel covers the various problems with the discovery responses much more fully (DE 169) and in extensive depth and detail.

Also unknown on 6-29-17 was that at Barbara Alexander's deposition she would appear without a single – **not even one** – document which she had had 33 days to produce as part of the deposition process.

Lastly, also unknown on 6-29-17 was the fact that defendants would schedule the deposition of Susan Szanto for 7-27-17 with only one week's notice to plaintiff. Additionally, at Susan Szanto's deposition, counsel for defendants was unable to produce any proof of personal service of Susan Szanto. Defendant's counsel tried to evade the service issue by explaining on the record that substituted service was just fine. But, as a mater of fact, counsel could not produce evidence of that substituted service either.

Defendants did not follow this Court's previous deposition instructions regarding the providing of a live communications link or holding the deposition at a secure location. Plaintiff was forced to travel one thousand miles – and lose three days from work -- to go to the improper and very un-secure deposition site in Irvine CA. (please see declaration regarding further improprieties at the deposition site.)

Plaintiff contends that all of these facts demonstrate defendants' wanton and callous disdain for the discovery process. Plaintiff further contends that had the Court been able to analyze defendants' discovery improprieties in the totality of the circumstances of this entire case, rather than merely plaintiff's discovery delay adjudged on 6-29-17, there would have been a different outcome than sanctioning of plaintiff.

Plaintiff prays that this Court re-examine the entirety of the discovery process in this case. Balancing again the fact of plaintiff's delay which was sanctioned on 6-29-17 versus defendants multiple intentional abuses of producing just one document to the four document productions requested of them – and **no** deposition production. As well as versus defendants intentional very short-scheduling of a non-party deposition without even proper service and in a non-approved un-secure location!

## 5. MEMORANDUM

### a. FRCP 60(b)(2), (3) and (6) are Grounds for Relief

FRCP 60(b) is grounds for relief from an ORDER for various reasons.

FRCP 60(b)(2) considers relief when evidence could not have previously been discovered. This rule is stated in terms of a new trial. But plaintiff suggests that FRCP 60(b)(6) provision of "any other reason that justifies relief" would include newly discovered material relief from any ORDER.

That is, evidence regarding defendants intention to be non-responsive regarding document production. And defendants failure to produce any documents at Barbara Alexander's deposition was unknown at the 6-29-17 hearing.

16-ap-3114       Relief from ORDER (DE 163) ==== 8-1-2017– pg. 5

However, had the Court known about the abject aggressiveness of the defendants intentional discovery abuses, the Court would have likely interpreted plaintiff's delay not severely enough to warrant sanctions.

### 1. Decision on the Merits

The reason that defendants worked so hard to create a situation wherein plaintiff would be sanctioned was so as to gain an improper advantage in this case. That is, the massive amounts of discovery propounded at one time were daunting to plaintiff.

To make things even more arduous for plaintiff, part of defendants strategy was to force plaintiff to make 3 trips to Nevada's companion case, to obtain relief from the hearing which defendants intentionally scheduled precisely to coincide with the depositions herein. Defendants knew that the trips to Nevada would delay plaintiff's discovery responses.

Likewise, defendants knew to an absolute certainty that Victor Szanto's May 24, 2017 assault on Susan Szanto and Jakkob Szanto would cause plaintiff immediately to spend time and money to secure the situation so as to prevent further attacks.

Defendants strategy was to have plaintiff sanctioned at any cost to make plaintiff appear as though he were non-cooperative of the discovery process. The truth is, as exemplified by defendants failure properly to respond to plaintiff's document production is that **it is the defendants who are dilatory and non-cooperative.**

All that defendants had to do was to put time waster impediments upon plaintiff, because they knew plaintiff would thereby be deprived of time to complete his discovery responses.

That is, any delay of which plaintiff has been found guilty was actually a purposeful contrivance by the defendants. Defendants created known time-waster situations – knowing that plaintiff would react to solve other matters before attending to discovery. Defendants assault on Susan Szanto and defendants scheduling a deposition conflicting hearing in Nevada all paid-off, because those situations got the Court to sanction plaintiff for his discovery delay.

Now there is further evidence of defendants' improper discovery tactics. The 7-28-17 deposition in Irvine, based on non-existent service is but another incident calculated to waste plaintiff's time and money; without any other purpose than to abuse the discovery process through actions which do nothing but force plaintiff to expend energy upon matters which the defendants have calculated to be irrelevant and immaterial.

Here, this application to re-examine the sanctions assessed is precisely to bring the parties to a more balanced posture, which comports with the 9th Circuit's posture that FRCP 60(b) was intended to facilitate decisions on the merits rather than, as here, the monetary sanctioning of plaintiff when his discovery delay was not as egregious as that of the defendants' multiple and scandalous discovery abuses. *Patapoff v. Vollstedt's, Inc.* (9th Cir., ORE, 1959) 267 F.2d 863

### b. Allowing a Non-Party Deposition to Proceed in Knowing Defiance of Actual Proper Service is Fraud, Misrepresentation and /or Misconduct

Another ground for relief from ORDER is FRCP 60(b)(3) wherein relief from an ORDER is justified when there has been "fraud, misrepresentation or misconduct by an opposing party."

Here, plaintiff contends that it was fraud, an intentional perversion of the truth, by the defendants to induce plaintiff to attend a deposition in Irvine CA. The fraud occurred because defendants knew, or they should have known, that there had not been effective personal service to require Susan Szanto to attend the deposition in any event. Defendants should have informed plaintiff that the deposition notice was defective.

16-ap-3114        Relief from ORDER (DE 163) ==== 8-1-2017– pg. 8

Further, it was misconduct by the defendants not to follow the set protocols of this case by failing to provide either a video link or a secure location as in previous depositions in this case.

Plaintiff contends that had the Court known the extremes of impropriety to which defendants would go in their abuse of the discovery process, sanctions would have been balanced between the parties such that sanctions against plaintiff would have been merely an ORDER of compliance without any monetary award.

### 1. Misconduct Here is Defendants' Unclean Hands

The unclean hands doctrine is the equitable principle whereby recovery (discovery monetary sanctions herein) would be barred by consideration of the situation's equity. Principles of fairness allow judicial decisions when a party acted with unconscionable bad faith in connection with a matter. *Hogan v. NW Trust Services* (2010, USDC ORE) 10-6027, Decision filed 5-7-10.

Plaintiff contends, defendants' multiple discovery abuses of forcing plaintiff to travel to Nevada, to Southern California regarding Victor Szanto's attack, and to Irvine, with its attendant costs and expenses, to an improperly noticed deposition was so egregious that defendants' various bad actions are sufficient to offset and deprive defendants of any award from the 6-29-17 hearing.

16-ap-3114         Relief from ORDER (DE 163) ==== 8-1-2017– pg. 9

## 6. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the plaintiff herein.
2. This is my truthful declaration regarding matters in this Motion.
3. Defendants forced me to waste time, when Victor Szanto attacked Susan Szanto and Jakkob Szanto.
4. I was forced to travel to California to provide Susan and Jakkob with defensive training in case Victor returned to attack again.
5. Defendants forced me to waste time and money by scheduling a hearing in the companion Nevada action which necessitated me going to Nevada to appear ex-parte to reschedule that mater.
6. Defendants forced me to waste even more time by scheduling a non-party deposition without any provision for security or actual personal service of the deponent in Irvine CA.
7. I had just 7 days notice of the Irvine deposition.
8. I traveled 1000 miles to attend that deposition.
9. Counsel for defendants, Mr. Fell, was unable to produce any proof of personal service of Susan Szanto.
10. Defendant's counsel tried to evade the service issue by explaining on the record that substituted service was just fine.
11. But, as a mater of fact, counsel Fell could not produce evidence of substituted service either.
12. Prior to the deposition defendants counsel made no provision for any video-conference or telephone links.

13. Likewise, no provision was made for the deposition to occur in a secure location.

14. I personally attended the deposition in Irvine CA.

15. Defendants' counsel Mr. Fell believed that he could tape-record and video-tape me without my permission.

16. Mr. Fell just laughed at my protest that only the deponent could be video-taped and tape-recorded.

17. I believe that Mr. fell encouraged his secretary and his videographer to continue impermissibly tape-recording and video-tapping me so as to get me riled-up so that I would storm out of the deposition.

18. When I asked Mr. Fell to produce the proof of personal service (POS) of the deponent, he handed me a form proof of service.

19. There was not a single entry on that (POS) it was **not filled-in as to even one entry**.

16-ap-3114        Relief from ORDER (DE 163) ==== 8-1-2017– pg. 11

Case 16-03114-pcm    Doc 174    Filed 08/01/17

20. I declare under penalty of perjury, under the laws of the United States the foregoing is true and correct. Signed at Portland, OR

DATED 31 July 2017 /s/ _____ Peter Szanto

### 7. Conclusion

Thereon, plaintiff prays this Court to do equity and withdraw the monetary award ORDERED on 6-29-17.

Respectfully,

DATED 7/31, 2017  /s/ _____ Peter Szanto

## Proof of Service

My name is Jakkob Szanto, I am over 20 years of age and not a party to the within action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:

## Motion

by e-mail to Mr. Olsen and Mr. Henderson at:

nhenderson@portlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 7-31-2017 /s/ _____

16-ap-3114          Relief from ORDER (DE 163)  ==== 8-1-2017– pg. 13

Case 16-03114-pcm    Doc 174    Filed 08/01/17