PETER SZANTO 503-610-0865
P.O. Box 4614
Portland OR 97208

US BANKRUPTCY COURT
DISTRICT OF OREGON
2017 AUG -9 PM 1:03
LODGED____REC'D____
PAID____DOCKETED____

# United States Bankruptcy Court

## in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

| In Re Peter Szanto, Debtor | **Adversarial # 16-ap-3114** |
|---|---|
| ====================== | core case:16–bk-33185-pcm11 |
| Peter Szanto, Plaintiff | **1) APPLICATION FOR** |
| vs. | **WRIT OF PROHIBITION** |
| Evye Szanto, et al, | |
| Defendants | **2) Declaration of Peter Szanto** |
| | Hon. Judge McKittrick – Courtroom 1 |

To the Court and the defendants, **please take notice** plaintiff, herewith and hereby makes MOTION for relief from the oppression being inflicted upon him by the necessity of appearing in Nevada state court regarding <u>the defendants efforts **to interfere** with this Court's jurisdiction.</u>

## 1. STATEMENT REGARDING PRE-FILING CONFERENCE

The Court, in open Court on 4-6-17, waived the requirement - and the parties are not required to confer prior to the filing of any motion.

16-ap-3114          Petition for Writ ==== 8-9-2017– pg. 1

## 2. Essential Facts

The Court is well familiar with the essentials of the dispute herein. The defendants' efforts of avoiding a decision on the merits in their dispute with plaintiff extend back to their initiation of litigation in 2006.

Throughout 12 years, at every juncture, defendants have found ways to avoid and evade the jurisdiction of many and various court's. Defendants' abuse of process has allowed them to continuously interfere with the jurisdiction of many courts and that is what has protracted the party's dispute for 12 years. Now defendants seek to cause interference with the jurisdiction of this Honorable Court, so as to thwart and make meaningless any potential judgment herein !!!!!!!

In March 2017, defendants established jurisdiction as to their dispute with plaintiff in Nevada based on their extremely close personal friendship with their local Justice of the Peace. [EXHIBIT A]

Victor Szanto stated at his deposition, Judge Glasson and his wife have been guests and have dined at his house many times. [EXHIBIT B]

Plaintiff, in furtherance of defending himself in Nevada and making certain that the instant case is not derailed by the Nevada action, plaintiff has been forced to go to Nevada 5 times since March 2017 so as to protect his rights.

In conjunction with the time necessary for those trips as well as money necessary to finance those Nevada trips, plaintiff has lost valuable hours from his other pursuits (such as preparing for the case herein).

Another hearing is scheduled in the matter between the parties in Nevada on 8-15-17. The subject matter to be covered is precisely one of the causes of action in this case: that plaintiff's efforts to recovery plaintiff's money and property from defendant is upsetting the defendants.

The outcome of that action is already known in advance.

## **DEFENDANTS' CLOSE PERSONAL FRIEND WILL DECIDE THE CASE FOR DEFENDANTS AND WILL SANCTION PLAINTIFF.**

In the world of wealth, privilege and defiance of law occupied by defendants, no other outcome is possible. Judicial favoritism for the home team is well documented; and plaintiff's excoriation in Nevada is an absolute certainty.

Plaintiff hereby makes application to this Court to use its powers to prohibit that proceeding from taking place, because that proceeding will impair this Court's jurisdiction.

16-ap-3114  Petition for Writ ==== 8-9-2017– pg. 3

### 3. Grounds

28 USC § 1651 allows this Court to issue any legal process to aid its retention of jurisdiction. Here, the correct and proper process is issuance of a **WRIT of PROHIBITION** so as to enjoin, and completely stop, the Nevada court from proceeding further in attempting to adjudicate the exact same disputes between the parties herein. Defendants' Nevada claim, as to whether there is basis to believe that plaintiff's actions are improper is one of defendants' counter claims in this action.

### 4. MEMORANDUM

This Court has taken jurisdiction over adjudicating disputes between the parties. Defendants have claims in this Court against plaintiff.

Anything which occurs in a Nevada court, where only defendants have sought relief against plaintiff, will impair the power of this Court, because this Court will not have any input regarding the Oregon positions of the parties that are being adjudicated in Nevada.

The impairment of this Court's power **will occur**, because the defendants **will obtain** relief from their close personal friend in Nevada – and that relief will include the Nevada court's signing of an order to limit plaintiff's ability to prosecute this case.

16-ap-3114          Petition for Writ ==== 8-9-2017– pg. 4

**Thereafter, whatever improprieties of law and abject defiance of procedure defendants may take in this Court (E.G., refusing or failing to appear, failing to respond to interrogatories, failing to answer questions on the witness stand, failing to produce records and documents) would be completely immunized by the protections of the Nevada order from their close personal friend.**

To combat this very real potential impairment of its power, this Court must act now to protect its jurisdiction over the parties.

### *a. Power Under 28 USC § 1651*

The All Writs Act, 28 USC § 1651, provides that a federal court may issue any writ "necessary or appropriate in aid of [its] respective [jurisdiction] and agreeable to the usages and principles of law."

After jurisdiction is vested in a federal court on some independent basis (Bankruptcy jurisdiction herein), the Act empowers this court to enter such orders as this Court itself deems necessary, to preserve and protect its jurisdiction. And that is precisely what plaintiff argues: if this Court fails to protect its jurisdiction, defendants will use the order from the judge who is their personal friend to subvert, thwart, delay, defy, abuse, disregard and corrupt each-and-every further proceedings in this Court.

This Court must not allow such threat of stolen jurisdiction and immediate interference with its power and jurisdiction – and the WRIT of PROHIBITION must issue forthwith.

### b. Extraordinary Remedy is Appropriate

The reason that the extraordinary remedy of enjoining further proceedings in Nevada state court is proper is because of the extreme danger that any decision in that inferior court will adversely affect this Court's power, jurisdiction and authority properly to adjudicate between the exact same parties.

Defendants will not lose any of their rights by prohibition of the proceedings in Nevada, because they have already perfected those identical claims in this Court. All that defendants will forfeit is having the case decided by their close personal friend.

Ultimately the decision of whether a Writ of Prohibition should issue depends on the extent to which that writ can be reasonably expected to prevent further interference with the superior court's jurisdiction. *Nitz v. Ehrenreich* (1976) 537 F.2d 539

16-ap-3114　　　　　Petition for Writ ==== 8-9-2017– pg. 6

In this case, **substantial interference has already occurred**, because plaintiff has been forced to go to the Nevada court numerous times to protect his rights. Interference occurs, because plaintiff, by trips and expenditures to Nevada is thereby impaired and restrained in his pursuit of this case, because of his monetary and time outlays. Plaintiff who is thereby constrained in the pursuit of this case is thus disadvantaged and woefully prejudiced.

Based on the disadvantages and prejudice already inflicted upon plaintiff, the relative parity of the parties in pursuit of this case is skewed in favor of the defendants. This Court, observing this current clear disparity, thereafter has an obligation to return the parties to equanimity. This can only be done by prohibiting further proceedings in Nevada, so that the Nevada proceedings neither duplicate nor impair proceedings in this Court.

### c. Writ will Prevent Nevada State Court from Interfering in this Case

Our United States Supreme Court explained that the "necessary in aid of" jurisdiction exception to the general ban on federal injunctions is properly invoked in order "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, (1970) 398 U.S. 281, 295, 90 S. Ct. 1739, 1747, 26 L. Ed. 2d 234.

The *Atlantic Coast* final judgment involved the resolution of approximately seven years of litigation [shorter than the 12 years of this case] regarding issues as complicated as the issues herein. Trial in that case spanned several weeks [which is the same time as planned for this case]. In *Atlantic* 2,300 pages of transcript and 200 exhibits were presented. In this case, the transcripts are over 1000 pages and there are at least 200 exhibits.

Specifically, the complexity of the dispute between the parties demands a single court's exclusive jurisdiction. Extrapolation of this case onto two separate tracks, merely insures that a final judgment will be even more difficult to achieve. [E.G. which appellate court will review supremacy now that the Nevada court is proceeding in full knowledge of this Court's identical adjudication of the parties' dispute?]

Here, the threatened harm and jurisdictional interference from the Nevada case, because of the extremely likely potential thoroughly to derail all trial preparation by plaintiff requires the most extreme of remedies; a **WRIT of PROHIBITION** should be issued forthwith.

### 5. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the plaintiff herein.

16-ap-3114                  Petition for Writ ==== 8-9-2017– pg. 8

2. This is my truthful declaration regarding matters in this Motion.

3. Defendants forced me to waste time and money, when they commenced a parallel action in Nevada to litigate identical matters now before this Court.

4. My time and money were wasted because I have been forced to travel to Nevada. appear in Nevada, prepare pleadings for the Nevada court, so as to protect those same rights I am protecting in the counter-claim in this action.

5. It is imperative that this Court should stop further encroachment upon its jurisdiction by prohibiting further proceedings in Nevada as to the parties herein.

6. I declare under penalty of perjury, under the laws of the United States the foregoing is true and correct. Signed at Portland, OR

DATED 9 August 2017 /s/ _____ Peter Szanto

16-ap-3114        Petition for Writ ==== 8-9-2017– pg. 9

## 7. Conclusion

Thereon, plaintiff prays this Court take the strongest immediate action to protect it jurisdiction and prohibit further proceedings in Nevada which are identical to the proceedings herein.

The intrusion upon this Court's jurisdiction have already occurred through prejudice to plaintiff.

The prognoses is that defendants will obtain additional power to adversely influence and interfere with this Court from the orders that they will obtain based on the close personal friendship that is the only bases for jurisdiction in Nevada.

Thereafter, defendants, living in Nevada, with assets and property in Nevada will be wholly immunized from co-operating with this Court's process and any judgment which may eventually result.

A WRIT of PROHIBITION of further proceedings in Nevada should be ORDERED immediately.

Respectfully,

DATED 8/9, 2017     /s/ _____ Peter Szanto

16-ap-3114            Petition for Writ ==== 8-9-2017– pg. 10

## Proof of Service

My name is Jakkob Szanto, I am over 20 years of age and not a party to the within action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:

## Motion

by e-mail to Mr. Olsen and Mr. Henderson at:

nhenderson@portlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 8-9-2017  /s/ [signature] JAKKOB SZANTO

16-ap-3114          Petition for Writ ==== 8-9-2017– pg. 11

Case No. 17-PO-0001

FILED
2017 MAR -6 AM 11:36
TAHOE TOWNSHIP
JUSTICE COURT
BY _____
CLERK

IN THE JUSTICE COURT OF TAHOE TOWNSHIP
COUNTY OF DOUGLAS, STATE OF NEVADA

VICTOR SZANTO
EVYE SZANTO,
        Applicant,

vs.

PETER SZANTO,
        Adverse Party,

TEMPORARY ORDER
FOR PROTECTION AGAINST
DOMESTIC VIOLENCE

Date Issued: 03/06/17

Date Expires: 04/06/17

> YOU ARE HEREBY NOTIFIED that any VIOLATION OF THIS ORDER IS A CRIMINAL VIOLATION and will result in a misdemeanor offense, unless a more severe penalty is prescribed by law. If the violation is accompanied by a violent physical act, sentence will include incarceration of not less than five days nor more than six months in the county/city jail; $1,000.00 fine or a minimum of 200 hours community service; reimbursement of all costs, fees and medical expenses incurred; and participation in professional counseling.
>
> YOU ARE FURTHER NOTIFIED that you CAN BE ARRESTED even if the person who obtained the order invites or allows you to contact them. You have the sole responsibility to avoid or refrain from violating the terms of this order. Only the court can change the order upon written application.
>
> YOU ARE FURTHER NOTIFIED that if you ARE ARRESTED FOR VIOLATING THIS ORDER you will not be admitted to bail sooner than 12 hours after your arrest if the arresting officer determines that the violation is accompanied by a direct or indirect threat of harm.
>
> YOU ARE FURTHER NOTIFIED that child stealing is a felony offense, punishable by possible incarceration.
>
> This order meets all Full Faith and Credit provisions of the Violence Against Women Act and is enforceable in all 50 states, the District of Columbia, U.S. Territories and Indian Nations. All other courts and law enforcement with jurisdiction within the United States and all Indian Nations shall give full faith and credit to this Order pursuant to 18 U.S.C. Sec. 2265.
>
> Violation of the order may subject you, the offender to federal charges and punishment pursuant to 18 U.S.C. Sec. 2261(a)(1) and (2) and 2262(a)(1) and (2).

An application and affidavit having been filed in this Court by the above-named Applicant requesting that a Temporary Protection Order against Domestic Violence be issued by this Court against YOU, the above-named Adverse Party, or the Court having received specific facts by telephone/facsimile pursuant to NRS 33.020(5), and the Court having jurisdiction over the parties and the matter pursuant to NRS 33.010, et seq., and it appearing to the satisfaction of the Court from specific facts shown by a verified application that an act of

-1-

A-1

domestic violence has occurred and/or you represent a credible threat to the physical safety of the above-named Applicant or minor child(ren) and good cause appearing for issuing such Order without hearing, YOU ARE HEREBY ORDERED as follows:

YOU ARE PROHIBITED, either directly or through an agent, from threatening, physically injuring or harassing the above-named Applicant and/or minor child(ren), and from selling, damaging, destroying, giving away, or otherwise disposing of, or tampering with, any property owned by the Applicant, or in which Applicant has an interest;

BECAUSE THE COURT DETERMINES, Pursuant to NRS 33.030(1)(e), that an emergency exists,

YOU ARE PROHIBITED from any contact whatsoever with the Applicant, including but not limited to, in person, by telephone, through the mail, through electronic mail (e-mail), or through another person;

1. __X__ YOU ARE EXCLUDED AND ORDERED to stay at least 100 yards away from Applicant's residence located in <u>DOUGLAS COUNTY, NEVADA</u>, at <u>1728 HIGHWAY 50 GLENBROOK</u>, or any other place that Applicant may reside. YOU shall not interfere with Applicant's possession and use of residence, including utilities, phones, leases and other related residential services;

2. __N/A__ A law enforcement officer, within whose jurisdiction Applicant/Adverse Party's residence is located, shall on ONE OCCASION ONLY accompany Applicant/Adverse Party's to Applicant/Adverse Party's residence located at _____NOT APPLICABLE_____ and shall stand by while Not Applicable obtains clothing, toiletries and the following additional items: _____NOT APPLICABLE_____. ANY PROPERTY NOT LISTED ABOVE IN DISPUTE SHALL REMAIN IN THE RESIDENCE;

3. __N/A__ The Court, having jurisdiction under and meeting the requirements of Chapter 125A of the Nevada Revised Statutes (UCCJA), grants to Applicant temporary custody of the following minor child(ren) of the parties: _____NOT APPLICABLE_____; YOU ARE PROHIBITED from interfering with Applicant's custody of the minor child(ren) named in this paragraph. It is in the best interest of the child(ren) that no negative, insulting, or disparaging comments be made by one party against the other party in the presence of the minor child(ren);

4. __N/A__ Custody, visitation, and support of the minor child(ren) of the parties shall remain as ordered in the Decree of Divorce/Order entered between the parties in Case Number ___NOT APPLICABLE___ in the ___NOT APPLICABLE___ Judicial District Court of the State of Nevada;



5. __N/A__ YOU ARE EXCLUDED AND ORDERED to stay at least 100 yards away from the minor child(ren)'s school, or day care, located in ☐ CONFIDENTIAL, at ☒ Not Applicable, or any other school or day care that the child(ren) may be attending;

6. __X__ YOU ARE EXCLUDED AND ORDERED to stay at least 100 yards away from Applicant's place of employment located in DOUGLAS COUNTY, NEVADA, CONFIDENTIAL, or any other place that Applicant may be employed. YOU ARE PROHIBITED from any contact whatsoever with Applicant's place of employment, in person, by telephone, by mail, or any other means of communication;

7. __N/A__ YOU ARE EXCLUDED AND ORDERED to stay at least 100 yards away from the following places, which Applicant and/or minor child(ren) frequents regularly listed as/described as:, located in ☐ CONFIDENTIAL, at ☒ Not Applicable.

8. __X__ The following provisions and exceptions are made a part of the order:
ADVERSE PARTY MAY NOT INITIATE OR CONTINUE ANY CIVIL COURT ACTION, PROCEEDING, COMPLAINT, APPLICATION, PETITION, MOTION, APPEAL OR REQUEST FOR AFFIRMATIVE RELIEF FROM ANY COURT OR TRIBUNAL IN ANY STATE OR TERRITORY UNLESS ADVERSE PARTY IS REPRESENTED BY AN ATTORNEY LICENSED TO PRACTICE IN SUCH COURT OR TRIBUNAL.

9. THIS ORDER WILL REMAIN IN EFFECT UNTIL 11:59 P.M. ON THE DATE SET FORTH ON PAGE 1 UNLESS THE JUDGE ORDERS OTHERWISE. If an application for an extended order is filed, this temporary order will remain in effect until the hearing on an extended order is held. Further, The Clerk is directed to set this matter upon the Court's calendar for Thursday, April 6, 2017 at 9:00 A.M. for this court to consider (a) Applicants' request for an Extended Order of Protection Against Domestic Violence and (b) whether this court should *sua sponte* declare Adverse Party to be a Vexatious Litigant in Nevada.

If you wish to dispute the order or have it changed, you may request a hearing by filing a written request with the court. Court staff will give you information about how to file your request. The court will set a hearing on your request as quickly as possible.

_____ IT IS FURTHER ORDERED that a copy of this Order shall be transmitted forthwith together with the verified application and supporting affidavit, to the Sheriff's Office, or the Constable, who will promptly attempt to



Case 16-03114-pcm    Doc 187    Filed 08/09/17

serve the same upon the Adverse Party and upon service file return of service with the Court by the end of the next business day after service is made.

ORDER TO LAW ENFORCEMENT

(A) Any law enforcement officer who has probable cause to believe a violation of any provision of this Order has occurred is ordered to arrest the Adverse Party. Such party is to be charged with a misdemeanor violation of this Order in addition to any other criminal charges which may be justified.

(B) If such law enforcement officer cannot verify that the Adverse Party was served with a copy of the Application and Order, the officer shall inform the Adverse Party of the specific terms of the Order, inform the Adverse Party that he/she now has notice of the provisions of the Order and that a violation of the Order will result in his/her arrest, and inform the Adverse Party of the location of the court that issued the original order and the hours during which he/she can obtain a copy of the Order. The law enforcement officer shall then provide written proof of notice to his agency and to the Court.

(C) It shall be the duty of the law enforcement officer serving this order to remove the Adverse Party from Applicant's residence as set forth in paragraph 1.

All fees are deferred.

Dated this __6__ day of __MARCH__, 2017.

_____
Richard Glasson/Judge

Transmitted to the state repository this __6__ day of __March__, 2017.

_____
Clerk of the Court


A4

-4-

```
 1              UNITED STATES BANKRUPTCY COURT

 2                    DISTRICT OF OREGON

 3                        ---oOo---

 4

 5   In re:                        )
                                   )
 6   PETER SZANTO,                 )
                                   )
 7             Debtor.             )  Case No. 16-33185-pcm11
                                   )  Adv. Proc. No. 16-03114-PCM
 8   _____)
     PETER SZANTO,                 )
 9                                 )
               Plaintiffs,         )
10        vs.                      )
                                   )
11   EVYE SZANTO, VICTOR SZANTO,   )
     NICOLE SZANTO, KIMBERLY       )
12   SZANTO, MARIETTE SZANTO,      )
     ANTHONY SZANTO, Austin Bell,  )
13   JOHN BARLOW, and BARBARA      )
     SZANTO ALEXANDER,             )
14                                 )
               Defendants.         )
15   _____)

16

17

18
              VIDEOTAPED DEPOSITION OF VICTOR SZANTO
19
                         JUNE 8, 2017
20
                         RENO, NEVADA
21

22                                                    B1

23
     Reported by:    JULIE ANN KERNAN, CCR #427, RPR
24
     JOB NO. 397721
25
```

```
 1   Justice Court.  Correct?
 2        A    Correct.
 3        Q    You went to the clerk's office.  Yes?
 4        A    Correct.
 5        Q    Okay.  And you -- did you ask to speak with
 6   Richard Glasson?
 7        A    No.
 8        Q    Okay.  Did you just go into Judge Glasson's
 9   office?
10        A    No.
11        Q    Okay.  Did Judge Glasson sign your order?
12        A    I believe so.
13        Q    Did you give him any money for signing that
14   order?
15        A    No.
16        Q    Did you give him anything else of value?
17        A    No.
18        Q    Have you ever had Judge Glasson to your house
19   for dinner?
20        A    We've had social functions where we fed a lot of
21   people.  They might have called that dinner.  They might
22   have called it event food.  I'm sure he's been to those
23   events.
24        Q    What was that, sir?
25        A    I said we have -- we've had social functions at
```

B-2

```
1   our house.  And we serve a lot of food, we're very social
2   people, and do a lot of benefit stuff.  And I would -- I'm
3   certain that he has been to our home.
4        Q    And you've met him.
5        A    And I've met him, yes.
6        Q    Shaken his hand?
7        A    I would say yes.
8        Q    All right.  When you shake his hand --
9        A    I shake everybody's hand.
10       Q    -- would a hundred dollar bill pass from your
11  hand to his?
12            MR. HENDERSON:  Object to the form of the
13  question.
14            THE WITNESS:  No, sir.
15            MR. TONY SZANTO:  Sorry.
16            THE WITNESS:  No, sir.
17  BY MR. SZANTO:
18       Q    Anything larger than a hundred, perhaps several
19  of them?
20            MR. HENDERSON:  Same objection.
21            MR. SZANTO:  I withdraw the question.
22  BY MR. SZANTO:
23       Q    So it was no surprise to you that Judge Glasson,
24  having been your friend, having been entertained at your
25  house, having received money from you, that he was happy to
```

B3