

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE
LAW CLERK
BETHANY COLEMAN-FIRE
LAW CLERK
TONIA McCOMBS
LAW CLERK

August 14, 2017

Peter Szanto
POB 4614
Portland, OR 97208

Nicholas Henderson
Troy Sexton
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Ste. 300
Portland, OR 97204  (Transmitted via ECF)

    Re: <u>Szanto v. Szanto</u>, Adv. No. 16-3114-pcm
        Plaintiff's Objections to Defendants' Attorney Fee Application

Dear Mr. Szanto, Mr. Henderson and Mr. Sexton:

    The purpose of this letter is to provide you with my ruling on Plaintiff's Objections to Declaration of Troy G. Sexton Supporting Attorney's Fees and Prayer to Stay Award of Costs until Hearing of Motion for Relief from Order (DE 163) Award of Fees.  Doc. 175.

## FACTS

    Defendants filed a Motion for Sanctions (Doc. 125) in the above-captioned adversary proceeding, which this court addressed in the hearing held on June 29, 2017.  During that hearing, the court held that defendants were entitled to their fees and costs related to filing the Motion for Sanctions.  The court entered an order awarding defendants their fees and costs and directing defendants to "file documentation of their fees and costs by declaration . . ."  Doc. 163 (the Order).  Before the Order was entered, defendants timely filed the Declaration of Troy G. Sexton in Support of Defendants' Award of Attorney Fees (Doc. 156) (the Declaration).

    Plaintiff objects to the Sexton Declaration and seeks denial of attorney fees in their entirety.  He also asks that the court's decision on attorney fees be stayed pending the outcome of his Motion for Relief from Order (DE 163) Award of Fees.  Because the court has on this date denied the Motion for Relief from Order, there is no basis for delaying a decision on attorney fees.

## ANALYSIS

Plaintiff first argues that Mr. Sexton's Declaration "contains numerous hearsay statements regarding Mr. Henderson's work and Mr. Sturgeon's work." Plaintiff argues that, because the Declaration includes fees for work not completed by Mr. Sexton, that information is inadmissible hearsay and, therefore, lacks evidentiary support. However, this type of information is precisely the kind of information addressed by the business records exception to the hearsay rule. Fed. R. Evid. 803(6).

Rule 803(6) allows that records of an act, event, condition, opinion or diagnosis is not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness, if:

(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The Declaration states that the timekeepers represented in the Declaration "keep a daily record of the time they spend on each matter, together with a description of the work performed. These records are entered into timekeeping software and form the basis for the bills [defendants' counsel] send to clients." Declaration, ¶ 2. Accordingly, the Declaration provides evidence that the records were made at or near the time by someone with knowledge – the timekeepers; that the records were kept in the course of the regularly conducted legal business of defendants' counsel; and that it is the regular practice of defendants' counsel and their staff to keep these records. Moreover, plaintiff does not point to any evidence that would suggest that the source of the information or its preparation indicate a lack of trustworthiness. Therefore, the business records exception to the hearsay rule applies and plaintiff's first objection to the Declaration fails.

Second, plaintiff argues that the Order provided only for attorney fees and that paralegal fees are not included. It was this court's intention in its Order and is the regular practice in the District of Oregon to include fees incurred by paralegals in awards of attorney fees. Moreover, courts have interpreted statutes containing attorney fees provisions to include paralegal fees.

Peter Szanto
Nicholas Henderson
Troy Sexton
August 14, 2017
Page 3

See, e.g., <u>Loretz v. Regal Stone, Ltd.</u>, 756 F.Supp.2d 1203, 1214 (N.D. Cal. 2010)(quoting Missouri v. Jenkins, 491 U.S. 274, 285 (1989)(a "'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys.")). Accordingly, defendants' inclusion of fees incurred by a paralegal was appropriate.

 Next, plaintiff objects that the hourly rate of $150 per hour billed by Mr. Sturgeon, the paralegal, is unreasonable. Although the court takes no position on Mr. Sturgeon's likely annual work load or compensation, $150 per hour is a reasonable billing rate for the services of a paralegal in the Portland legal market. Accordingly, plaintiff's objection to the reasonableness of the fees related to Mr. Sturgeon's work is not well taken.

 Fourth, plaintiff objects to the Declaration because the descriptions for the fees requested by defendants consistently refer to a contempt motion. As plaintiff correctly pointed out, the motion for which the court granted fees was a "Motion for Sanctions" against plaintiff. However, the Motion for Sanctions sought a contempt finding as a remedy against plaintiff. Moreover, while use of the term "contempt" rather than "sanction" may be mildly confusing, the dates listed on which the fees were incurred sufficiently match the filing dates in this case to convince me that the fees in fact relate to the Motion for Sanctions. Accordingly, plaintiff's fourth objection fails.

 Plaintiff's fifth objection is indecipherable. Plaintiff appears to complain that the Declaration did not regularly reference the term "fees" and, on this basis, the fees should be disallowed. However, the ledger attached to the Declaration clearly sets out the legal fees sought by defendants. Accordingly, plaintiff's fifth objection is not well taken.

 Plaintiff's sixth objection, that defendants should not be awarded $504.00 for preparation of the Declaration in support of their fees, is well taken. Although I disagree with plaintiff that preparation of the Declaration should have taken 15 seconds, 1.6 hours is unreasonable. Plaintiff correctly points out that the hourly record attached to the Declaration as Exhibit 1 was kept in the regular course of business and should not have required much if any attorney time to be prepared. By contrast, defendants' counsel was required to draft the Declaration, compensation for which should be included in defendants' fee award. A reasonable amount of time to draft the Declaration and attach the hourly billing record is 0.5 hours. Accordingly, 1.1 hours of work at Mr. Sexton's rate of $315 per hour or $346.50 will be deducted from defendants' total award.

 Plaintiff's seventh objection to the Declaration is that the fee schedule attached is not a copy of the actual time sheets that counsel submitted to defendants. Plaintiff argues that this is because the actual fees charged to defendants were significantly lower. The only fees the court awarded to defendants were those related to the Motion for Sanctions. Defendants are not required to submit all of the legal fees incurred in this matter in order for the court to award reasonable fees on this limited issue. Moreover, plaintiff supplies no evidence in support of his claim that the fees defendants requested are not the same as those actually incurred. Accordingly, plaintiff's seventh objection is not well taken.

Peter Szanto
Nicholas Henderson
Troy Sexton
August 14, 2017
Page 4

## CONCLUSION

With the exception outlined above, defendants' fees are reasonable and plaintiff's objections to the fees are overruled. Fees will be awarded in the amount of $5,463.00. Defendants should submit an order consistent with this ruling.

Sincerely,

Peter C. McKittrick
Bankruptcy Judge