```
                          United States Bankruptcy Court
                               District of Oregon
Szanto,
        Plaintiff                                           Adv. Proc. No. 16-03114-pcm
Szanto,
        Defendant
```

# CERTIFICATE OF NOTICE

```
District/off: 0979-3          User: Admin.            Page 1 of 1           Date Rcvd: Aug 14, 2017
                              Form ID: pdf018         Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 16, 2017.
```
pla            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust            +E-mail/Text: ustpregion18.pl.ecf@usdoj.gov Aug 15 2017 00:19:51     US Trustee, Portland,
                620 SW Main St #213,    Portland, OR 97205-3026
                                                                                               TOTAL: 1

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cd*            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
cc*            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
                                                                                      TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 14, 2017 at the address(es) listed below:
```
NONE.                                                                                           TOTAL: 0
```

Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

```
In Re:                          )
                                )  Bankruptcy Case No.
PETER SZANTO,                   )  16-33185-pcm11
                                )
                   Debtor.      )
_____)
                                )
PETER SZANTO,                   )  Adversary No. 16-3114-pcm
                                )
                   Plaintiff,   )  ORDER DENYING PLAINTIFF'S
                                )  MOTION FOR RELIEF FROM ORDER
        v.                      )  ON DEFENDANTS' MOTION FOR
                                )  SANCTIONS (DOCKET # 174)
EVYE SZANTO, et al.,            )
                                )
                   Defendants.  )
_____)
```

This matter came before the court on plaintiff's Motion for Relief from Order on Defendants' Motion for Sanctions, Docket # 174. The court has considered the motion and determines that it can decide the motion without a hearing.

Plaintiff moves for relief under Fed. R. Civ. P. 60(b), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. He

Page 1 -  ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER ON
          DEFENDANTS' MOTION FOR SANCTIONS (DOCKET # 174)

argues that defendants' conduct during discovery in this adversary proceeding should be taken into consideration in deciding whether to sanction him for his discovery violations.

Any alleged misconduct by defendants of which plaintiff complains appears to have occurred after defendants filed their motion for sanctions, and therefore could not have affected plaintiff's ability to comply with the discovery rules. Nor could it be newly discovered evidence that would support setting aside the order awarding sanctions. To the extent any of the alleged misconduct occurred before the motion for sanctions was filed, it is not newly discovered evidence but could have been raised in plaintiff's response to that motion.

To the extent plaintiff has complaints about defendants' conduct in discovery, he had the opportunity to, and in fact did, file motions relating to that conduct.

The court having found no cause for setting aside the Order on Defendant's Motion for Sanctions,

IT IS HEREBY ORDERED that plaintiff's Motion for Relief from Order on Defendants' Motion for Sanctions (Docket # 174) is DENIED.

###

cc: Peter Szanto
　　Nicholas J. Henderson
　　UST

Page 2 -  ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER ON DEFENDANTS' MOTION FOR SANCTIONS (DOCKET # 174)