**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB# 115184**
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>PETER SZANTO,<br><br>                Debtor.<br>_____<br><br>PETER SZANTO,<br><br>                Plaintiff,<br><br>    v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br><br>                Defendants. | Case No. 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-PCM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENA |

Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENA

Defendants Evye Szanto, Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, John Barlow, and Barbara Szanto hereby respond to Plaintiff Peter Szanto's Notice of Motion and Motion for Order to Quashing Subpoena Directed to Google (the "Motion") [Docket No. 190]. In support of this Response, Defendants rely upon the Court's records and files, and the Declaration of Nicholas J. Henderson (hereinafter, the "Henderson Dec.") filed herewith.

Initially, the Motion should be denied because the plaintiff has waited too long to move to quash the subpoena. "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *Estate of Ungar v. Palestinian Auth.,* 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006)(Citing Sony Music Entertainment. Inc., 326 F.Supp.2d 556, 561 (S.D.N.Y.2004); In re Welling, 40 F.Supp.2d 491, 491 (S.D.N.Y.1999). The subpoena was issued on July 17 and specified a return date of July 31. Therefore, the plaintiff's motion needed to be filed before July 31 to be effective. His motion was filed on August 11; it is therefore untimely and need not be considered by the court.

As to the Plaintiff's arguments, he makes several as to why the Defendant's subpoena should be quashed. All of those arguments are legally insufficient.

First, the Plaintiff argues that the subpoena was unsigned, and is therefore invalid. This is incorrect. The original subpoena that was issued to Google was signed. See Declaration of Troy Sexton, ¶3, Exhibit 1 (hereinafter referred to as "Sexton Dec."). The copy of the subpoena that was served on the plaintiff pursuant to FRCP 45(a)(4), along with the required notice, was unsigned because it was not being served on the recipient at that time, it was merely giving notice to the plaintiff of the terms of the subpoena.

Second, the plaintiff is concerned with the scope of the records sought. While the plaintiff's motion omits the subpoena's Exhibit A, which details the records sought, those records are narrowly tailored to the documents necessary to address the issues of this litigation. See Sexton Dec., ¶ 4. Specifically, the defendants sought all records for 1) emails sent from the plaintiff's email address to the defendants and their attorneys and 2) all Google plus communications from the plaintiff to the defendants. Defendants did not seek information other than that which the plaintiff has already transmitted to the defendants or their attorneys.

Third, the plaintiff's general concern with Google's inability to comply with a narrowly tailored subpoena is unjustified. Other than a general concern about the erroneous production of unspecified private information, the plaintiff presents no evidence that Google will produce improper information. The defendants are only interested in the information sought, which is proper and related to this litigation, and will gladly direct Google to produce the requested documents directly to the plaintiff as well as to the defendant. This would allow the plaintiff to have access to the same material that the defendants receive, and will allow him to see that Google will have complied with the defendants' narrow subpoena.

Fourth, the Google subpoena is not a fishing expedition for any requested documents. The plaintiff has engaged in harassing campaign of litigation and threatening emails against the defendants for years and much of the evidence of that harassment will be found in the records of his Gmail and Google plus accounts. This information is directly relevant to the defendants' counterclaims against the plaintiff. Having this information provided directly from Google reduces or eliminates many potential issues and further streamlines the presentation of these issues at trial.

/ / / / /

For the foregoing reasons, the plaintiff's motion should be denied.

DATED August 25, 2017

MOTSCHENBACHER & BLATTNER LLP

s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Troy G. Sexton, OSB #115184
Attorney for Defendants

# CERTIFICATE OF SERVICE

        I hereby certify that on August 25, 2017, I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO QUASH SUBPOENA on the following by First Class U.S. Mail, postage prepaid, and by email, with the parties' consent:

Peter Szanto
POB 4614
Portland, OR 97208
szanto.pete@gmail.com


THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:

- CHRISTOPHER N COYLE    vbcattorney4@yahoo.com, chris@vbcattorneys.com
- DAVID OLSEN    lawofficeofolsen@gmail.com

        MOTSCHENBACHER & BLATTNER LLP

        s/ Christopher Sturgeon
        Christopher Sturgeon, Legal Assistant
        Motschenbacher & Blattner LLP
        Of Attorneys for Defendants

Page 5 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENA

Case 16-03114-pcm    Doc 213    Filed 08/25/17

**Nicholas J. Henderson, OSB #074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB #115184**
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>PETER SZANTO,<br><br>                    Debtor.<br><hr><br>PETER SZANTO,<br><br>                 Plaintiffs,<br><br>   v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br><br>                 Defendants. | Case No. 16-33185-pcm11<br><br>Adv. Proc. No. 16-03114-PCM<br><br>DECLARATION OF TROY SEXTON IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENA |

Page 1 – DECLARATION OF NICHOLAS J. HENDERSON

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 16-03114-pcm    Doc 213    Filed 08/25/17

I, Troy G. Sexton, hereby declare the following under penalty of perjury:

1. I am one of the attorneys for the Defendants in the above captioned case.

2. I am over the age of 18, and I have personal knowledge of the facts stated in this declaration, and would testify to the same if called to do so.

3. Attached as Exhibit 1 is a true and correct copy of the original Subpoena that was issued to Google.

4. While the plaintiff's motion omits the subpoena's Exhibit A, which details the records sought, those records are narrowly tailored to the documents necessary to address the issues of this litigation.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED August 25, 2017.

/s/ Troy G. Sexton_____
Troy G. Sexton

Page 2 – DECLARATION OF NICHOLAS J. HENDERSON

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 16-03114-pcm    Doc 213    Filed 08/25/17

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2017, I served the foregoing DECLARATION OF TROY SEXTON IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENA on the following by mailing first class, postage prepaid:

   Peter Szanto
   POB 4614
   Portland OR 97208

And BY EMAIL TO:

szanto.pete@gmail.com

THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:

- DAVID OLSEN   lawofficeofolsen@gmail.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

                                        MOTSCHENBACHER & BLATTNER, LLP

                                        /s/ Christopher Sturgeon
                                        Christopher Sturgeon, Legal Assistant
                                        Motschenbacher & Blattner LLP
                                        Of Attorneys for Defendants

# UNITED STATES BANKRUPTCY COURT

District of      Oregon

In re Peter Szanto
           Debtor

Case No.   16-33185-pcm11

*(Complete if issued in an adversary proceeding)*

Chapter   11

Peter Szanto
           Plaintiff
           v.

Adv. Proc. No.   16-3114-pcm

Evye Szanto, et al.
           Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Google Inc.

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| 117 SW Taylor Street, Suite 300, Portland, OR 97204 | 07/31/17      9:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/17/17

CLERK OF COURT

OR      *[signature]* for Nick Henderson

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Defendants      , who issues or requests this subpoena, are:
Nicholas J. Henderson, 117 SW Taylor St., Suite 300, Portland, OR 97204, nhenderson@portlaw.com, (503) 417-0500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit A (Google)

Request 1: All records, including metadata (such as but not limited to date, time, IP address of sender and location data (if available)) for all emails sent to or from the email address of szanto.pete@gmail.com to or from the following people:

Nick Henderson
Troy Sexton
Chris Sturgeon
David Olsen
Evye Szanto
Victor Szanto
Nicole Szanto
Kimberly Szanto
Mariette Szanto
Anthony Szanto
Barbara Szanto Alexander
Austin Bell
John Barlow

Request 2: All records related to Google Plus communications and requests to or from Peter Szanto, utilizing the email address of szanto.pete@gmail.com or any other email address, to any of the following people:

Evye Szanto
Victor Szanto
Nicole Szanto
Kimberly Szanto
Mariette Szanto
Anthony Szanto
Barbara Szanto Alexander
Austin Bell
John Barlow

Exhibit 1 - Page 2 of 4
Case 16-03114-pcm    Doc 213    Filed 08/25/17

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                                *Server's signature*

                                                                              *Printed name and title*

                                                                               *Server's address*

Additional information concerning attempted service, etc.:

Exhibit 1 - Page 3 of 4
Case 16-03114-pcm    Doc 213    Filed 08/25/17

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Exhibit 1 - Page 4 of 4
Case 16-03114-pcm    Doc 213    Filed 08/25/17