```
                          United States Bankruptcy Court
                               District of Oregon
Szanto,
         Plaintiff                                    Adv. Proc. No. 16-03114-pcm
Szanto,
         Defendant
```

# CERTIFICATE OF NOTICE

```
District/off: 0979-3          User: Admin.            Page 1 of 1             Date Rcvd: Aug 31, 2017
                              Form ID: pdf018         Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 02, 2017.
```
pla            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust            +E-mail/Text: ustpregion18.pl.ecf@usdoj.gov Sep 01 2017 01:19:31      US Trustee, Portland,
                620 SW Main St #213,    Portland, OR 97205-3026
                                                                                              TOTAL: 1

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cd*            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
cc*            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
                                                                               TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 31, 2017 at the address(es) listed below:
NONE.                                                                                      TOTAL: 0

Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: )
) Bankruptcy Case No.
PETER SZANTO, ) 16-33185-pcm11
)
                Debtor. )
_____)
)
PETER SZANTO, ) Adversary No. 16-3114-pcm
)
             Plaintiff, ) ORDER DENYING MOTION TO STAY
) DEPOSITION OF SUSAN SZANTO
    v. )
)
EVYE SZANTO, et al., )
)
           Defendants. )
_____)

    On August 29, 2017, at 12:25 p.m., plaintiff filed a Motion to Stay Deposition of Susan Szanto. He represents in his motion that defendants had scheduled the deposition of Susan Szanto for August 28, 2017, in Southern California. The only evidence documenting any scheduled deposition is the Affidavit of Carol Mona, attached to the motion, which references a deposition on August 29.

    As the court has explained in earlier orders regarding depositions

Page 1 -   ORDER DENYING MOTION TO STAY DEPOSITION OF SUSAN SZANTO

set to be conducted outside the District of Oregon, Fed. R. Civ. P. 45, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 9016, states that a motion to quash or modify a subpoena must me filed in "the court for the district where compliance is required . . . ." Fed. R. Civ. P. 45(d)(3)(A). Because debtor asserts that the place of compliance is outside this court's district, this court lacks jurisdiction to resolve the Motion to Stay Deposition.

Debtor argues that this court has waived this rule by ruling on Mr. Henderson's Motion to Appear by Telephone, Doc. #212. Mr. Henderson's motion was based on Fed. R. Civ. P. 30(b)(4), not on Rule 45. Rule 45 contains the provision requiring motions to quash or modify subpoenas to be filed in the district where compliance is required. Rule 30(b)(4), on the other hand, governs the method of taking the deposition.

Further, the time for the deposition of Susan Szanto that plaintiff asserts was scheduled for August 28, 2017, (or possibly August 29, 2017, based on the Mona declaration), has passed. This motion is moot as to any deposition scheduled for August 28 or 29, 2017.

For the above-stated reasons, IT IS HEREBY ORDERED that plaintiff's Motion to Stay Deposition of Susan Szanto is DENIED.

###

cc: Peter Szanto
Nicholas J. Henderson
UST

Page 2 - ORDER DENYING MOTION TO STAY DEPOSITION OF SUSAN SZANTO