```
                         United States Bankruptcy Court
                               District of Oregon
Szanto,
         Plaintiff                                          Adv. Proc. No. 16-03114-pcm
Szanto,
              Defendant
                              CERTIFICATE OF NOTICE
District/off: 0979-3          User: Admin.            Page 1 of 1           Date Rcvd: Aug 31, 2017
                              Form ID: pdf018         Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 02, 2017.
pla            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust            +E-mail/Text: ustpregion18.pl.ecf@usdoj.gov Sep 01 2017 01:19:31      US Trustee, Portland,
                 620 SW Main St #213,    Portland, OR 97205-3026
                                                                                             TOTAL: 1

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cd*            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
cc*            +Peter Szanto,    POB 4614,    Portland, OR 97208-4614
                                                                                  TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 31, 2017 at the address(es) listed below:
NONE.                                                                               TOTAL: 0

Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br>PETER SZANTO,<br>        Debtor.<br>PETER SZANTO,<br>        Plaintiff,<br>  v.<br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br>        Defendants. | Bankruptcy Case<br>No. 16-33185-pcm11<br><br>Adv. Proc. No. 16-3114-pcm<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROHIBIT EVIDENTIARY ADMISSION OF MR. HENDERSON'S TESTIOMONY AND EXHIBITS (DOC. 222) |

Plaintiff has filed a Motion to Prohibit Evidentiary Admission of Mr. Henderson's Testimony and Exhibits (the Motion). Doc. No. 222. The Motion requests that this court exclude the declaration of Mr. Henderson and the exhibits attached thereto filed concurrently with defendants' Motion for Summary Judgment (Doc. 216).

Plaintiff objects that Mr. Henderson's declaration should be

Page 1 - ORDER DENYING PLAINTIFF'S MOTION TO PROHIBIT EVIDENTIARY ADMISSION OF MR. HENDERSON'S TESTIOMONY AND EXHIBITS (DOC. 222)

excluded because Mr. Henderson "did not participate as a witness to the truth of the EXHIBITS proffered," Motion, p. 3, ln. 16-17, and the declaration constitutes inadmissible hearsay. Id., p. 3, ln. 19. Neither of plaintiff's objections is well taken.

The documents attached to Mr. Henderson's declaration consist of excerpts of plaintiff's deposition taken by Mr. Henderson (Ex. 1); real estate records filed in official county records (Ex. 2); court orders, docket reports and documents docketed in this and other proceedings (Ex. 3, 4, 9-12); and discovery documents exchanged in this litigation (Ex. 5-8).

Fed. R. Civ. P. 56(c)(2) requires that evidence submitted in support of a motion for summary judgment must be capable of submission in a form that would be admissible if testified to at trial by the declarant. The types of documents outlined above are readily verifiable and routinely admitted.

Moreover, the declaration submitted states only that the copies submitted are "true and correct" and does not testify as to their contents. Because the documents either appear to have come from Mr. Henderson's files or were retrieved by his office from public records, Mr. Henderson is in a position to testify based on personal knowledge to the fact that the copies submitted are true and correct. See Sitts v. United States, 811 F.2d 736, 741-42 (2nd Cir. 1987)(Admitting for purposes of summary judgment movant's attorney's affidavit because it testified to a "procedural fact that was within the personal knowledge of the attorney, supported by the pretrial discovery materials of record in the case.").

Page 2 - ORDER DENYING PLAINTIFF'S MOTION TO PROHIBIT EVIDENTIARY ADMISSION OF MR. HENDERSON'S TESTIOMONY AND EXHIBITS (DOC. 222)

Case 16-03114-pcm    Doc 229    Filed 09/02/17

For the reasons stated above and in the interest of justice and good cause appearing therefor,

IT IS HEREBY ORDERED that plaintiff's Motion is DENIED.

###

Cc: Mr. Szanto
 Mr. Henderson
 UST

Page 3 - ORDER DENYING PLAINTIFF'S MOTION TO PROHIBIT EVIDENTIARY ADMISSION OF MR. HENDERSON'S TESTIOMONY AND EXHIBITS (DOC. 222)