PETER SZANTO 949-887-2369
11 Shore Pine
Newport Beach CA 92657



# United States Bankruptcy Court

## in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

| In Re Peter Szanto, Debtor | **Adversarial # 16-ap-3114** |
|---|---|
| ===================== | core case:16–bk-33185-pcm7 |
| Peter Szanto, Plaintiff | |
| vs. | **Plaintiff Peter Szanto's Declaration Supporting 3rd Request to Reopen Discovery** |
| Evye Szanto, et al, | |
| Defendants | **(Companion To Plaintiff's Motion to Reopen Discovery)** |

## 1. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the plaintiff herein.

2. This is my truthful declaration to which I will testify in Court.

16-ap-3114          Declaration – pg. 1

3. Defendants' deposition of Susan Szanto introduced a multitude of new materials into this case, which raise new substantive issues in the dispute.

4. Those new materials, among other things, were comprised of many documents which I had never seen before.

5. Documents produced at Susan Szanto's deposition included new documents from Jackson County, Oregon which had not been previously introduced in this case.

6. <u>**Susan Szanto concurred in my contention that those Jackson County, Oregon materials were produced by the defendants themselves**</u>.

7. As a matter of fact, my contentions regarding defendants' theft of my identity are supported by the Jackson County papers.

8. For example, this Court was mislead by Mr. Henderson's statements that a notarized signature is presumed authentic.

9. I contend that defendants likely (probably with the aid of whoever was their counsel in 2011) fabricated the entire Jackson County case – and let it lie fallow – just in anticipation of an opportunity to foist it on a court years later. (A reserved matter, lying in wait until there is a need to present it.)

10. There is ample evidence for this based on the fact that I would have no reason to ever file a action in Jackson County Oregon (a place I have never been; IE, in all the time I lived in Oregon, the closest I ever got to Jackson County was when I was working in Bend in 2017 (about 100 miles from Jackson County)).

11. However, the Jackson County papers appear to contain only notarizations from California notaries.

12. The way in which defendants fooled this Court is by neglecting to reveal that that in 2011, defendant Kimberly Szanto (now known as Kimberly Bell) was living and working in Orange County California.

13. Kimberly and / or Nicole Szanto's California residence easily explains the possibility that – identically to plaintiff's contention that Victor Szanto or Anthony Szanto impersonated Peter Szanto before notaries and bank officers – Kimberly Szanto impersonated Susan Szanto to obtain notarizations.

14. Nicole Szanto has also filed extensive declarations regarding California residency in other actions. This fact would also tend to prove the possibility of Nicole Szanto impersonating Susan Szanto to secure notarizations.

16-ap-3114  Declaration – pg. 3

15. The possibility of this scenario was heightened during Susan Szanto's deposition when defendants' attorney Mr. Fell stated that defendants had "the notaries available to testify."

16. Mr. Fell's statement let the-horse-out-of-the barn, because why would the defendants have prepared the notaries prior to hearing Susan Szanto's testimony?

17. That is, Susan Szanto could have testified that she was familiar with the Jackson County case.

18. Specifically, the defendants have produced materials from 2011 which they appear intended to support by pre-conditioned notary testimony from that same year.

19. However, the truth is that it is highly unlikely that any notary – performing an average number of notarizations for strangers – would actually remember a person from 7 seven years earlier had they not been prepped (or worse, bribed) for such testimony.

20. Even in the face of Mr. Fell's intimidation, Susan Szanto remained adamant that the alleged Jackson County signatures were not hers.

16-ap-3114                Declaration – pg. 4

21. However, the Jackson County forgeries of Susan Szanto's signature did raise sufficient cause in Susan Szanto's mind to join Peter Szanto's claims regarding identity theft as also applicable to Susan Szanto.

22. Specifically then, one of the key areas into which discovery need be made more fully is the inquiries seeking additional evidence through interrogatories and written deposition questions directed toward how it occurred that defendants discovered Jackson County filings in 2017 from an occurrence in 2011. (And similar questions.)

23. <u>**In other words, even though the outcome of the Jackson County action seems to have been dismissal based on failed service, the irony of how defendants obtained these documents – from a place where they have extensive real estate holdings, but plaintiff has never been, has not been adequately explained nor even allowed any essential rebuttal inquiry.**</u>

24. Interrogatories and written deposition questions are also necessary further to develop this area of defendants evidence so that plaintiff can properly rebut it.

25. At her deposition, Susan Szanto also identified photos from her Facebook site as photos which could only be obtained through hacking Susan Szanto's Facebook privacy settings without Susan Szanto's permission. The photos could not have been obtained in a any other way.

26. That is, not all persons are allowed access to Susan Szanto's Facebook photos. Nonetheless, the defendants displayed photos from the private and restricted areas of Susan Szanto's Facebook account.

27. Further discovery into this question is necessary, because the responses will help demonstrate the defendants' qualities of hacking and account intrusion which are necessary to prove plaintiff's identity theft claims against defendants.

28. **That is, the defendants obtaining access over Susan Szanto's Facebook account tends to prove the defendants propensity for the privacy subversion which was also necessary to steal Peter Szanto's identity.**

29. Defendants also introduced material which tends to indicate that the defendants responded to their own discovery requests from Susan Szanto's employer.

16-ap-3114          Declaration – pg. 6

30. That is, the defendants made statements at the deposition which indicated that the defendants – and not Susan's employer responded to work related subpoenas.

31. All of these materials are significant not merely for their evidentiary values, but also because they tend to demonstrate defendants lack of credibility as to the evidence which they are attempting to introduce.

32. I need the ability to conduct additional discovery so as to bolster my contentions regarding the falseness of the documents which the defendants introduced at the deposition of Susan Szanto.

33. In sum then, there are a multitude of facts which the defendants have already revealed which point to activities which clearly demonstrate that the defendants have engaged in identity theft (by using my name on litigation in Jackson County, Oregon), which defendants – likely with the assistance of their counsel – filed themselves

34. No doubt the Court will have skepticism about this matter, but a similar event, of my name being used in litigation about which I was unaware, occurred in another case. I am seeking to retrieve that court case, but the masses of documents in this case makes the process difficult.

16-ap-3114     Declaration – pg. 7

35. Other material of an even more dastardly nature is also in the deposition of Susan Szanto, which I seek also to develop into admissible evidence.

36. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

DATED 4-18-18  /s/ _____  Peter Szanto

## Proof of Service

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within:

## Declaration

by e-mail to Mr. Olsen and Mr. Henderson at:

nhenderson@portlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Portland OR.

Dated 4-18-2018  /s/ Maquisha Reynolds

16-ap-3114             Declaration – pg. 9

```
ORIGIN ID:DTHA    (949) 687-2369        SHIP DATE: 18APR18
SZANTO                                  ACTWGT: 0.50 LB
SZANTO                                  CAD: 112243018/INET3980
P.O.BOX 14894
IRVINE, CA 92623                        BILL SENDER
UNITED STATES US

TO  CLERK-DIST OREGON
    US BANKRUPTCY COURT PORTLAND
    1001 SW 5TH AVE #700
    ROOM 700 @ 1001 SW 5TH AV
    PORTLAND OR 97204
    (503) 610-0865        REF:
    INV:
    PO:                   DEPT:
```



THU - 19 APR 3:00P
STANDARD OVERNIGHT

TRK# 7720 3461 9571
0201

WS MRIA                 97204
                 OR-US  PDX



Insert shipping document here.

Case 16-03114-pcm    Doc 347    Filed 04/19/18