Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>PETER SZANTO,<br><br>        Debtor. | Bankruptcy Case<br>No. 16-33185-pcm7 |
| PETER SZANTO,<br><br>        Plaintiff,<br><br>    v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br><br>        Defendants. | Adv. Proc. No. 16-3114-pcm<br><br>ORDER RE: PLAINTIFF PETER SZANTO'S NOTICE OF ELECTION FOR ENTRY OF FINAL JUDGMENT BY DISTRICT COURT |

On April 16, 2018, plaintiff filed with the court a Notice of Election for Entry of Final Judgment by District Court.  Doc. 342.

As stated in the Court's correspondence addressing a similar notice filed by plaintiff earlier in the above-captioned adversary proceeding, because the Notice includes no motion or other request for relief, no action will be taken on the Notice.  See Doc. 261.

Page 1 – ORDER RE: PLAINTIFF PETER SZANTO'S NOTICE OF ELECTION FOR ENTRY OF FINAL JUDGMENT BY DISTRICT COURT

1     To the extent that plaintiff intended to request that this court
2  allow him to withdraw his consent to entry of final judgment, the court
3  declines to do so for several reasons.

4     On January 31, 2017, the court held a pretrial conference in the
5  above-captioned case.  During that hearing the court noted that neither
6  party addressed in their pleadings whether or not they consent to the
7  entry of final orders and judgments by the bankruptcy court.  When
8  asked, plaintiff responded unequivocally that "Yes, I consent your
9  honor."

10    In addition, plaintiff failed to state in his complaint that he
11 objects to the bankruptcy judge's entry of final orders and judgment.
12 Pursuant to Local Bankruptcy Rule 7008-1, "failure to timely make that
13 statement waives any objection to the judge's entry of final orders or
14 judgment."

15    Moreover, plaintiff's actions in this proceeding constitute a
16 waiver of any objection to this court's entry of final orders and
17 judgment.  Plaintiff has actively litigated this adversary proceeding in
18 bankruptcy court since he filed his complaint in September 2016.

19    In a non-core proceeding, a bankruptcy judge may only submit
20 proposed findings and conclusions of law to the district court, which
21 then enters final judgment.  Stern v. Marshall, 564 U.S. 462, 474-75
22 (2011).  A bankruptcy judge may, however, "with the consent of all the
23 parties to the proceeding . . . hear and determine and . . . enter
24 appropriate orders and judgments . . . ."  28 U.S.C. § 157(c)(2).

25    However, "the entitlement to an Article III adjudicator is a
26 'personal right' and thus ordinarily 'subject to waiver,' and the court

Page 2 - ORDER RE: PLAINTIFF PETER SZANTO'S NOTICE OF ELECTION FOR ENTRY
OF FINAL JUDGMENT BY DISTRICT COURT

1  has never held that a litigant who has the right to an Article III court

2  may not waive that right through his consent." Louvouezo v. City of

3  Honolulu, 2015 WL 7351402, *3 (N.D. Cal., Nov. 20, 2015)(addressing

4  consent to proceed before a magistrate judge and citing Wellness Int'l

5  Network, Ltd. v. Sharif, 135 S.Ct. 1932, 1944, 1947 (2015)).  "[T]he

6  consequences of a litigant sandbagging the court—remaining silent about

7  his objection and belatedly raising the error only if the case does not

8  conclude in his favor—can be particularly severe.  If [the objecting

9  party] believed that the Bankruptcy Court lacked the authority to decide

10  his claim . . ., then he should have said so—and promptly." Stern, 564

11  U.S. at 481 (internal quotations and citations omitted).  Moreover,

12  "[e]xpress consent . . . has been described as 'irrevocable' consent for

13  a bankruptcy court's entry of final judgment." Wright v. Bayview Loan

14  Servs., LLC, 2014 WL 5817019, at *7 (C.D. Cal. Nov. 6, 2014), aff'd sub

15  nom. In re Wright, 658 F. App'x 344 (9th Cir. 2016)(addressing consent

16  by alleging "core" jurisdiction and collecting cases).

17      In light of plaintiff's express consent, his waiver of any

18  objection pursuant to LBR 7008-1, plaintiff's willingness to proceed at

19  length with his litigation in the bankruptcy court, and the lack of any

20  other compelling basis upon which to allow such a withdrawal, to the

21  extent plaintiff is petitioning this court to allow him to withdraw his

22  consent,

23      IT IS HEREBY ORDERED plaintiff's request is DENIED.

24                                        ###

Cc:  Mr. Szanto
25       Mr. Henderson
     UST
26

Page 3 – ORDER RE: PLAINTIFF PETER SZANTO'S NOTICE OF ELECTION FOR ENTRY
OF FINAL JUDGMENT BY DISTRICT COURT