**Nicholas J. Henderson, OSB #074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB #115184**
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Attorneys for Defendants Evye Szanto, et al.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>PETER SZANTO,<br><br>        Debtor. | Case No. 16-33185-pcm11 |
| PETER SZANTO,<br><br>        Plaintiff,<br><br>v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL and BARBARA SZANTO ALEXANDER,<br><br>        Defendants. | Adv. Proc. No. 16-03114-PCM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF MOTION AND THIRD MOTION TO REOPEN DISCOVERY [ECF NO. 346] |

Defendants Evye Szanto, Victor Szanto, Anthony Szanto, Mariette Szanto, Kimberley

Szanto Bell, Austin Bell, Barbara Szanto Alexander and Nicole Szanto (collectively, the

"Defendants") hereby submit the following response in opposition to Plaintiff Peter Szanto's (the

Page 1 – RESPONSE TO THIRD MOTION TO REOPEN DISCOVERY
{00057122:1}

"Plaintiff") 3rd Notice of Motion and Motion to Reopen Discovery [Dkt. No. 346] (the "Third Motion"). This Response is supported by the Declaration of Nicholas J. Henderson dated April 25, 2018 (hereinafter, the "Henderson Decl.").

## INTRODUCTION

Plaintiff commenced this case by filing a variety of outlandish allegations, most of which were derivatives of similar allegations he made against the Defendants in multiple lawsuits over several years. Now, despite having deposed all of the Defendants, and after receiving numerous documents in response to his eight written discovery requests, Plaintiff seeks to prolong this litigation under the guise of needing additional discovery. Plaintiff is simply trying to continue his ongoing harassment of the Defendants. Plaintiff's Third Motion relies on numerous false statements, all of which should be rejected, and the Court should deny Plaintiff's Third Motion.

**1. Plaintiff's Third Motion to Reopen Discovery is Untimely.**

On February 16, 2018, the Court entered the Order Denying Plaintiff's Motion to Reopen Discovery and Motion for Extension of Time [Dkt. No 340]. In that Order, the Court required Plaintiff to file any new motion to reopen discovery within seven days from the date the Chapter 7 trustee abandoned this adversary proceeding in the Plaintiff's main bankruptcy case. The Order abandoning this adversary was entered on April 10, 2018. Therefore, the deadline by which Plaintiff was required to file a new motion to reopen discovery was April 17, 2018. Plaintiff did not file his Third Motion until April 19, 2018. The Third Motion is therefore late, and should be denied.

**2. Plaintiff's Third Motion is Based on Numerous False Statements.**

More offensive than the tardiness of the Third Motion is the fact that Plaintiff's Third Motion makes numerous misrepresentations to the Court. Plaintiff's misrepresentations are meant to serve as the basis for re-opening discovery. However, the misrepresentations simply illustrate Plaintiff's bad-faith and desire to harass the Defendants. The Court should reject each false representation made by Plaintiff, some of which are described in detail below.[1] Once the Plaintiff's falsehoods are discarded, nothing remains to support the re-opening of discovery in this case.

### A. No Ongoing State Court Litigation Existed

Plaintiff's first misrepresentation is his assertion that Defendants could have simply conducted Susan Szanto's in California state court, with service of subpoena by first-class mail. Plaintiff is well-aware that the California state court litigation he refers to was dismissed on June 14, 2017, mere weeks from when it was commenced. *See* Exhibit 6 to Declaration of Christopher Sturgeon, pp. 122-124, filed at Dkt. No. 283. Even assuming it would be proper to use an active state court lawsuit to effect discovery for use in this case, the lawsuit was dismissed, and could not have been used for any discovery whatsoever.

### B. Plaintiff Mischaracterizes Susan Szanto's Willingness to Cooperate.

In the Third Motion, Plaintiff attempts to argue that he and Susan Szanto would have been accommodating with respect to Susan Szanto's deposition. This argument is misleading, and should be rejected.

As the Court is aware, Defendants attempted to serve Susan Szanto on numerous occasions, all of which were met with resistance from Plaintiff and Susan Szanto. *See, e.g.,* Dkt.

---

[1] Plaintiff's misrepresentations are too numerous to discuss individually. The misrepresentations that are the most germane to the Third Motion are discussed herein.

Page 3 – RESPONSE TO THIRD MOTION TO REOPEN DISCOVERY
{00057122:1}

Nos. 211, 283, 310. Plaintiff himself filed motions to quash the subpoena served upon Susan Szanto. *See* Dkt. No. 166. When Defendants' Counsel attempted to call Susan Szanto to schedule a mutually agreeable deposition date and time, Plaintiff refused to provide Mrs. Szanto's number.

To overcome the resistance presented by Plaintiff and Susan Szanto, Defendants were forced to use the mechanism set forth Fed R. Civ. P. 45(g), to get the "compliance court" to issue an order compelling Susan Szanto's attendance at a deposition. Plaintiff's attempt to paint himself and Susan Szanto as the reasonable parties should be rejected.

### C. Plaintiff Refuses to Properly Obtain a Copy of Susan Szanto's Deposition Transcript.

Plaintiff's efforts to obstruct the use of Susan Szanto's testimony have not ended, despite the fact that the deposition finally occurred. Now, Plaintiff claims that the Defendants have somehow blocked Plaintiff's access to a copy of Susan Szanto's deposition transcript. On the contrary, Plaintiff has had equal access to Susan Szanto's deposition transcript, he has simply failed to order and pay for it. Henderson Decl., Exhibit 1.

Instead of ordering the transcript from the court reporter directly, Plaintiff subpoenaed Defendants' Counsel for a copy of the transcript. Defendants notified Plaintiff of their objection to providing a free copy of the transcript. Henderson Decl., Exhibit 2. Despite the fact that Defendants objected to Plaintiff's subpoena as provided for by Fed. R. Civ. P. 45, Plaintiff continues to falsely claim that Defendants failed to respond to his subpoenas. Plaintiff is merely trying to manufacture a discovery dispute he can use to argue that discovery should be re-opened. Plaintiff's arguments on this issue are false, and should be discarded by the Court.

### 3. Plaintiff's So-Called "Good Cause" is False.

In addition to the issues described above, Plaintiff asserts a variety of baseless allegations about Defendants' Counsel, the U.S. Trustee's office, and sitting judges in the state of Nevada. Plaintiff makes accusations of bribery and collusion, all of which are absurd. While Defendants' counsel is reluctant to spend any time addressing Plaintiff's baseless accusations, it is simply stated, for the record, that all of Plaintiff's accusations are false, and are denied. Henderson Decl., ¶ 5.

## CONCLUSION

Plaintiff accuses Defendants of improper conduct in this case, although Defendants complied with the discovery rules and all orders of this Court. Plaintiff, however, has been held in contempt for failing to comply with discovery rules, and has failed to produce a shred of evidence that would support his frivolous claims. Plaintiff's attempt to reopen discovery should be seen for what it truly is: an attempt to protract this adversary proceeding so that he continue the harassment inflicted for years upon the Defendants. The Court should deny Plaintiff's request, and refuse to entertain any further requests on the subject.

DATED April 25, 2018

MOTSCHENBACHER & BLATTNER LLP

s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, I served the foregoing DEFENDANTS' RESPONSE TO THIRD MOTION TO REOPEN DISCOVERY on the following by email, with the consent of the party:

Peter Szanto
POB 4614
Portland, OR 97208
szanto.pete@gmail.com

THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:
- PETER SZANTO - szanto.pete@gmail.com

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Attorneys for Defendants