Below is an Order of the Court.

  _____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br>PETER SZANTO,<br>  Debtor. | Bankruptcy Case No.<br>16-33185-pcm7 |
| PETER SZANTO,<br>  Plaintiff,<br>  v.<br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br>  Defendants. | Adversary No. 16-3114-pcm<br><br>ORDER DENYING MOTION TO CORRECT COURT'S CLERICAL MISTAKES (DOC. 355) |

Plaintiff moves for "correction" of the court's April 25, 2018, Order re: Plaintiff Peter Szanto's Notice of Election for Entry of Final Judgment by District Court. The court has reviewed plaintiff's motion and determined that a hearing is not necessary.

Plaintiff argues that the order, which denied plaintiff's attempt to

Page 1 -  ORDER DENYING MOTION TO CORRECT COURT'S CLERICAL MISTAKES

withdraw his consent to entry of final judgment by the bankruptcy court, was a result of either his or this court's mistake, inadvertence, or excusable neglect, citing Fed. R. Civ. P. 60. That rule is made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. It allows a court to correct clerical mistakes, Fed. R. Civ. P. 60(a), or grant a party relief from a judgment or order for, among other things, "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b).

Although plaintiff's motion is not entirely clear, he seems to make three arguments, each of which lacks merit.

First, he argues that, because defendants failed to include a statement in their responsive pleading that they consent to entry of final orders or judgment in this court, this court is without authority to enter such judgment. This argument fails. Whether defendants consented to entry of final judgment by the bankruptcy court does not affect whether plaintiff can withdraw his express and implied consent. In any event, counsel for defendants expressly consented to entry of final judgment in bankruptcy court at the same hearing in which plaintiff expressly consented.

Second, plaintiff argues that he lacked standing to consent until this adversary proceeding was abandoned by the chapter 7 trustee. This argument is frivolous. Plaintiff had standing when he filed this adversary proceeding and expressly and impliedly consented to entry of final judgment by the bankruptcy court. He temporarily lost that standing only when the case was converted to chapter 7. When the trustee abandoned the adversary proceeding, his standing was restored.

1  Third, he argues that defendants have withdrawn the reference of
2  this complaint to the District Court in California.  Again, this is a
3  frivolous argument.  Defendants sought to compel Susan Szanto to comply
4  with a deposition subpoena.  Because Susan Szanto resides in California,
5  defendants were required by Fed. R. Civ. P. 45 to seek enforcement of the
6  subpoena in the California District Court.

7  Plaintiff also says that his consent was obtained when he was under
8  the mistaken impression that this court would fairly adjudicate his
9  claims, and that he now believes this court is biased against him.  This
10 argument is not supported by the record, and in any event, would not
11 support withdrawing consent to entry of final judgment in bankruptcy
12 court.

13 Therefore,

14 IT IS HEREBY ORDERED that plaintiff's Motion to Correct Court's
15 Clerical Mistakes is DENIED.

###

cc:  Peter Szanto
     Nicholas Henderson

Page 3 - ORDER DENYING MOTION TO CORRECT COURT'S CLERICAL MISTAKES