Below is an Order of the Court.

PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>PETER SZANTO,<br><br>                     Debtor. | Bankruptcy Case No.<br>16-33185-pcm7 |
| PETER SZANTO,<br><br>               Plaintiff,<br><br>      v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE<br>SZANTO, KIMBERLEY SZANTO, MARIETTE<br>SZANTO, ANTHONY SZANTO, AUSTIN<br>BELL, JOHN BARLOW, and BARBARA<br>SZANTO ALEXANDER,<br><br>              Defendants. | Adversary No. 16-3114-pcm<br><br>ORDER DENYING MOTION TO<br>SUPPLEMENT COMPLAINT (DOC. 352) |

Plaintiff moves to amend his First Amended Complaint to add claims for abuse of process, malicious prosecution, and barratry, based on alleged conduct that occurred in 2017, after this adversary proceeding was commenced in 2016. Because the new pleading seeks to allege facts occurring after the original pleading was filed, it is a supplemental

Page 1 - ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT

pleading, not an amendment to the complaint. <u>Keith v. Volpe</u>, 858 F.2d 467, 473-74 (9th Cir. 1988). The title of a pleading does not determine its substance; although captioned as a motion to amend, I will treat this motion as one to supplement the pleadings pursuant to Fed. R. Civ. P. 15(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015. <u>See</u> <u>United States ex re. Wulff v. CMA, Inc.</u>, 890 F.2d 1070, 1073 (9th Cir. 1989).

Rule 15(d) provides, as relevant:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

Although supplemental pleadings are favored and are generally liberally allowed, <u>Keith</u>, 858 F.2d at 473, the court has broad discretion in whether to allow or deny leave to supplement the pleadings. <u>Id.</u> In exercising that discretion, the court considers a number of factors, including whether "the supplemental pleading asserts new and distinct claims unrelated to the original complaint," O'Connell and Stevenson, <u>Rutter Group Practice Guide: Federal Civil Procedure Before Trial</u>, ¶ 8:1731, (Calif. and 9th Cir. ed., March 2018 Update), as well as judicial economy, undue delay, bad faith, prejudice to the other party, and futility of amendments. <u>Oregon Natural Desert Ass'n v. McDaniel</u>, 282 F.R.D. 533, 537 (D. Or. 2012); <u>Al Haramain Islamic Foundation, Inc. v. U.S. Dept. of the Treasury</u>, 2012 WL 6203136 at *8 (D. Or. 2012) (unpublished).

Plaintiff filed this complaint in September 2016; he filed his First Amended Complaint in December 2016. He asserted multiple claims against

Page 2 - ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT

defendants arising out of conduct alleged to have resulted in plaintiff's identity theft and loss of property that occurred more than ten years before. Plaintiff now seeks to supplement the complaint with allegations relating to defendants' alleged attempts in 2017 in Nevada justice courts to obtain domestic violence restraining orders against plaintiff.

The Scheduling Order entered in this case on November 7, 2016, Doc. 21, requires that amendments to pleadings occur within 120 days of the filing of the complaint. Plaintiff has not sought an extension of that deadline to file this motion.

The court has made clear to the parties that it intends to issue its ruling on the cross-motions for summary judgment, which were argued in October 2017, soon.

While this litigation has been pending, on March 9, 2017, plaintiff filed a Motion to Enforce Stay in his main bankruptcy case, Case No. 16-33185-pcm7 (Doc. 78), in which he sought to enforce the automatic stay under 11 U.S.C. § 362 to restrain or vacate a domestic violence restraining order that defendants had obtained in Nevada on March 6, 2017. That order temporarily restrained plaintiff from pursuing any court action "in any state or territory" unless represented by a licensed attorney. In an order entered on March 14, 2017, this court denied the motion to enforce the automatic stay, explaining that there is an exception to the automatic stay for domestic violence proceedings, that the restraining order did not apply to actions in federal court, and that in any event, state courts are without power to restrain *in personam* federal proceedings. See Main Case Doc. 79.

Having failed in his attempt to use the automatic stay to enjoin

Page 3 - ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT

defendants' actions in Nevada, in August 2017, plaintiff filed an adversary proceeding against defendants Victor and Evye Szanto (later adding Anthony Szanto) and certain Nevada Justice Courts, alleging that the Szanto defendants should be enjoined from seeking restraining orders against him in Nevada state courts, the purpose of which he alleged was to defeat his litigation in this adversary proceeding. Adv. No. 17-3098. The complaint was based on the same March 6, 2017, one-month Temporary Order for Protection Against Domestic Violence that Victor and Evye Szanto obtained against him in Nevada that formed the basis for his Motion to Enforce Stay in the main bankruptcy case, and on a later attempt by Anthony to obtain a similar order.

After numerous warnings to plaintiff that the complaint and amended complaint in that action had not been properly served, on April 18, 2018, the complaint in Adv. No. 17-3098 was dismissed for a combination of reasons, with prejudice. See Adv. No 17-3098, Doc. 38.

Plaintiff candidly admits in the motion now before the court that his request to supplement his complaint "is based on the Court's recent dismissal of the case regarding defendants' Victor and Evye Szanto's successful efforts to exert influence over the courts of Nevada so as to defeat the jurisdiction of this court." Motion to [Supplement] Complaint at p.2. The conduct alleged in the proposed supplemental complaint is the same conduct as plaintiff alleged in the Motion to Enforce Stay and in the dismissed adversary complaint in Adv. No. 17-3098; all that has changed is the nature of the relief sought, from an injunction to unspecified relief.

Plaintiff's request to supplement his pleading to add these three

Page 4 - ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT

claims will be denied.  First, it is untimely under the Scheduling Order, which required amendments to pleadings to be filed within 120 days of the commencement of the action.  That period has long passed.  Plaintiff has not sought an extension of the deadline.

Second, the supplemental claims, although tangentially related to the claims in this adversary (in the sense that plaintiff alleges defendants are attempting to interfere with this litigation), are not related in substance to the claims alleged in the adversary complaint in this proceeding.

Third, it is obvious that debtor's motion to add these claims is simply an end-run around the court's denial of his Motion to Enforce Stay and the dismissal with prejudice of his earlier claims against the same parties for the same conduct, albeit with a request for possibly different relief.  The only purpose of seeking to insert these claims into this litigation is to cause further delay and allow plaintiff to proceed on claims that may well be barred by claim preclusion.  <u>See</u> <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 714 (9th Cir. 2001) (claim preclusion bars litigation in later action on claims that arise out of the "same transactional nucleus of facts" as those finally determined in earlier action).

This adversary proceeding has been pending for 18 months, and has been the subject of extensive delay.  The court is poised to issue a ruling on cross-motions for summary judgment.  Allowing the supplement would neither promote judicial efficiency nor contribute to a speedy resolution of the claims between the parties.

Therefore,

Page 5 -  ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT

1    IT IS HEREBY ORDERED that plaintiff's motion to supplement the

2    complaint in this adversary proceeding (Doc. 352) is DENIED.

3                                    ###

4    cc:  Peter Szanto
         Nicholas Henderson

Page 6 -  ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT