Below is an Opinion of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>PETER SZANTO,<br><br>          Debtor. | Bankruptcy Case<br>No. 16-33185-pcm7 |
| PETER SZANTO,<br><br>          Plaintiff,<br><br>    v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE<br>SZANTO, KIMBERLEY SZANTO, MARIETTE<br>SZANTO, ANTHONY SZANTO, AUSTIN<br>BELL, JOHN BARLOW, and BARBARA<br>SZANTO ALEXANDER,<br><br>          Defendants. | Adv. Proc. No. 16-3114-pcm<br><br>MEMORANDUM OPINION |

This matter came before the Court on October 24, 2017,[1] on the parties' cross-motions for summary judgment. Plaintiff filed a First

_____

[1] After oral argument, the court took this matter under advisement. Before the court issued its ruling, plaintiff's Chapter 11 case was converted to a case under Chapter 7. Case No. 16-33185-pcm7, Doc. 278. The court informed the parties that it would delay ruling on this matter until the newly appointed Chapter 7 trustee determined whether he would

Page 1 – MEMORANDUM OPINION

Amended Complaint ("Complaint") against defendants.  Doc. 34.  Plaintiff labels his claims as (1) conversion; (2) conversion of debtor's personality, image, likeness, unique identifying factors and other similar individual identifying and recognition features (hereinafter "identity theft claim"); (3) civil claim for relief based on statutory remedies for defendants' improper racketeer influenced and corrupt organizations act actions (hereinafter "RICO claim"); (4) breach of fiduciary duty; (5) fraud; (6) conspiracy; (7) improper creation of income tax liability against debtor; and (8) intentional/negligent infliction of emotional distress.  Defendants answered, and asserted three counter-claims: (1) attorney fees; (2) wrongful initiation of civil proceedings; and (3) injunction and vexatious litigant designation.  Doc. 66.

Plaintiff moved for summary judgment on defendants' second counter-claim, for wrongful initiation of civil proceedings.  Doc. 199 (hereinafter "Plaintiff's Motion").[2]  Defendants move for summary judgment on all of plaintiff's claims and for partial summary judgment

administer these claims.  On January 25, 2018, trustee Stephen Arnot filed notice of his intent to abandon the claims in this adversary proceeding, to which debtor objected.  After a hearing, the court ruled that the abandonment would be permitted, and the abandonment became effective April 10, 2018.  See Case No. 16-33185-pcm7, Doc. 443. Further, plaintiff filed additional motions in this adversary proceeding to reopen discovery, which the court denied.  Docs. 340 and 367. Because plaintiff is again the real party in interest and his latest motions to reopen discovery have been denied, the cross-motions are now ripe for decision.

2    Plaintiff's motion addresses a number of topics.  However, for the reasons set out below, the only issue properly raised on summary judgment is that which pertains to defendants' claim for wrongful initiation of civil proceedings.  Accordingly, the court treats plaintiff's motion as a motion for summary judgment on that claim.

Page 2 – MEMORANDUM OPINION

on defendants' second counter-claim.  Docs. 216, 217 (hereinafter "Defendants' Motion").  Neither party moved for summary judgment on defendants' first and third counter-claims (attorney fees and vexatious litigant designation).

DISCUSSION

The court shall grant summary judgment when the moving party shows that there is no genuine dispute of material facts and that the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.  In deciding the motion, the court must view the evidence in the light most favorable to and draw all justifiable inferences in favor of the non-moving party.  Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014).  Where the moving party has properly supported its motion for summary judgment, the party opposing judgment must provide specific facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

> However, deference to the nonmoving party has limits.
> The nonmoving party must set forth "specific facts
> showing a genuine issue for trial." Fed.R.Civ.P. 56(e).
> The "mere existence of a scintilla of evidence in support
> of plaintiff's positions [is] insufficient." Anderson v.
> Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
> Therefore, where "the record taken as a whole could not
> lead a rational trier of fact to find for the nonmoving
> party, there is no genuine issue for trial." Matsushita
> Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
> 574, 587 (1986) (internal quotation marks omitted).

Liberty Nat. Prod., Inc. v. Hoffman, 2012 WL 1203979, at *3 (D. Or. Apr. 11, 2012).

Page 3 – MEMORANDUM OPINION

1. Plaintiff's Claims

     a. Choice of Law

With the exception of the RICO claim, plaintiff's claims are all based on state law. As a result, this court must first determine which state's law applies. "In federal question cases with exclusive jurisdiction in federal court, such as bankruptcy, the court should apply federal, not forum state, choice of law rules." In re Lindsay, 59 F.3d 942, 948 (9th Cir. 1995) (collecting cases); In re Sterba, 852 F.3d 1175, 1179 (9th Cir. 2017), petition for cert. filed (U.S. Sept. 15, 2017) (No. 17-423). The Court of Appeals for the Ninth Circuit follows the Restatement (Second) of Conflict of Laws (1971) ("Restatement") to the extent it concludes that the Restatement is persuasive. See Sterba, 852 F.3d at 1179 (citing Flores v. American Seafoods Co., 335 F.3d 904, 919 (9th Cir. 2003)). The choice of law analysis differs for substantive issues and statutes of limitations.

The substantive claims at issue are tort claims. The Second Restatement states a "general principle" for tort claims:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145 (1971).  The principles stated in § 6 are:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Id.

The applicable statute of limitations is also at issue in several of plaintiff's claims.  The Ninth Circuit has adopted the following analytical framework for addressing statute of limitations issues:

First, the Court must decide what choice-of-law rule governs the selection of the statute of limitations. Second, the Court must apply that rule to determine which jurisdiction's limitations law applies.  Third, and

Page 5 – MEMORANDUM OPINION

finally, the Court [must] determine whether plaintiffs'
claims fall within the relevant limitations period.

Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)

(quoting Cruz v. U.S., 387 F.Supp.2d 1057, 1070 (N.D.Cal. 2005). As

noted above, because this adversary proceeding arises in the context of

a bankruptcy case, federal choice of law rules apply.

> Federal common law follows the approach outlined in the
> Restatement (Second) of Conflict of Laws. Accordingly,
> barring exceptional circumstances, we consider the
> following factors:
>
> (1) The forum will apply its own statute of limitations
> barring the claim.
>
> (2) The forum will apply its own statute of limitations
> permitting the claim unless:
>
> (a) maintenance of the claim would serve no substantial
>     interest of the forum; and
>
> (b) the claim would be barred under the statute of
>     limitations of a state having a more significant
>     relationship to the parties and the occurrence.

Huynh v. Chase Manhattan Bank, 465 F.3d at 997 (quoting Restatement

(Second) of Conflicts of Law § 142 (1988)).

b. Conversion

Plaintiff's first claim, for conversion, alleges that defendants

converted both real and personal property belonging to him when, in

2005, they took possession of 105 Baywood Ave., Hillsborough, CA (the

"Baywood Property") and personal property that plaintiff stored there.

Complaint, ¶¶ 103-14. Defendants seek summary judgment on this claim on

several grounds. Defendants' Memorandum in Support of Defendants'

Motion for Partial Summary Judgment, Doc. 217 (hereinafter "Defendants'

Page 6 – MEMORANDUM OPINION

Memo"). I conclude that, because plaintiff's claim for conversion of personal property is barred by the statute of limitations, I need not reach defendants' other arguments about converted personal property. The remainder of plaintiff's claim fails, because real property cannot form the basis of a conversion claim.

This court applies federal common law, as it must, to determine the applicable statute of limitations to the conversion claim. Pursuant to federal common law, the forum state statute of limitations applies if it would bar the claim. If it would allow the claim, the forum state statute of limitations applies unless the forum state has no interest in the claim and the statute of limitations of a state having a more significant relationship to the parties and the occurrence would permit the claim.

Under Oregon law, a claim for conversion must be brought within six years and accrues when the plaintiff knew or reasonably should have known the elements of his claim. Rice v. Rabb, 354 Or. 721, 733-34 (2014); see also ORS 12.080(4). In this case, Oregon law applies, because the claim is barred under Oregon law.[3]

On June 5, 2009, plaintiff filed a First Amended Cross-Complaint in the Superior Court of California in Orange County ("2009 Complaint")

---

[3] "California law, the only other plausibly applicable statute of limitations, would also bar the claim. California law requires a claim for conversion to be brought within three years of the wrongful taking. AmerUS Life Ins. Co. v. Bank of America, N.A., 143 Cal. App. 4th 631, 639 (2006). The period is tolled only when the defendant "fraudulently conceals the relevant facts or where the defendant fails to disclose such facts in violation of his or her fiduciary duty to the plaintiff," in which case the statute of limitations period commences when the plaintiff discovers or ought to have discovered the conversion. Id.

Page 7 – MEMORANDUM OPINION

against several of the same defendants named in this action. <u>Szanto v.</u>
<u>Szanto</u>, Case No. 05 CC 08539 (Superior Court of California, County of
Orange, 20090). The 2009 Complaint asserts, among other things, causes
of action for trover and conversion. Ex. 3 to Decl. of Nicholas J.
Henderson (Doc. 216) (hereinafter "Henderson Decl.") In those claims,
plaintiff asserted that the defendants in that action willfully and
wrongfully "conver[ted] Peter Szanto's goods, possessions and property
without Peter Szanto's permission, consent or acquiescence." <u>Id.</u> at ¶¶
20, 26. Plaintiff further alleged that defendants "interfere[d] with
Peter Szanto's dominion and access to his goods, possessions and
property—as well as personal property and artwork Peter Szanto
maintained at his own home and which Peter Szanto maintains at the home
of Peter Szanto's parents." <u>Id.</u> at ¶¶ 23, 28. This is the same
personal property that forms the basis of plaintiff's conversion claims
in the present adversary proceeding. Thus, plaintiff knew before June
5, 2009, the elements of the conversion claim as to his personal
property.

Plaintiff briefly addressed the statute of limitations in his
Response. He first argued without explanation that a pending action in
state court related to the Paul and Klara Szanto Revocable Trust's
(hereinafter the "Trust") ownership of the Baywood Property tolls the
statute of limitations. However, plaintiff cited no law supporting his
position and this court found none. Plaintiff further argued that Cal.
Prob. Code § 10382 operates to toll the statute of limitations, because
a final accounting for the Trust was not made to plaintiff. Plaintiff
argues that, if Oregon law applies, ORS 115.005(5)(a) exempts his cause

Page 8 – MEMORANDUM OPINION

of action from any statute of limitations, because part of the relief he seeks in this claim is to reform the title of the Baywood Property or quiet title in his favor.

As explained above, Oregon law applies. However, ORS 115.005 is inapplicable. This statute relates to claims against the estate of a decedent. None of the defendants in this adversary proceeding is an estate. Accordingly, plaintiff's arguments that the statute of limitations applicable to his claims was tolled are not well taken. Moreover, Cal. Prob. Code § 10382 does not aid plaintiff. Cal. Prob. Code § 10382 sets out when an action may be maintained against a personal representative of a trust pursuant to Cal. Prob. Code § 10380. Plaintiff's claim for conversion is not a claim under Cal. Prob. Code § 10380. Therefore, although there is very little case law interpreting Cal. Prob. Code § 10382, this statute does not appear to apply to the context in which plaintiff seeks to put it to use.

Plaintiff knew of his conversion claim at least by June 2009, thus the claim accrued more than seven years before plaintiff filed this adversary proceeding in December 2016.[4] Accordingly, plaintiff's claim for conversion of personal property is time barred under Oregon law.

Plaintiff also claims conversion of the Baywood property itself. Because the claim fails under either Oregon or California law, I need not determine which state's law should apply.

///

---

4    The original complaint was filed in September 2016; it did not allege a claim for conversion. Even if it did, the claim would still be barred by the statute of limitations, because it was brought more than six years after the claim accrued.

Page 9 – MEMORANDUM OPINION

Oregon adopts the definition of conversion set forth in Restatement (Second) of Torts § 222A(1): "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Rice v. Rabb, 354 Or. At 724 n. 4 (quoting Mustola v. Toddy, 253 Or. 658, 663 (1969)). "The term 'chattel,' in legal parlance, ordinarily refers to '[a]n article of personal property, as opposed to real property. A thing personal and moveable.'" Ass'n of Unit Owners of Bridgeview Condominiums v. Dunning, 187 Or. App. 595, 616 (2003) (analyzing a product liability claim using the Restatement (Second) of Torts and quoting Black's Law Dictionary 215 (5th ed. 1981)).

Under California law, "[t]he basic elements of the tort of conversion are (1) plaintiff's ownership or right to possession of personal property; (2) defendant's disposition of property in a manner inconsistent with plaintiff's property rights; and (3) resulting damages." Fremont Indem. Co. v. Fremont General Corp., 148 Cal. App. 4th 97, 119 (2007). "It is generally acknowledged that conversion is a tort that may be committed only with relation to personal property and not real property." Munger v. Moore, 11 Cal. App. 3d 1, 7 (1970).

Because real property cannot form the basis of a conversion claim under either Oregon or California law, this portion of plaintiff's conversion claim also fails.

Summary judgment for defendants will be entered on plaintiff's first claim for relief.

///

Page 10 – MEMORANDUM OPINION

c. Identity Theft

Defendants move for summary judgment on plaintiff's identity theft claim on the basis that plaintiff has no evidence to support his claim. Defendants support their contention with deposition testimony from plaintiff in which plaintiff testified that his brothers Victor and Anthony Szanto had motive, opportunity, and ability to steal his identity and that the timing coincided with contentious litigation between the parties related to the probate of their parents' estate.

As an initial matter, it appears that both Oregon and California recognize a private right of action for identity theft. Under California law:

> Based in part upon Penal Code section 530.5, as well as statutory provisions in the civil law which specifically proscribe the type of conduct alleged here as "identity theft," California case law has already noted that an individual's "'personal identifying information' . . . can be the object of theft"; that such a theft "can have serious consequences to that person," and that as a consequence, such misconduct would give rise to a claim against the perpetrator for damages. (CTC Real Estate Services v. Lepe (2006) 140 Cal.App.4th 856, 860-861.) As explained in Fremont Indemnity Co. v. Fremont General Corp. (2007) 148 Cal.App.4th 97, a cause of action for conversion may be stated for the theft of intangible personal property. "The basic elements of the tort are (1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." (Id. at p. 119; accord, A & M Records, Inc. v. Heilman (1977) 75 Cal.App.3d 554, 570.)
>
> Moreover, to the extent that any such intentional misconduct rose to the level of "extreme and outrageous" it would also entitle the victim to recover damages for any resulting "severe emotional distress." (Unterberger

Page 11 – MEMORANDUM OPINION

v. Red Bull North America, Inc. (2008) 162 Cal.App.4th
414, 423.)

Szanto v. Szanto, 2008 WL 4726452, at *6 (Cal. App., Oct. 29, 2008)
(unpublished) (summarizing California law regarding identity theft).

Although Oregon appellate courts do not appear to have directly
addressed the issue, Oregon district courts have interpreted "chattels"
to include intangible property such as broadcast licenses, the right to
bring a lawsuit, and patent rights. Joe Hand Productions v. Holmes,
2015 WL 5144297, at *6 (D. Or. Aug. 31, 2015). Moreover, debtor's claim
also encompasses alleged theft of physical documents, including
"debtor's original U.S. naturalization certificate, debtor's original
U.S. social security card, various driver's licenses, photo-id's from
various courthouses where Peter Szanto had worked" and "financial books
[and] legal and bank papers . . ." Complaint, ¶70. The reasoning in
Holmes is persuasive. A conversion claim for theft of personal
identifying information may likely be brought under Oregon law. As I
have said above, Oregon adopts the definition of conversion set forth in
Restatement (Second) of Torts § 222A(1): "an intentional exercise of
dominion or control over a chattel which so seriously interferes with
the right of another to control it that the actor may justly be required
to pay the other the full value of the chattel." Rice, 354 Or. at 724
n. 4 (2014) (quoting Mustola v. Toddy, 253 Or. 658, 663 (1969)).

Because the elements of the cause of action are substantially
different in Oregon and California, a choice of law issue exists.
Applying federal conflict of law analysis, this court must next
determine "the state which, with respect to that issue, has the most
significant relationship to the occurrence and the parties," as

Page 12 – MEMORANDUM OPINION

determined by the place of the conduct and injury, the domicile or residence of the parties, and the place where the parties' relationship is centered. Restatement (Second) Conflict of Laws § 145 (1971). The court must also apply the principles in § 6, including the needs of interstate systems, the relevant policies of the forum and other interested states, the protection of justified expectations, the policies underlying the relevant field of law, certainty, predictability, uniformity of result, and ease in determination and application. Id.

At the time of the alleged conversion, all parties were located in California and at least some, including plaintiff, were citizens of California. Moreover, the alleged conversion took place in California. None of plaintiff's allegations related to this claim implicate people who were Oregon citizens at the time, Oregon property, or Oregon law. Moreover, this claim does not present any novel issues that would hinder this court in applying California law. By contrast, novel issues do exist under Oregon law. Accordingly, California has the most significant relationship to the occurrence and parties and California law will be applied.

Defendants argue that plaintiff failed to provide any evidence to support his claim. Mere allegations that the defendants had a motive and opportunity to improperly use plaintiff's personal identifying information are insufficient to defeat a motion for summary judgment. See Jeffers v. Gomez, 267 F.3d 895, 907 (9th Cir. 2001) (quoting Crawford-El v. Britton, 523 U.S. 574 (1998)). Plaintiff argues that he has "fully enunciated the *modus operandi* methodology and exemplification

Page 13 – MEMORANDUM OPINION

for the perpetration of [the alleged] identity theft." Plaintiff's Response, p. 18. Plaintiff summarizes his evidence as

> the circumstances of the dispute between the parties and the manner whereby defendants were able to freely access plaintiff's office in the 105 Baywood property; and thereby acquire plaintiff's personal identifying information and original driver's licenses, naturalization papers, expired passports so as to thereby create identities for themselves to use in the creation of bank accounts and credit cards in plaintiff's name for defendants [sic] exclusive use and enrichment.

Id. Plaintiff further argues that defendants were motivated to steal his identity on the ground that doing so would distract plaintiff from pursuing his probate and conversion claims against defendants. Id. at 19.

However, plaintiff failed to produce **any** evidence of any transactions or events in which his identity was falsely used. He failed to identify specific accounts that were opened in his name or detail any specific instances in which his identity was inappropriately used. He did not allege or provide any evidence that specified what debts were incurred, what accounts were falsely opened, how those obligations were resolved, or any amounts he had to pay on loans or credit charges he did not initiate. For example, plaintiff did not produce **any** records of unauthorized bank account activity such as statements or signature cards, or correspondence from banks regarding any such issues. He also did not provide **any** evidence of credit accounts such as credit card statements, correspondence with credit card companies, account applications, or documents showing any negotiated resolutions of any false accounts. This is the type of evidence to

Page 14 – MEMORANDUM OPINION

which plaintiff should have ready access and should be readily available to plaintiff from his own records or by request to his financial institutions.

Taking together plaintiff's allegations in his complaint and his deposition testimony, and plaintiff's failure to present any specific evidence of identity theft, plaintiff's allegations amount to mere conclusory statements and are insufficient to overcome defendants' summary judgment motion on this claim. Accordingly, judgment for defendants will be entered on plaintiff's second claim for relief.

### d. RICO

Plaintiff's third claim, a claim for relief under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), is based on alleged collusion by defendants to deprive him of the same property addressed by his conversion and identity theft claims discussed above. Defendants move for summary judgment on the basis that plaintiff has failed to produce any evidence in support of his claims that defendants acted improperly with respect to any of the allegations leveled against them. "To state a [RICO claim], a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (quoting Sedima, S.P.R.L. v. Imrex Co. Inc., 473 U.S. 479, 496 (1985) (footnote omitted)).

Plaintiff alleges that defendants' theft of his identity constitutes a "racketeering activity." However, the court need not reach that issue. As discussed above, plaintiff produced no evidence to
///

Page 15 – MEMORANDUM OPINION

support his underlying claims of identity theft.  As a result, the RICO claim based on the same allegations also fails.

Plaintiff also claims that defendants violated RICO when they converted his interest in the Baywood Property and his personal property located there.  Defendants argue that no evidence exists to support plaintiff's claims.  Defendants' Memo, p. 20.  Although plaintiff does not address defendants' Motion as it relates to the RICO claim specifically, plaintiff alleges that defendants failed to produce the evidence contained within "boxes and boxes and boxes" of documents from his mother that are in Victor Szanto's custody.

Specifically, plaintiff argues that defendants withheld relevant documents in the "boxes and boxes and boxes" in Victor Szanto's possession.  Presumably, plaintiff is arguing that he was prevented from producing sufficient evidence because defendants failed to turn over discovery plaintiff specifically requested in the discovery process.  Beyond his argument regarding the "boxes" of documents, plaintiff does not address defendants' motion with respect to his RICO claim, much less supply the court with any evidence in support of his claim.

At the time of his deposition on June 8, 2017, Victor Szanto testified that he had boxes of documents from his parents' estate that he had not "begun to comb through yet."  Plaintiff's Response, Ex. C, p. 2-3.  However, on August 8, 2017, defendants filed the Declaration of Victor Szanto in Support of Defendants' Response to Plaintiff's Third Motion to Compel Production of Documents, Doc. 184, p. 64-66 (hereinafter "Victor Szanto Declaration"), which stated that "I have produced all documents that are in any way related to Plaintiff Peter

Page 16 – MEMORANDUM OPINION

Szanto, his allegations in this case, or the defenses asserted by the Defendants in this case." Plaintiff produced no credible evidence of his own to challenge the Victor Szanto Declaration and merely speculates that defendants' production is incomplete. Although the court recognizes that requiring a party to prove the existence of documents to which he does not have access presents a significant challenge, plaintiff has provided no documentation of any sort to support his claims. If the facts alleged in the Complaint are true, the court would expect that there would be some evidence beyond the "boxes and boxes" of documents sought by plaintiff. In the absence of something more than plaintiff's mere speculation that defendants' production was inadequate and in light of the evidence submitted in Victor Szanto's Declaration, the court does not find plaintiff's arguments regarding the "boxes" of documents meritorious.

Accordingly, plaintiff's bare allegations that defendants have not been fully compliant with the requirements of discovery are not sufficient to sustain his RICO claim. Plaintiff has not provided sufficient evidence to sustain his RICO claim and summary judgment will be granted.

### e. Breach of Fiduciary Duty

Defendants move for summary judgment on plaintiff's fourth claim for relief, breach of fiduciary duty, on the basis that plaintiff lacks any evidence to support his claim.

Under both California and Oregon law, "[t]he elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately

Page 17 – MEMORANDUM OPINION

caused by the breach." <u>Tribeca Companies, LLC v. First Am. Title Ins.</u>
<u>Co.</u>, 239 Cal. App. 4th 1088, 1114 (2015)(internal citations and
quotations omitted); <u>see also</u> <u>Evergreen West Bus. Ctr., LLC v. Emmert</u>,
254 Or. App. 361, 367 (2012), <u>rev'd on other grounds</u>, 354 Or. 790
(2014). Because the elements of the claim are the same in both states,
I need not decide which state's law applies.

In support of their motion as it relates to plaintiff's breach of
fiduciary duty claim, defendants argue that plaintiff failed to (1)
establish a fiduciary relationship and (2) demonstrate proof of any
breach of such a duty.

In support of defendants' first argument, that plaintiff failed to
prove the existence of a fiduciary duty, defendant Victor Szanto
provided a declaration to which was attached a true and correct copy of
Klara Szanto's last will (Ex. 13), an instrument entitled "The Paul and
Klara Szanto Revocable Trust" (Ex. 14), an instrument entitled "The Paul
Szanto Survivor's Trust" (Ex. 15), and Paul Szanto's last will (Ex. 16).
Defendants argue that none of the attached documents establish a
fiduciary relationship between plaintiff and any of the defendants. In
response, plaintiff provided a copy of an earlier iteration of the Paul
and Klara Szanto Revocable Trust document. Plaintiff's Response, Ex. H.
This earlier iteration, unlike the iteration submitted by defendants,
includes plaintiff as a beneficiary of the Trust. Plaintiff appears to
argue that the changes resulting in the later iteration were obtained by
improper methods and, therefore, the later iteration is void. However,
I agree with defendants that plaintiff provides insufficient evidence to
support this argument.

Page 18 – MEMORANDUM OPINION

Plaintiff alleged that defendants obtained the changes to the trust through various types of elder abuse and manipulation. Complaint, ¶¶ 58-65. When asked about these allegations, plaintiff testified in his deposition that he had no direct evidence in support of the allegations he made but instead that he deduced these facts from vague statements made by his mother in combination with her failure to answer certain questions he put to her over the telephone. Henderson Decl. Ex. 1, pp. 13-15. In plaintiff's Response, he repeats the allegations that his parents were subjected to "enormous psychological and physical pressure, both emotional and physical," Plaintiff's Response, p. 13, but again fails to provide any evidence in support of this allegation. Plaintiff's vague allegations are insufficient to survive summary judgment. Plaintiff's sole basis for asserting abuse of his mother was a telephone conversation he had with his mother at a time when plaintiff was purportedly located in a hospital bed in Israel. Id. Plaintiff's intuition of his mother's condition based on one telephone call is not supported by any other evidence. Taken alone, it is not sufficient to support plaintiff's argument that later trust documents are void.

Plaintiff has not demonstrated that anything beyond a "scintilla of evidence" exists to support his claims that a fiduciary relationship exists between plaintiff and Victor and Anthony Szanto. Accordingly, defendants' motion for summary judgment as to plaintiff's breach of fiduciary duty claim will be granted.

f. Fraud

For his fifth claim, fraud, plaintiff alleges that defendants made false and fraudulent statements "regarding plaintiff's identity which

Page 19 – MEMORANDUM OPINION

they knew to be untrue (particularly that they had right (or implication of the right) to use plaintiff's identity)." Complaint, ¶ 137. Plaintiff further alleges that he was damaged by these representations because banks and other lenders relied on these representations and loaned money on that basis, which was never repaid. Complaint, ¶¶ 140-42. Plaintiff alleges he suffered further damage when the unrepaid loans resulted in collection activities and negative credit reporting. Complaint, ¶¶ 142-43.

Defendants seek summary judgment on this claim, arguing that plaintiff inadequately pled his claim and cannot satisfy his burden of proof on at least two of the elements of fraud: (1) defendants' intent that plaintiff rely on their alleged misrepresentations; and (2) actual reliance.

Under Oregon law,

> [t]he essential elements of a common-law fraud claim are: [(1)] the defendant made a material misrepresentation that was false; [(2)] the defendant did so knowing that the representation was false; [(3)] the defendant intended the plaintiff to rely on the misrepresentation; [(4)] the plaintiff justifiably relied on the misrepresentation; and [(5)] the plaintiff was damaged as a result of that reliance.

Strawn v. Farmers Ins. Co. of Oregon, 350 Or. 336, 351-52 (2011), adhered to on reconsideration, 350 Or. 521 (2011).

Under California law,

> To establish a claim for deceit based on intentional misrepresentation, the plaintiff must prove seven essential elements: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the

Page 20 – MEMORANDUM OPINION

representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff.

Manderville v. PCG&S Group, Inc., 146 Cal. App. 4th 1486, 1498 (2007) (citations, footnotes and quotations omitted); see also 9 Witkin Sum. Cal. Law Torts § 772 (2016 ed.) (collecting cases).

Under both California and Oregon law, it is settled that, to state a cause of action for deceit based on a misrepresentation, a plaintiff must plead that he or she actually relied on the misrepresentation. See ISE Entm't Corp. v. Longarzo, 2018 WL 1569803, at *9 (C.D. Cal. Feb. 2, 2018)(citing Pulver v. Avco Financial Services, 182 Cal. App. 3d 622, 640 (1986) ("the plaintiff is the person to whom the representation must have been made, and it is the plaintiff who must have relied on the misrepresentation to his damage."); see also Strawn, 350 Or. at 352-3.

Plaintiff's fraud claim is based on the same set of facts as plaintiff's identity theft claim. Under either California or Oregon law, plaintiff's claim fails: Plaintiff's pleadings state that defendants' alleged representations "induce[d] others (ie – banks and other lenders) to act on their false representations." Complaint, ¶ 140. Nowhere does plaintiff allege or provide proof that plaintiff relied on false representations made by defendants. Accordingly, plaintiff failed to adequately plead a claim for fraud against defendants. Moreover, plaintiff failed to produce **any** evidence in

///

Page 21 – MEMORANDUM OPINION

support of his claim that defendants engaged in any of the fraudulent behavior he alleges.

Accordingly, defendants' motion for summary judgment on plaintiff's fifth claim for relief will be granted.

### g. Conspiracy

Plaintiff's claim for conspiracy is rooted solely in his identity theft claim. Complaint, ¶ 147. With limited exceptions that are not applicable here, "conspiracy is not an independent tort under Oregon law" and "civil conspiracy is not a separate theory of recovery . . . ." McFarlin v. Gormley, 2008 WL 410104, at *14 (D.Or. Feb. 12, 2008) (citing Bliss v. Southern Pac. Co., 212 Or. 634, 642 (1958)). The same is true under California law. See Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510 (1994).

As explained above, summary judgment will be granted for defendants on plaintiff's identity theft claim based on plaintiff's failure to demonstrate that there is a material issue of fact in support of his claim. Because there is no independent claim for conspiracy, and in any event the claim underlying plaintiff's conspiracy claim does not survive summary judgment, defendants' motion for summary judgment as to plaintiff's conspiracy claim will also be granted.

### h. Tax Liability Creation

Plaintiff's seventh claim, that defendants improperly created income tax liability in plaintiff's name, also fails. Plaintiff alleges that defendants stole his identity, incurred debt in his name and, when that debt was forgiven, he was charged with forgiveness of indebtedness income, resulting in tax liability.

Page 22 – MEMORANDUM OPINION

Plaintiff's claim fails for the same reason that plaintiff's identity theft claim fails: Plaintiff has failed to produce any credible evidence that defendants stole his identity. He did not provide any evidence of any debts incurred in his name that were forgiven. In response to discovery requests regarding debts incurred in his name, plaintiff asserted he had requested such information from the IRS and it would be forthcoming. However, as outlined above, there is no reason why plaintiff would not have direct access to bank statements, credit card statements and other financial information substantiating his claim, without having to rely on the IRS. Moreover, given that the identity theft and alleged debts date back several years, plaintiff has had ample time to obtain such documents. Plaintiff was unable to produce even a "scintilla of evidence" that defendants stole his identity or that there were debts created in his name that were forgiven. Therefore, summary judgment will be granted on his claim for improper creation tax liability based on that theft.

i. <u>Negligent or Intentional Infliction of Emotional Distress</u>

Plaintiff's emotional distress claim is based on the "psychic injuries" he alleges he sustained as a result of defendants' alleged conversion of his real and personal property and identity. Complaint, ¶¶ 151-52. Defendants argue that plaintiff failed to produce any evidence of the underlying harm and, therefore, cannot make out a claim for either intentional or negligent infliction of emotional distress. Defendants' Supplemental Memorandum in Support of Defendants' Motion for Summary Judgment (hereinafter "Defendants' First Supplemental Memo"), Doc. 302. Defendants also argue that plaintiff's claim is barred by the

applicable statute of limitations. Defendants' Second Supplemental
Memorandum in Support of Defendants' Motion for Partial Summary Judgment
(hereinafter "Defendants Second Supplemental Memo"), Doc. 312.

Because this is a state law claim, the court must first determine
which state's law to apply.

Under Oregon law, a plaintiff may recover emotional distress
damages only when the harm is tied to a physical injury. See Tomlinson
v. Metro. Pediatrics, LLC, 275 Or. App. 658, 679 (2015). However, there
are exceptions, such as when a defendant acts intentionally or "causes
foreseeable, serious emotional distress and also infringes some other
legally protected interest." Philibert v. Kluser, 360 Or. 698, 702
(2016). "The right to recovery for such injuries does not arise from
infringement of every kind of legally protected interest, but from only
those that are of sufficient importance as a matter of public policy to
merit protection from emotional impact." Id. at 705 (internal citations
omitted).

> To prevail on an [intentional infliction of emotional
> distress] claim, a plaintiff must prove that (1) the
> defendant intended to inflict severe emotional distress
> on the plaintiff, (2) the defendant's actions caused the
> plaintiff severe emotional distress, and (3) the
> defendant's actions transgressed the bounds of socially
> tolerable conduct. McGanty v. Staudenraus, 321 Or. 532,
> 543, 901 P.2d 841 (1995).

Schiele v. Montes, 231 Or. App. 43, 48 (2009).

Under California law,

> the negligent causing of emotional distress is not an
> independent tort but the tort of negligence. The
> traditional elements of duty, breach of duty, causation,

Page 24 – MEMORANDUM OPINION

and damages apply.  The basic inquiry is whether the
plaintiff's interests are entitled to legal protection
against the defendant's conduct.  Duty is an expression
of the sum total of those considerations of policy which
lead the law to say that the particular plaintiff is
entitled to protection.  In considering the existence of
duty in a given case several factors require
consideration including the foreseeability of harm to the
plaintiff, the degree of certainty that plaintiff
suffered injury, the closeness of the connection between
the defendant's conduct and the injury suffered, the
moral blame attached to the defendant's conduct, the
policy of preventing future harm, the extent of the
burden to the defendant and consequences to the community
of imposing a duty to exercise care with resulting
liability for breach, and the availability, cost, and
prevalence of insurance for the risk involved.

Eriksson v. Nunnink, 233 Cal. App. 4th 708, 729 (2015) (original

emphasis and citations omitted).

To state a cause of action for intentional infliction of
emotional distress a plaintiff must show: (1) outrageous
conduct by the defendant; (2) the defendant's intention
of causing or reckless disregard of the probability of
causing emotional distress; (3) the plaintiff's suffering
severe or extreme emotional distress; and (4) actual and
proximate causation of the emotional distress by the
defendant's outrageous conduct.

Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA,

Inc., 129 Cal. App. 4th 1228, 1259 (2005) (quoting Trerice v. Blue Cross

of Cal., 209 Cal. App. 3d 878, 883 (1989)).

Both Oregon and California apply a two-year statute of limitations

to emotional distress claims.  ORS 12.110; Cal. Civ. Proc. § 335.1;

Miller v. Bank of Am., Nat. Ass'n, 858 F.Supp.2d 1118, 1127 (S.D. Cal.

2012).  Therefore, I need not choose between Oregon and California law

to determine the applicable statute of limitations.

Page 25 – MEMORANDUM OPINION

Plaintiff's emotional distress claim is based on the alleged
conversion of plaintiff's property and theft of his identity.  For the
reasons set out above, as of June 5, 2009, plaintiff knew or should have
known about the existence of his claims for emotional distress related
to the alleged conversion of his money, real property, and personal
property.  Accordingly, the claim falls outside the two-year statute of
limitations and is barred.

Plaintiff argues that the statute of limitations with regard to
conversion of property is tolled by the presence of ongoing litigation
or litigation that never resulted in a final judgment against him.  <u>See</u>
Plaintiff's Response to (DE 303) ORDER as to Limitations of Actions
Regarding 8th Cause of Action and (DE 312) Defendants' Response Thereto
(hereinafter "Plaintiff's Second Supplemental Memo"), Doc. 318.

In support of his proposition that existence of prior litigation
addressing some of the same factual allegations made in the present
litigation tolls applicable statutes of limitations here, plaintiff
cites <u>Burlington Indust. v. Miliken & Co.</u>, 690 F.2d 380 (4th Cir. 1982).
Plaintiff argues that defendants initiated litigation against him in
2006 and that, as a result, the statute of limitations on his claim was
tolled.

The <u>Burlington</u> court ruled that "the institution of plaintiff's
suit tolls or suspends the running of the statute of limitations
governing a compulsory counterclaim."  690 F.2d at 389 (quoting 6 C.
Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1419, at 109);
<u>accord</u> <u>N. Cnty. Commc'ns Corp. v. Sprint Commc'ns Co., L.P.</u>, 691 F.
App'x 466 (9th Cir. 2017).

Page 26 – MEMORANDUM OPINION

The 2006 litigation to which plaintiff refers appears to be Case No. 115212 in the Superior Court of the State of California in and for the County of San Mateo, which is a "Petition for Order Confirming Transfer of Trust Assets" pursuant to Probate Code § 172001.1 (hereinafter "2006 Case"), attached as Exhibit D to Plaintiff's Motion for Summary Judgment.  The 2006 Case was filed by plaintiff's father and brother Victor.  In addition to the complaint in that case, plaintiff supplied an undated "Case Information" sheet that shows that the case is "active" and lists defendants Victor and Anthony Szanto as "petitioners."  However, plaintiff provides no evidence that his claims in this action were compulsory counterclaims, or that he either asserted them or is not yet required to assert them.  As explained above, where the moving party has properly supported its motion for summary judgment, the party opposing judgment must provide specific facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 250 (1986).  Plaintiff's evidence and argument fall significantly short of establishing that plaintiff's claims have actually been tolled for the last eleven years and that an issue of fact remains to be tried.  Because plaintiff's emotional distress claim relating to defendants' alleged conversion of his property is untimely, the court need not reach the question of whether any evidence exists to support the underlying claim.

The second portion of plaintiff's emotional distress claim stems from the alleged theft of his identity.  As discussed above, plaintiff produced no evidence to support his claim of identity theft.  As a result, plaintiff's emotional distress claim as it relates to the

Page 27 — MEMORANDUM OPINION

alleged identity theft fails to meet the requirement that plaintiff demonstrate evidence that defendants engaged in outrageous conduct that caused plaintiff's emotional distress.

For these reasons, plaintiff has failed to demonstrate that any triable issue of fact remains on his emotional distress claim. Accordingly, summary judgment will be entered for defendants.

### j. <u>Plaintiff's Request to Void Transactions</u>

Plaintiff argues in his summary judgment motion that transfers of assets of his parents' trust should be declared void, relying on state voidable transactions laws. Defendants respond correctly that plaintiff has not pled a claim for avoidance of transfers. Plaintiff asks in his reply that he be allowed to amend his complaint to add a claim to avoid the transfers.

Plaintiff's request to amend the complaint to assert an avoidance action comes too late. Although leave to amend should be freely given under Fed. R. Civ. P. 15, that liberality is limited by the scheduling order entered in this case pursuant to Fed. R. Civ. P. 16. That scheduling order, entered in November 2016, Doc. 21, requires that amendments to pleadings occur within 120 days of the filing of the complaint. Plaintiff does not assert any new information or facts that he has learned that would justify extending that deadline to allege a new claim based on the same facts that he has known since at least 2009. Therefore, his request to amend his complaint to add a voidable transfer claim is denied.

///

///

Page 28 – MEMORANDUM OPINION

2. __Defendants' Counter-Claim for Wrongful Initiation of Civil Proceedings__

The parties filed cross-motions for summary judgment on defendants' second counter-claim for wrongful initiation of civil proceedings. Plaintiff moves for summary judgment against defendants' claim on the basis that defendants lack adequate evidence to support their claim. See generally, Plaintiff's Motion. Defendants move for partial summary judgment, arguing that they have submitted substantial evidence to meet their burden on all elements of their claim except the amount of damages. Defendants' Memo, p. 21. Plaintiff responds that defendants' pleadings fail to state a claim, claim preclusion bars defendants' claim, this court lacks jurisdiction to hear defendants' claim, and defendants' motion for summary judgment is merely a conclusory statement and fails to meet the requirements for a grant of summary judgment. Plaintiff's Response to Defendants' Motion for Summary Judgment (hereinafter "Plaintiff's Response"), pp. 20-21 (Doc. 266).

Under Oregon law, a claim for wrongful use of civil proceeding requires the claimant to show:

(1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

(2) The termination of the proceeding in the plaintiff's favor;

(3) The absence of probable cause to prosecute the action;

(4) The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

Page 29 – MEMORANDUM OPINION

(5) Damages.

*Liberty Natural Prod., Inc. v. Hoffman*, 2012 WL 1203979, at *6 (D. Or.
Apr. 11, 2012) (citing <u>Roop v. Parker Nw. Paving, Co.</u>, 194 Or. App. 219,
237-38 (2004), <u>rev. den.</u>, 338 Or. 374 (2005)).

Under California law, the analogous tort – malicious prosecution –
"is committed whenever a prior action is brought with malice and without
probable cause by the plaintiff, and is subsequently terminated in favor
of the defendant." <u>Brennan v. Tremco Inc.</u>, 25 Cal. 4th 310, 320 (2001).

Plaintiff argues that defendants failed to produce documents
plaintiff properly requested substantiating their claim and therefore
should be sanctioned in the form of a bar to their claim. During
discovery, plaintiff requested production of "all documents which
substantiate and confirm" Anthony Szanto's claim during his deposition
that plaintiff had sued him between 60 and 100 times, to which
defendants responded that no documents exist. Plaintiff's Motion, Ex.
C-2. All parties agree that plaintiff has not sued Anthony Szanto
between 60 and 100 times.

Despite failing to produce any documents of incidents where
plaintiff had sued defendants in the past, in response to plaintiff's
motion for summary judgment, defendants provided a list of prior
lawsuits by plaintiff against defendants, along with declarations of
Victor Szanto, Anthony Szanto, and Evye Szanto listing lawsuits
plaintiff had filed against them. Defendants' Response to Plaintiff's
Concise Statement of Material Facts, Sch. 1; Decl. of Victor Szanto;
Decl. of Anthony Szanto, Decl. of Evye Szanto (Doc. 231).
///

The court finds it troubling that, despite plaintiff's request for documents to substantiate their claim of wrongful initiation of civil proceedings, defendants failed to provide any documents and instead stated that none exist. Now, in response to plaintiff's motion for summary judgment, they list lawsuits on which they rely for their claim. Nonetheless, plaintiff does not appear to have been prejudiced by defendants' failure. Plaintiff presumably has equal knowledge of and access to documents related to the number of times he has sued defendants. Moreover, because summary judgment will be denied to both sides, defendants will be required to present evidence in support of their claim and plaintiff will be afforded the opportunity to rebut their evidence.

Plaintiff's motion for summary judgment is more accurately characterized as a motion for sanctions based on defendants' failure to produce documents regarding litigation between the parties. However, if plaintiff wished to seek a discovery sanction based on this discovery issue, he should have filed a motion for discovery sanctions. He elected not to do that. A motion for summary judgment is not the appropriate vehicle for requesting such relief. Moreover, based on the evidence before the court, there remains a genuine issue of material fact as to the number of times plaintiff has sued defendants and the outcome of those suits. Accordingly, plaintiff's motion will be denied.

As to defendants' motion for summary judgment on their counter-claim for wrongful use of civil proceedings, plaintiff argues that defendants failed to put him on adequate notice of the basis for their motion for summary judgment. I agree.

Page 31 – MEMORANDUM OPINION

Defendants failed to provide sufficient information about their claim to allow the court to determine whether Oregon of California law applies.  However, the law in both states requires a showing that plaintiff lacked probable cause to bring the complained of litigation and that the litigation was terminated in defendants' favor.  Defendants have failed to carry this burden on summary judgment.

Defendants' Memo merely lists the elements of their claim and states that "the evidence submitted herewith demonstrates that the first four elements have been satisfied."  Defendants' Memo, p. 21.

> A party can only be held to have failed to satisfy its duty under Celotex to "designate 'specific facts showing that there is a genuine issue for trial,'" Celotex v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.Pro. 56(e)), however, if the moving party placed the nonmoving party on proper notice.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion."  Id. at 323, 106 S.Ct. at 2552 (emphasis added); see also USA Petroleum [Co. v. Atlantic Richfield Co.], 13 F.3d [1276], 1279, 1283 & n. 8 (citing cases)[.]

Katz v. Children's Hosp. of Orange County, 28 F.3d 1520, 1534 (9th Cir. 1994) (holding that moving party was required to state the basis for its claim that nonmoving party could not demonstrate triable issue of fact in order to succeed on summary judgment).  Plaintiff correctly argues that defendants' conclusory statement is insufficient to support defendants' motion for summary judgment, because it fails to put plaintiff on notice of what facts support defendants' claim.

Defendants' Concise Statement of Material Fact in Support of Defendants' Motion for Summary Judgment (Doc. 218, hereinafter

Page 32 – MEMORANDUM OPINION

"Defendants' CSOF") references several instances of litigation between plaintiff and at least some of the defendants. Id. at ¶¶ 4-5, 12-13. However, defendants provided insufficient information from which the court can discern which litigation forms the basis of their claim and the outcome of that litigation.

Defendants do not provide sufficient evidence from which the court can discern the ultimate conclusion of the 2005 litigation involving Phillip Szanto. See Defendants' CSOF, ¶ 4. Defendants also provide evidence of other litigation involving plaintiff that eventually formed the basis of a vexatious litigant order, Henderson Decl., Ex. 9, p. 6, but there is no indication on the face of these documents of the outcome of the prior litigation. Next, defendants provide evidence of litigation in Jackson County Oregon, which was ultimately dismissed for failure to properly serve defendants. Defendants' CSOF and Henderson Decl., Ex. 4. However, defendants do not explain why a procedural default for failure to prosecute in this instance rises to the level of a termination in defendants' favor. This leaves only the adversary proceeding in plaintiff's 2013 chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Nevada ("Nevada Litigation"), which appears undisputed. Plaintiff's Response to Defendants' Concise Statement of Material Facts (Doc. 267), ¶13. However, because neither defendants' complaint nor defendants' motion for summary judgment informs the court which litigation forms the basis of their claim, plaintiff has not been provided sufficient notice of the basis of defendants' motion for summary judgment. Accordingly, defendants' motion for partial summary judgment on their second counter-

Page 33 – MEMORANDUM OPINION

claim will be denied.  The court need not reach plaintiff's other
arguments.

3. <u>Additional arguments</u>

The court has considered the other arguments raised by the parties.
For the reasons stated above, the court need not reach them or they are
moot, immaterial, or otherwise without merit and will not be addressed
separately.

CONCLUSION

Defendants' motion for summary judgment motion will be granted as
to all of plaintiff's claims.  Plaintiff's and defendants' cross-motions
for summary judgment as to defendants' second counter-claim will be
denied.

###

Cc:  Mr. Szanto
     Mr. Henderson
     UST