BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:

Susan M. Spraul, Clerk

by Deputy Clerk

# FILED

MAY 01 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. OR-17-1261 |
| PETER SZANTO, | Bk. No. 3:16-bk-33185-PCM |
| Debtor. | Adv. No. 3:16-ap-03114-PCM |
| PETER SZANTO, | |
| Appellant, | |
| v. | **ORDER DENYING LEAVE AND DISMISSING APPEAL** |
| EVYE SZANTO; VICTOR SZANTO; NICOLE SZANTO; KIMBERLY SZANTO; MARIETTE SZANTO; ANTHONY SZANTO; BARBARA SZANTO ALEXANDER; AUSTIN BELL, | |
| Appellees. | |

Before: SPRAKER, LAFFERTY, and BRAND, Bankruptcy Judges.

The Panel received and considered appellant's motion for leave to appeal. The order on appeal denied appellant's objection to an affidavit by appellees' counsel and the exhibits attached thereto.

"Adversary proceedings are merely federal civil actions under another name, and do not ordinarily present the types of uncertainties that necessitate 'flexible finality' analysis."

*Belli v. Temkin (In re Belli)*, 268 B.R. 851, 854 (9th Cir. BAP 2001). Preliminary evidentiary rulings, like the order on appeal, are interlocutory.

The BAP applies the factors enunciated in 28 U.S.C. § 1292(b) in deciding whether to grant leave to appeal interlocutory bankruptcy court orders. *See, e.g., In re Travers*, 202 B.R. 624, 626 (9th Cir. BAP 1996) (stating that "leave is appropriate if the order involves [1] a controlling question of law [2] where there is substantial ground for difference of opinion and [3] when the appeal is in the best interests of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation.").

Appellant has not established that this appeal involves a controlling question of law as to which there are substantial grounds for difference of opinion. The issue is not controlling because its resolution on appeal is unlikely to materially affect the outcome of the litigation in the trial court. *See In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Even if appellant were to prevail on appeal, it appears many of the exhibits to the disputed declaration are of the type that could be considered through judicial notice. Further, appellant did not provide any citations showing that there is substantial grounds for difference of opinion on whether an attorney's

2

declaration, not testifying as to the contents of a document, is permissible. Finally, the Panel does not find that an immediate appeal would serve judicial economy.

Therefore, leave to appeal is ORDERED DENIED and this appeal is DISMISSED for lack of jurisdiction. This dismissal is without prejudice to the matter being appealed in a timely appeal from a final judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Co.*, 248 F.3d 892, 897-98 (9th Cir. 2001) ("party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment"); *Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976).

3