PETER SZANTO 949-887-2369
11 Shore Pine
Newport Beach CA 92657

# United States Bankruptcy Court

## in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

| In Re Peter Szanto, Debtor | **Adversarial # 16-ap-3114** |
|---|---|
| ==================== | |
| Peter Szanto, Plaintiff | core case:16–bk-33185-pcm7 |
| **vs.** | |
| Evye Szanto, et al. | Designation on Appeal |
| Defendants | |

Plaintiff herewith and hereby designates each and every document in the within action as necessary to the instant appeal.

First issue to be decided on appeal. The Court became an active participant in this action on behalf of defendants. Thereby, all impartiality evaporated from these proceedings and the outcome as to all decisions was known to a certainty, before plaintiff uttered a single word or proffered or filed a single paper.

Second issue on appeal, the Court's active participation was vilely oppressive and humiliatingly biased. Often times Judge McKittriick granted motions before they were made and many times Judge McKittrick offered suggestions to defendants on how further to torment plaintiff and make certain that plaintiff obtained no useful discovery.

Third issue on appeal. Judge McKittrick suborned the bribery of a Nevada Judge by the defendants. Likewise, Judge McKittrick took no action when defendants filed litigation in blatant defiance of 11 USC 362.

Fourth issue on appeal. All of the trial judge's discovery hearings and determinations were outside the bounds of all reasonable discretionary fairness. Defendants were allowed to submit meaningless responses which the trial judge praised as master works of gifted litigators; at the same time the trial judge denied every one of plaintiff's discovery requests.

Fifth issue on appeal. Defendants, suborned by their counsel, bribed or otherwise influenced one (or more) judge in Nevada to bar plaintiff from access to discovery in that state (Nevada is the state where defendants reside). For the trial judge herein, such actions were just more good lawyering by the defendants' counsel. Zealous defense was transmuted by the judge herein to include bribery.

Sixth issue on appeal. Defendants, suborned by their counsel, filed civil litigation against plaintiff in defiance and contravention of 11 USC 362. The Bankruptcy judge herein viewed this as just more good lawyering and a clever way for defendants to humiliate and degrade a plaintiff against whom the trial judge bore personal hatred.

Seventh issue on appeal. The trial judge delved extensively into plaintiff's demeanor. The trial judge did not care for plaintiff's demeanor and explained that his decisions in this action were often the result of judicial interpretations of plaintiff's demeanor rather than the facts, truth or any applicable law of this case.

Eighth issue on appeal. When plaintiff realized the intensity of Judge McKittrick's bias, he apprised the Court of withdrawal of all consent to a final decision in the Bankruptcy Court and requested that all fact finding before in the case occur before a jury. *IF SUCH THERE WAS*

These requests compelled Judge McKittrick to become even more biased and hateful towards plaintiff's presentation of the case. Rather than comprehending that there were legitimate concerns about impartiality, Judge McKittrick redoubled his bias to inflict even greater prejudice against plaintiff.

16-ap-3114    Designation – pg. 3

Ninth issue on appeal. Defendants admitted that they had "BOXES BOXES AND BOXES" of evidence in this action.

When plaintiff made motions to review these materials, Judge McKittrick interceded on behalf of defendants and told plaintiff that nothing in those materials would be helpful and so they were excluded from all examination by plaintiff.

Tenth issue on appeal. Judge McKittrick is passionate about attorney testimony. Judge McKittrick believes to an **absolute certainty** that all attorneys for all time past have always told all of the truth – and all attorneys for all time to come in the future will always tell all of the truth. Based on these facts anything that defendants counsel stated was believed as though it were holy gospel and true; whereas, everything which plaintiff presented was disbelieved, irrespective of the fact of its truth.

Thus, even more judicial bias was added to the making of deciasions in this action.

Eleventh issue on appeal. Discovery ended for plaintiff on 7-31-18. Discovery for defendants never ended. When new facts and events became known, upon timely motion, Judge McKittrick would not reopen discovery for plaintiff.

16-ap-3114                  Designation – pg. 4

Twelfth issue on appeal, The first six months of this action were – September 2016 – March 2017 -- devoted to defendants filing frivolous documents so as to waste time. Judge McKittrick encouraged defendants dilatory tactics by failing to enter defaults which were justified as matters of law.

Thirteenth issue on appeal. When the underlying Bankruptcy was converted to Chapter 7, the trustee was allowed to abandon the proceeding without considering important evidence presented by plaintiff.

Such additional matters as may also be appropriate.

Transcripts of the following hearings are designated:

In Portland: 12-13-2016, 1-31-2017, 4-6-2017, 4-26-2017, 5-18-2017, 6-6-2017, 6-29-17, 7-12-2017, 7-21-17, 7-27-17, 8-9-17, 8-15-2017, 9-12-17, 10-3-2017, 10-17-17, 10-18-17, 12-27-2017, 2-21-18, 4-2-2018. In Minden NV 8-15-17; In Carson City NV 12-19-17; In Santa Ana CA 12-19-17, 1-5-18, 6-5-18

Respectfully,

DATED 9 June 2018     /s/      Peter Szanto

16-ap-3114                Designation – pg. 5

## Proof of Service

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within: **Designation** by e-mail to Mr. Olsen and Mr. Henderson at:

nhenderson@portlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA

Dated 6-9-2018  /s/ Maquisha Reynolds

16-ap-3114　　　　　Designation – pg. 6

