Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: )
) Bankruptcy Case No.
PETER SZANTO, ) 16-33185-pcm7
)
) ORDER DENYING SECOND MOTION
) FOR DISQUALIFICATION (DOC. 569)
)
Debtor. )
_____)

    In May of 2018, debtor Peter Szanto filed a Motion for Disqualification of Honorable Judge Peter C. McKittrick (the First Motion). Doc. 479. The Court entered an order denying the First Motion on June 12, 2018 (the First Order). Doc. 501. On September 5, 2018, Debtor filed a Second Motion for Disqualification of Honorable Judge Peter C. McKittrick (the Second Motion). Doc. 569. The Second Motion was filed in the above-captioned main case and requested by Debtor to be cross-docketed in all related adversary proceedings. To more expeditiously reach the merits of Debtor's motion, the court accedes to Debtor's request to cross-docket the Second Motion in all open, related adversary proceedings, assuming, without deciding, that Debtor has

Page 1 - ORDER DENYING SECOND MOTION FOR DISQUALIFICATION (DOC. 569)

standing to file this motion in all open, related adversary proceedings and without prejudice to any future ruling regarding Debtor's standing in any particular adversary proceeding.

As with the First Motion, Debtor relies on 28 U.S.C. § 144 and 28 U.S.C. § 455 and seeks recusal on the basis of my alleged impartiality, bias and prejudice. The First and Second Motions are verbatim the same in many, if not most, respects. To the extent the Second Motion restates arguments raised in the First Motion, those arguments are rejected for the reasons stated in the First Order.

Debtor makes the following arguments in the Second Motion, which I find unpersuasive.

First, Debtor argues that I never ruled on his invocation of 28 U.S.C. § 144 in the First Motion. That statute provides, in part:

> Whenever a party to any proceeding <u>in a district court</u> makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (Emphasis added). Debtor's statement in the Second Motion that I never considered § 144 in ruling on the First Motion is false. The First Order states: "It is well established that 28 U.S.C. § 144 does not apply to bankruptcy judges. <u>In re Goodwin</u>, 194 B.R. 214, 221 (9th Cir. BAP 1996)." First Order, p. 2. <u>See</u> <u>also</u> <u>In re Haas</u>, 292 B.R. 167, 175 (Bankr. S.D. Ohio 2003)(citing "substantial body of case law holding that 28 U.S.C. § 144 applies only to district court judges and does not govern motions for recusal of a bankruptcy judge).

Second, Debtor insists recusal motions must be considered and ruled

Page 2 - ORDER DENYING SECOND MOTION FOR DISQUALIFICATION (DOC. 569)

on by a judge other than the judge whose impartiality is being questioned. Debtor is mistaken, as I explained in the First Order. See First Order, p. 2.  See also In re Silba, 624 F.2d 864, 867-68 (9th Cir. 1980)(motion for recusal under § 455 is decided by the judge whose impartiality is being challenged); United States v. Ford, 293 F. Supp. 3d 1138, 1139-40 (E.D. Cal. 2018)(same).

Third, Debtor argues that the "situation in Judge McKittrick's court has deteriorated exponentially since" the First Motion and that I displayed "deep-seated favoritism or antagonism" at a hearing held on August 23, 2018. Second Motion, pages. 6-8.  The hearing on that date was a hearing on the chapter 7 trustee's motion for turnover of estate property and contempt.  Doc. 533.  I granted the trustee's motion for the reasons stated on the record at the August 23 hearing.  See Doc. 559. Debtor, in the Second Motion, complains that I made erroneous evidentiary rulings and mismanaged the conduct of the August 23 hearing in various ways, including by denying his request to continue the hearing.

The test for evaluating bias or prejudice under § 455 is an objective one, "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  In re Goodwin, 194 B.R. 214, 222 (9th Cir. BAP 1996).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment

Page 3 -  ORDER DENYING SECOND MOTION FOR DISQUALIFICATION (DOC. 569)

impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994)(emphasis in original). Judicial rulings alone almost never constitute grounds for recusal. Id. I conclude that a reasonable person, with knowledge of all the pertinent facts, would not reasonably question my impartiality based on my courtroom conduct or comments. Moreover, my comments and conduct in this case do not reveal a deep-seated antagonism towards Debtor that makes fair judgment impossible.

Therefore, for the reasons stated above,

IT IS HEREBY ORDERED that the Second Motion is DENIED.

###

cc: Peter Szanto
    Chapter 7 Trustee