PETER SZANTO 949-887-2369
11 Shore Pine
Newport Beach CA 92657

# United States Bankruptcy Court

## in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

In Re Peter Szanto, Debtor

========================

Peter Szanto, Plaintiff

vs.

Evye Szanto, et al,

Defendants

**Adversarial # 16-ap-3114**

core case: 16–bk–33185-pcm7

**Plaintiff Peter Szanto's Notice of Motion and Motion to Extend Trial Date**

### 1. Introduction

To the Court and the defendants, please take notice, plaintiff herewith makes Motion to Extend the Time of Trial in this matter from December 11, 2018 to some other mutually agreeable date.

As explained below, a surprise, unexpected event has occurred which necessitates an extension of the trial date.

## 2. Pre-filing Certification

Plaintiff contacted defendants' counsel Mr. Henderson by telephone on 9-19-2018 regarding conferral as to the issues herein.

As of the signing of this application and its declarations, plaintiff has received no conferral response from any of defendants' counsels.

Therefore, per LBR 7007-1(a)(1)(B). I have made reasonable efforts to confer, but the opposing party refused to confer in good faith and did not respond to movant's requests.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Los Angeles CA.

DATED 9-22-2018 _____ Peter Szanto

## 3. Application to Extend Date of Trial

On September 19, 2018, debtor received [EXHIBIT A] which is notice setting trial in the Tax Court for December 10, 2018.

Although dated July 11, 2018, the notice arrived only on 9-19-18.

16-ap-3114          Extend Trial Date – pg. 2

The reason for delay was the time in transit while the notice was **forwarded** through the United States mail from Oregon.

Mail forwarding is a process about which debtor knows nothing other than that mail addressed to a former address is resent to a person's new address.

While debtor resided in Oregon, he received mail at his former Portland address. When debtor left Oregon, he filed the official U.S. Postal service Change of Address form in December 2017.

Since then debtor has received his mail from his previous Oregon address without incident, but without considering the length of time the process was taking.

For reasons unknown to debtor, forwarding of his mail in the present circumstance has gone amiss with an unexpected delay!! Debtor made inquiry and investigated the incident.

The time to forward mail apparently relies on many protocol factors, because forwarding is a free service. Various commitments of the Postal Service which are not operated in any choreographed manner must coalesce for mail forwarding to be successful. The process is not assigned to any individual at the Portland Main Post Office and there is no set time requirement for when mail forwarding need happen.

16-ap-3114      Extend Trial Date – pg. 3

*Peter*

However, one thing is certain, ~~Pete~~ Szanto had no involvement in the forwarding process of the mail attached as [EXHIBIT A].

In any event, the Tax Court scheduling of trial for December 10, 2018 creates conflict problems with the trial in this action, 16-ap-3114, which is scheduled to commence on December 11, 2018. The reason for this conflict is because on both previous occasions when debtor and his spouse appeared in Tax Court, <u>each trial took 3 days</u>.

A 3 day Tax Court trial commencing on December 10th would conflict with the trial in this matter scheduled for December 11th and 12th. **Thereon, debtor must ask for a continuance of the trial in the case herein.**

Debtor believes it appropriate to ask for a continuance herein, because the Tax Court trial relates to Tax Year 2010 and has been pending much longer than the instant case. Also, the Tax Court conducts hearings in Portland only twice a year, making continuance in that matter far longer than in this case (IE, the Tax Court trial would need to be put over until July 2019).

For these reasons, as well, debtor must ask for a continuance.

The good cause is explained in debtor's declaration, but focuses on his inability adequately to prepare for two lengthy and complex trials which overlap.

16-ap-3114            Extend Trial Date – pg. 4

Additionally, without considering any other matter, the fact that Tax Court scheduling fell on the exact day to conflict with the trial herein is not any matter over which debtor had any control.

### 4. MEMORANDUM

FRCP 6(b) addresses extensions of time:

> "(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"

Appellant has found no local rule which alters FRCP 6. The current trial date is 12-11-18. And this application is sent for filing on 9-24-18.

Thus, since this motion is made prior to the due date of the trial, the only requirement for extension is good cause.

## a. First Good Cause – Cannot Prepare for Two Trials At Once

In this circumstance, the fundamental good cause for postponement is the impossibility of preparing for two trials at once. Trial preparation in both of the trials in issue here will be complex and time consuming.

Debtor cannot even begin to quantify the amount of time which will be necessary to prepare for each of the trials, but it is certain that both trials will require extensive research and strategizing so as to organize a clear and complete presentation.

Debtor argues that it will be impossible to prepare for both trials simultaneously.

Impossibility creates good cause when the delay is adequately shown and demonstrated to the court. *Fairbanks Publishing v. Francisco* (1964) 390 P.2d 784.

Here, debtor's demonstration is plain on its face. Two events of equal complexity and similar difficulty of preparation arise at the same time. Each event, by itself, is daunting. Thus, the proof of impossibility is the fact that the two events cannot be prepared for simultaneously without causing inadequate ability and opportunity to prepare for either one successfully.

16-ap-3114   Extend Trial Date – pg. 6

## b. Second Good Cause – Impossibility of Being in Two Places Simultaenously

The fact that the two trials have two overlapping days creates an impossibility of a different type. This impossibility is a matter of which this Court can take **judicial notice**.

Judicial notice can be taken of matters of common knowledge which cannot be disputed. The Court is requested to take judicial notice of the fact that it is impossible to be in two places at once: this debtor cannot simultaneously be at both the Bankruptcy Court and the Tax Court on December 11 and 12 – which are the days the two trials are scheduled to overlap. As a matter of fact, no one can be simultaneously in two places at once, which is what would be required if the two trials were required to go forward at the same time.

## 5. Declaration of Peter Szanto

1. My name is Peter Szanto.
2. I am the plaintiff herein and this is my truthful declaration.
3. I received [EXHIBIT A] notice of trial in the Tax Court on 9-19-18.
4. The lateness of that mailing to me was not of my making, but rather caused by the delay in forwarding by the U S Postal Service.

16-ap-3114    Extend Trial Date – pg. 7

5. I have previously participated in two Tax Court trials, both of which took three days.
6. I anticipate the [EXHIBIT A] trial to take at least three days, because it is even more complex that the previous two trials which I have had in the Tax Court.
7. Therefore, it is possible that the Tax Court trial may take 4 or 5 days.
8. Previously, preparing for Tax Court trial took an incredibly amount of work and preparation.
9. In this instance, the issues are even more complicated in the Tax Court and I anticipate that preparation will take longer than it has before.
10. It would be absolutely impossible for me to prepare for Tax Court trial and trial herein at the same time, because both tasks are difficult and both will take an extended amount of time.
11. I am absolutely certain that I cannot prepare for both trials simultaneously.
12. Likewise, the problem of doing both trials on overlapping days is also impossible – I cannot be in two places at one.
13. [EXHIBIT A] relates to both me and Mrs. Szanto.
14. From previous Tax Court experience, both parties are required to be present at the time of, and throughout, trial; so there is no possibility of each of us doing one of the trials.

TAX Court

15. After receiving the Trial Notice [TAX Court], I called the Portland Main Post Office.

16. I conversed with Postmaster Steelman for about 5 minutes as to the delay in mail forwarding.

17. He had no definitive explanation, but merely stated that mail is sometimes delayed for unknown reasons.

18. This is the extent to which I can be definitive about the delay.

19. But, to re-emphasize, the delay was not of my making.

20. Thereon, I pray the court extend the date of the trial herein so that I am NOT unfairly and unnecessarily burdened by two trials at the exact same time.

21. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Los Angeles California.

DATED 9-22-2018 _____ Peter Szanto

### 6. Conclusion

For the reasons expressed, debtor prays rescheduling of the trial date.

DATED 9-22-2018 _____ Peter Szanto

16-ap-3114   Extend Trial Date – pg. 9

## Proof of Service

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within:

## Motion

by e-mail to Mr. Olsen and Mr. Henderson at:

nhenderson@portlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at ~~Portland OR~~. LOS ANGELES CAL

Dated 9-22-2018 /s/ *Maquisha Reynolds*

16-ap-3114      Extend Trial Date – pg. 10

# UNITED STATES TAX COURT
Washington, D.C. 20217

July 11, 2018

Susan Szanto & Peter Szanto, )
)
         Petitioners, )
)
         v. ) Docket No. 9519-16.
)
COMMISSIONER OF INTERNAL REVENUE, )
)
         Respondent )
)
)
)
)

Trial At:    Courtroom 13B.
United States District Court
Mark O. Hatfield U.S. Crthse
1000 Southwest Third Avenue
Portland, OR 97204

## NOTICE SETTING CASE FOR TRIAL

The parties are hereby notified that this case is set for trial at the Trial Session beginning at <u>10:00 AM</u> on <u>Monday, December 10, 2018</u>. The calendar for that Session will be called at that date and time, and the parties are expected to be present and to be prepared to try the case. Your failure to appear may result in dismissal of the case and entry of decision against you.

The Court will set the time for each trial at the end of the calendar call. In setting trial times the Court attempts to accommodate the parties, but the final determination of trial times rests in the Court's discretion.

Your attention is called to the requirements set out in the Standing Pretrial Order that is served with this notice, including the following:

- **Stipulation of Facts.** If the case cannot be settled, the parties, before trial, **must agree in writing** to all facts and all documents about which there should be no disagreement. The stipulation signed by all parties should be submitted at the calendar call on <u>December 10, 2018</u>.

- **Exchange of Documents.** No later than <u>November 26, 2018</u>, each party must provide to the other all the documents or materials that the party expects to offer into evidence at trial and that are not included in the stipulation.

- **Pretrial Memorandum and Witness Identification.** No later than <u>November 26, 2018</u>, each party must serve on the other party and file a pretrial memorandum that, among other things, **identifies the witnesses** that the party intends to call to testify at trial.

The parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with these requirements. **Your failure to cooperate may also result in dismissal of the case and entry of decision against you.**

                                          Stephanie A. Servoss
                                          Clerk of the Court






ORIGIN ID:DTHA (949) 887-2369  SHIP DATE: 22SEP18
SZANTO                          ACTWGT: 0.50 LB
SZANTO                          CAD: 112243018/INET4040
P.O.BOX 14894

IRVINE, CA 92623                BILL SENDER
UNITED STATES US

TO **CLERK-DIST OREGON**
   **US BANKRUPTCY COURT PORTLAND**
   **1001 SW 5TH AVE #700**
   **ROOM 700 @ 1001 SW 5TH AV**
   **PORTLAND OR 97204**
   (949) 887-2369        REF:
   INV:
   PO:                   DEPT:




FedEx                          MON – 24 SEP AA
TRK# 7732 9964 6313            STANDARD OVERNIGHT
0201

**XH MRIA**                    97204
                               OR-US  PDX



W2629812 09/22 552J1/F78C/DCA5


PEEL HERE ▼



CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

SEP 24 2018

Case 16-03114-pcm    Doc 427    Filed 09/24/18

