Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>PETER SZANTO,<br><br>        Debtor. | Bankruptcy Case<br>No. 16-33185-pcm7 |
| PETER SZANTO,<br><br>        Plaintiff,<br><br>  v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br><br>        Defendants. | Adv. Proc. No. 16-3114-pcm<br><br>ORDER DENYING PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DOCUMENT EXCHANGE, BRIEFING AND WITNESS EXCHANGE SET FOR JULY 26, 2019 (DOC. 478) |

Plaintiff has filed a Notice of Motion and Motion to Extend Document Exchange, Briefing and Witness Exchange Set for July 26, 2019 (the Motion). Doc. No. 478. The Court has considered the Motion and determines that a hearing is not necessary. LBR 7007-1(d)(1).

A three-day trial in this adversary proceeding is set to commence on August 26, 2019. On May 15, 2019, the Court entered an order that,

Page 1 - ORDER DENYING PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DOCUMENT EXCHANGE, BRIEFING AND WITNESS EXCHANGE SET FOR JULY 26, 2019 (DOC. 478)

among other things, requires the parties to exchange and submit to the Court certain pre-trial documents on July 26, 2019. See Doc. 441. Plaintiff argues in the Motion that there is cause to extend the July 26 deadline to August 16, 2019, for two reasons, both of which the Court rejects.

First, Plaintiff argues that an extension is warranted due to alleged health problems and associated medical treatments. The Court first warned the parties, no later than September of 2017, that any factual contentions in motions filed in this adversary proceeding, specifically including claims of illness, must be supported by authenticated documentation. See Doc. 259. More recently, on July 9, 2019, the Court entered an order requiring that all future motions for extension must include certain minimum evidentiary support. See Doc. 472 (describing in detail the evidentiary support required). The Motion is devoid of any of the required evidentiary support. As a result, Plaintiff has failed to meet his burden to demonstrate the minimum requirements for the Court to consider a request for extension.

Second, Plaintiff argues that an extension is warranted because "most" of his subpoenas have not been responded to and "an additional enforcement of subpoena motion will be made to the Court as soon as practicable." Motion, pages 3-4. This adversary proceeding has been pending for almost three years and, with certain limited exceptions not pertinent here, the Court ordered the parties to complete discovery no later than July 31, 2017. See Doc. 99.

Plaintiff supplies no information in the Motion about the alleged subpoenas, such as the dates or to whom they were issued. Assuming,

Page 2 - ORDER DENYING PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DOCUMENT EXCHANGE, BRIEFING AND WITNESS EXCHANGE SET FOR JULY 26, 2019 (DOC. 478)

without deciding, that Plaintiff issued subpoenas to which he received no response, there are at least two problems with his argument. First, it appears that the allegedly forthcoming motions to compel would be untimely and thus barred under LBR 7026-1(d) (motion to compel must be filed by earlier of the discovery completion deadline or 28 days after the response is received or due). A "[f]ailure to timely file a motion [to compel] constitutes a waiver of the right to any relief." LBR 7026-1(d). Second, a request to extend a deadline set by this Court in a scheduling order must be supported by an affidavit showing good cause, appropriate use of prior time and that the extension was requested at the earliest practical time. Doc. 21. Plaintiff's affidavit in support of the motion does not address those requirements in relation to the alleged subpoenas or otherwise establish good cause for an extension of the pre-trial submission deadline, especially in light of the fact that the Court ordered the parties to complete discovery almost two years ago. Plaintiff gives no reason for his failure to file a a motion to compel prior to the discovery cutoff. Moreover, even if Plaintiff filed a motion to compel immediately after entry of this order, any such motion likely would be untimely as it would, effectively, be filed on the eve of the deadline for submission of pre-trial documents and trial. See, e.g., Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999)(denying motion to compel filed after discovery cutoff based on moving party's undue delay).

Accordingly, in the interest of justice and good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion is DENIED.

Page 3 - ORDER DENYING PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DOCUMENT EXCHANGE, BRIEFING AND WITNESS EXCHANGE SET FOR JULY 26, 2019 (DOC. 478)

1 ###

Page 4 - ORDER DENYING PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND DOCUMENT EXCHANGE, BRIEFING AND WITNESS EXCHANGE SET FOR JULY 26, 2019 (DOC. 478)