Peter Szanto   949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. BANKRUPTCY COURT

### DISTRICT OF OREGON
*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

In Re: Peter Szanto, Debtor

-----------------------------------------

Peter Szanto, Defendant

vs,

Evye Szanto, et al,
            Plaintiffs

# Adversarial # 16-ap-3114

core case:16-bk-33185-pcm7

# Peter Szanto's Notice of Motion and 2nd Motion to Extend Document Exchange, Briefing and Set for July 26, 2019

# EMERGENCY HEARING REQUESTED

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

On July 26, 2019 Debtor sought conferral with Mr. Henderson as to the matters discussed in the within application.

Debtor's calls went to voice mail or message taking secretaries. Debtor stated that he was asking for a return phone call to discuss the various exchanges related directly to trial in the instant case. Debtor sought actually to speak with counsel,

16-33185 /   16-3114          STAY TRIAL EXCHANGES SET FOR 7-26- 2019 – p. 1

Case 16-03114-pcm    Doc 488    Filed 07/26/19

because of the grave and urgent importance of the matters herein. Since those calls by Debtor, no counsel has called, nor even tried to call Debtor.

Therefore, pursuant to rule **LBR 7007-1 (a)**, Debtor has sought conferral so as to resolve the issues to be presented here, but has been unsuccessful in resolution of the matter at issue.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed at Irvine CA.

DATED July 26, 2019  /s/ *Signed electronically* Peter Szanto

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!!** If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland  OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

16-33185 /    16-3114          STAY TRIAL EXCHANGES SET FOR 7-26- 2019 – p. 2

## 3. Notice

To the Court, Victor Szanto, Anthony Szanto, Barbara Alexander, the other parties to this action and their counsel. please take **notice**, comes now Debtor seeking extension of the due date exchange of his trial documents and trial briefing.

## 4. Facts

Various trial materials were scheduled to be exchanged by the parties on 7-26-19. Debtor is asking that the 7-26-19 date be vacated and advanced to another date which takes into consideration the fact that **counter plaintiffs did not timely serve on or exchange any papers with Debtor**.

Debtor was flabbergasted by the Court's denial of extension to exchange trial papers. The ORDER of denial characterized Debtor's hospital stay of 18 days and two massive surgeries as though Debtor were on a pleasant walk in the park. In fact, Debtor is in constant pain and barely able to work 2 hours a day.

Because Debtor is confined in a hospital room: a) his time to work on this case is constrained and 2) he does not have access to his office files so as to compile, sort and prepare the trial documents herein. For these reasons, the difficult completion of the preparation of trial documents for lodging and exchange was an impossibility.

Debtor's imminent DEATH is also a real prospect.

### a. *Perceptions of New Trickery from Mr. Henderson*

Debtor contemplated Mr. Henderson's next strategy in this cause. Debtor believed that Mr. Henderson would not timely turnover trial documents as required by the Court's ORDER [DOCUMENT 436]. Mr. Henderson has absolute control over Judge McKittrick. Mr. Henderson would use that power to obtain Debtor's documents – but delay service of his own documents based on some clever new lure that Judge McKittrick would swallow instantly.

For that reason, in addition to being unable to prepare documents, Debtor knew that he would be surely hornswoggled were he to turn over papers.

Mr. Henderson did in fact carry forward his strategy of exchanging no papers with Debtor (even though he knew, or should have known they were due).

Thus, there are now 2 very clear reasons for stay: 1) Debtor did not have enough time or strength to complete his document preparation; 2) Plaintiffs did not comply with document exchange.

### 5. MEMORANDUM

FRCP 6(b) addresses extensions of time:

> "(1) *In General.* **When an act may or must be done within a specified time, the court may, for good cause, extend the time:**
>
> **(A)** **with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"**

Debtor has found no local rule which alters FRCP 6.

Thus, since this motion is perfected prior to the July 26, 2019 deadline regarding the instant extension relief, the only requirement for extension is good cause.

## *a. First Good Cause – Complexity of the Task*

One measure of good cause is to project matters which are presented in light of the complexity of the tasks, because that is the only way in which the facts and law of a case can be fully developed and applied to one-another. *Kifafi v. Hilton Hotels Retirement Plan* (2011) 826 F.Supp. 2nd 55, 58.

Here, Debtor contends that good cause for an extension of time to file his document exchange, witness list and trial brief is because he seeks to file complete materials; but to do so now while confined to a hospital bed **is impossible**. That is, Debtor has not yet received all necessary papers which have been subpoenaed – and Debtor does not currently have access to papers at his office to organize and copy and prepare said papers for service by mail.

Thereupon, debtor asks for relief such that the deadline for exchange be stayed until the ramifications of Mr. Henderson's failure to exchange documents is assessed.

### b. *Legal Standard to Warrant Extension*

The legal standard for any extension of time requires that the "the movant must make out a clear case of hardship . . . . to go forward." *LaSala v. Needham & Co., Inc.* (2005) 399 F.Supp.2d 421, 427

Here, Debtor has explained his medical crisis multiple times since June 17, 2019.

**The present crisis is by its essential definition "a clear case of hardship,"** (*ibid*). **Potential death is the ultimate hardship. By its very nature there is no greater hardship than death.**

### c. *Extreme Good Cause: Debtor May Die*

Even though Judge McKittrick has been **mocking** Debtor's medical crisis since June 17, 2019, for Debtor his current medical disease and its attendant problems are a **catastrophe with real pain, actual fear, and the very tangible possibility of death**.

Upon that basis, Debtor seeks an extension so that he may pursue surgery and recuperation to seek to maintain his health and survival, without fear that he will miss the essential deadline necessary to continue preparation by document exchange for trial in the instant case.

## 6. Declaration of Peter Szanto

1. My name is Peter Szanto and this is my truthful declaration.
2. I verify that all of the statements made in this application are true of my own personal knowledge or are based on sources and evidence which I believe to be true.
3. Mr. Henderson has made this action into unremitting obscene trickery and constant bastardizations of all reality.
4. I anticipated that Mr. Henderson would turnover no trial papers, because that is his *modus operandi* in this case where **he controls the Court**.
5. Thereupon, I believe I am justified in seeking relief from Mr. Henderson's failure to turnover papers, because such failure was without excuse.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct. Signed at Irvine CA.

DATED <u>26 July 2019</u>  /s/*signed electronically* Peter Szanto

## 7. Conclusion

Debtor asks for a stay of the document exchange date until the present issue is resolved.

This request is not a luxury, but rather a necessity so Debtor can adequately complete the document exchange for the trial of the cause herein, while receing documents to be used against him.

Respectfully,

DATED  <u>26 July 2019</u>   /s/*signed electronically* Peter Szanto

16-33185 /   16-3114             STAY TRIAL EXCHANGES SET FOR 7-26- 2019 – p. 7

# **PROOF OF SERVICE**

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within: **Motion** on the following by placing the within document in postage pre-paid envelope addressed as:

**Nicholas J. Henderson**
**Troy G. Sexton**
care of
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204

and by mailing copies to the above parties *via* 1st class mail, postage prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

26 July 2019 /s/*signed electronically* M. Reynolds

16-33185 / 16-3114     STAY TRIAL EXCHANGES SET FOR 7-26- 2019 – p. 8