```
Peter Szanto    949-887-2369
11 Shore Pine
Newport Beach CA 92657
```

# U.S. BANKRUPTCY COURT

### DISTRICT OF OREGON
*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

|  |  |
|---|---|
| In Re: Peter Szanto, Debtor<br>-----------------------------------------<br><br>Peter Szanto, Defendant<br><br>                    vs,<br><br>Evye Szanto, et al,<br>                    Plaintiffs | Adversarial # 16-ap-3114<br><br>core case:16-bk-33185-pcm7<br><br>**Peter Szanto's Notice of Motion and 9th Emergency Motion for Stay of Trial and Trial Preparation**<br><br>**EMERGENCY HEARING REQUESTED** |

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

On July 26, 2019 Debtor sought conferral with Mr. Henderson as to the matters discussed in the within application.

Debtor's calls went to voice mail or message taking secretaries. Debtor stated that he was asking for a return phone call to discuss the various exchanges related directly to trial in the instant case. Debtor sought actually to speak with counsel, because of the grave and urgent importance of the matters herein. Since those calls by Debtor, no counsel has called, nor even tried to call Debtor.

16-33185 /   16-3114            STAY PROCEEDINGS - JULY 28TH   - 2019 – p. 1

Therefore, pursuant to rule **LBR 7007-1 (a)**, Debtor has sought conferral so as to resolve the issues to be presented here, but has been unsuccessful in resolution of the matter at issue.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed at Irvine CA.

DATED July 28, 2019  /s/ *Signed electronically* Peter Szanto

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!!** If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland  OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

## 3. Notice

To the Court, Victor Szanto, Anthony Szanto, Barbara Alexander the other parties to this action and their counsels. please take **notice**, comes now Debtor seeking stay of the proceedings herein based on the Debtor's **documented inability to work**. [EXHIBIT A]

16-33185 /   16-3114              STAY PROCEEDINGS - JULY  28TH   - 2019 – p. 2

Case 16-03114-pcm    Doc 491    Filed 07/28/19

## 4. Facts

On June 17, 2019, Debtor reported to this Court that he had received a very negative prognoses from his surgeon and physician regarding the metastasis of his melanoma to his intestines (Grizzly photos and medical reports about Debtor's cancer ravaged intestines were placed into evidence.)

Debtor's attending physician and surgeon recommended and scheduled immediate intestine re-sectioning surgery. [EXHIBIT B]

Debtor has been hospitalized since July 8th seeking to preserve his life.

Debtor had surgery on July 10th. Due to the fact that Debtor's heart stopped during surgery; surgery was interrupted to restart Debtor's heart.

Further surgery was undertaken on July 23rd to complete re-sectioning Debtor's intestines. The total time Debtor spent in the operating room was 14 hours.

Since undergoing surgery, Debtor has been in **constant pain** from various incisions and suturing of his abdomen. Prescribed medications to ease pain, also cause Debtor to be muddle headed, sleepy and spacey much of the time.

Debtor's ability to prepare for trial is limited to, at best 2 hours a day, when he is sufficiently alert to review papers, make phone calls and analyze decided cases in preparation for trial.

However, Debtor has been **unable** to complete those essential matters related to trial preparation which require physical visits to sources of evidence (like Jackson County District Court and the Three Forks Courthouse in Nevada) and necessary face-to-face interviews of persons who will be called to testify at trial.

Many other aspects of trial preparation are also unfinished.

**<u>DEBTOR CAN TESTIFY: THAT HIS COMPROMISED HEALTH, DETERIORATING MEDICAL CONDITION AND IMMINENT DEATH MAKE A STAY OF THE TRIAL HEREIN ABSOLUTELY MANDATORY.</u>**

### a. *<u>The Court's Request for Documentation</u>*

Debtor discussed this Court's request for more documentation with his physicians and surgeons. Many Doctor-patient conferrals as to documentation to comply with Judge McKittrick's ORDER occurred by Debtor's hospital bed.

As usually, Debtor was totally transparent, wholly candid and entirely honest. Debtor explained that the Bankruptcy court was seeking relevant information before granting him a stay / recess regarding legal proceedings.

Because of the complexity of the situation, Debtor's attending medical professionals decided that the University of California's Legal office must be consulted – so that the matter could be resolved correctly.

An attorney working for the University of California's own legal team / department came to visit Debtor. Again, Debtor presented a totally transparent

and candid recitation of what was required by the Bankruptcy court.

That attorney forbade Debtor from citing her name for fear that some sort of legal representation would be inferred, implied or created.

Thereafter, the University of California's Medical facility (the Surgery Department) composed and formally attested by signature, the attached letter [EXHIBIT A].

Pursuant to the University of California's counsel's clear explanation to Debtor, the letter addresses the most crucial aspect of the Court's inquiry related to a stay / postponement for the purposes of continuing to work on trial preparation: **that Debtor is currently unable to work based on medical considerations and necessity**.

University of California counsel explained to Debtor the attached letter [EXHIBIT A] is written in conformance with thousands of other, similar letters the University of California hospitals and medical centers write on behalf of patients who must be excused from work. Work being considered in the multifarious context of many things, actions and activities which cannot be performed while a person is gravely ill and hospitalized.

The policy of the University of California is not to notarize such letters, because it would cause unnecessary lost time from work for the employees involved. The University of California's veracity is attested to by its reputation and standing in all fields of endeavor.

**The letter is written in the form of a succinct substantiation and attestation that a patient <u>cannot / must not</u> work for a physician-ordered and medically prescribed period of time.**

The letter addresses specifically the issue which is most relevant to the the consideration that Debtor cannot presently work: **Debtor cannot work on trial preparation herein**. The clear meaning, pursuant to the representations of the University of California's Surgery Department: **Debtor cannot now work** – <u>this means further that Debtor cannot work on trial preparation herein</u>.

Disclosure of the location whereat Debtor is hospitalized was not necessary for establishment of the fact that Debtor cannot now work on trial preparation.

### 5. MEMORANDUM

#### a. Inherent Power of the Court

In *Landis v. North American Co.* (1936) 299 U.S. 248, 254, Mr. Justice Cardozo wrote:

```
the power to stay proceedings is incidental to the
power inherent in every court to control the
disposition of the causes on its docket
```

In the present circumstances, Debtor has medical crises of grave, life-terminating and extremely urgent, immediate and severe magnitude.

16-33185 /   16-3114          STAY PROCEEDINGS - JULY 28TH  - 2019 – p. 6

A stay is necessary to maintain an equitable balance between the parties, because at the present time, Debtor simply cannot work on trial preparation in this case proceeding before this Court, because he lacks the physical strength, endurance of attention **and** presence of mind to work on trial preparation.

Debtor's request for stay is straightforward: it is now documented by the University of California Surgery Center that Debtor cannot work until 8-23-19. [EXHIBIT A].

### b. <u>Legal Standard to Warrant Stay</u>

The legal standard for a stay requires that the "the movant must make out a clear case of hardship . . . . to go forward," with a stay

*LaSala v. Needham & Co., Inc.* (2005) 399 F.Supp.2d 421, 427

Here, Debtor has explained his medical crisis. The University of California has confirmed that Debtor cannot work on trial preparation. [EXHIBIT A] because of it; the possibility of **<u>DEATH</u>** is attested by Debtor's attending physician [EXHIBIT B].

Debtor has now, multiple times, filed such documentary evidence and photos which readily communicate the depth of his crisis without violation of various health privacy laws.

Debtor has provided evidence from his primary care physician as

to the necessity for a stay, based on the need for additional time to conduct and complete trial preparation, in the context of the factors which arise while Debtor is preparing for surgery. Further evidence is offered by the University of California's attestation that Debtor cannot now work on his trial preparation.

**Debtor's present medial crisis is by its essential definition "a clear case of hardship," (*ibid*). Imminent DEATH is the most ultimate hardship. By its nature there is no greater hardship than DEATH.**

### c. *Extreme Good Cause: Debtor May Die*

Debtor has been battling melanoma since 2014 through very many medical treatments of chemotherapy and surgery. Debtor faces further life-erasing challenges. Debtor cannot conceive of any other strategy than trying to survive.

At the hearing of July 2nd, the Court made comments regarding Debtor's various representations of his melanoma as causing delay. In fact, Debtor has been straightforward in his medical disclosures – and it was surprising to Debtor that the Court has never taken into consideration the fact that there might one day arise a medical crises to elderly and unwell Debtor. THAT DAY HAS NOW ARRIVED WITHOUT ANY DEVIOUSNESS ON DEBTOR'S PART, MERELY AS A RESULT OF DEBTOR'S BODY'S DETERIORATION!!! These are all true facts over which neither Debtor nor Debtor's demeanor have any intent or control.

Upon that basis, Debtor seeks a stay so that he may continue to pursue recuperation so as to recover his health --- and to survive, without fear that he will lose the essential time necessary to continue his work on preparation for trial in the instant case.

### d. *Stay is Warranted as a Matter of Law*

The nature of a stay is the enjoining of further proceedings. The measure of such "relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray,* (1974) 415 U.S. 61, 88.

Here, the potential irreparable harm is the possibility of Debtor's **DEATH**. The finality of **DEATH** is by definition irreparable!!

**Here the possibility of DEATH is increased were Debtor to continue to over exert himself by working on trial preparation matters while he should be resting and recuperating.**

Moreover, irreparable harm "describe(s) an injury which must be both certain and great; it must be actual and not theoretical." *Connecticut v. Massachusetts,* (1931) 282 U.S. 660, 674. For Debtor, neglecting the rest and recovery his body requires now will allow the cancer to spread and **"certainly"** (*ibid*) cause Debtor's death; the result of death is a very **"great"** injury which Debtor seeks to avoid by temporarily staying

proceedings while he follows his physician and surgeons' orders to rest and recover from life-saving surgery.

Likewise, it is **"certain"** that failing to follow medical professionals' orders will have an adverse effect of allowing **"great"** harm – **DEATH** – to irreparably harm Debtor.

Debtor cannot seek any other remedy, because it is not within the power of the Court to cause Debtor's cancer to disappear. Thus, <u>Debtor is limited to seeking a stay so that he can pursue the recovery necessary after Debtor's surgery so as to regain his good health; whereas working on trial preparation without adequate rest allows the cancer to continue to spread</u>.

Additionally, the party seeking the relief of a stay must show that "[t]he injury complained of [is] of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Ashland Oil, Inc. v. FTC,* (1976) 409 F.Supp. 297. Again, the imminence of Debtor's cancer's spread is proven by the photos from his surgery and Debtor's two completed surgeries. Continuing without adequate quiet recuperation time will impair Debtor's health.

Thus, the irreparable harm (**DEATH**), which Debtor seeks to avoid is of such gravity and portent that Debtor has no alternative, but to seek a stay so as to pursue the rest and recuperation portions of his medical treatments. Which treatments may succeed in saving Debtor's life. There

are no alternate or lesser solutions, because Debtor will be unable to complete trial preparation without a stay.

### 1. Length of the Stay

A stay is appropriate only when it is reasonable in length and definite in duration, *Dominguez v. Hartford Fin. Servs. Grp., Inc.,* (2008) 530 F.Supp.2d 902, 905 accord *McKnight v. Blanchard,* (1982) 667 F.2d 477.

Here, Debtor, based on [EXHIBIT A] cannot work until 8/23/19.

Debtor has been unable to work with any sort of real diligence or sustained effort since being advised of the need for immediate surgery on June 17th and then undergoing surgery on July 10th and again on July 23rd.

Debtor would suggest, ask and pray the Court docket a further scheduling conference on August 27, 28 or 29 to reschedule the trial herein.

### *f. Good Cause to Stay – Complexity of the Issues*

Because of the complexity of the issues in this Bankruptcy and

because Debtor's current medical crises cause him to be unable to continue researching, witness interviews and writing his various papers, debtor must request a stay so as to complete his trial preparation after 8-23-19.

One measure of good cause is to project matters to be presented in light of the complexity of the issues, because that is the only way in which the facts and law of a case can be fully developed and be competently applied to one-another. *Kifafi v. Hilton Hotels Retirement Plan* (2011) 826 F.Supp. 2nd 55, 58.

Here, debtor contends that it is good cause for a stay because he seeks fully to develop his defenses, which he cannot do while impaired by his present immense and imminent fear of death and the sheer exhaustion and pain after two massive surgeries.

Thereupon, debtor asks a stay, so as to develop properly the facts, evidence and law for trial preparation when he is able to do so.

### g. Decision on Merits Rather than Technicalities is Also Good Cause for Stay

The U.S. Supreme Court has directed Federal Courts to decide cases on their merits, not constraining technicalities. *Foman v Davis* (1962) 371 U.S. 178, 182 accord *Conley v. Gibson,* (1957) 355 U.S. 41,47.

The standard of the Court of Appeal's procedure for weighing merits versus technicalities has been expressed as:

16-33185 / 16-3114     STAY PROCEEDINGS - JULY 28TH - 2019 – p. 12

> This court "has a duty to ensure that pro se
> litigants do not lose their right to a hearing on the
> merits of their claim due to ignorance of technical
> procedural requirements."

*Balistreri v. Pacifica Police Department* (1990) 901 F.2nd 696, 699

Here, debtor is proceeding *pro se*. Debtor's needing a stay to complete trial preparation is merely a technicality of the life process: people get sick without intent. It would be an abomination of law and justice if illness were routinely used as justification to deprive a person of time to prepare for trial. Debtor's illness, surgeries and recuperation should not become the time constraints which defeat Debtor's efforts.

## 6. Declaration of Peter Szanto

1. My name is Peter Szanto and this is my truthful declaration.
2. **I verify that all of the statements made in this application are true of my own personal knowledge or are based on sources and evidence which I believe to be true.**
3. I have been hospitalized since July 8th.
4. In that time I have had 2 surgeries lasting 14 hours in total.
5. During the July 10th surgery my heart stopped and emergency cardiopulmonary resuscitation (CPR) kept me from dying.
6. **Because of my present hospital stay, my surgeries and the intense pain which I constantly endure, my abilities to think clearly and quickly have been impaired.**

16-33185 / 16-3114    STAY PROCEEDINGS - JULY 28TH - 2019 – p. 13

7. Likewise, my ability to do research work and to prepare for trial have been constrained, because I simply do not have either the **strength or stamina** to accomplish those tasks which are the necessary work of preparation for trial.

8. The instant request is entirely reasonable, because it seeks additional time solely because my trial preparation work time has been lost to me due to medical **circumstances beyond my control, which are not my fault nor of my making**.

9. The previous testimony of Dr. Pham corroborated the matters I related to the Court regarding: 1) the imminence and possibility of my death; 2) the nature and extent of my psychological distress of not having ample trial preparation time due to the time already lost preparing for my July 10th surgery. [EXHIBIT B].

10. Now the University of California's representations confirm that I cannot work on trial preparation until 8-23-19. [EXHIBIT A].

11. There is no focus here on any matter related to my personal comfort or factors relating to pain or suffering; the only focus in this application is that based solely on factors not within my control, I am unable to have sufficient time to research and work preparing for trial.

12. **The factors related herein sustain the legal standard necessary to mandate a stay of the trial in this matter: because of the eminently clear hardship involved in my inability to work and prepare for trial.**

13. **<u>Without a stay, I will not be able to prepare for trial and for that reason, a fair trial will be impossible, because of my lack of preparation</u>**.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct. Signed at Irvine CA.

DATED <u>28 July 2019</u> /s/*signed electronically* Peter Szanto

## 7. Conclusion

Debtor asks for a stay of the proceedings herein until after the August 23rd date after which he will be able to resume work and continue trial preparation.

This request is not a luxury, but rather a necessity so that Debtor can adequately prepare for trial of the cause herein.

Respectfully,

DATED  <u>28 July 2019</u>   /s/*signed electronically* Peter Szanto

# **PROOF OF SERVICE**

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within: **Motion** on the following by placing the within document in postage pre-paid envelope addressed as:

**Nicholas J. Henderson**
**Troy G. Sexton**
care of
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204

and by mailing copies to the above parties *via* 1st class mail, postage prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

<u>28 July 2019</u> /s/*signed electronically* M. Reynolds