Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>PETER SZANTO,<br><br>        Debtor. | Bankruptcy Case<br>No. 16-33185-pcm7 |
| PETER SZANTO,<br><br>        Plaintiff,<br><br>  v.<br><br>EVYE SZANTO, VICTOR SZANTO, NICOLE SZANTO, KIMBERLEY SZANTO, MARIETTE SZANTO, ANTHONY SZANTO, AUSTIN BELL, JOHN BARLOW, and BARBARA SZANTO ALEXANDER,<br><br>        Defendants. | Adv. Proc. No. 16-3114-pcm<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY TRIAL AND WORK ON TRIAL PREPARATION (DOC. 491) |

    Plaintiff's Motion to Stay Trial and Work on Trial Preparation (Doc. 491)(the Motion) is plaintiff's fourth motion for set-over and third motion to set over the current trial date in the above-captioned adversary proceeding.

    On July 2, 2019, the court held a hearing on plaintiff's first Emergency Motion to Stay [the current trial date] (Doc. 457)(the First

Motion). See Record of Proceeding, Doc. 462. During the July 2 hearing, the court explained that it would deny the First Motion for various reasons stated on the record without prejudice to refile. The court also ordered that any refiled motion must contain certain specific information enumerated at the July 2, 2019, hearing and memorialized in the court's Order Denying Plaintiff's Emergency Motion to Stay entered July 9, 2019 (Doc. 472)(the First Order).

Before the First Order was entered, plaintiff filed a second Expedited Motion to Stay Trial Based on Peter Szanto's Medical Crisis and Emergency (Doc. 467)(the Second Motion). Although plaintiff filed the Second Motion before entry of the First Order, the First Order merely recited the requirements detailed by the court at the July 2 hearing, an audio recording of which was available to plaintiff on the same day as the hearing through CourtSpeak as docket number 463. That ruling is as follows:

> Any further motion must be supported by independently verifiable evidence in the form of live third-party testimony or a signed and notarized affidavit from a treating medical professional supplying, at minimum, the following information:
>
> 1) Name of the treating medical professional;
> 2) Business address of the treating medical professional;
> 3) Business telephone of the treating medical professional;
> 4) Whether plaintiff is presently able to prepare for trial due to a medical condition and associated treatments;

Page 2 - ORDER DENYING PLAINTIFF'S MOTION TO STAY TRIAL AND WORK ON TRIAL PREPARATION (DOC. 491)

Case 16-03114-pcm    Doc 494    Filed 07/31/19

5) Whether plaintiff is scheduled to undergo a medical procedure on July 10, 2019, the general severity of the procedure, and the estimated duration of the procedure;

6) Whether plaintiff is scheduled to be admitted to a medical facility on July 10, 2019, and for how long;

7) The estimated date on which plaintiff will be sufficiently recovered to resume trial preparation.

Doc. 472. Based upon plaintiff's failure to comply with the court's July 2 ruling and the First Order, plaintiff's Second Motion was also denied. See Doc. 473 (the Second Order).

The Motion currently before the court fails, for a third time, to comply with this court's minimum requirements to consider a request for extension of time to set over the trial currently scheduled for August 26, 2019, for the following reasons:

1) <u>Failure to supply independently verifiable information supported by a notarized affidavit from a treating medical professional.</u>

Plaintiff merely appended to the Motion an unnotarized letter (the Letter) with a UC Irvine Health header purportedly from Ms. Rosemarie M. Mendoza, NP stating that "Peter Szanto is unable to attend work till [sic] 8/23/19" (lack of punctuation in original). Motion, Ex. A (also attached as Ex. A to this Order). Plaintiff states in the Motion, but does not include in his declaration provided under penalty of perjury, that "[a]n [unnamed] attorney working for the University of California's own legal team / department came to visit Debtor." Motion, p. 4. Plaintiff states in the motion that he shared a "candid recitation of what was required by the Bankruptcy Court" and "[t]hereafter, the

Page 3 - ORDER DENYING PLAINTIFF'S MOTION TO STAY TRIAL AND WORK ON TRIAL PREPARATION (DOC. 491)

University of California's Medical facility (the Surgery Department) composed . . . the attached letter[.]" See Id., p. 5.

The Letter does not comply with the First Order. It is not notarized and does not include the required information, or any other equivalent-type information that would enable the court to evaluate the validity of plaintiff's asserted grounds for needing a set-over of the trial. The court further finds that the authenticity of the letter is suspect. It appears unlikely that a respected institution such as the University of California would prepare a letter for submission to a court that includes a grammatical error and lacks basic punctuation and detail. In sum, the court does not find the Letter credible.

2) <u>Failure to supply information about the general severity of the procedure and the estimated duration of the procedure.</u>

Plaintiff supplied this information in his declaration but did not, as ordered by this court, provide verification of this information from a treating medical professional.

3) <u>Failure to supply information about whether plaintiff was scheduled to be admitted to a medical facility on July 10, 2019, and for how long.</u>

Plaintiff stated in his declaration that he remains hospitalized but did not, as ordered by this court, provide verification of this information from a treating medical professional.

4) <u>Failure to supply information about the estimated date on which plaintiff will be sufficiently recovered to resume trial preparation.</u>

Although the Letter notes a return to work date of August 23, 2019, it does not address the nature of work plaintiff is unable to perform at this time. Plaintiff has represented throughout his bankruptcy proceedings that he regularly works as a farrier and jeweler, among other things. Both of those types of work are substantially more physical and quite distinct from the demands of trial preparation. Accordingly, demonstration of an inability to return to "work" fails to meet the requirements set out by this court in the First Order and, more importantly, fails to meet plaintiff's burden to show that a set-over of the trial is warranted because he is unable to prepare for trial.

For the foregoing reasons and in the interest of justice and good cause appearing therefor,

IT IS HEREBY ORDERED the Motion is DENIED.

###

Cc: Mr. Henderson (via ECF)
    Mr. Szanto (via ECF)



July 23, 2019

Peter Szanto
11 Shore Pine Dr
Newport Coast CA 92657

MRN:
DOB:

Peter Szanto is unable to attend work till 8/23/19

Sincerely,

Rosemarie M Mendoza, NP

UCI PAVILION 3 GENERAL SURGERY
101 The City Drive
Orange CA 92868-3201
TEL: 714-456-8008
FAX: 714-456-8136
Page 1 of 1

Exhibit A