Case No.: **17 PO 035**

FILED
NO. 17-PO-0035
2017 AUG 16 PM 4: 12
EAST FORK JUSTICE COURT
BY _____

# EXHIBIT E

IN THE JUSTICE COURT OF EAST FORK TOWNSHIP

DOUGLAS COUNTY, NEVADA

| | |
|---|---|
| VICTOR SZANTO and EVYE SZANTO, ) | |
| Applicants, ) | |
| vs. ) | ORDER ON PENDING MOTIONS |
| PETER SZANTO, ) | |
| Adverse Party. ) | |

THIS MATTER came before the Court August 15, 2017, for hearing on the application for an extended order for protection and pending motions. The Applicants appeared in person, and the Adverse Party appeared by telephone. The parties testified and presented exhibits as will appear in the record. The court treats the exhibits appended to Adverse Party's pleadings as having been admitted and considered as part of the record herein. The Clerk will distribute copies of the Applicants' exhibits to the Adverse Party in connection with service of this order.

The Applicants are a married couple who reside in Tahoe Township, Douglas County, Nevada and brought an action for an order for protection against domestic violence in the Tahoe Justice Court. Judge Glasson granted the temporary order and reassigned the matter to the East Fork Justice Court for further proceedings pursuant to NRS 4.032(2). The application for the extended order was scheduled and then rescheduled for the August 15 hearing. By operation of law, the temporary order remains in effect.

1

**Exhibit 1 - Page 1 of 4**
Case 16-33185-pcm7 Doc 528-5 Filed 02/05/18

The Court, having considered all of the pleadings, papers and exhibits on file, as well as the testimony of the parties, and, being otherwise fully advised, finds and concludes as follows:

The Adverse Party's request for a jury trial is denied. This is an action for a statutory remedy that lies in equity. The statutory remedy did not exist at common law, and there is no right to a jury trial in an action in equity in the common law. *Cheung v. Eighth Judicial District Court*, 121 Nev. 867 (2005).

The motion to recuse or disqualify the undersigned justice of the peace is denied. The only grounds stated are general and unsubstantiated claims of prejudice. NRS 1.230. The procedure for disqualification has not been followed, and no affidavit stating lawful grounds for disqualification has been filed. NRS 1.235.

The Adverse Party also challenges the jurisdiction of the court to entertain the application because he does not reside in the State of Nevada. Jurisdiction is based on the Applicants' residence, and dependent on a showing of the requisite facts. NRS 200.581.

NRS 33.018 says that domestic violence occurs when a person to whom a person is related by blood or marriage commits any one of many enumerated acts, including "A knowing, purposeful or reckless course of conduct intended to harass the other person." Such conduct may include, but is not limited to stalking. NRS 33.018, Sec. 1(e)1. Stalking and harassment are defined in NRS 200.571 and NRS 200.575.

The evidence establishes that the Adverse Party is the adopted son of Applicant Victor Szanto's parents, and that he is therefore related to Victor Szanto by blood and to Evye Szanto by marriage. His status as an adopted child creates no legally cognizable distinction. NRS 127.160. In fact, the multiple civil actions filed by the Adverse Party against the Applicants are based on claims that his family of origin has deprived Peter Szanto of property that is rightfully his.

The evidence is specific, concrete and compelling that the Adverse Party has engaged in a knowing, purposeful and reckless course of conduct intended to harass the Applicants, by engaging them in endless litigation by filing multiple self-represented civil actions, in multiple jurisdictions, over an extended period of time. In addition to the no contact order, the Court is satisfied that by requiring any action to be filed or maintained by a licensed attorney, the protective features of NRCP 11 or its equivalent in other jurisdictions will provide a modicum of protection to the Applicants from this stalking behavior, and from harassing and frivolous litigation.

For all of the foregoing reasons, as well as the reasons stated on the record, the Court ordered issuance of the extended order for protection. The temporary order will remain in effect until the extended order is served on the Adverse Party.

The Adverse Party has also moved the Court to stay this proceeding pending outcome of litigation in the Bankruptcy Court of the District of Oregon. The motion is denied. This Court will accede to the superseding order of a court of competent, or superior jurisdiction, when and if such an order is entered. Pending issuance and service of such an order, however, the extended order will issue and remain in effect.

Any other motions made in the pleadings have been considered, are of no merit, and are therefore denied.

IT IS SO ORDERED.

Dated this 16 day of August, 2017.

_____
JUSTICE OF THE PEACE

3

Exhibit 1 - Page 3 of 4
Case 16-33185-pcm7    Doc 528-1    Filed 02/05/19

Pursuant to NRCP 5(b) I certify that I am an employee of East Fork Township Justice Court, Douglas County, State of Nevada, and that on this day I deposited for mailing by First Class Mail at Minden, Nevada, a true copy of the ORDER ON PENDING MOTIONS, signed and filed on August 16, 2017 to:

VICTOR & EVYE SZANTO
ADDRESS: CONFIDENTIAL

PETER SZANTO
P.O. BOX 4614
PORTLAND, OR 97208

Dated: AUGUST 17, 2017

Signed: *[signature]*

Exhibit 1 - Page 4 of 4
Case 16-33185-pcm7    Doc 528-1    Filed 02/05/19