Below is an opinion of the court.

PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) |
| | ) Bankruptcy Case No. |
| PETER SZANTO, | ) 16-33185-pcm7 |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| PETER SZANTO, | ) Adversary No. 16-3114-pcm |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION[1] |
| EVYE SZANTO, VICTOR SZANTO, NICOLE | ) |
| SZANTO, KIMBERLEY SZANTO, MARIETTE | ) |
| SZANTO, ANTHONY SZANTO, AUSTIN | ) |
| BELL, JOHN BARLOW, and BARBARA | ) |
| SZANTO ALEXANDER, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Defendants have filed two motions for attorney fees in this
adversary proceeding. First, on May 31, 2018, they filed an Application

---

[1] This disposition is specific to this case and is not intended
for publication or to have a controlling effect on other cases. It may,
however, be cited for whatever persuasive value it may have.

Page 1 - MEMORANDUM OPINION

1  for Attorney's Fees.  Doc. 387.  This followed the court's entry of
2  judgment against plaintiff after defendants were granted summary judgment
3  on all of plaintiff's claims.  Second, on December 11, 2019, they filed
4  their Second Motion for Attorney's Fees, seeking all fees incurred in
5  this adversary proceeding.  Doc. 583.  This followed the court's entry of
6  judgment for defendants after the trial on their counterclaims.  They
7  request a total of $267,663.50 in fees and $24,682.02 in costs, for a
8  total of $292,345.52.  For the reasons explained below, I will exercise
9  the court's inherent authority to award as a sanction attorney fees in
10 the amount of $134,166.50 and $13,242.47 for costs and expenses.

11 Plaintiff filed three responses to the initial Application for
12 Attorney's Fees.  Doc. 392, 393, 401, and one response to the Second
13 Motion for Attorney's Fees, Doc. 604.  The court has reviewed the
14 applications and responses, and concludes that the matter can be decided
15 without oral argument.[2]

16 Plaintiff raises a number of procedural arguments, which I will
17 address before addressing his substantive arguments.

18 First, plaintiff seeks denial of the fees because defendants failed
19 to include the conferral certification required by LBR 7007-1(a).  Doc.
20 392.

21 Plaintiff is correct that defendants' first application for attorney
22 fees – and the second application as well – fail to include a pre-filing
23 conferral certification.  It is not entirely clear that the conferral
24 certification of LBR 7007-1(a) applies to applications for attorney fees

25

26        [2]     Neither party requested oral argument.

Page 2 -  MEMORANDUM OPINION

and expenses sought by a party as sanctions in an adversary proceeding. Assuming that it does, LBR 7007-1(a)(2) allows the court to deny a motion that fails to include the certification; it does not require denial on that basis. I decline to exercise my discretion to deny defendants' applications on the basis of lack of a conferral certification.

Second, plaintiff argues that, because the underlying judgment in this adversary proceeding is on appeal, this court lacks jurisdiction to act on the fee request. Doc. 393. Plaintiff is wrong. Although a notice of appeal divests the trial court of jurisdiction over the subject matter of the appeal, it does not prevent the court from deciding ancillary matters such as requests for attorney fees. <u>Masalosalo v. Stonewall Ins. Co.</u>, 718 F.2d 955, 956-57 (9th Cir. 1983). Therefore, this court has jurisdiction to rule on the request for attorney fees, even though the judgment is on appeal.

Next, plaintiff claims that this court's "murderous rage" toward him deprives the court of jurisdiction to consider the fee application. Doc. 604. Plaintiff's assertion that this court has exhibited such conduct toward plaintiff or any other party is belied by the record in this case. The court has jurisdiction to decide whether to award attorney fees and costs in this adversary proceeding.

Fourth, plaintiff argues that the application for fees must be denied because defendants failed to give the notice of motion required by LBR 9013-1(b). That rule by its terms applies only in contested matters. This motion for fees and costs is a part of the adversary proceeding. Therefore, the rule does not apply. Plaintiff received notice of the motion through ECF, based on his request, which the court granted, to be

an electronic filer.[3]

Fifth, he argues that the application for fees and costs must be denied because defendants waived their right to fees and costs requested in the original application when they did not reply to his objection to that request. He reasons that LBR 9021-1(d)(3)(A) allows a party to reply to any objection to a cost bill within 14 days. LBR 9021-1(d)(3)(B) provides that, if there is no objection filed, the costs requested may be taxed. He also argues that the fees and costs must be denied because the cost bill was not verified as required by LBR 9021-1(d)(2).

Defendants seek their fees and expenses as a sanction for plaintiff's bad faith and vexatious behavior, not as fees and costs to be allowed to a prevailing party pursuant to Fed. R. Civ. P. 54(d), made applicable through Fed. R. Bankr. P. 7054(b). Thus, LBR 9021-1(d) relating to objections to a cost bill and the verification of a bill of costs does not apply. Nor does 28 U.S.C. § 1924, which relates to "the taxing of conventional costs as defined in Section 1920 of Title 28, and does not purport to limit the imposition of penalties beyond the ordinary costs" as a sanction. <u>Schauffler v. United Ass'n of Journeymen & Apprentices</u>, 246 F.2d 867, 870 (3d Cir. 1957). Defendants filed

---

[3] Plaintiff complains that the court struck a document he filed in the main case, Doc. 622 in Case No. 16-33185-pcm7, for failure to comply with LBR 9013-1(b). As I explained in the Order Granting Doc. 883 in plaintiff's main bankruptcy case, the court vacated the order striking the offending document less than a week after it was stricken. Case No. 16-33185-pcm7, Doc. 885. At the time the clerk struck the document, the rule was new and there was initial confusion in the clerk's office as to whether to strike documents that failed to include the Notice of Motion.

Page 4 - MEMORANDUM OPINION

itemizations of their fees and costs, along with declarations signed
under penalty of perjury[4] setting out the time spent by counsel working
on the case and the fees incurred in the matter.  Therefore, LBR 9021-
1(d) does not support denial of defendants' motion for fees and expenses.

I turn now to the merits of the motions.

The initial request for attorney fees cited two bases for an award:
Fed. R. Bankr. P. 7037, which makes Fed. R. Civ. P. 37 applicable in
adversary proceedings, and 28 U.S.C. § 1927.  The second request for fees
incorporated those two bases and added others: Fed. R. Bankr. P. 9011, 11
U.S.C. § 105, and the court's inherent authority.

Generally, under the American Rule, a prevailing party in federal
court is not entitled to an award of attorney fees.  See <u>Alyeska Pipeline
Serv. Co. v. Wilderness Society</u>, 421 U.S. 240, 247 (1975).  A court may
award fees if a contract or specific statute provides for a shifting of
fees, or as a sanction for bad faith.  See <u>In re Macke Intern. Trade,
Inc.</u>, 370 B.R. 236, 249 n.11 (9th Cir. BAP 2007).  Here, defendants seek
to shift their fees to plaintiff based on a discovery sanction rule and
as a sanction for plaintiff's vexatious, bad faith conduct.

1.  <u>Discovery Sanctions under Fed. R. Civ. P. 37</u>

Defendants assert that they are entitled to attorney fees under Fed.

---

[4]     Plaintiff also argues that counsel's declaration is
insufficient to support the request for fees and costs, because 28 U.S.C.
§ 1924 requires an affidavit.  As I have explained, section 1924 does not
apply to a request for fees and expenses as a sanction for bad faith
conduct.  In any event, the use of a declaration instead of an affidavit
is specifically allowed by statute.  28 U.S.C. § 1746 provides that,
whenever a federal statute or rule requires that facts be supported by an
affidavit, with limited exceptions, the support may be provided by a
declaration signed under penalty of perjury.

R. Civ. P. 37(c)(2), because plaintiff failed to admit certain facts in
defendants' requests for admissions that were later proven to be true.

Rule 37(c)(2) provides:

> If a party fails to admit what is requested under Rule 36 and if the
> requesting party later proves a document to be genuine or the matter
> true, the requesting party may move that the party who failed to
> admit pay the reasonable expenses, including attorney's fees,
> incurred in making that proof.

The court must order payment of expenses including fees, unless certain
facts exist. Fed. R. Civ. P. 37(c)(2)(A)-(D).

Defendants served plaintiff with requests for admission on February
27, 2017. Plaintiff responded on March 29, 2017. After a hearing on
defendants' motion to deem plaintiff's responses as admissions, the court
entered an order deeming plaintiff's responses as denials of the truth of
the facts set out in the requests for admission. Doc. 122.

The requests for admission on which defendants rely for this request
for sanctions are Requests No. 2 through 15, all of which were deemed
denied. These requests all sought admissions that plaintiff's claims
were unfounded. Defendants argue that many of the requests were proven
true when the court entered summary judgment on all of plaintiff's
claims. See Doc. 368, 370. Therefore, they argue, they are entitled to
their fees and costs in proving those matters true.

I will not award costs and attorney fees under Rule 37(c)(2).
First, some of the claims that were dismissed on summary judgment were
dismissed not because of lack of proof, but because they were barred by
the statute of limitations (conversion claim (Doc. 368 at p.9) and
emotional distress claim (id. at 26)), or for failure to state a claim
(conversion of real property claim (id. at 10), fraud claim (id. at 21),

and conspiracy claim (<u>id.</u> at 22 - there is no independent claim for
conspiracy)).  Although plaintiff also failed to produce evidence in
support of these claims, lack of proof was not the basis for the ruling
on all of the claims for relief.  Defendants are not entitled to their
attorney fees and costs for establishing facts that plaintiff denied,
where the lack of proof did not provide the basis for dismissal.

Second, even if plaintiff had admitted all of the facts for which
defendants sought admissions, it is not clear that defendants could have
avoided the costs of filing a motion for summary judgment.  It is
doubtful at best that, had plaintiff admitted the facts in the request
for admissions, plaintiff would have voluntarily dismissed this
complaint.  Defendants would have still needed to file a motion for
summary judgment, with all of the expense that entails, in order to
obtain dismissal of plaintiff's claims.  Therefore, the expenses they
seek in this request for attorney fees would have been incurred even if
plaintiff had made the admissions as requested.  <u>See</u> <u>Mane v. Tri-City</u>
<u>Healthcare Dist.</u>, 2007 WL 935624 (S.D. Cal. 2007) (no award of expenses
where party would have had to file motion for summary judgment even if
the requests had been admitted).

I conclude that defendants are not entitled to their attorney fees
and costs under Rule 37(c)(2).

2.   <u>28 U.S.C. § 1927</u>

Defendants assert that they are entitled to their fees in this
adversary proceeding under 28 U.S.C. § 1927, which provides:

Any attorney or other person admitted to conduct cases in any court
of the United States or any Territory thereof who so multiplies the
proceedings in any case unreasonably and vexatiously may be required

Page 7 -  MEMORANDUM OPINION

by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

They list a number of actions plaintiff took in connection with the case that they say shows that plaintiff acted unreasonably and vexatiously.

Plaintiff argues that section 1927 does not apply to pro se litigants. Although there is case law in other circuits holding that 28 U.S.C. § 1927 does not apply to pro se litigants because they are not persons "admitted to conduct cases" in federal courts, see Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521 (5th Cir. 1996) (under section 1927, fees may be awarded only against attorneys or those admitted to practice before the court); Sassower v. Field, 973 F.2d 75 (2nd Cir. 1992) (section 1927 does not apply to non-attorney litigants), the Ninth Circuit has held that section 1927 does authorize an award of fees and costs against pro se litigants. See Wages v. I.R.S., 915 F.2d 1230, 1236-37 (9th Cir. 1990). Accord Sanai v. Sanai, 2005 WL 8172668 (W.D. Wash. 2005) (Wages is still good law); Harrell v. Hornbrook Community Svcs. Dist., 778 Fed. Appx. 472 (9th Cir. 2019) (citing Wages in support of affirming award of sanctions under § 1927 against a pro se litigant). I am bound to follow Ninth Circuit authority, and therefore conclude that section 1927 applies to plaintiff as a pro se litigant.[5]

Nonetheless, defendants are not entitled to an award of their fees and costs under this statute. Although there is not nationwide agreement on the issue, in the Ninth Circuit, bankruptcy courts are not authorized

---

[5]     Because plaintiff is wrong that the statute does not apply to pro se litigants, he is wrong that defendants' counsel violated the ethics rules by arguing that the statute applies to pro se litigants.

Page 8 -  MEMORANDUM OPINION

to impose sanctions under section 1927.  See In re Perroton, 958 F.2d 889, 895-96 (9th Cir. 1992).  This is because the statutory definition of "court of the United States" set out in 28 U.S.C. § 451, which applies to United States Code title 28, refers to federal courts, "the judges of which are entitled to hold office during good behavior."  In Perroton, the court held that this language means Article III courts, not Article I courts such as the bankruptcy court.  Thus, the court held that bankruptcy courts are not authorized to grant in forma pauperis status under 28 U.S.C. 1915(a).

The Ninth Circuit Bankruptcy Appellate Panel has recognized that this interpretation of the definition of "court of the United States" in section 451 applies equally to use of the same phrase in 28 U.S.C. § 1927, and therefore bankruptcy courts are not authorized to sanction under that statute.  See, e.g., In re Sandoval, 186 B.R. 490, 495-96 (9th Cir. BAP 1995) (recognizing that the court's reasoning in Perroton applies equally to sanctioning authority under section 1927); In re Patmont Motor Werks, Inc., 2018 WL 4844777 at *8 n.8 (9th Cir. BAP 2018) (unpublished) (recognizing that sanctions under section 1927 are not available in bankruptcy courts).  Although there are good arguments why bankruptcy courts should be authorized to award sanctions under that statute, see In re Loyd, 304 B.R. 372, 374-378 (9th Cir. BAP 2003) (Klein, J., dissenting), we are bound by the Ninth Circuit's ruling in Perroton.

Defendants argue that bankruptcy courts are authorized to award attorney fees as sanctions under section 1927, citing In re Yochum, 89 F.3d 661 (9th Cir. 1996).  In that case, the court held that bankruptcy

Page 9 -  MEMORANDUM OPINION

courts are "courts of the United States" authorized to award attorney fees in tax litigation pursuant to 26 U.S.C. § 7430.  That statute authorizes an award of litigation costs in a "court proceeding," which is defined as "any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)."  26 U.S.C. § 7340(c)(6).  The court concluded that the definition did not exclude bankruptcy courts.  89 F.3d at 670.  However, the court specifically distinguished Perroton, because the definition of "courts of the United States" set out in 28 U.S.C. § 451, on which Perroton was based, does not apply to the Internal Revenue Code, which was at issue in Yochum.

Therefore, this court may not award defendants their attorney fees and expenses pursuant to 28 U.S.C. § 1927.

3.  Bankruptcy Rule 9011

Defendants also ask that their fees and costs be awarded for plaintiff's violation of Fed. R. Bankr. P. 9011(b), based on plaintiff's filing of a frivolous complaint to commence this adversary proceeding.

Rule 9011 allows a court to award sanctions against an attorney or pro se litigant who files an unfounded or frivolous motion or pleading with the court.  "A motion for sanctions under this rule shall be made separately from other motions or requests[.]"  Fed. R. Bankr. P. 9011(c)(1).  Further, the rule contains a safe harbor; a motion for sanctions under Rule 9011 may not be filed unless the moving party has first served the motion on the offending party and that party has not, within 21 days, withdrawn or corrected the challenged document.  Fed. R. Bankr. P. 9011(c)(1)(A).

Defendants did not file their Rule 9011 motion separately from other

Page 10 - MEMORANDUM OPINION

motions; they simply included the rule as authority in support of their motion for attorney fees. Further, there is nothing in the record that would indicate that they served the motion on plaintiff at the outset of the case, giving him 21 days to withdraw his adversary complaint. Because defendants failed to comply with the separate motion and safe harbor provisions of the rule, they are not entitled to receive their fees and costs as sanctions under Rule 9011. See In re Deville, 280 B.R. 483 (9th Cir. BAP 2002), aff'd, 361 F.3d 539 (9th Cir. 2004)(reversing award of sanctions under Rule 9011 when applicant failed to comply with procedural requirements of the rule).

4.   Inherent Authority and 11 U.S.C. § 105

Defendants also rely on the court's inherent authority and 11 U.S.C. § 105 in support of their request for attorney fees and expenses.

Federal courts, including bankruptcy courts, have inherent authority to impose sanctions for a litigant's bad faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (federal courts have inherent authority to sanction); In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996) (bankruptcy courts have inherent authority to sanction bad faith conduct). This authority includes assessing attorney fees against the offending party. Chambers, 501 U.S. at 45. The inherent power to sanction "must be exercised with restraint and discretion." Id. at 44. The award must be compensatory, not punitive, in nature. Goodyear Tire & Rubber Co. v. Haeger, 137 S.Ct. 1178, 1186 (2017).

To impose sanctions under the court's inherent authority, I must find that plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," Chambers, 501 U.S. at 45-46, or has delayed or

Page 11 - MEMORANDUM OPINION

disrupted litigation or "taken actions in the litigation for an improper purpose." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). The court must explicitly find that the conduct was in bad faith. Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). "A finding of bad faith is warranted where [the party] 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Id. at 649. When the court shifts fees, it may "shift only those attorney's fees incurred because of the misconduct at issue." Goodyear Tire & Rubber Co., 137 S.Ct. at 1186. Where a party's conduct is sufficiently egregious, the court may order payment of all reasonable attorney fees and expenses incurred by the party's adversary. Id. at 1187-88; DeVille, 280 B.R. at 496.

The first question is whether defendants' motions for fees and costs provided adequate notice that the fees were being sought as a sanction under the court's inherent authority. To comport with due process, plaintiff must have received

> notice that was reasonably calculated under all the circumstances to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections. . . . Generally, the notice regarding sanctions must specify the authority for the sanction, as well as the sanctionable conduct.

DeVille, 280 B.R. at 496 (internal citation omitted).

Here, defendants asserted a right to attorney fees in their counterclaims, which were filed nearly three years ago, in March 2017. Doc. 66. In addition, defendants' first Application for Attorney's Fees and Costs, Doc. 387, sought their fees and costs under 28 U.S.C. § 1927 as a sanction for plaintiff's "unreasonable and vexatious conduct," setting out eleven categories of actions they claim support the sanction.

Page 12 – MEMORANDUM OPINION

Their Second Motion for Attorney's Fees and Costs, Doc. 583, states that they are seeking their attorney fees and costs as sanctions for plaintiff's bad faith conduct under a number of sources of authority, including section 1927 and the court's inherent authority. Although defendants do not separately articulate plaintiff's specific conduct that is sanctionable under this court's inherent authority, they do so in their discussion of why sanctions should be imposed under 28 U.S.C. § 1927.

The standards for awarding sanctions under section 1927 and the court's inherent authority are functionally the same. "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). The conduct that constitutes bad faith for purposes of section 1927 – knowingly or recklessly raising frivolous arguments, arguing a meritorious claim for purpose of harassment, using tactics with the intent of increasing expenses – is essentially the same type of conduct that supports invoking the court's inherent authority to impose sanctions. See id. (setting out conduct that constitutes bad faith under section 1927); Baker v. Urban Outfitters, Inc., 431 F.Supp.2d 351, 361 (S.D.N.Y. 2006) (bad faith finding for sanction under inherent power is similar to that under section 1927).

Defendants argue that plaintiff's conduct in this adversary proceeding was unreasonable and vexatious, and that plaintiff filed a frivolous case, warranting sanctions under the court's inherent authority. Because that argument was more fully articulated in their discussion of section 1927, and the same bad faith finding is required to

support an imposition of sanctions under both section 1927 and inherent power, defendants' motions and counterclaim provided adequate notice that they were seeking their attorney fees and costs under the court's inherent authority. Plaintiff was on notice that defendants were seeking sanctions for his bad faith conduct under section 1927 and the court's inherent authority. Defendants adequately described the conduct that warrants sanctions under section 1927. Because that same conduct supports an award of sanctions under the court's inherent authority, it provides adequate notice.

Plaintiff had the opportunity to be heard; he filed responses to each request for fees and costs, Doc. 401, 604, arguing that an award of fees and costs should not be made for various reasons, including that he did not engage in the conduct defendants listed in their motions.

Thus, I conclude that defendants' counterclaim and motions provided adequate notice that they were seeking sanctions under the court's inherent authority based on plaintiff's bad faith conduct, including the filing of a frivolous complaint. Plaintiff had the opportunity to respond to the specific allegations made by defendants before sanctions were imposed, and in fact he did so respond.

The second issue is whether plaintiff's conduct warrants an award of sanctions. Plaintiff argues that defendants' list of instances of bad faith conduct is not specific enough to apprise him of what conduct is at issue. He complains that defendants say in their brief that they will provide specific citations to each instance of misconduct on request. He then argues that he did not do any of the things defendants list as bad faith conduct, and that he needs discovery and an evidentiary hearing on

Page 14 - MEMORANDUM OPINION

1  the specific accusations.

2      Although it is true that defendants' lists of instances of

3  unreasonable and vexatious conduct are somewhat general and listed by

4  category, plaintiff is well aware of the many instances and facts that

5  demonstrate that this litigation was abusive and his conduct was

6  vexatious.  This court has observed and been called upon to act on many

7  instances of misconduct that fit within those categories, as plaintiff

8  well knows.  The filing of this frivolous adversary proceeding and

9  plaintiff's conduct of the litigation were among the factors that caused

10 this court to enter a pre-filing vexatious litigant order against

11 plaintiff.  See Memorandum Opinion/Report and Recommendation, Doc. 571.

12 I found that plaintiff had no objective good faith expectation that he

13 would prevail in this and previous actions against his family members,

14 that plaintiff has been untruthful, that he filed litigation for the

15 purpose of harassing his family members, that he has filed motion after

16 motion, failed to follow rules of discovery, and falsified documents.

17 Id.  It can be no surprise to plaintiff that his conduct forms the basis

18 for a request for sanctions.

19     The list all of plaintiff's frivolous and unwarranted actions that

20 have both caused defendants to incur costs of responding and required

21 wasted effort by the court are too numerous to list in their entirety.

22 The court has had to rule on several of plaintiff's arguments and motions

23 that were based more on personal attacks on the parties, lawyers, and the

24 court than on any cogent legal theory.  I have found that the filing of

25 the complaint in this adversary proceeding was frivolous.  Plaintiff was

26 sanctioned for discovery violations.  Doc. 163.  Plaintiff filed many

Page 15 - MEMORANDUM OPINION

motions to extend time for filing documents or to set over hearings, most
of which were denied. <u>E.g.</u>, Doc. 114 (denied Doc. 116); Doc. 137 (denied
Doc. 143); Doc. 294 (denied Doc. 295). He sought reconsideration of
rulings of the court, which were denied. <u>E.g.</u>, Doc. 18 (denied Doc. 19);
Doc. 174 (denied Doc. 194). He raised frivolous objections to forms of
order submitted by defendants' counsel. <u>E.g.</u>, Doc. 79 (overruled Doc.
83); Doc. 177 (order entered Doc. 179); Doc. 178 (order entered Doc.
183); Doc. 204 (order entered Doc. 208). He sought Rule 9011 sanctions
against defendants' counsel based on the form of order submitted to the
court, Doc. 130, which the court denied. Doc. 132. He sought to file
counterclaims against defendants' counterclaims, Doc. 97, causing the
court to strike the document as an improper pleading. Doc. 136. He
sought to vacate defendants' litigation privileges, Doc. 336, which was
denied. Doc. 411. He moved to correct clerical mistakes, Doc. 355,
which the court denied as frivolous. Doc. 359. He moved to supplement
his complaint, Doc. 352, which the court denied, finding that the motion
was an attempted end run around the court's ruling on a previous motion,
and filed only to delay the proceedings. Doc. 360.

These are just a few of the frivolous, unfounded documents and
arguments plaintiff filed in this adversary proceeding. Plaintiff's
conduct in this adversary proceeding is the most egregious, abusive
conduct this court has observed, both on the bench and as an attorney.
Plaintiff's filings are often abusive and vitriolic, and without basis in
law or fact. Plaintiff has multiplied the proceedings by filing numerous
unfounded motions and sought to delay the proceedings and increase costs.
Based on the fact that the complaint itself was frivolous and without any

objective basis as well as plaintiff's conduct during the course of the
adversary proceeding in filing motions and documents that lacked merit
and were filed only to create delay or confusion, all of which caused
defendants substantial attorney fees and expenses that should never have
been necessary, I conclude that this is an exceptional case and that
defendants are entitled to an award of all of their reasonable attorney
fees and expenses in defending against plaintiff's complaint.[6]  Plaintiff
initiated this "case in complete bad faith, so that every cost of defense
is attributable only to sanctioned behavior[.]"  <u>Goodyear Tire & Rubber
Co.</u>, 137 S.Ct. at 1188.

    The court has considered plaintiff's other arguments and rejects
them without discussion.

    The final issue is the amount of fees and costs the court should
award.  Defendants seek all of the fees and expenses incurred in this
adversary proceeding, as well as fees and expenses incurred in related
matters.  It is reasonable to award the fees and expenses incurred in
defending against plaintiff's complaint.  However, there are categories
of fees and costs that I will disallow.  What follows is an explanation
of the disallowed fees and expenses, as well as the code for that reason
that is used in the attached exhibits to indicate the reason for
disallowance.

_____

    [6]   Although it is doubtful that this sanctions award will deter
plaintiff from further abusive and frivolous litigation tactics, <u>see</u>
Memorandum Opinion/Report and Recommendation (Doc. 571) at pp. 44-45
(finding that monetary sanctions would be inadequate to cause plaintiff
to stop his litigation efforts against his family members), plaintiff's
conduct must have consequences.  If ever there was a case that called for
sanctions for frivolous and abusive litigation conduct, this is it.

Page 17 - MEMORANDUM OPINION

1    A.    Fees and costs incurred in pursuing the counterclaims in this
2 adversary proceeding (CC):

3    I find that defendants are not entitled to their attorney fees and
4 costs in pursuing their counterclaims (for wrongful use of civil
5 proceedings and vexatious litigant designation) against plaintiff.
6 Although the counterclaims may have never been filed if plaintiff had not
7 filed the complaint in this adversary proceeding, it was defendants'
8 choice to file and pursue their counterclaims.  The misconduct on which
9 they rely for their request for fees and costs in the second application,
10 which covers the prosecution of the counterclaims, is the same as the
11 conduct relied on in their first application, which related to defending
12 against plaintiff's claims (before summary judgment), with the addition
13 of a twelfth category relating to frivolous appeals and motions to
14 withdraw reference.  As I explain below, I will not award fees and costs
15 related to the appeals.  To the extent the motion to withdraw reference
16 was litigated in district court, it was done after this court had
17 disposed of plaintiff's claims and affected only the counterclaims.
18 Defendants do not identify any other conduct by plaintiff in his defense
19 of their counterclaims in support of their request for sanctions.
20 Therefore plaintiff will not be required to pay for defendants' fees and
21 costs incurred in prosecuting the counterclaims.

22    B.   Fees awarded against Susan Szanto in the California subpoena
23 litigation (SS):

24    Defendants' fee itemization includes some entries that were included
25 in their request for fees in their contempt action against Susan Szanto
26 in the California subpoena litigation.  The California court awarded some

but not all of the fees requested.  However, I am unable to tell from the California court's order which fees were allowed and which were not. Therefore, I will disallow all fees included in both the fee itemization filed in this adversary proceeding and in the request for fees in California, because I cannot tell whether those fees have already been allowed.

C.   Fees and expenses incurred in pursuing Susan Szanto in the California district court (CDC):

Some of the fees and expenses were incurred in pursuing Susan Szanto for contempt, responding to her motions and arguments in the California district court, and attempting to collect the fee award from her. Susan's actions are not directly attributable to plaintiff.  Further, the pursuit of Susan's deposition, which led to the contempt matter, related to the counterclaims, not to plaintiff's claims against defendants. Therefore, I will disallow fees and expenses that I can tell relate to the Susan Szanto California district court matter.

D.   Fees for attorney conferences that were charged by both attorneys (AC):

The itemization shows charges by one attorney for conferring with another attorney.  Where both attorneys involved in the conference charged for the same conference, I will allow the higher billing rate entry and disallow the lower billing rate entry.

E.   Fees incurred related to Peter Szanto's main bankruptcy case (MC):

There were several entries in the fee itemization that related to counsel's tracking of or involvement in matters related to the main

bankruptcy case.  Those charges are not directly related to plaintiff's bad faith conduct in this adversary proceeding, and they will be disallowed.

F.   Fees and costs incurred in plaintiff's appeals of matters in the adversary proceeding (AP):

Counsel charged for some work that was done on plaintiff's appeals of decisions in this adversary proceeding, and defendants request expenses relating to appeals.  Those charges are not directly related to plaintiff's bad faith conduct in this adversary proceeding and will be disallowed.

G.   Incomplete entries (IC):

Some entries in the fee itemization were incomplete, making it impossible for the court to determine what work was done that supported the charges.  As a consequence, I cannot tell whether the charge is reasonable, and the charge will be disallowed.

H.   Fees incurred in the California domestic violence case (DV):

Fees incurred in the California domestic violence case are not directly related to plaintiff's bad faith conduct in this adversary proceeding, and will be disallowed.

I.   Fees incurred in working on a motion to withdraw reference (WD):

The itemization includes fees incurred in drafting a motion to withdraw reference which was not, as far as I can tell, ever filed.  It is not reasonable to award fees for that unfiled motion.

J.   Fees charged that were previously awarded as discovery sanction (DS):

Page 20 - MEMORANDUM OPINION

The fee itemization contains charges that were awarded as a discovery sanction in 2017. Those fees are duplicative and will be disallowed.

K.   Fees incurred in Nevada case (NV):

The itemization contains fees related to a Nevada hearing and restraining order. That case is not directly related to plaintiff's bad faith conduct in this adversary proceeding. The fees will be disallowed.

L.   Other (OT):

There are a few other fees that will be disallowed for other reasons. These include excessive fees for preparing these fee applications, fees related to monitoring a different adversary proceeding (brought by the United States Trustee to deny plaintiff a discharge), fees in the second application that duplicate fees charged in the first application, as well as other miscellaneous items. Those will be disallowed.

M.   Block billing (BB):

Defendants did not segregate their fees to assure that they are requesting only fees that are reasonably related to this adversary proceeding and have not already been awarded in other contexts. Their failure to segregate their fees has made it more difficult for the court to determine which fees are allowable and which are not. Further, many entries include a variety of tasks billed in a block, without breaking down the amount of time spent for each task. To the extent fees are block billed and include some tasks that are allowable and some tasks that are not, the fees for that entire block of time will be excluded.

Attached to this Memorandum is Exhibit A, which sets out attorney

fees that are disallowed from defendants' fee itemization from the first application for fees and costs. Only disallowed fees are listed. If only a portion of the itemization entry is disallowed, a description is included. If the entire charge is disallowed, no explanation is provided other than the code showing the reason for disallowance. Attached to this Memorandum is Exhibit B, which sets out attorney fees that are disallowed from defendants' fee itemization from the second application for fees and costs. This exhibit uses the same process for explanation as Exhibit A. Fees not listed in Exhibit A or Exhibit B will be allowed as reasonable fees to be imposed as a sanction for plaintiff's bad faith conduct in this adversary proceeding. The total amount of attorney fees to be awarded on defendants' first and second application for fees is $134,166.50 ($267,663.50 minus $133,497.00). The remainder of the fees, $133,497.00, are disallowed.

Attached to this Memorandum is Exhibit C, which sets out the costs and expenses that are disallowed from defendants' itemization included with their first application for fees and costs. Disallowed costs are designated using the codes set out above. All costs listed in the costs itemization attached to the second application for fees and costs are disallowed, as they all relate to expenses incurred in prosecuting the counterclaims or other matters, not in defending against plaintiff's bad faith conduct in bringing and prosecuting his claims against them. The amount disallowed from the second application is $1,599.01.

The total amount of expenses that will be awarded as a sanction for plaintiff's bad faith conduct is $13,242.47 ($24,682.02 minus $11,439.55). The remainder, $11,439.55, are disallowed.

Page 22 - MEMORANDUM OPINION

1          Counsel for defendants should submit an order allowing the fees and

2     costs as set forth above.

3                                        ###

4     cc:   Peter Szanto
            Nicholas Henderson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 23 - MEMORANDUM OPINION

EXHIBIT A - FIRST APPLICATION FOR FEES - AMOUNTS DISALLOWED

| Date and Biller | Charge | Description | Code |
|---|---|---|---|
| 3/22/17   NJH | 150.00 | | MC |
| 3/29/17   NJH | 187.50 | "P. Szanto regarding same (0.3)"; 0.2 unaccounted for | IC |
| 4/10/17   NJH | 75.00 | | CC |
| 4/12/17   NJH | 150.00 | "email to D. Olsen regarding evidence for vexatious litigation claim"  (CC) | BB; CC |
| 4/26/17   NJH | 75.00 | "review email from client re appeal (0.2)" | AP |
| 5/19/17   NJH | 450.00 | "Motions to Compel (0.5)"; "email upload link to P. Szanto" | 1.2 IC |
| 6/6/17   NJH | 1125.00 | "Draft Motion for Sanctions (3.0)" | DS |
| 6/9/17   NJH | 562.50 | "multiple telephone calls to/from V. Szanto and D. Olsen regarding Orange County Domestic Violence paperwork (1.5)" | DV |
| 6/12/17   NJH | 187.50 | "telephone call to McClurg regarding main case; email to B. Kukso regarding same" (MC) | BB; MC |
| 6/15/17   NJH | 150.00 | "regarding update (0.2)"; no entry for 0.2 hr | IC (.4 hr) |
| 7/14/17   NJH | 412.50 | "emails from/to M. Fell and V. Szanto regarding process server" included in Calif Contempt sanction | SS; IC |
| 7/25/17   NJH | 600.00 | "communications from P. Szanto regarding same" - incomplete. Remainder included in Calif Contempt sanction | SS; IC |
| 7/26/17   NJH | 450.00 | "prepare outline for S. Szanto deposition; email to P. Szanto regarding deposition" - 1.2 included in SS Calif contempt sanction | SS (1.2 hr) |

| | | | | |
|---|---|---|---|---|
| 7/27/17  NJH | 262.50 | "M. Fell regarding same; draft update email to clients" .7 included in SS Calif contempt sanction | SS (.7 hr) |
| 7/31/17  NJH | 525.00 | "Draft petition for enforcement of subpoena; draft related declarations;" "review and revise Motion for Limited Extension of Discovery Cutoff Deadline;" – 1.4 included in SS Calif contempt sanction | SS (1.4 hr) |
| 8/8/17  NJH | 150.00 | "email to C. Mona regarding revised dubpoena and service on S. Szanto." – .4 included in SS Calif contempt sanction | SS (.4 hr) |
| 8/15/17  NJH | 187.50 | | MC |
| 8/17/17  NJH | 562.50 | "Emails from/to client regarding NV hearing and restraining order; emails from/to L. Ramos regarding service of order;" – relates to Nevada case | NV; BB |
| 8/26/17  NJH | 187.50 | | SS |
| 8/29/17  NJH | 1425.00 | | SS |
| 8/30/17  NJH | 1162.50 | | SS |
| 9/4/17  NJH | 262.50 | "draft Petition to Enforce Subpoenato Susan Szanto (0.2); draft declarations of court reporter and videographer (0.5)." | SS (.7 hr) |
| 9/6/17  NJH | 750.00 | | SS |
| 9/7/17  NJH | 75.00 | | SS |
| 9/8/17  NJH | 375.00 | "continue drafting motion for contempt regarding deposition of Susan Szanto (1.0);" | SS (1.0 hr) |
| 9/11/17  NJH | 562.50 | | SS |
| 9/25/17  NJH | 1650.00 | | CDC |
| 10/17/17  NJH | 375.00 | | CDC |

| | | | | |
|---|---|---|---|---|
| 10/18/17 NJH | 2062.50 | "Attend preliminary hearing on Motion to Convert;" "attend Special Meeting of Creditors." (MC) | MC; BB |
| 10/18/17 NJH | 1687.50 | (This entry may also be duplicate of previous 10/18/17 entry) | MC |
| 10/26/17 NJH | 150.00 | | CDC |
| 10/28/17 NJH | 112.50 | | SS |
| 11/1/17 NJH | 187.50 | "conference with C. Sturgeon regarding order compelling S. Szanto deposition, regarding deposition subpoena, and regarding notice of deposition." | SS (.5 hr) |
| 11/3/17 NJH | 150.00 | "review Motion to Vacate CA order filed by Plaintiff." | SS (.4 hr) |
| 11/8/17 NJH | 675.00 | | SS |
| 11/9/17 NJH | 1312.50 | "Prepare for and attend 3rd deposition of Susan Szanto;" "review Motion to Quash; draft motion to extend discovery deadling and related declaration." - 1.3 (SS) "reveiw transcript from Special Meeting of Creditors; draft objection to confirmation;" - 2.2 (MC) | SS; MC |
| 11/13/17 NJH | 1050.00 | "review case law regarding plan confirmation standards and bases for objection to confirmation." - (MC) | MC; BB |
| 11/14/17 NJH | 675.00 | "draft declaration regarding motion to extend discovery cutoff; continue drafting declaration for motion for contempt;" - .9 (SS) "continue drafting objection to confirmation." - (MC) | SS (.9 hr); MC; BB |
| 11/15/17 NJH | 562.50 | "Continue drafting" "contempt paperwork." - .5 SS "objection to confirmation, supplemental briefs" - 1.0 (MC) | SS; MC |

| | | | | |
|---|---|---|---|---|
| 11/16/17 NJH | 750.00 | "Emails from/to V. Szanto regarding update and Susan Szanto deposition;" "continue drafting motion for contempt and related declaration; continue drafting motion to extend or eliminate deadline for Susan Szanto deposition; continue drafting response to Motion to Quash." - 2.0 (SS) | | SS (2.0 hr) |
| 11/20/17 NJH | 187.50 | | | MC |
| 11/21/17 NJH | 1312.50 | | | SS |
| 11/22/17 NJH | 1050.00 | | | SS |
| 11/27/17 NJH | 937.50 | "email from D. Olsen regarding NV order and removal." - (NV) | | NV; BB |
| 11/28/17 NJH | 375.00 | | | SS |
| 11/29/17 NJH | 2625.00 | "continue drafting response to CA motions;" - 1.0 SS "Prepare for and attend hearing on confirmation and motion to convert;" - 6.0 (MC) | | SS; MC |
| 12/4/17 NJH | 1312.50 | | | MC |
| 12/5/17 NJH | 937.50 | "attend hearing regarding conversion; email to clients regarding same;" - (MC) | | MC; BB |
| 12/6/17 NJH | 187.50 | "telephone call to C. McClurg regarding follow-up." - (MC) | | MC; BB |
| 12/7/17 NJH | 300.00 | "Emails and telephone call to T. Bell regarding Safeway documents;" "email to P. Szanto regarding motion conferral." - .5 (SS) "telephone call to S. Arnot regarding case information;" - .3 (MC) | | SS; MC |
| 12/8/17 NJH | 150.00 | | | SS |
| 12/11/17 NJH | 525.00 | | | SS |
| 12/12/17 NJH | 375.00 | | | SS |
| 12/13/17 NJH | 150.00 | | | SS |
| 12/26/17 NJH | 450.00 | | | SS |

Page 27 - MEMORANDUM OPINION

| | | | | |
|---|---|---|---|---|
| 12/27/17 NJH | 750.00 | | | SS |
| 12/28/17 NJH | 300.00 | "Conference with J. Tolchin regarding strategy for Susan Szanto; review Response to OSC filed by Susan Szanto;" - .8 (SS) | | SS (.8 hr) |
| 1/18/18 NJH | 2812.50 | | | CDC; CC |
| 1/31/18 NJH | 112.50 | "emails to/from J. Bell regarding Susan Szanto deposition transcript (0.3);" - (CDC) | | CDC (.3 hr) |
| 2/1/18 NJH | 750.00 | "conference call with clients regarding strategy and claim preparation;" - (MC) | | MC; BB |
| 2/2/18 NJH | 1687.50 | "Continue review of case law and supporting documents for clients' proofs of claim; draft proofs of clam;" - (MC) | | MC; BB |
| 2/6/18 NJH | 562.50 | "conference with J. Tolchin regarding Susan Szanto voicemail;" - (CDC) | | CDC; BB |
| 2/6/18 NJH | 1312.50 | "continue reviewing documents and drafting POCs for clients; email to clients regarding review of POC." - (MC) | | MC; BB |
| 2/7/18 NJH | 600.00 | | | MC |
| 2/8/18 NJH | 562.50 | | | MC |
| 2/9/18 NJH | 375.00 | "revise and finalize Victor Proof of Claim." - (MC) | | MC; BB |
| 2/13/18 NJH | 937.50 | "Continue drafting claims for clients;" - (MC) | | MC; BB |
| 2/23/18 NJH | 937.50 | "draft Response to Dismissal/Conversion;" - (MC) | | MC; BB |
| 3/1/18 NJH | 187.50 | "Email from S. Arnot regarding requested information;" - (MC) | | MC; BB |
| 3/5/18 NJH | 525.00 | "Review response and motion for testimony filed by Plaintiff/Susan Szanto;" - (CDC) "Compile documents for S. Arnot; email to S. Arnot regarding same;" - (MC) | | CDC; MC; BB |

| | | | | |
|---|---|---|---|---|
| 3/6/18   NJH | 525.00 | "Review UST complaint" - (OT) "continue review and revise Response to Susan Szanto Motion;" - (CDC) | OT; CDC; BB |
| 4/19/18   NJH | 112.50 | | AP |
| | | | |
| 2/23/17   TGS | 63.00 | "conference with N. Henderson regarding strategy and discovery issues (0.2)." | AC (.2 hr) |
| 2/28/17   TGS | 220.50 | | CC |
| 3/3/17   TGS | 252.00 | | CDC |
| 4/7/17   TGS | 94.50 | "telephone call to Bank of America attorney regarding disclosure statement hearing (0.3)." | MC (.3 hr) |
| 4/10/17   TGS | 126.00 | | MC |
| 5/15/17   TGS | 63.00 | "conference with N. Henderson regarding same (0.5)." - .2 AC (Henderson charged .2 hr) | AC (.2 hr) |
| 7/19/17   TGS | 330.00 | | SS |
| 10/19/17   TGS | 126.00 | | OT |
| 11/20/17   TGS | 94.50 | | MC |
| 11/21/17   TGS | 189.00 | | MC |
| 11/29/17   TGS | 567.00 | | MC |
| 11/30/17   TGS | 126.00 | | CDC |
| 1/9/18   TGS | 94.50 | | CDC |
| 1/16/18   TGS | 661.50 | | MC |
| 1/18/18   TGS | 346.50 | | CDC |
| 1/31/18   TGS | 126.00 | | MC |
| TOTAL | 49755.00 | | |

EXHIBIT B – SECOND APPLICATION FOR FEES – AMOUNTS DISALLOWED

| Date and Biller | Charge | Description | Code |
|---|---|---|---|
| 4/30/18  NJH | 150.00 | Included in First Application for Fees | OT |
| 5/2/18  NJH | 712.50 | Included in First Application for Fees | OT |
| 5/18/18  JGT | 162.50 | | CDC |
| 5/21/18  JGT | 455.00 | | CDC |
| 5/22/18  JGT | 130.00 | | CDC |
| 5/31/18  NJH | 562.50 | 2.5 hours to draft fee application, declaration and exhibits excessive; allow 1.0 hr | OT (1.5 hr) |
| 6/1/18  JGT | 97.50 | | CDC |
| 6/5/18  JGT | 585.00 | | CDC |
| 6/6/18  JGT | 617.50 | | CDC |
| 6/11/18  JGT | 1462.50 | | CDC |
| 6/11/18  NJH | 75.00 | | CDC |
| 6/12/18  JGT | 227.50 | | CDC |
| 6/13/18  JGT | 195.00 | | CDC |
| 6/25/18  JGT | 97.50 | | CDC |
| 6/29/18  NJH | 75.00 | | CC |
| 7/7/18  NJH | 112.50 | | MC |
| 7/9/18  JGT | 422.50 | | CDC |
| 7/9/18  NJH | 75.00 | | CDC |
| 7/12/18  NJH | 187.50 | | CC |
| 7/18/18  NJH | 375.00 | | CC |
| 7/25/18  NJH | 750.00 | | AP |
| 7/30/18  JGT | 65.00 | | CDC |
| 8/1/18  JGT | 260.00 | | CDC |

Page 30 – MEMORANDUM OPINION

| Date | | Amount | Description | Code |
|---|---|---|---|---|
| 8/1/18 | NJH | 187.50 | | CDC |
| 8/4/18 | NJH | 112.50 | | MC |
| 8/9/18 | NJH | 562.50 | | AP |
| 8/9/18 | NJH | 375.00 | | AP |
| 8/14/18 | NJH | 187.50 | | CC |
| 8/27/18 | JGT | 487.50 | | CDC |
| 8/30/18 | JGT | 422.50 | | CDC |
| 8/30/18 | TGS | 94.50 | | CDC |
| 9/4/18 | JGT | 260.00 | | CDC |
| 9/5/18 | JGT | 585.00 | | CDC |
| 9/5/18 | NJH | 75.00 | | CDC |
| 9/14/18 | NJH | 225.00 | | CC |
| 9/17/18 | JGT | 195.00 | | CDC |
| 9/21/18 | NJH | 375.00 | | CC |
| 9/28/18 | JGT | 780.00 | | CDC |
| 10/1/18 | JGT | 130.00 | | CDC |
| 10/4/18 | NJH | 75.00 | Relates to main case and separate adversary proceeding | MC; OT |
| 10/8/18 | JGT | 97.50 | | CTC |
| 10/11/18 | NJH | 75.00 | | CC |
| 10/12/18 | JGT | 357.50 | | CDC |
| 10/15/18 | JGT | 195.00 | | CDC |
| 11/5/18 | JGT | 65.00 | | AP |
| 11/15/18 | NJH | 187.50 | "telephone call to A. Arnot regarding funds on hand;" – (MC) | MC; BB |
| 11/21/18 | SCG | 162.50 | | WD |
| 11/29/18 | SCG | 2047.50 | Drafted motion to withdraw reference never filed | WD |
| 11/30/18 | SCG | 162.50 | | WD |

| | | | |
|---|---|---|---|
| 12/7/18   NJH | 3000.00 | Appears to relate to motion to withdraw reference that was never filed | WD |
| 1/2/19   NJH | 120.00 | | CC |
| 1/8/19   NJH | 400.00 | | CC |
| 2/5/19   NJH | 200.00 | | CC |
| 2/12/19   NJH | 160.00 | | CC |
| 2/26/19   NJH | 160.00 | "review most recent Interim Report; email to client regarding analysis." – (MC) | MC; BB |
| 3/18/19   NJH | 200.00 | | AP |
| 5/22/19   NJH | 200.00 | | CC |
| 6/10/19   NJH | 200.00 | | CC |
| 6/18/19   TGS | 357.50 | | CC |
| 6/19/19   TGS | 97.50 | | CC |
| 6/20/19   TGS | 65.00 | | CC |
| 6/25/19   NJH | 480.00 | | CC |
| 6/28/19   TGS | 162.50 | | CC |
| 7/1/19   NJH | 200.00 | | CC |
| 7/2/19   TGS | 292.50 | | CC |
| 7/5/19   NJH | 160.00 | | CC |
| 7/6/19   NJH | 120.00 | | CC |
| 7/10/19   NJH | 80.00 | | CC |
| 7/15/19   NJH | 80.00 | | CC |
| 7/19/19   NJH | 120.00 | | CC |
| 7/24/19   NJH | 2400.00 | | CC |
| 7/25/19   NJH | 1920.00 | No description of work done | IC |
| 7/26/19   NJH | 2400.00 | | CC |
| 7/26/19   TGS | 487.50 | | CC |
| 7/29/19   TGS | 97.50 | | CC |
| 7/30/19   TGS | 260.00 | | CC |

Page 32 – MEMORANDUM OPINION

| | | | | |
|---|---|---|---|---|
| 7/31/19 TGS | 1007.50 | | CC |
| 8/1/19 TGS | 585.00 | | CC |
| 8/7/19 NJH | 2000.00 | | CC |
| 8/7/19 TGS | 130.00 | | CC |
| 8/9/19 NJH | 880.00 | | CC |
| 8/12/19 NJH | 1840.00 | | CC |
| 8/14/19 JGT | 260.00 | | CDC |
| 8/14/19 NJH | 2200.00 | | CC |
| 8/16/19 NJH | 2480.00 | | CC |
| 8/19/19 JGT | 487.50 | | CDC |
| 8/19/19 NJH | 1680.00 | | CC |
| 8/20/19 JGT | 130.00 | | CDC |
| 8/20/19 NJH | 2400.00 | | CC |
| 8/21/19 NJH | 2600.00 | | CC |
| 8/22/19 NJH | 3600.00 | | CC |
| 8/23/19 NJH | 3720.00 | | CC |
| 8/23/19 TGS | 1170.00 | | CC |
| 8/24/19 NJH | 2200.00 | | CC |
| 8/25/19 NJH | 3000.00 | | CC |
| 8/26/19 NJH | 4840.00 | | CC |
| 8/26/19 TGS | 1072.50 | | CC |
| 8/27/19 NJH | 4200.00 | | CC |
| 8/28//19 JGT | 130.00 | | CDC |
| 8/28/19 NJH | 4600.00 | | CC |
| 8/28/19 TGS | 1852.50 | | CC |
| 8/29/19 NJH | 1480.00 | | CC |
| 9/3/19 JGT | 65.00 | | CDC |
| 9/4/19 JGT | 325.00 | | CDC |
| 9/9/19 JGT | 130.00 | | CDC |

Page 33 - MEMORANDUM OPINION

| | | | | |
|---|---|---|---|---|
| 9/12/19    NJH | 400.00 | | MC |
| 9/17/19    JGT | 32.50 | | CDC |
| 9/18/19    NJH | 80.00 | Unclear what this relates to | OT |
| 9/23/19    JGT | 65.00 | | CDC |
| 10/14/19    JGT | 227.50 | | CDC |
| 11/5/19    NJH | 400.00 | | MC |
| 11/18/19    NJH | 120.00 | | CC |
| 12/4/19    NJH | 600.00 | | CC; MC |
| TOTAL | 83742.00 | | |

Page 34 - MEMORANDUM OPINION

EXHIBIT C - COSTS DISALLOWED

| Date | Amount | Description | Code |
|------|--------|-------------|------|
| 7/18/17 | 40.00 | Florida Dept of Hwy Safety & Motor Vehicles; subpoena witness fee | OT |
| 7/25/17 | 31.00 | United States Court of Appeals; audio hearing copy fee | AP |
| 8/9/17 | 1103.55 | Advanced Depositions; Susan Szanto video deposition and transcript | CDC |
| 8/25/17 | 1050.00 | CMI Resources; Process Service: Susan Szanto | CDC |
| 9/1/17 | 136.10 | DDS Legal Support Systems; Process Service: Susan Szanto | CDC |
| 9/1/17 | 52.00 | Douglas County Courts; hearing transcript | CC |
| 9/22/17 | 47.00 | United States District Court; filing fee | AP |
| 10/7/17 | 20.00 | Oregon State Bar; certificate of good standing | CDC |
| 10/18/17 | 115.00 | Szanto | OT |
| 11/2/17 | 95.00 | Szanto | OT |
| 11/7/17 | 500.00 | Advanced Depositions; Susan Szanto deposition | CDC |
| 11/8/17 | 600.00 | CMI Resources; Process Service: Susan Szanto and support services | CDC |
| 11/13/17 | 34.34 | Washington State Bar; Pro Hac Vice Certificate of Good Standing | CDC; OT |
| 11/15/17 | 377.15 | Advanced Depositions; Invoice No. 28851: Susan Szanto Certificate of Non-Appearance | CDC |
| 11/17/17 | 21.00 | Oregon State Bar; Pro Hac Vice certificate of good standing | CDC; OT |
| 11/29/17 | 39.95 | On Legal LLC Invoice No. 11543367; Process Service: Susan Szanto | CDC |
| 11/30/17 | 215.00 | Advanced Depositions Invoice No. 29201; Susan Szanto video services | CDC |

Page 35 - MEMORANDUM OPINION

| | | | |
|---|---|---|---|
| 12/27/17 | 7.50 | San Diego Superior Court; filing fee | OT |
| 1/9/18 | 532.60 | Airfare regarding Susan Szanto deposition | CDC |
| 1/9/18 | 532.60 | Airfare regarding Susan Szanto deposition | CDC |
| 1/18/18 | 27.00 | J. Tolchin; airport parking | CDC |
| 1/18/18 | 1776.50 | Advanced Depositions; Invoice No. 29900; Susan Szanto deposition and certified transcript | CDC |
| 1/19/18 | 27.00 | Airport parking | CDC |
| 1/22/18 | 1275.00 | CMI Resources; Process Service: Susan Szanto | CDC |
| 2/23/18 | 995.00 | Advanced Depositions; 01/18/2018 Susan Szanto video services | CDC |
| 2/28/18 | 189.90 | Janice Russell Transcripts; 11/09/2017 Invoice No. 17-245-1: 10/17/2017 & 10/18/2017 Creditors Meeting Transcripts | MC |
| Second Application | 1599.01 | | |
| TOTAL | 11439.20 | | |