Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

```
In Re:                              )
                                    ) Bankruptcy Case No.
PETER SZANTO,                       ) 16-33185-pcm7
                                    )
              Debtor.               )
                                    )
                                    )
PETER SZANTO,                       ) Adversary No. 16-3114-pcm
                                    )
              Plaintiff,            ) ORDER DENYING MOTION TO
                                    ) EXTEND TIME TO FILE OBJECTIONS
     v.                             ) TO FINDINGS OF FACT
                                    ) (DOC. 616)
EVYE SZANTO, VICTOR SZANTO, NICOLE  )
SZANTO, KIMBERLEY SZANTO, MARIETTE  )
SZANTO, ANTHONY SZANTO, AUSTIN      )
BELL, JOHN BARLOW, and BARBARA      )
SZANTO ALEXANDER,                   )
                                    )
              Defendants.           )
                                    )
```

On March 10, 2020, the court entered a Memorandum Opinion awarding defendants a portion of their attorney fees and costs in this adversary proceeding as a sanction for plaintiff's vexatious, bad faith conduct in the litigation. Doc. 614. On March 20, 2020, plaintiff filed a Motion

Page 1 -   ORDER DENYING MOTION TO EXTEND TIME TO FILE OBJECTIONS TO
            FINDINGS OF FACT (DOC. 616)

to Extend Time to File Objections to Findings of Fact.  Doc. 616.  He seeks an extension of time until April 16, 2020,[1] to file objections to the findings of fact contained in the Memorandum Opinion pursuant to Fed. R. Bankr. P. 9033.

As plaintiff knows, Rule 9033 relates to proceedings "in which the bankruptcy court has issued proposed findings of fact and conclusions of law[,]" allowing a party to file objections to the findings and conclusions.  Fed. R. Bankr. P. 9033(a), (b).  As plaintiff also knows, the Memorandum Opinion awarding attorney fees and costs is not proposed findings and conclusions; it is a decision on defendants' request for fees and costs.  Therefore, Rule 9033 does not apply to this matter.  There is no provision in the rules for a party to file objections to findings contained in a Memorandum Opinion.  The party's recourse is to file an appeal of the judgment entered based on the ruling in the Memorandum Opinion.

The motion will be denied because the procedure plaintiff seeks to invoke under Rule 9033 does not apply to the Memorandum Opinion.

The court notes that, once again, plaintiff claims that he failed to receive notice of entry of a court's decision or order.  As plaintiff knows and as was explained to him in a previous order, this assertion is demonstrably false.  As the court explained in the Order Directing Clerk

---

[1] The length of extension sought is not clear.  On pages 5 and 7 of his motion, he says he wants until April 16, 2020, but then also says he wants the court to re-serve the Memorandum Opinion and then give him 35 days from the date of that re-service in which to file objections to its findings.  Doc. 616 at p.6.

Page 2 -  ORDER DENYING MOTION TO EXTEND TIME TO FILE OBJECTIONS TO FINDINGS OF FACT (DOC. 616)

to Serve Report and Recommendation by Mail and Denying Motion to Extend Time, Doc. 598, "[b]ecause plaintiff is authorized in this case to file and receive service of documents electronically, he received electronic service of the Report and Recommendation immediately." By seeking and being granted electronic filing privileges, he consented to receiving notice electronically. Id.; Order Granting Application for CM/ECF Registration, Case No. 16-33185-pcm7 Doc. 629. In addition, plaintiff filed a notice that he "waives all requirement of physical papers being served on him and will accept service via either the Court's ECF system or by e-mail" to his personal email address. Case No. 16-33185-pcm7 Doc. 631. As the court's docket reflects, he received email notice of entry of the Memorandum Opinion, as provided in the rules and in accordance with his consent to receive notice electronically. See Doc. 615 (Certificate of Notice showing email notice to plaintiff; list of parties served via email shown in receipt visible by clicking on silver ball beside document number on the docket). Therefore, debtor's assertion that he is required to access PACER to find documents filed in this adversary proceeding is flatly false.

In addition, the court notes that one of the bases for plaintiff's request for an extension is the amount of time it took the court to issue its decision on defendants' request for attorney fees. As the court noted in its Order Granting Motion to Extend Time to File Objections to Findings of Fact, Doc. 579, and as plaintiff knows, "[t]he court does not consider the length of time it takes the court to prepare a decision . . . to be cause for an extension." His continued reliance on this argument

Page 3 -  ORDER DENYING MOTION TO EXTEND TIME TO FILE OBJECTIONS TO FINDINGS OF FACT (DOC. 616)

is contrary to the court's earlier order on this point.

This motion is frivolous. If plaintiff files another frivolous motion, response, or other document in this adversary proceeding, the court will summarily deny the relief sought and will impose a sanction. The sanction could include a monetary sanction, entry of a pre-filing order, or loss of plaintiff's electronic filing privileges. See Order Granting Application for CM/ECF Registration, Main Case 16-33185-pcm7 Doc. 629 ("Debtor's use of the ECF system to file and receive notices is a privilege that may be revoked at any time if the court finds that Debtor is not complying with applicable rules or the terms of this order, <u>or if Debtor is abusing his electronic filing privileges by submitting frivolous or erroneous filings</u>." (Emphasis supplied.) Plaintiff's continued filing of frivolous documents has put an undue burden on the court and parties and must cease.

Therefore,

IT IS HEREBY ORDERED that plaintiff's Motion to Extend Time to File Objections to Findings of Fact, Doc. 616, is DENIED.

IT IS FURTHER ORDERED that, if plaintiff files another frivolous motion or document relating to this adversary proceeding, the relief sought will be denied summarily, and the court will impose a sanction, which could include a monetary sanction, entry of a pre-filing order, or revocation of plaintiff's electronic filing privileges.

###

cc: Peter Szanto
    Nicholas Henderson

Page 4 -   ORDER DENYING MOTION TO EXTEND TIME TO FILE OBJECTIONS TO
           FINDINGS OF FACT (DOC. 616)